**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III,** *pro hac vice pending*
Email wab@bickelbrewer.com
**Michael J. Collins,** *pro hac vice pending*
Email mjc@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone 214.653.4000
Fax 214.653.1015

FILED'10 AUG 17 12:06USDC-ORE

Of Attorneys for Plaintiff FLIR Systems, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION CV '10 - 971 HU

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL COMPLAINT |
| SIERRA MEDIA, INC., a Washington corporation, and FLUKE CORPORATION, a Washington corporation | Lanham Act/Trademark |
| Defendants. | AND DEMAND FOR JURY TRIAL |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files this Original Complaint and Jury Demand against defendants Sierra Media, Inc. ("Sierra") and Fluke Corporation ("Fluke") (together, "Defendants"), upon personal knowledge as to its acts and upon information and belief as to all other matters, as follows:

## I.

## PRELIMINARY STATEMENT

FLIR is the world leader in the design, manufacturing, and marketing of thermal imaging cameras. Fluke is a competitor of FLIR which is unable to compete effectively against FLIR on the basis of price, quality, and service. Fluke, therefore, has resorted to disparaging FLIR to potential customers by making false claims regarding the durability of FLIR's cameras. For example, Fluke, with the assistance of defendant Sierra, has produced and distributed an intentionally misleading video concerning the durability of FLIR's cameras relative to its own. The "test" shown in the video was "arranged" by Defendants to create the false impression that an independent test was run by Sierra to determine whether the thermal imaging cameras manufactured by FLIR, Fluke, and another manufacturer were the most durable. In fact, the test was neither independently run nor fairly administered.

In addition, Fluke has made accusations of trademark infringement and threatened to sue FLIR unless it acceded to Fluke's demand that FLIR cease use of certain descriptive terms when describing its own products. As FLIR advised Fluke more than two years ago: (1) Fluke's alleged marks are not valid; and (2) FLIR has not misled consumers as to the origins of the FLIR products.

By this action, FLIR seeks to enjoin Defendants from continuing their wrongful conduct, invalidate Fluke's alleged trademark, and obtain damages for Defendants' wrongful conduct.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

## II.

## PARTIES

**A.    Plaintiff**

1.      FLIR is a corporation organized under the laws of the State of Oregon with its principal place of business in Wilsonville, Oregon.

**B.    Defendants**

2.      Defendant Sierra Media, Inc. is incorporated in the State of Washington, has its principal place of business in Everett, Washington, and may be served by serving its registered agent, Daniel Cardenas, for service of process, at 2802 Wetmore Ave, Suite 211, Everett, Washington 98201.

3.      Defendant Fluke Corporation is incorporated in the State of Washington, has its principal place of business in Everett, Washington, and may be served by serving CT Corporation System, its registered agent for service of process, at 1801 West Bay Dr NW, Suite 206, Olympia, Washington, 98502.

## III.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, the Court has jurisdiction over the subject matter of this action.

5.      The Court also has jurisdiction under 28 U.S.C. § 1332 because FLIR is a citizen of the State of Oregon while Defendants are both citizens of the State of Washington and the amount in controversy exceeds $75,000.

6.      The Court has general personal jurisdiction over defendant Sierra because it has substantial, continuous, and systematic contacts with the State of Oregon and has availed itself of

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

the privilege of conducting activities in the State of Oregon. Indeed, Sierra engages in business nationwide, including in Oregon. In addition, the Court has specific personal jurisdiction over Sierra because Sierra committed intentional torts in Oregon, the brunt of the resulting harm occurred in Oregon because FLIR is an Oregon corporation and its principal place of business is in Oregon, and Sierra's tortious conduct was expressly aimed at FLIR, an Oregon corporation.

