**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

**Dane H. Butswinkas** (*pro hac vice pending*)
dbutswinkas@wc.com
**Matthew V. Johnson** (*pro hac vice pending*)
mjohnson@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone:  202.434.5000
Facsimile:  202.434.5409

Attorneys for Defendant Fluke Corporation


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation, | No. 3:10-cv-00971-HU |
| Plaintiff, | Defendant Fluke Corporation's **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| v. | |
| **SIERRA MEDIA, INC.,** a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |


DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................... 1

II.    BACKGROUND ..................................................................................... 2

III.    LEGAL STANDARD .............................................................................. 3

IV.    ARGUMENT ........................................................................................... 4

    A.    Flir Has Not Stated a Claim for False Advertising Under the Lanham Act. .......... 4

        1.    Flir Has Not Pleaded with Requisite Specificity. ...................................... 4

        2.    Flir Has Not Adequately Alleged False or Misleading Statements of Fact. .................................................................................... 7

        3.    Flir Has Not Adequately Alleged Injury. ................................................ 9

    B.    Flir Has Not Stated a Claim Under 15 U.S.C. § 1125(a)(1)(A). .......................... 10

    C.    Flir Has Not Adequeately Stated a Claim for Publication of Injurious Falsehoods or Business Disparagement ............................................ 12

        1.    Oregon Does Not Appear To Recognize Claims for Publication of Injurious Falsehoods or Business Disparagement. .................................. 12

        2.    Flir Has Not Properly Alleged a Flase Statement of Fact ...................... 13

        3.    Flir Has Not Adequately Alleged Special Damages. .............................. 13

    D.    Flir Has Not Stated a Claim for Civil Conspiracy ............................................. 15

    E.    Flir's Request for Injunctive Relief, Punitive Damages and Attorneys Fees ....... 18

V.    CONCLUSION ....................................................................................... 19

PAGE i -    DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709549.0001/889487.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<span style="font-variant:small-caps">ASES</span>

*Allstate Ins. Co. v. Breeden*,
  No. 01-1686-AS, 2008 WL 3200803 (D. Or. Aug. 6, 2008) ............................... 13

*Am. States Ins. Co. v. Dastar Corp.*,
  No. Civ. 00-6058-HO, 2005 WL 522115 ......................................................... 12

*America Online, Inc. v. IMS*,
  24 F. Supp. 2d 548 (E.D. Va. 1998) ............................................................... 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................ 3, 9, 16

*Barinaga v. JP Morgan Chase & Co.*,
  -- F. Supp. 2d --, No. 10-CV-266-AC, 2010 WL 4338326 (D. Or. Oct. 26, 2010) .......... 8, 13

*Barrus v. Sylvania*,
  55 F.3d 468 (9th Cir. 1995) ........................................................................ 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................... 3, 4, 8, 16

*Birthright v. Birthright, Inc.*,
  827 F. Supp. 1114 (D.N.J. 1993) .................................................................. 11

*Bonds v. Landers*,
  566 P.2d 513 (Or. 1977) ......................................................................... 15, 17

*Brosnan v. Tradeline Solutions, Inc.*,
  No. C-08-0694 JCS, 2009 WL 1604572 (N.D. Cal. June 5, 2009) ....................... 4

*Brunson Commc'ns, Inc. v. Arbitron, Inc.*,
  266 F. Supp. 2d 377 (E.D. Pa. 2003) ............................................................ 14

*CollegeNET, Inc. v. XAP Corp.*,
  No. CV-03-1229-HU, 2004 WL 2303506 (D. Or. Oct. 12, 2004) ................passim

*Conditioned Ocular Enhancement, Inc. v. Bonaventura*,
  458 F. Supp. 2d 704 (N.D. Ill. 2006) ............................................................. 5

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ........................................................................ 4

PAGE ii -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*Dean v. DJO, LLC*,
  No. 09-1193-AA, 2010 WL 19999295 (D. Or. May 17, 2010) ........................................... 16

*Fin. Programs, Inc. v. Falcon Fin. Servs., Inc.*,
  371 F. Supp. 770 (D. Or. 1974) .................................................................................... 13

*Fisher v. Bank of Am. Home Loans*,
  No. 10-3079-PA, 2010 WL 4296609 (D. Or. Oct. 21, 2010) .................................................. 8

*Harley-Davidson, Inc. v. Selectra Int'l Designs, Ltd.*,
  855 F. Supp. 275 (E.D. Wisc. 1994), *vacated on other grounds*, 861 F. Supp. 754
  (E.D. Wis. 1994) ...................................................................................................... 10

*Hinkle v. Alexander*,
  411 P.2d 829 (Or. 1966) (Denecke, J., concurring) ............................................................. 12

*In re Matrix Dev. Corp.*,
  No. 09-CV-225-BR, 2009 WL 2163462 (D. Or. July 17, 2009) ............................................ 13

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
  12 F. Supp. 2d 1035 (C.D. Cal. 1998) ...................................................................... 13, 14, 15

*Johnson v. Jones*,
  149 F.3d 494 (6th Cir. 1998) ...................................................................................... 11

*King v. Deutsche Bank AG*,
  No. CV 04-1029-HU, 2005 WL 611954 (D. Or. March 8, 2005) ......................................... 17

*L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*,
  79 F.3d 258 (2d Cir. 1996) ......................................................................................... 11

*Learning Internet v. Learn.Com, Inc.*,
  No. CV-07-227-AC, 2009 WL 6059550 (D. Or. Nov. 25, 2009) .......................................... 11

*McNeil PPC, Inc. v. Guardian Drug Co., Inc.*,
  984 F. Supp. 1066 (E.D. Mich. 1997) ............................................................................ 11