7.      The Court has general personal jurisdiction over defendant Fluke because it has substantial, continuous, and systematic contacts with the State of Oregon and has availed itself of the privilege of conducting activities in the State of Oregon. Indeed, Fluke engages in business nationwide, including in Oregon. In addition, the Court has specific personal jurisdiction over Fluke because Fluke committed intentional torts in Oregon, the brunt of the resulting harm occurred in Oregon because FLIR is an Oregon corporation and its principal place of business is in Oregon, and Fluke's tortious conduct was expressly aimed at FLIR, an Oregon corporation.

8.      Pursuant to 28 U.S.C. § 1391(b)(2), venue in this district is proper because, among other things, a substantial part of the events giving rise to this action occurred in this judicial district and at least one defendant may be found in this district.

## IV.

## FACTUAL BACKGROUND

### A.    FLIR And Its Business

9.      FLIR is a global leader in infrared cameras, night vision, and thermal imaging products. Its products are sold in a wide range of industrial, commercial, and government markets around the world. As a pioneer in the commercial infrared camera industry, FLIR has supplied thermography and night vision equipment to scientific laboratories, industrial buyers, law enforcement organizations, and the military for over thirty years.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

**B.**   **Defendant Sierra**

10.   Sierra is a media and marketing company for Fluke.  Fluke is one of Sierra's largest customers.  Sierra assisted Fluke in publishing the false and misleading advertisement and promotional campaign at issue.

**C.**   **Defendant Fluke**

11.   Fluke—a wholly-owned subsidiary of Danaher Corporation, a publicly traded company—is in the business of manufacturing, distributing, and servicing electronic test tools and software.  In addition, Fluke manufactures and distributes thermal imaging cameras that compete with FLIR's products in interstate commerce.

**D.**   **Defendants Conspire To Defame FLIR And Its Products.**

12.   In approximately March 2010, Defendants published a commercial advertisement that purported to compare thermal imaging equipment manufactured by Fluke to thermal imaging equipment manufactured by FLIR (the "Video").  The Video was aired on YouTube and made available for viewing on Fluke's website.  The Video includes a "test" which purports to compare the durability and reliability of one Fluke thermal imaging camera—the Fluke Ti32 (the "Fluke Camera")—to three of FLIR's thermal imaging cameras—FLIR I-7, FLIR I-60, and FLIR T-400 (the "FLIR Cameras").  That "test" was represented as having been conducted by Sierra at Fluke's request.

13.   Through their Video, Defendants intentionally create the impression that the Fluke Camera is more durable, reliable, and of higher quality than FLIR Cameras.  In the Video, Defendants claim to have tested the durability, quality, and reliability of these thermal imaging cameras by dropping them from a height of 2 meters onto a concrete floor.  In the Video, it

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

appears that the FLIR Cameras break apart upon impact, whereas the Fluke Cameras remain intact and operable.

14.    The video is false and misleading.  In fact, the "test" shown in the Video was not conducted independently by Sierra but at the direction of Fluke.  In addition, this test was fabricated by Defendants to create the false impression that when those thermal imaging cameras were dropped onto a concrete floor, the FLIR Cameras broke apart, whereas the Fluke Camera remained intact.  In particular, the FLIR Cameras were manipulated by Defendants to break apart upon impact with the concrete floor, and in some instances were manipulated to break even prior to impact with the concrete floor.

15.    Defendants intentionally created and published the deliberately false Video for the purpose of deceiving potential consumers of such products and causing injury to FLIR.

E.    **Adding Insult To Injury:  Fluke Falsely Accuses FLIR Of Infringing Fluke's Alleged Trademark.**

16.    When FLIR became aware of the Video, representatives of FLIR contacted Sierra to learn more about the testing that was conducted.  A representative of Sierra disclosed that Fluke had managed the production of the Video and that all questions should be directed to Fluke.  This representation conflicts with the statements made in the Video that Fluke contracted with Sierra to "perform and film an independent, third party drop test. . . ."