*Nordictrack, Inc. v. Wilson*,
  No. 93-1620-JE, 1994 WL 421501 (D. Or. May 9, 1994) .................................................... 19

*Osborne v. Fadden*,
  201 P.3d 278 (Or. Ct. App. 2009) ................................................................................. 15

*Pestube Sys., Inc. v. HomeTeam Pest Def., LLC*,
  No. Civ. 05-2832-PHX-MHM, 2006 WL 1441014 (D. Ariz. May 24, 2006) ................. 5, 7, 8

PAGE iii -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Tinn v. EMM Labs, Inc.*,
Civ. No. 07-963-AC, 2009 WL 507096 (D. Or. Feb. 27, 2009) .......................................... 11

*TMJ Implants, Inc. v. Aetna, Inc.*,
498 F.3d 1175 (10th Cir. 2007) ................................................................................................ 13

*Too Marker Prods., Inc. v. Shinhan Art Materials, Inc.*,
No. CV 09-1013-PK, 2010 WL 786041 (D. Or. Mar. 2, 2010) .......................................... 11

*Vanguard Prods. Grp. v. Merchandising Tech., Inc.*,
No. 07-CV-1405-BR, 2008 WL 939041 (D. Or. Apr. 3, 2008) .................................... 4, 6, 7

*Wagner v. Home Depot USA*,
No. 10-901-KL, 2010 WL 4670533 (D. Or. Nov. 9, 2010) ................................................. 13

*Waits v. Frito-Lay, Inc.*,
978 F.2d 1093 (9th Cir. 1992) ................................................................................................. 10

*Wasco Products. v. Southwall Technologies, Inc.*,
435 F.3d 989 (9th Cir. 2006) ................................................................................................... 16

*Yanney v. Koehler*,
935 P.2d 1235 (Or. Ct. App. 1997) ...................................................................................17, 18

*Zenith Elec. Corp. v. Exzec, Inc.*,
182 F.3d 1340 (Fed. Cir. 1999) ................................................................................................. 4

PAGE iv -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

# I.  INTRODUCTION

This case involves a dispute between two business competitors.  Plaintiff Flir Systems, Inc. ("Flir") has long engaged in aggressive and misleading marketing concerning the specifications and capabilities of Defendant Fluke Corporation's ("Fluke") thermal imaging cameras.  Fluke's response has been to focus its efforts not on litigation, but rather on manufacturing the highest quality thermal imaging cameras possible.  Earlier this year, Fluke demonstrated the quality and ruggedness of its thermal imaging cameras by commissioning a test comparing its cameras with the cameras of two competing manufacturers and publishing a video showing the results (the "drop test video").  Flir responded not by improving its thermal imaging cameras but instead by suing Fluke.

The Complaint concerns two distinct issues—the drop test video (Counts One, Two, Three, Four, Five, Six, Eight and Nine) and Fluke's IR Fusion trademark (Count Seven).  While Fluke will address Flir's continued improper use of Fluke's trademark through an infringement counterclaim when it answers the Complaint upon final disposition of Rule 12(b)(6) motions, this Motion concerns the failure of Flir to properly state claims related to the drop test video.  The deficiencies of the Complaint are numerous.  It fails to comply with heightened pleading standards that are applicable to several claims.  In merely reciting the elements of the various causes of action, Flir has not adequately pleaded factual allegations in support of its claims.  The Complaint asserts claims that confuse the false advertising and false association prongs of the Lanham Act.  It also includes causes of action that Oregon law does not appear to recognize.  Finally, Flir has improperly attempted to turn a case about an alleged false advertisement into a "civil conspiracy" based solely on the fact that Fluke retained Sierra Media, Inc. ("Sierra Media") to create a promotional video.  These deficiencies, as discussed more fully herein, warrant dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted.

PAGE 1 -    DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## II.  BACKGROUND

Fluke and Flir manufacture, market and sell competing thermal imaging cameras. Compl. ¶¶ 9, 11.  Thermal imaging is the non-contact detection and measurement of infrared energy or temperature which radiates from all objects, hot or cold.  Thermal imaging cameras use a detector to measure infrared energy.  The measurements are then converted into a thermal image by assigning colors to correspond to certain temperatures.  Thermal imaging cameras are used by a host of maintenance professionals, facility managers and electrical contractors to inspect, troubleshoot and maintain electrical, mechanical and process equipment.  *Id.* ¶ 9.  Use of thermal imaging cameras allow for the detection of potential problems and failures in such equipment.

In March 2010, Fluke posted a video to its website (http://assets.fluke.com/video-TI/Fluke-Drop-Test.html) showing the results of a test commissioned by Fluke in which five thermal imaging cameras—the Fluke Ti32, Flir's i7, i60 and T400, and the Testo 880—were dropped from a height of two meters to a concrete floor below.  *Id.* ¶ 12.  A link to a document describing the test methodology was also posted with the video.  The test was conducted and filmed by Sierra Media, which also produced the video that was posted on Fluke's website.  *Id.* ¶ 10.

The drop test was conducted on January 20, 2010.  As explained in the drop test methodology, all of the thermal imagers were tested at the same location at the same time.  Each of the five thermal imagers was dropped multiple times from two meters off of a drop mechanism to the same location on a solid concrete floor below.  After multiple drops, the Fluke Ti32 remained intact and operable while the other thermal imaging cameras broke apart and/or experienced mechanical failure.  *Id.* ¶ 13.  The drop test video—which is a little more than a minute and a half in duration—presents the results of the test in a collage format.  While it shows the general manner in which the thermal imagers were dropped, the video focuses primarily on the impact of the cameras with the concrete floor.  The essence of the drop test video is

PAGE 2 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
           MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

promotional in nature.  It is not, and was never intended to be, a clinical presentation of the entire exercise.