17.    After FLIR's communications with Sierra, by letter dated August 5, 2010, Fluke falsely accused FLIR of infringing its alleged trademark—IR FUSION—for which Fluke owns a federal trademark registration—Federal Reg. No. 3,442,328 (the "Alleged Trademark").  Among other things, Fluke demanded that FLIR immediately cease use of the terms IR Fusion, FLIR Fusion, FLIR's Fusion, FLIR's Fusion Technology, Fusion Technology by FLIR, FLIR's

Page 6    PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
         COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

Thermal Fusion, Fusion by FLIR, and all similar terms or phrases and threatened to assert claims against FLIR for trademark infringement and unfair competition.

18.    Those false allegations are without merit.  Indeed, when Fluke originally raised them more two years ago, FLIR notified Fluke that:  (1) the Alleged Trademark is not valid; (2) FLIR had not made use of "IR Fusion" in a trademark sense, but instead, used the term only in its generic descriptive sense to aptly describe its own products; and (3) it would continue to promote its fusion functionality.  During the intervening period, Fluke did not file suit or otherwise complain.

19.    Fluke's current demand is premised on a handful of allegedly infringing materials, only two of which Fluke even contends FLIR published.  Those materials, however, demonstrate that:  (1) confusion in the market between FLIR's products and Fluke's is not likely; (2) "IR Fusion" and "Fusion" have been used to aptly describe FLIR's own products and technology which allow users to see infrared images and visible light images fused together.  In other words, use of "IR Fusion" by FLIR is not likely to confuse consumers and, in fact, constitutes "classic fair use"; and (3) the term "IR Fusion" is merely generic and descriptive.

## F.    The Damage Done

20.    FLIR is likely to suffer, has suffered, and continues to suffer irreparable harm based on Defendants' wrongful conduct.  In fact, Defendants' deliberately false and misleading Video remains available for viewing on YouTube and Fluke's website.  This false and misleading advertisement was intended to influence, has influenced, and is likely to continue influencing potential customers of FLIR products by creating a false impression concerning the quality, reliability, and durability of FLIR's products, including the false impression that the FLIR Cameras are not as durable or reliable as the Fluke Camera.  Moreover, as a result of

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Defendants' misconduct, FLIR has had to, and will continue to, undertake corrective advertising efforts to combat the false impressions created by the Video. Further, Fluke's false accusations concerning trademark infringement threaten to impede FLIR's ability to promote its products. Accordingly, FLIR seeks temporary, preliminary, and permanent injunctive relief to prevent Defendants from continuing to publish the Video and actual, compensatory, consequential damages as well as disgorgement of Defendants' profits, exemplary damages, attorneys' fees, and the following declaratory relief: (1) temporary, preliminary, and permanent injunctive relief prohibiting Defendants from publishing the Video; (2) actual, compensatory, consequential, and punitive damages; (3) disgorgement of Defendants' profits; (4) a declaratory judgment that the Alleged Trademark is invalid and ordering it cancelled; (5) a declaratory judgment that FLIR has not infringed the Alleged Trademark; (6) a declaratory judgment that any claims Fluke may have had or may ever have based on FLIR's purported infringement of the Alleged Trademark are barred by acquiescence, waiver, estoppel, and laches; and (7) awarding FLIR's attorneys' fees and costs.

**V.**

**CAUSES OF ACTION**

A.    **Count One:  False Advertising Under Lanham Act—15 U.S.C. § 1125(a)(1)(B)**

21.    The preceding paragraphs are incorporated herein by reference.

22.    In their commercial advertising and promotion—the Video—Defendants have knowingly, intentionally, deliberately, and in bad faith materially misrepresented in interstate commerce the nature, characteristics, and qualities of FLIR's thermal imaging products in violation of 15 U.S.C. § 1125(a)(1)(B).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

23.    As a direct and proximate result of Defendants' false advertising, FLIR has suffered injury for which, pursuant to 15 U.S.C. § 1117(a), it seeks to recover actual, compensatory, and consequential damages in an amount to be determined at trial, including, but not limited to, reimbursement for the corrective advertising efforts that FLIR has undertaken and will undertake to address Defendants' wrongful conduct.