Flir filed its lawsuit on August 17, 2010—five months after Fluke posted the drop test video.  The Court extended the deadline for responsive pleading on several occasions pursuant to joint requests from the parties (ECF Nos. 9, 13, 16), ultimately setting a November 30, 2010 due date.  Accordingly, Fluke now moves to dismiss Counts One, Two, Three, Four, Five, Eight and Nine[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted.

### III.  LEGAL STANDARD

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).   A claim must "provide the grounds of [the] entitle[ment] to relief" and "requires more than labels and conclusions. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (second alteration in original) (citation and internal quotations omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949, and, in deciding whether a plaintiff has adequately stated a claim, the court must draw upon both "its judicial experience and common sense." *Id*. at 1950.

---

[1]  Count Six (Aiding and Abetting) appears to be alleged only against Sierra Media. Accordingly, Fluke does not move separately to dismiss that claim.  To the extent the claim is not directed solely at Sierra Media, Fluke incorporates by reference the arguments in Sierra Media's motion to dismiss.

PAGE 3 -    DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## IV.  ARGUMENT

The Complaint is an exercise in conclusory pleading.  Flir simply recites the elements of each cause of action in summary fashion without alleging the factual bases for its claims.  Flir also fails to allege certain of its claims with requisite particularity under Federal Rule of Civil Procedure 9(b).  But irrespective of whether any particular cause of action is evaluated under that heightened standard or under notice pleading requirements post-*Iqbal* and *Twombly*, the Complaint fails to state claims for which relief may be granted.

**A.     Flir Has Not Stated a Claim for False Advertising Under the Lanham Act.**

In order to state a claim for false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), Flir must adequately allege, inter alia, that:  (1) Defendants made a false or misleading statement of fact in commercial advertising or promotion about their own or another's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that Defendants caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to Plaintiff.  *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-48 (Fed. Cir. 1999); *see also Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990).  Flir has failed to adequately plead these elements in its Complaint.

**1.     Flir Has Not Pleaded with Requisite Specificity.**

This Court and others have held that claims for false advertising under the Lanham Act that "sound[ ] in fraud" must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See CollegeNET, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *2 (D. Or. Oct. 12, 2004); *see also Vanguard Prods. Grp. v. Merchandising Tech., Inc.*, No. 07-CV-1405-BR, 2008 WL 939041, at *4 (D. Or. Apr. 3, 2008) (holding that Lanham Act claim based on alleged false and misleading statement made in bad faith was "grounded in fraud" and that the claim "must meet the pleading requirements of Rule 9(b)"); *Brosnan v.*

PAGE 4 -    DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Tradeline Solutions, Inc.*, No. C-08-0694 JCS, 2009 WL 1604572, at *4 (N.D. Cal. June 5, 2009) (even though "a false advertising claim under the Lanham Act does not contain an element of fraud, it may nonetheless be subject to the heightened pleading standard under Rule 9(b) if the complaint 'sounds in fraud.'"); *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC*, No. Civ. 05-2832-PHX-MHM, 2006 WL 1441014, at *5 (D. Ariz. May 24, 2006) ("Plaintiff's Lanham Act violation claim is based upon unidentified alleged false or misleading material descriptions of facts knowingly misrepresenting the nature, characteristics, or qualities of Defendant's products . . . As such, Plaintiff's Lanham Act claim is essentially 'grounded' or 'sounds' in fraud and is governed by Rule 9(b) as a result."); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) ("Claims that allege . . . false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)").

In *CollegeNET*, this Court discussed the nature of false advertising claims that "sound in fraud" based on accusations that the defendant engaged in "knowing[] and intentional[]" conduct:

> A reading of plaintiff's entire third claim shows that plaintiff does not assert or imply that defendant mistakenly or innocently provided false or misleading information. . . . The claims do not allege that this was the result of some mistake or error on defendant's part . . . Implicit in these claims is that defendant engaged in false advertising knowingly, with the calculated intent to mislead and deceive.

2004 WL 2303506, at *5. The Court applied Rule 9(b)'s heightened pleading standard to the allegations supporting the plaintiff's Lanham Act claim since, "[a]s the cases make clear, labeling the claim as something other than 'fraud' does not shield plaintiff from Rule 9(b)'s requirements." *Id.* at *6. The Court granted the motion to dismiss for failure to state a claim under those heightened pleading requirements. *Id.* at *7.

The false advertising claim in this case includes the very type of allegations "grounded in fraud" that this Court held were subject to the pleading requirements of Rule 9(b) in *CollegeNET*:

PAGE 5 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

| *CollegeNET, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *3-4 (D. Or. Oct. 12, 2004) | The Complaint in the Present Case |
|---|---|
| Defendant XAP [sic] *studied efforts to mislead colleges . . .* To convince these colleges to use XAP's services, XAP *has made and continues to make false and misleading statements* assuring them of the confidentiality of student data. . . . XAP *has made actionable false and/or misleading statements* to individuals and entities located in Oregon. | The video is *false and misleading* . . . this test *was fabricated by Defendants* to create the *false impression* that when those thermal imaging cameras were dropped onto a concrete floor, the FLIR camera broke apart, whereas the Fluke Camera remained intact. (Compl., ¶ 14.) |
| XAP's representations about how XAP treats personal student data *are false and/or misleading* in that XAP has a *pervasive practice* of selling personal student data . . . | Defendants intentionally created and published the *deliberately false* Video for the purpose of *deceiving potential customers* . . . (Compl., ¶ 15.) |
| XAP *has misrepresented and continues to misrepresent the nature, characteristics, and/or qualities* of XAP's services . . . | In fact, Defendants' *deliberately false and misleading* Video remains available for viewing on YouTube and Fluke's website. (Compl., ¶ 20.) |
| XAP's *false and/or misleading representations* about how it treats personal student data *give the false impression* that XAP . . . XAP's representations about how XAP treats personal student data *are materially misleading* and cause institutions of higher learning to participate in Mentor programs. | In their commercial advertising and promotion – the Video – Defendants have *knowingly, intentionally, deliberately, and in bad faith materially misrepresented* in interstate commerce the nature, characteristics, and qualities of FLIR's thermal imaging products . . . (Compl., ¶ 22.) |
| XAP's *misrepresentations have cause and are likely to cause confusion, deception and mistake* . . . XAP's *misrepresentations are material*, in that they *have influenced and are likely to continue to influence* the decisions . . | |

Similarly, in *Vanguard*, this Court applied Rule 9(b)'s heightened pleading requirements to allegations that a false and misleading statement was communicated to customers, that the statement was likely to deceive its intended audience, and that the statement was made in bad faith. 2008 WL 939041, at *4. Again, Flir's allegations that Fluke engaged in intentional, knowing and deliberate deception, bad faith and misrepresentation are virtually identical in

PAGE 6 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

nature.  Because the false advertising claim—like the claims in *CollegeNET* and *Vanguard*—
"sounds in fraud," it is subject to the heightened pleading requirements of Federal Rule of Civil
Procedure 9(b).

### 2.    Flir Has Not Adequately Alleged False or Misleading Statements of Fact.

To survive a motion to dismiss, Flir must allege that a specific statement is false or
misleading, describe what is false or misleading about the statement, and explain why it is false.
Flir does none of these.  The Complaint does not identify a single specific "false" statement in
the drop test video.   Instead, Flir summarily alleges that the entire video is "false and
misleading" generally.  *See* Compl.  ¶¶ 14, 20, 22, 27.  Factual allegations supporting this legal
conclusion are absent from the Complaint.   And whether this claim is evaluated under
heightened or notice pleading requirements, Flir's failure adequately to allege false or misleading
statements is fatal.  *See Vanguard Prods. Grp.*, 2008 WL 939041, at *7 (applying Rule 9(b)'s
pleading requirements to allegations of deceptive, false and misleading statements made in bad
faith, but "further conclud[ing] even if [Counterclaim Defendant] was required to meet only the
requirements of Rule 8(a), it has not done so").

In *Pestube Systems*, the plaintiff alleged that the defendant made "false or misleading
descriptions of facts or false or misleading representations of fact or both, which . . . ,
misrepresents the nature, characteristics, or qualities of Defendant's goods and services," that the
defendant "knew or should have known that such representations were and are false," that
defendant lacked "a reasonable basis for making its assertions," and that those statements were
material and "actually deceived or have had the tendency to deceive a substantial segment of the
audience."  2006 WL 1441014, at *1 (ellipsis in original).   In addition to determining that the
claim sounded in fraud and was thus governed by Rule 9(b), the court dismissed the claim
because the plaintiff failed to allege what was actually false about the statements at issue:

> Plaintiff has failed to set forth the who, what, when, where and
> how of the alleged misconduct charged. . . .  A plaintiff ***must set
> forth more than the neutral facts*** necessary to identify the

PAGE 7 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

transaction.    The plaintiff ***must set forth what is false or misleading about a statement, and why it is false.***  Here, Plaintiff offers nothing regarding the ***specific details*** surrounding its Lanham Act claim, rather Plaintiff offers only ***bare allegations*** in accordance with the elements of a Lanham Act claim.  As such, dismissal of this claim is proper.

*Id*. at *5 (brackets and internal quotations omitted) (emphasis added).  Similarly here, Flir's statement that the drop test video is generally "false and misleading" is precisely the type of "bare" allegation that is not sufficient to allege a cognizable claim for false advertising under the Lanham Act.  It is a mere legal conclusion that is unsupported by factual allegations explaining what is actually false or misleading about the drop test video.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Barinaga v. JP Morgan Chase & Co.*, -- F. Supp. 2d --, No. 10-CV-266-AC, 2010 WL 4338326, at *4 (D. Or. Oct. 26, 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).  The court need not accept as true any legal conclusions set forth in a pleading.  *Id.*  Indeed, when "considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint." *Fisher v. Bank of Am. Home Loans*, No. 10-3079-PA, 2010 WL 4296609, at *1 (D. Or. Oct. 21, 2010) (citing *Iqbal*, 129 S. Ct. at 1949).  After "separating the factual allegations from the legal conclusions" in Flir's complaint, "[t]he sparse factual allegations, taken as true, simply do not raise any viable claims."  *Id.* at *2.

The inclusion of conclusory words like "fabricated" and "manipulated" in the Complaint are not sufficient to support Flir's contention that the drop test video is false and misleading.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  Flir's allegations, however, reside entirely on that speculative level.  The drop test video is not complex.  To the contrary, the video is a simple collage of footage showing what happened when the thermal imaging cameras were dropped from a height of two meters to a concrete floor below.  Yet Flir provides no explanation for how the drop test was allegedly "fabricated."  And the only explanation for how Flir's thermal

PAGE 8 -    DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

imagers were supposedly "manipulated" is the conclusory allegation that the cameras "[broke] apart upon impact with the concrete floor," and that they "in some instances were manipulated to break apart even prior to impact with the concrete floor." Compl. ¶ 14. Such "'naked assertion[s]'" devoid of "'further factual enhancement'" will "not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949-1950 (quoting *Twombly*, 550 U.S at 557).