24.    In addition, pursuant to 15 U.S.C. § 1117(a), FLIR is entitled to the disgorgement of Defendants' profits.

25.    As a result of Defendants' willful, deliberate, egregious, and bad faith misconduct, FLIR has been required to retain the undersigned counsel to prosecute and present the claims asserted herein.  Pursuant to 15 U.S.C. § 1117(a), FLIR seeks to recover from Defendants its attorneys' fees and costs incurred in this action.

**B.     Count Two:     Unfair Competition Under The Lanham Act—15 U.S.C. § 1125(a)(1)(A)**

26.    The preceding paragraphs are incorporated herein by reference.

27.    The Video contains materially false and misleading statements about, and depictions of, FLIR's products.  Defendants manipulated the purported "testing" of the FLIR Cameras to deliberately create false impressions about the durability, quality, and reliability of FLIR's products.  Defendants injected the Video into interstate commerce with the intent to deceive and confuse potential consumers of FLIR's products.  Accordingly, Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

28.    As a direct and proximate result of Defendants' false and misleading statements about, and depictions of, the FLIR Cameras, FLIR has suffered injury for which, pursuant to 15 U.S.C. § 1117(a), it seeks to recover actual, compensatory, and consequential damages in an amount to be determined at trial, including, but not limited to, reimbursement for the corrective

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
       COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

advertising efforts that FLIR has undertaken or will undertake to address Defendants' wrongful conduct.

29.    In addition, pursuant to 15 U.S.C. § 1117(a), FLIR is entitled to the disgorgement of Defendants' profits.

30.    As a result of Defendant's willful, deliberate, egregious, and bad faith misconduct, FLIR has been required to retain the undersigned counsel to prosecute and present the claims asserted herein.    Pursuant to 15 U.S.C. § 1117(a), FLIR seeks to recover from Defendants its attorneys' fees and costs incurred in this action.

**C.    Count Three:  Publication Of Injurious Falsehoods**

31.    The preceding paragraphs are incorporated herein by reference.

32.    In the Video, Defendants published, without privilege, false and deceptive statements and representations concerning FLIR and FLIR's products.

33.    The Video is a commercial advertisement and promotion intended to mislead potential customers about the quality of FLIR's products.

34.    Defendants knew that the statements, representations, and depictions of FLIR's products in the Video were false, or made them with reckless disregard for their truth or falsity.

35.    As evidenced by the continued publication of the Video on the internet and on Fluke's website as a marketing tool, Defendants intended for their publication to mislead potential customers of FLIR.

36.    Defendants intended the publication of those false and misleading facts to result in harm to FLIR's interests having a pecuniary value, or recognized or should have recognized that it was likely to do so.

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

37.     As a direct and proximate result of Defendants' wrongful conduct, FLIR is entitled to actual, compensatory, consequential, and punitive damages in an amount to be determined by the trier of fact, including but not limited to reimbursement for the corrective advertising efforts that FLIR has undertaken, or will undertake to address Defendants' wrongful conduct.

**D.     Count Four:  Business Disparagement**

38.     The preceding paragraphs are incorporated herein by reference.

39.     In the Video, Defendants have made false and disparaging representations about FLIR and FLIR's products.

40.     The statements, representations, and depictions of FLIR's products in the Video are false and misleading.

41.     Defendants published the Video on Fluke's website and on YouTube.

42.     Defendants made the false and deceptive statements and representations in the Video about FLIR and FLIR's products with the intent to mislead potential customers about FLIR's products and harm FLIR.

43.     These false and deceptive statements and representations caused and continue to cause special harm to FLIR.  As a direct and proximate result of Defendants' misconduct, FLIR is entitled to actual, compensatory, consequential, and punitive damages in an amount to be determined at trial, including, but not limited to, reimbursement for the corrective advertising efforts that FLIR has undertaken, or will undertake to address Defendants' wrongful conduct.