Flir has not alleged facts explaining how the breaking apart of the thermal imagers on (or prior to) impact can be attributed to alleged "manipulation" as opposed to the design or quality of the cameras. In failing to plead its allegations beyond a speculative level, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). And it certainly has not met Rule 9(b)'s requirement to "set forth what is false or misleading about a statement, and why it is false" or "[i]n other words," to "set forth an explanation as to why the statement or omission complained of was false or misleading." *CollegeNET*, 2004 WL 2303506, at *6.

### 3. Flir Has Not Adequately Alleged Injury.

The Complaint also fails to adequately allege injury as a result of the "false and misleading" statements in the drop test video. It is not enough for Flir to allege facts that are "'merely consistent with'" injury. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Flir must allege facts that, if believed, demonstrate a "'probability'"—not simply a "'possibility'"—that a false or misleading statement in the drop test video caused Flir to lose customers. *Id.* at 1960 (quoting *Twombly*, 550 U.S. at 557). Yet, Flir does not allege any specific facts as to a single lost sale as a result of the allegedly damaging advertising.

Flir alleges that it has suffered "injury" without identifying the nature, scope, or extent of that injury. Compl. ¶¶ 23, 28. The Complaint alleges that the drop test video "has influenced . . . potential customers of FLIR products" without identifying a single instance when this actually occurred. *Id.* ¶ 20. The Complaint contains no specific—or even general—allegations regarding

PAGE 9 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

any decline in business, sales, or revenues that Flir attributes to the drop test video.  Flir also alleges that it "has had to, and will continue to, undertake corrective advertising" without identifying a single instance of such advertising.  *Id*.  Conclusory statements such as these do not establish a "probability" that a false or misleading statement in Fluke's drop test video actually caused Flir to lose customers.  Accordingly, Flir has failed to adequately allege injury in support of its Lanham Act false advertising claim.

**B.      Flir Has Not Stated a Claim Under 15 U.S.C. § 1125(a)(1)(A).**

Section 43(a) of the Lanham Act contains two distinct parts:  a false association prong under 15 U.S.C. § 1125(a)(1)(A), and a false advertising prong under 15 U.S.C. § 1125(a)(1)(B). *Barrus v. Sylvania*, 55 F.3d 468, 469-70 (9th Cir. 1995); *see also Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992) ("Section 43(a)  . . . provid[es] two bases of liability:  (1) false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device ('false association'), and (2) false representations in advertising concerning the qualities of goods or services ('false advertising')").   The Complaint fails to account for this distinction.   The allegations supporting Flir's unfair competition claim essentially mirror the allegations set forth in its false advertising claim.  Compl. ¶¶ 22, 27.  Those allegations fail to support a cause of action for false association/false designation under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

"The elements of a false-designation violation under the Lanham Act are three-fold:  (1) the alleged violator must employ a false designation; (2) the false designation must deceive as to origin, ownership or sponsorship; and (3) the plaintiff must believe that 'he is likely to be damaged by such an act.'"  *America Online, Inc. v. IMS*, 24 F. Supp. 2d 548, 551 (E.D. Va. 1998) (brackets and citation omitted); *see also Harley-Davidson, Inc. v. Selectra Int'l Designs, Ltd.*, 855 F. Supp. 275, 278 (E.D. Wisc. 1994) (plaintiff must allege that its trademarks are protectable, that the defendant used or imitated them without its consent, and that as a result, consumers are likely to confuse the defendant's product for the plaintiff's), *vacated on other*

PAGE 10 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*grounds*, 861 F. Supp. 754 (E.D. Wis. 1994), *see also McNeil PPC, Inc. v. Guardian Drug Co., Inc.*, 984 F. Supp. 1066, 1069 (E.D. Mich. 1997) (discussing elements of trade dress infringement under 15 U.S.C. § 1125(a)(1)(A)).

A claim under 15 U.S.C. § 1125(a)(1)(A) typically involves the imitation or duplication of another entity's trademark or trade dress. *See L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*, 79 F.3d 258, 262 (2d Cir. 1996). *See also Birthright v. Birthright, Inc.*, 827 F. Supp. 1114, 1136 (D.N.J. 1993) (defendant's unapproved use of plaintiff's trademark and unregistered logo satisfied the elements of claim under Section 43(a)(1)(A) of the Lanham Act). The Sixth Circuit describes the typical false association/false designation claim as follows:

> Under the more common variety of Lanham Act claim, the plaintiff asserts that the defendant is using a mark (e.g., trademark, service mark, etc.) so similar to the plaintiff's mark that the public is likely to confuse defendant's product for that of plaintiff. By this act of deception, the infringing defendant can benefit from the plaintiff's goodwill without having to pay for it; in effect, the defendant steals the plaintiff's customers.

*Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998) (discussing a claim brought under 15 U.S.C. § 1125(a)(1)(A)).