**E.     Count Five:  Civil Conspiracy**

44.     The preceding paragraphs are incorporated herein by reference.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

45.      Fluke and Sierra acted together to accomplish an unlawful object, including defamation, publication of injurious falsehoods, and business disparagement.

46.      Defendants had a meeting of the minds whereby they decided to take steps to accomplish these unlawful acts and omissions.  Indeed, Sierra was retained and paid by Fluke to assist in the design, creation, and publishing of the false Video, including the rigged "test."

47.      Defendants committed one or more unlawful overt acts in furtherance of this conspiracy, including, but not limited to, making and publishing the false and misleading Video.

48.      As a direct and proximate result of Defendants' civil conspiracy, FLIR is entitled to actual, compensatory, consequential, and punitive damages in an amount to be determined by the trier of fact, including, but not limited to, reimbursement for the corrective advertising efforts that FLIR has undertaken, or will undertake to address Defendants' wrongful conduct.

**F.      Count Six:  Aiding And Abetting**

49.      The preceding paragraphs are incorporated herein by reference.

50.      Fluke is liable to FLIR for publication of injurious falsehood and business disparagement.

51.      Defendant Sierra had knowledge of Fluke's wrongful acts but, nonetheless, knowingly commanded, directed, advised, encouraged, aided, and abetted Fluke and its wrongful acts.

52.      As a result of Sierra's assistance and encouragement, Fluke committed the wrongful acts detailed herein.

53.      As the direct and proximate result of the Defendants' wrongful conduct, FLIR is entitled to actual, compensatory, consequential, and punitive damages in an amount to be determined by the trier of fact, including, but not limited to, reimbursement for the corrective

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

advertising efforts that FLIR has undertaken, or will undertake to address Defendants' wrongful conduct.

**G.**    **Count Seven: Declaratory Relief Concerning The Alleged Trademark**

54.    The preceding paragraphs are incorporated herein by reference.

55.    FLIR's request for a declaratory judgment is authorized by 28 U.S.C. § 2201(a) and 15 U.S.C. § 1116.

56.    As demonstrated above, an actual, substantial, and justiciable controversy exists regarding whether: (1) the Alleged Trademark is valid; (2) FLIR has infringed the Alleged Trademark; and (3) Fluke's purported claims are barred by, among other things, acquiescence, waiver, estoppel, and laches.

57.    FLIR requests that the Court issue a judgment declaring that the Alleged Trademark is invalid and ordering it cancelled because it is merely generic or descriptive and has not acquired secondary meaning—the Alleged Trademark has not become known to the public as denoting a product of certain origin.

58.    In the alternative, FLIR requests the Court enter a judgment declaring that: (1) FLIR has not infringed the Alleged Trademark; and (2) any claims Fluke may have had that FLIR infringed the Alleged Trademark are barred by the fair use defense and laches.

59.    Even if the Alleged Trademark were deemed to be valid, FLIR has not infringed the Alleged Trademark because FLIR's use, if any, is not likely to cause confusion, cause mistake, or deceive consumers. Indeed, FLIR's use of the Alleged Trademark, if any, constituted fair use because, among other things, the mark was used in good faith to merely describe FLIR's products and technology, in the trademark sense.

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

60.    In addition, Fluke is barred from maintaining a suit against FLIR for trademark infringement based on its unreasonable delay in asserting any exclusive rights to the Alleged Trademark because Fluke knew or should have known of FLIR's purported use of the Alleged Trademark for more than two years.  FLIR has relied to its detriment on Fluke's acquiescence and silence and if Fluke were now allowed to maintain a claim for trademark infringement against FLIR relating to the Alleged Trademark, FLIR would be prejudiced.