Similarly, the cases from this Court that discuss the false association prong of the Lanham Act do so in the context of the alleged misuse or infringement of a trademark, distinguishing those claims from actions brought under the false advertising prong. *See Too Marker Prods., Inc. v. Shinhan Art Materials, Inc.*, No. CV 09-1013-PK, 2010 WL 786041, at *5 (D. Or. Mar. 2, 2010) (discussing claim under 15 U.S.C. § 1125(a)(1)(A) in the context of trademark infringement); *Tinn v. EMM Labs, Inc.*, Civ. No. 07-963-AC, 2009 WL 507096, at *13 (D. Or. Feb. 27, 2009) (distinguishing false advertising claim from false association claim where liability "may arise where the defendant has used trademarks in a manner likely to cause the public to believe that the defendant is a participant in the trademark holder's authorized sales network." (brackets and internal quotations omitted)); *Learning Internet v. Learn.Com, Inc.*, No. CV-07-227-AC, 2009 WL 6059550, at * 16 (D. Or. Nov. 25, 2009) (discussing trademark

PAGE 11 - DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

infringement claim under 15 U.S.C. § 1125(a)(1)(A)); *Am. States Ins. Co. v. Dastar Corp.*, No. Civ. 00-6058-HO, 2005 WL 522115, at *1 n.1 (distinguishing false advertising claims under 15 U.S.C. § 1125(a)(1)(B) from trademark infringement claims under 15 U.S.C. § 1125(a)(1)(A)).

Flir's claim for unfair competition under 15 U.S.C. § 1125(a)(1)(A) does not allege that Flir has a trademark or trade dress that is distinctive or protectable, or that Fluke attempted to use any such mark in an infringing manner. Compl. ¶ 27. Nor does it allege that Fluke attempted to depict its thermal imaging camera as a Flir camera or that it attempted to create the impression that Flir's cameras were actually Fluke's. *Id*. In fact, the entire thrust of the drop test video is precisely the opposite in that it attempts to distinguish Fluke's Ti32 thermal imaging camera from the other cameras shown in the video. There is similarly no allegation that consumers are likely to confuse Fluke's thermal imaging cameras for Flir's cameras. *Id*. Due to the complete lack of any alleged factual basis supporting a claim for false association/unfair competition under 15 U.S.C. § 1125(a)(1)(A) of the Lanham Act, the Court should dismiss Count Two of the Complaint for failure to state a claim upon which relief may be granted.

**C.     Flir Has Not Adequately Stated a Claim for Publication of Injurious Falsehoods or Business Disparagement.**

   **1.     Oregon Does Not Appear To Recognize Claims for Publication of Injurious Falsehoods or Business Disparagement.**

Fluke has not identified any cases under Oregon law that recognize claims for publication of injurious falsehoods or business disparagement[2] (or a corresponding section of the

---

[2]   The sole discussion Fluke finds of "injurious falsehood" by the Oregon Supreme Court is from a 1966 opinion affirming a judgment n.o.v. for the defendant where the tort at issue was libel, not publication of injurious falsehoods *See Hinkle v. Alexander*, 411 P.2d 829, 830 n.1 (Or. 1966) (Denecke, J., concurring). The passing reference in the concurrence to "injurious falsehood" is made in a footnote that is all of three sentences and which merely speculates about what claim may have been at issue in an earlier opinion from 1959 (which does not itself mention injurious falsehoods). *Id*. Similarly, we find no recognition of "business disparagement" in the Oregon state courts and only one Oregon federal case that briefly discussed "commercial disparagement" (citing a 5th Circuit case) before summarily dismissing
(continued . . .)

PAGE 12 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Restatement).[3]  The claims should be dismissed on this basis alone.  To the extent the Court determines that Oregon does recognize one or both claims, the claims should be dismissed for failure to adequately plead the elements of those causes of action. [4]

### 2.      Flir Has Not Properly Alleged a False Statement of Fact.

For the same reasons that Flir's Lanham Act claim for false advertising should be dismissed for failure to adequately allege a false statement of fact, its Publication of Injurious Falsehoods and Business Disparagement claims should also be dismissed.  In support of these claims, the Complaint merely states in conclusory fashion that the drop test video is "false and deceptive" and "false and disparaging."  Compl. ¶¶ 32, 39.  Without factual allegations to support these legal conclusions, the claims cannot survive a motion to dismiss.  *See Barinaga*, 2010 WL 4228326, at *4 (citing Iqbal, 129 S. Ct. at 1950).

### 3.      Flir Has Not Adequately Alleged Special Damages.

Flir's claims for Publication of Injurious Falsehoods or Business Disparagement also require pleading and proof of special damages in the form of pecuniary loss.  *See TMJ Implants, Inc.*, 498 F.3d at 1200; see also Restatement (Second) of Torts § 633 (1977).  The requirement that special damages must be specifically pleaded is a matter of federal law.  *See Isuzu Motors*

---

(. . . continued)
the claim.  *See Fin. Programs, Inc. v. Falcon Fin. Servs., Inc.*, 371 F. Supp. 770, 776 (D. Or. 1974).

[3]    When Oregon courts adopt a section of the Restatement, they expressly say so.  *See Wagner v. Home Depot USA*, No. 10-901-KL, 2010 WL 4670533, at *2 (D. Or. Nov. 9, 2010); *Allstate Ins. Co. v. Breeden*, No. 01-1686-AS, 2008 WL 3200803, at * 12 (D. Or. Aug. 6, 2008); Furthermore, Oregon courts "do not literally adopt the Restatements."  *In re Matrix Dev. Corp.*, No. 09-CV-225-BR, 2009 WL 2163462, at *5 (D. Or. July 17, 2009) (quoting *Nelsen v. Nelsen*, 23 P.3d 424, 428 (Or. Ct. App. 2001)).

[4]    As the Tenth Circuit recited the six elements required to state a claim for commercial disparagement under Colorado law, a plaintiff must allege:  (1) a false statement; (2) published to a third party; (3) derogatory to the plaintiff's business in general, to the title to his property or its quality; (4) through which the defendant intended to cause harm to the plaintiff's pecuniary interest, or either recognized or should have recognized that it was likely to do so; (5) with malice; (6) thus, causing special damages.  *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1200 (10th Cir. 2007) (citing Restatement (Second) of Torts § 623A).