**H.    Count Eight:  Temporary, Preliminary, And Permanent Injunctive Relief**

61.    The preceding paragraphs are incorporated herein by reference.

62.    FLIR's request for temporary, preliminary, and permanent injunctive relief is authorized by 15 U.S.C. § 1116(a) as well as State common law and principles of equity.

63.    Defendants willfully, deliberately, and in bad faith created an advertisement that contains false and misleading statements and representations about FLIR and its products in violation of the law, including 15 U.S.C. § 1125(a)(1)(A) and 15 U.S.C. § 1125(a)(1)(B). Defendants injected the false advertisement into interstate commerce with the intent to mislead, confuse, and deceive potential customers of FLIR and its products.  The false representations made by Defendants in the Video are material.   Indeed, those false representations were intended, have, and are likely to deceive consumers of FLIR's products and to thereby influence their decision to buy FLIR products.  Accordingly, the Video threatens and is likely to injure FLIR. In fact, the Video continues to be published on YouTube and on Fluke's website.

64.    Defendants' actions are causing FLIR to suffer immediate and irreparable harm. Specifically, Defendants' actions are damaging FLIR's reputation and goodwill for which there is no adequate remedy at law.

PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL
COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

65.    Unless Defendants are enjoined from continuing their wrongful actions, FLIR will continue to suffer irreparable injury, harm, and damages.

66.    FLIR, therefore, requests that the Court issue a temporary restraining order and, following any necessary hearing with respect thereto, enter a preliminary injunction prohibiting Defendants from publishing the Video.

67.    FLIR further requests that the Court enter a permanent injunction enjoining Defendants from publishing the Video.

**I.    Count Nine: Attorneys' Fees And Costs**

68.    The preceding paragraphs are incorporated herein by reference.

69.    This action arises from Defendants' deliberate, egregious, and bad faith violations of the Lanham Act. As a result of Defendants' misconduct, FLIR has been required to retain the undersigned counsel to prosecute and present the claims asserted herein. Pursuant to 15 U.S.C. § 1117(a), FLIR seeks to recover from Defendants its attorneys' fees and costs incurred in this action.

**VI.**

**JURY DEMAND**

Plaintiff FLIR hereby demands a jury trial on all claims and defenses.

**VII.**

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff FLIR Systems, Inc., requests that the Court enter judgment against Defendants Fluke Corporation and Sierra Media, Inc. and award Plaintiff FLIR Systems, Inc. the following relief:

1.    Temporary, preliminary, and permanent injunctive relief prohibiting Defendants from publishing the Video;

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

2.     Actual, compensatory, consequential, and punitive damages;

3.     Disgorgement of Defendants' profits attributable to any cameras that compete with any cameras sold by FLIR, including, but not limited to the FLIR cameras, for the period beginning on the date the Video was first published and continuing through at least the date the Video is no longer published;

4.     A declaratory judgment declaring the Alleged Trademark invalid and ordering it cancelled;

5.     A declaratory judgment declaring that FLIR has not infringed the Alleged Trademark;

6.     A declaratory judgment that any claims Fluke may have had or may ever have based on FLIR's purported infringement of the Alleged Trademark are barred by laches.

7.     Attorneys' fees and costs;

8.     Pre-judgment and post-judgment interest at the highest lawful rates;

9.     Such other and further relief to which Plaintiff FLIR Systems, Inc. may be justly entitled to under law and equity.

Dated this 17th day of August, 2010.


Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:  _____
     Christopher J. Lewis, OSB #003079
     Devon Zastrow Newman, OSB #014627
     Telephone 503.222.9981

BICKEL & BREWER
     William A. Brewer III, *pro hac vice pending*
     Michael J. Collins, *pro hac vice pending*
     Telephone 214.653.4000

     Of Attorneys for Plaintiff, FLIR Systems, Inc.


PLAINTIFF FLIR SYSTEMS, INC.'S ORIGINAL COMPLAINT AND JURY DEMAND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900