PAGE 13 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998) (citing *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 269-70 (7th Cir. 1983)). When "items of special damages are claimed, they shall be **specifically stated**." Fed. R. Civ. P. 9(g) (emphasis added).

One federal district court, after surveying the law from several circuits, articulated the pleading requirement with respect to special damages as follows:

> If the plaintiff desired to predicate its right to recover damages upon general loss of custom, it should have alleged facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, and facts showing that such loss in sales were the natural and probable result of such publication.

*Isuzu*, 12 F. Supp. 2d at 1047 (alterations and internal quotation omitted).  *See also Brunson Commc'ns, Inc. v. Arbitron, Inc.*, 266 F. Supp. 2d 377, 383 (E.D. Pa. 2003) (dismissing claim for commercial disparagement where "Plaintiff does not allege a general decline in business, much less a specific type of pecuniary loss").

As the cases show, simply stating the words "pecuniary" and "special harm" in a complaint does not satisfy the requirement to plead special damages and pecuniary loss.  Yet that is precisely what Flir does.  Flir must allege facts regarding the specific damages it has suffered due to Fluke's drop test video.  Flir has failed to allege these necessary facts.

The Complaint does not contain any allegations regarding the affect the drop test video has had on Flir's sales figures.  Once again, Flir makes only a threadbare recital of the damages element, supported by mere conclusory statements:

> Defendants intended the publication of those false and misleading facts to result in harm to FLIR's interests having pecuniary value, or recognized or should have recognized that it was likely to do so. (Compl., ¶ 36.)
>
> These false and deceptive statements and representations caused and continue to cause special harm to FLIR.  As a direct and proximate result of Defendants' misconduct, FLIR is entitled to actual, compensatory, consequential, and punitive damages in an amount to be determined at trial, including, but not limited to,

PAGE 14 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
          MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

reimbursement for the corrective advertising efforts that FLIR has undertaken, or will undertake to address Defendants' wrongful conduct. (Compl., ¶ 43.)

The Complaint makes no mention either of names of particular customers or of general customer comment or contact, that Flir has lost as a result of the drop test video. There are no details of any particular transaction that Fluke has thwarted due to the posting of the drop test video. The simple conclusory statements in the Complaint are not sufficient to specifically plead special damages under Rule 9(g). *See Isuzu*, 12 F. Supp. 2d at 1047 (dismissing product disparagement claim for failure to specifically plead damages where plaintiff alleged that it "suffered and continues to suffer special damages from the loss of revenue from wholesale and retail sales").

**D.    Flir Has Not Stated a Claim for Civil Conspiracy.**

A civil conspiracy is "a combination of two or more persons" who, through "concerted action," intend to accomplish an unlawful purpose or to accomplish a lawful purpose through unlawful means. *Osborne v. Fadden*, 201 P.3d 278, 282 (Or. Ct. App. 2009) (citing *Yanney v. Koehler*, 935 P.2d 1235, 1238 (Or. Ct. App. 1997)). To establish joint liability under a civil conspiracy theory, plaintiffs must establish the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds with respect to the object or course of action; (4) one or more unlawful, overt acts; and (5) proximate damages. *Id*. Further, "[t]he primary purpose of a conspiracy must be to cause injury to another." *Bonds v. Landers*, 566 P.2d 513, 516 (Or. 1977).

As a threshold matter, a claim for civil conspiracy "is not a separate tort or basis for recovery but, rather, a theory of mutual agency under which a conspirator becomes jointly liable for the tortious conduct of his or her coconspirators." *Osborne*, 201 P.3d at 282. Because Flir has failed to properly plead its claims for Publication of Injurious Falsehoods and Business Disparagement, neither claim may serve as the underlying tort for a civil conspiracy claim.

PAGE 15 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Furthermore, Flir is required to plead the elements of civil conspiracy with particularity pursuant to Federal Rule of Civil Procedure 9(b). In *Wasco Products. v. Southwall Technologies, Inc.*, 435 F.3d 989 (9th Cir. 2006), the defendants were alleged to have misrepresented to the consuming public that their insulated glass units were more durable than standard products and would not experience elevated failure rates. *Id.* at 990. The Ninth Circuit held that because "the object of the alleged conspiracy [was] fraudulent: to misrepresent the properties of the Heat Mirror IGUs, Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with particularity." *Id.* Flir similarly alleges that Fluke published "false and deceptive" and "disparaging" statements and "representations" that were intended to "mislead potential customers about FLIR's products." Compl. ¶¶ 32, 34, 35, 39, 42. Because the object of the alleged conspiracy sounds in fraud, Flir must plead its claim with particularity. But as the conclusory allegations in the Complaint plainly demonstrate, Flir has failed to meet this heightened pleading standard.

Flir has also failed to "plead 'enough facts' to state a theory of civil conspiracy." *Dean v. DJO, LLC*, No. 09-1193-AA, 2010 WL 19999295, at *1 (D. Or. May 17, 2010) (quoting *Twombly*, 550 U.S. at 570). The Complaint does not meet "plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief.'" *Iqbal*, 550 U.S. at 555. Instead, the claim includes mere "labels and conclusions" embedded in a "formulaic recitation of the elements of [the] cause of action." Id. Flir alleges the following "facts" in support of its civil conspiracy claim:

> Fluke and Sierra Media acted together to accomplish an unlawful object, including defamation, publication of injurious falsehoods, and business disparagement. (Compl., ¶ 45.)

> Defendants had a meeting of the minds whereby they decided to take steps to accomplish these unlawful acts and omissions. Indeed, Sierra was retained and paid by Fluke to assist in the design, creation, and publishing of the false Video, including the rigged "test." (Compl., ¶ 46.)

> Defendants committed one or more unlawful acts in furtherance of this conspiracy, including, but not limited to, making and publishing the false and misleading video. (Compl., ¶ 47.)

PAGE 16 - DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

These vague and conclusory statements are not sufficient to carry Flir's pleading burden. *See Yanney*, 935 P.2d 1235, 1238-39; *see also King v. Deutsche Bank AG*, No. CV 04-1029-HU, 2005 WL 611954, at *36 (D. Or. March 8, 2005) (dismissing claim for failure to plead elements of civil conspiracy).  Without alleging (1) facts supporting the existence of an actual agreement between Fluke and Sierra Media to commit tortious conduct, (2) that the primary purpose of that agreement was to injure Flir, and (3) that Defendants committed an unlawful, overt act, Count Five cannot satisfy the pleading standards of either *Iqbal/Twombly*, or the more stringent pleading requirements of Rule 9(b).

The Complaint fails to properly allege the existence of an actual conspiratorial agreement between the defendants to harm Flir because the facts do not permit such an allegation.  The mere fact that both Fluke and Sierra Media are both defendants in this action does not automatically convert a false advertising case into a conspiracy.  Indeed, stating a claim for civil conspiracy requires the plaintiff to allege facts demonstrating that the defendant consciously agreed to combine with a co-conspirator with the intent to injure or cause harm to the plaintiff. *See Bonds*, 566 P.2d at 516.  It is not sufficient to allege that a conspiratorial agreement exists merely because "Sierra Media was retained and paid by Fluke to assist in the design, creation and publishing of the Video."  Compl. ¶ 46.  If that were the case, any common business relationship would potentially expose the parties to a claim for civil conspiracy. *See Yanney*, 935 P.2d at 1238.

In *Yanney*, the Oregon Court of Appeals reviewed the dismissal of a civil conspiracy cause of action for failure to state a claim.  935 P.2d at 1237.  After disregarding an "allegation that '[t]here was a meeting of the minds between Defendants and Clark on the purposes and goals of Clark's scheme against Plaintiff,' because it [was] a conclusion of law", the court analyzed the remainder of the allegations relating to the alleged agreement between the parties. *Id*. at 1239 (first alteration in original) (citation omitted).  The court determined that the actions taken by the attorney-defendants in their representation of [third party] Clark were consistent

PAGE 17 -   DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

with "a typical goal of any defendant in an FED action." *Id*. Accordingly, "the primary purpose of that agreement was not to injure plaintiffs, but to represent Clark." *Id*.

Similarly, Fluke's retention of Sierra Media to conduct the drop test and produce the drop test video cannot be construed as an agreement to commit an overt, unlawful act with the intent to harm Flir. Instead, just like the attorney's actions in *Yanney*, Fluke's commissioning of the drop test and corresponding video is promotional activity undertaken with the legitimate objective of selling more thermal imaging cameras. A manufacturer's attempt to use promotional materials to convince customers to purchase its product is lawful activity. It is consistent with the "typical goal" of any advertising project between a manufacturer and an advertising company. *Id*. Such actions in the ordinary course of business do not by themselves constitute a conspiratorial agreement—to hold otherwise would place manufacturers and media companies at risk of liability for civil conspiracy anytime they mentioned a competitor's product in an advertisement. This would have a chilling effect on commercial speech.

**E.    Flir's Request for Injunctive Relief, Punitive Damages and Attorneys' Fees.**

Counts Eight (Temporary, Preliminary, And Permanent Injunctive Relief) and Nine (Attorney's Fees And Costs) are prayers for specific relief corresponding to Flir's Lanham Act claims (Counts One and Two), rather than separate causes of action. Flir's request for injunctive relief fails for the same reasons its claims for False Advertising (15 U.S.C. § 1125(a)(1)(B)) and Unfair Competition (15 U.S.C. § 1125(a)(1)(A)) fail. The request for injunctive relief also fails due to Flir's failure to adequately plead specific immediate and irreparable harm which, in any event, is contradicted by Flir's delay in filing suit until five months after the drop test video was posted (which is now more than eight months past).

Additionally, Flir's request for punitive damages and attorneys' fees should be stricken because they are not permitted under Oregon law. Flir seeks an award of punitive damages in three causes of action: Count Three (Publication of Injurious Falsehoods), Count Four (Business Disparagement), Count Five (Civil Conspiracy). These claims are all grounded in the allegedly

PAGE 18 -  DEFENDANT FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

misleading statements in the drop test video, to wit: "defamation, publication of injurious falsehoods, and business disparagement." The claim for punitive damages should be stricken, since "Oregon does not allow recovery of punitive damages in actions based upon speech." *Nordictrack, Inc. v. Wilson*, No. 93-1620-JE, 1994 WL 421501, at *3 (D. Or. May 9, 1994) (citing *Wheeler v. Green*, 593 P.2d 777, 789 (Or. 1979)). See also OR CONST art. I, § 8.

Similarly, Flir's request for attorneys' fees based on Counts Three, Four and Five should also be stricken because such an award is not permitted under Oregon law. *See Nordictrack*, 1994 WL 421501, at *4.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Counts One, Two, Three, Four, Five, Eight and Nine of the Complaint.

DATED: November 30, 2010

LANE POWELL PC


By  s/Parna A. Mehrbani
    Kenneth R. Davis II, OSB No. 971132
    Parna A. Mehrbani, OSB No. 053235
    Telephone: 503.778.2100


WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (*pro hac vice pending*)
Matthew V. Johnson (*pro hac vice pending*)


Attorneys for Defendant Fluke Corporation

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709549.0001/889487.1