**BENJAMIN N. SOUEDE**, OSB. No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR Systems, Inc., an Oregon corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>Fluke Corporation and Sierra Media, Inc.,<br><br>             Defendants. | CASE NO. CV10-971 HU<br><br>**DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**(ORAL ARGUMENT REQUESTED)** |

**I.     INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sierra Media, Inc. ("Sierra Media") respectfully moves to dismiss the Complaint filed by Plaintiff FLIR Systems, Inc. ("FLIR") for failure to state any claims upon which relief may be granted.

FLIR has brought this action against Sierra Media and co-defendant Fluke Corporation ("Fluke") for injuries it claims it has sustained as a result of a video that defendants allegedly created and published.  Plaintiff alleges that the video is false and misleading.

PAGE 1 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
                   MOTION TO DISMISS

Plaintiff's Complaint alleges claims based on the federal Lanham Act and several purported state law torts. Plaintiff's Complaint also alleges that the defendants are jointly liable on theories of civil conspiracy and aiding and abetting liability.

Plaintiff's Complaint is deficient in several respects. It asserts state law claims for causes of action that are not cognizable under Oregon law. Its remaining allegations are merely conclusory, and are insufficient to state a claim on any of the Complaint's alleged causes of action. Because no alleged cause of action satisfies the applicable federal pleading standards, the Complaint should be dismissed in its entirety.

## II.   ARGUMENT

### A.   Legal Standards and Authority

The United States Supreme Court has recently clarified the pleading standards a federal court complaint must meet in order to survive a Rule 12 motion to dismiss. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

The *Twombley* Court explicitly rejected the earlier "no set of facts" pleading standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957), under which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombley*, 550 U.S. at 561. Under the pleading standard explicated by *Twombley* and *Iqbal*, a plaintiff's complaint can survive a Rule 12(b)(6) motion only if it contains "more

than labels and conclusions." *Twombley*, 550 U.S. at 550.  Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.*

### B. Oregon Law Applies to the Complaint's Common Law Claims

Plaintiff's Complaint avers that the Court enjoys federal question jurisdiction over this action (presumably via the Lanham Act claims) and also that the Court enjoys diversity jurisdiction over this action.  According to the Complaint, then, the Court has jurisdiction over the state law claims alleged in the Complaint pursuant to both its supplemental jurisdiction authority (28 U.S.C. § 1367) and its diversity jurisdiction authority (28 U.S.C. § 1332).

Whatever the source of the Court's jurisdiction over the state law claims alleged in the Complaint, Oregon's choice of law rules control on choice of law issues.  *See, e.g., Paulsen v. CNF Inc.*, 559 F.3d 1061 (9th Cir. 2009) *cert. denied*, 130 S. Ct. 1053 (2010) ("In a federal question action that involves supplemental jurisdiction over state law claims, we apply the choice of law rules of the forum state."); *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) ("When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law.").

Oregon's choice of law rules require that the Court first determine whether there is an "actual conflict" between Oregon law and the law of some other jurisdiction whose law may apply.  *Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005).  If there is no actual conflict, then Oregon law applies.  If there is an actual conflict, then Oregon law follows the Restatement (Second) of Conflict of Laws § 145 (1971) in determining what substantive law should apply in tort cases.  *Fields*, 413 F.3d at 952.  Under the Restatement, a court should consider the following contacts to determine which state has "the most significant relationship" to the case: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of

PAGE 3 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS

business of the parties; and (d) the place where the relationship, if any, between the parties is centered.  Restatement (Second) of Conflict of Laws § 145.

In this case, the only other jurisdiction whose law might logically apply is the State of Washington.  Plaintiff FLIR is a citizen of the State of Oregon; both defendants are citizens of the State of Washington.   FLIR alleges that the "brunt" of the harm it suffered as a result of the state law torts it alleges were felt in Oregon.  Complaint at ¶ 6.  FLIR also alleges that both defendants "committed intentional torts" in Oregon.  Complaint at ¶¶ 6 and 7.  On these facts, if there is a true conflict between Oregon law and Washington law on any issue raised in the Complaint, Oregon's choice of law rules require that Oregon law apply to the state law tort claims alleged in the Complaint.

### C. Counts One and Two Fail To State Claims for Relief Under the Lanham Act, and Should Be Dismissed

Counts One and Two of the Complaint are insufficiently pleaded to state a claim on which relief can be granted.   To avoid a needless repetition of arguments and authorities, Sierra Media hereby adopts and incorporates the arguments and authorities presented by co-defendant Fluke in its Memorandum In Support of Motion To Dismiss For Failure to State a Claim with respect to Counts One and Two of plaintiff's Complaint.

### D. The Complaint's Count Three Fails to Allege a Cause of Action Recognized By Oregon Law, and Should Be Dismissed

Count Three of the Complaint purports to state a claim for "Publication of Injurious Falsehoods."  Defendant Sierra Media has been unable to locate any Oregon authority that recognizes such a cause of action as being cognizable under Oregon law. [1]

---

[1] The lone reference to this claimed tort by an Oregon appellate court is found in a single footnote to a one-justice concurrence that speculates as to the nature of a cause of action of an earlier case. *See Hinkle v. Alexander*, 411 P.2d 829, 830 n.1 (Or. 1966) (Denecke, J., concurring).  The footnote, notably, cites the Restatement of Torts, and not any Oregon authority, as the course of the speculative tort.

PAGE 4 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

It is possible that in Count Three Plaintiff is trying to plead (or may now seek to convert Count Three into) a claim for defamation. In that is so, then Count Three's claim for defamation is insufficiently (and strangely) pleaded, and should be dismissed. Under Oregon defamation law, "a plaintiff must show * * * that the defendant made a defamatory statement about the plaintiff." *Wallulis v. Dymowski*, 918 P.2d 755, 758 (Or. 1996). A statement is defamatory if it is a factual assertion that tends to subject the plaintiff to "hatred, contempt, or ridicule," or tends to "diminish the esteem, respect, goodwill, or confidence in which [the plaintiff] is held." *Reesman v. Highfill,* 965 P.2d 1030, 1034 (Or. 1998). The harm to plaintiff's standing is to be measured by the "estimation of an important and responsible part of the community." *Farnsworth v. Hyde*, 512 P.2d 1003, 1004 (Or. 1973).

Count Three fails to state a claim for defamation in several respects. First, Count Three (and the Complaint as a whole) fails to identify (even in conclusory fashion) a single defamatory statement made by defendant Sierra Media. The Complaint is rife with allegations that the relevant video created a "false impression," but does not identify even a single false statement of fact made by any defendant, in that video or elsewhere. Second, and equally fatal to any attempted claim for defamation (if indeed such a claim is intended), the Complaint fails to allege that any statement made by defendant Sierra Media tended to subject plaintiff to "hatred, contempt or ridicule" or tended to "diminish the esteem, respect, goodwill, or confidence in which [plaintiff] is held" by an "important and responsible part of the community." *Reesman,* 965 P.2d at 1034. The harm to plaintiff's standing is to be measured by the "estimation of an important and responsible part of the community." *Farnsworth v. Hyde*, 512 P.2d at 1004.

Plaintiff styled its claim as "Publication of Injurious Falsehood." Count Three should be dismissed because no such cause of action is recognized under Oregon law. If plaintiff now seeks to convert its claim into one for defamation, Count Three should be dismissed for failure to adequately plead facts sufficient to state a claim for defamation under Oregon law.[2]

---

[2] Whether or not Count Three is construed as a claim for defamation, plaintiff's request for punitive damages in Count Three must be dismissed. Count Three seeks to recover damages

PAGE 5 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### E. The Complaint's Count Four Fails to Allege a Cause of Action Recognized By Oregon Law, and Should Be Dismissed

Count Four of the Complaint purports to state a claim for "Business Disparagement." Defendant Sierra Media has been unable to locate any Oregon authority that recognizes such a cause of action, either under that or any similar name.

It is possible that Count Four, like Count Three, is intended to state a claim for defamation. If that is so, however, then Count Four is as insufficiently pleaded as is Count Three, and should be dismissed for the same reasons.

If Count Four is not construed as a claim for defamation, then it alleges a cause of action that is simply not recognized by Oregon law. Because, as explained above, Oregon law applies to the state claims at issue in this case, Count Four should be dismissed.[3]

### F. The Complaint's Count Five Fails to Allege the Essential Elements of a Claim for Civil Conspiracy Under Oregon Law

#### 1. Elements of Civil Conspiracy Under Oregon Law

Under Oregon law, a civil conspiracy is "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Yanney v. Koehler*, 935 P.2d 1235, 1238 (Or. Ct. App. 1997) (quoting *Bonds v. Landers,* 566 P.2d 513 (Or. 1977)). A claim for civil conspiracy does not allege "a separate tort or basis for recovery, but a theory of mutual agency under which a

---

arising from the defendants' speech; punitive damages are unavailable on such claims under Oregon law. *See Wheeler v. Green*, 593 P.2d 777, 789 (Or. 1979)

[3] As was true with respect to Count Three, plaintiff's request for punitive damages in Count Four must be dismissed, because Count Four alleges harm arising from defendants' speech. *Wheeler,* 593 P.2d at 789.

PAGE 6 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

conspirator becomes jointly liable for the tortious conduct of his or her co-conspirators." *Osborne v. Fadden*, 201 P.3d 278, 282 (Or. Ct. App. 2009) review denied, 208 P.3d 963 (2009).

To establish a civil conspiracy, a party must plead and prove: "(1) Two or more persons * * *; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.* (internal quotations omitted). Plaintiff's Complaint falls far short of satisfying the pleading requirements for a civil conspiracy claim against Sierra Media (or any other party).

Plaintiff's Complaint fails to state a claim for civil conspiracy for two independently sufficient reasons: (1) the Complaint fails to allege sufficient facts to support the conclusion that the primary purpose of the alleged conspiracy was to harm the Plaintiff; and (2) the Complaint fails to allege sufficient facts to support the conclusion that the defendants reached a "meeting of the minds."

> 2. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support the Conclusion that the Primary Purpose of the Alleged Conspiracy was to Cause Injury to Another.

Under Oregon law, "the primary purpose of a civil conspiracy must be to cause injury to another." *Yanney*, 935 P.2d at 1239 (citing *Bonds,* 566 P.2d at 513). Indeed, it has long been the law in Oregon that "[s]o long as the object of the combination is [t]o further its own fair interest or advantage, and not the injury of another, its members are not liable for any injury which is merely incidental." *Bliss v. S. Pac. Co.*, 321 P.2d 324, 327 (Or. 1958) (quoting *Heitkemper v. Central Labor Council*, 192 P. 765, 772 (Or. 1920)).[4]

Plaintiff's Complaint alleges that the defendants "conspired" to make and publish a videotape to "create the impression that the Fluke Camera is more durable, reliable, and of

---

[4] The *Bliss* opinion contains a typo in its quotation of *Heitkemper*, which reads nonsensically as "[s]o long as the object of the combination is no further its own fair interest * * *." *Bliss*, 321 P.2d at 327 (emphasis added). The actual quotation from *Heitkemper* reads properly "[s]o long as the object of the combination is to further its own fair interest or advantage." *Heitkemper v. Central Labor Council*, 192 P. at 772 (emphasis added).

PAGE 7 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

higher quality than FLIR Cameras." Complaint at ¶ 13. Plaintiff's Complaint alleges further that this "impression" is false. *Id.* at ¶ 14. Even assuming that these allegations are true (and any allegation of falsity is expressly denied by Sierra Media), they do not satisfy the *Twombley* pleading standard for stating a claim for civil conspiracy under Oregon law. The "primary purpose" of the alleged civil conspiracy, as pleaded in the Complaint, was to improve the Fluke Camera's standing in the marketplace. Put bluntly, plaintiff's Complaint alleges that the defendants undertook certain actions in order to sell more Fluke Cameras. The Complaint alleges that in the course of pursuing this primary purpose, the defendants undertook bad acts, and FLIR was consequently harmed. This "incidental" injury, even if it exists, is not sufficient to state a claim for civil conspiracy under Oregon law.

Under *Twombley*, plaintiff's Complaint must plead "enough facts" to state a theory of civil conspiracy that is "plausible on its face." *Twombley*, 550 U.S. at 570. Vitally, plaintiff's Complaint does not plead sufficient facts that make it plausible on the Complaint's face that defendants' primary purpose in allegedly engaging in wrongful conduct was to cause injury to FLIR. The conclusory allegation contained at ¶ 15 of the Complaint is insufficient, because "a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 550 U.S. at 550.

The deficiency in plaintiff's Complaint on this point is similar to that presented by the plaintiff in *Flint v. DJO, LLC*, CIV. 09-1393-AA, 2010 WL 1999302 (D. Or. May 17, 2010) (Aiken, C.J.). In that case, the plaintiff sued a medical device manufacturer for harm following the postoperative use of the defendant-manufacturer's pain pump device in plaintiff's shoulder joint. Plaintiff alleged that the defendant-distributor was jointly liable with the manufacturer under a theory of civil conspiracy. The complaint alleged that both the manufacturer and the distributor knew that the Food and Drug Administration had rescinded its approval for the use for which the defendants promoted the pumps. The complaint alleged further that the manufacturer and distributor "acted with a common goal of selling pain pumps to orthopedic surgeons ... and making a profit from those sales, despite the fact that promoting pain pumps for orthopedic use was contrary to federal law." *Id.*

PAGE 8 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS

The Court granted the distributor-defendant's motion to dismiss the complaint's claim for civil conspiracy. In her order, Chief Judge Aiken explained that "[n]otably, plaintiff does not allege that the purpose of [the defendants'] agreement was to cause harm. Rather, plaintiff alleges that the purpose of the alleged conspiracy was to continue 'selling pain pumps' for intra-articular uses in order to make a 'profit.' While plaintiff's allegations might allege a conspiracy between [defendants] to violate FDA regulations, they do not allege a civil conspiracy that was intended to cause harm or injury to plaintiff or to others similarly situated." *Id.*

Chief Judge Aiken also found any amendment by the plaintiff would be futile, and explained further:

> [P]laintiff presents the factual basis for [the distributor's] alleged conspiracy with [the manufacturer]. Consistent with plaintiff's allegations in his Amended Complaint, these facts suggest that [the defendants] conspired to violate FDA regulations and to market and sell pain pumps for uses not approved by the FDA in order to gain profit, and in so conspiring, [the defendants] disregarded the risks to patients such as plaintiff. As explained above, even with all inferences construed in plaintiff's favor, these facts do not suggest or imply that [the defendants] entered into a conspiracy, the purpose of which was to cause harm to plaintiff or other patients similarly situated. Thus, plaintiff fails to allege a necessary element of civil conspiracy. *Id.*

The case at bar presents the same circumstance: plaintiff's Complaint alleges that defendant Fluke and defendant Sierra Media "conspired" to generate a false videotape to create "the impression that the Fluke Camera is more durable, reliable, and of higher quality than FLIR Cameras." Complaint at ¶ 13. Presumably, the motivation for such conduct was for Fluke to sell more cameras, and thus earn greater profits. Those facts do not suggest or imply that the "purpose" of the alleged conspiracy was to harm the plaintiff. Plaintiff's Complaint therefore fails to state a claim for civil conspiracy under Oregon law.

### 3. Plaintiff's Complaint Fails to Allege Sufficient Facts to Support the Conclusion that Defendants Reached a "Meeting of the Minds"

Plaintiff's Complaint fails to allege a claim for civil conspiracy because the allegations fail to adequately plead a meeting of the minds as to the object of the conspiracy. The Complaint simply presents the conclusory allegation that the "[d]efendants had a meeting of the minds

PAGE 9 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS

whereby they decided to take steps to accomplish these unlawful acts and omissions. Indeed, Sierra was retained and paid by Fluke to assist in the design, creation, and publishing of the false Video, including the rigged test." Complaint at ¶ 46. Such an allegation is insufficient. Plaintiff alleges elsewhere that Sierra Media is a "media and marketing company" that does lots of work for Fluke. In this context, the allegation that Sierra Media was hired by Fluke to create the allegedly wrongful promotional video is hardly sufficient to adequately plead a "meeting of the minds" between the parties to commit a wrongful act. And the remaining portion of the Complaint's only allegation of a "meeting of the minds" is precisely the kind of rote recitation of tortious elements that the Supreme Court has held to be insufficient. *Twombley*, 550 U.S. at 550 ("[A] formulaic recitation of the elements of a cause of action will not do."). Plaintiff's Complaint simply fails to allege sufficient facts to support the conclusion that defendants Fluke and Sierra Media reached a "meeting of the minds" to unlawfully commit any of the torts alleged in the Complaint.

### G. The Complaint's Count Six Fails to Allege the Essential Elements of a Claim for Aiding and Abetting Liability Under Oregon Law

Count Six of the Complaint alleges that Sierra Media aided and abetted Fluke's commission of the torts of Publication of Injurious Falsehoods (Count 3 of the Complaint) and Business Disparagement (Count 4 of the Complaint).

As with civil conspiracy, a claim for aiding and abetting liability does not state a separate theory of recovery. *Granewich v. Harding*, 985 P.2d 788, 792 (1999). Because (as argued above) neither Publication of Injurious Falsehoods nor Business Disparagement is a cognizable cause of action under Oregon law, Count Six's claim for aiding and abetting these non-torts must be dismissed. If the Court construes either Count 3 or Count 4 to state a cause of action that does exist under Oregon law, then Count Six must nonetheless be dismissed for a failure to allege sufficient facts to state a claim, for the reasons described below.

1. <u>Elements of Aiding and Abetting Liability Under Oregon Law</u>

Oregon law accords with Section 876 of the Restatement (Second) of Torts (1979), which sets out three ways by which parties acting in concert may be held accountable for each other's tortious conduct:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Plaintiff's Complaint fails to allege facts sufficient to support a claim for aiding and abetting under any portion of Section 876, and thus fails to state a claim under Oregon law.

2. <u>Plaintiff's Complaint Fails to Allege Sufficient Facts to Support the Conclusion that Sierra Media Aided and Abetted Fluke in the Commission of Any Tortious Act</u>

Count Six provides a merely formulaic recitation of the elements for aiding and abetting liability under Oregon law. Count Six's only substantive allegation that Sierra Media aided and abetted Fluke in the commission of a tort reads as follows: "Defendant Sierra had knowledge of Fluke's wrongful acts but, nonetheless, knowingly commanded, directed, advised, encouraged, aided, and abetted Fluke and its wrongful acts." Complaint at ¶51. This allegation falls woefully short of the federal pleading standard, as established by *Twombley* and *Iqbal*. Count Six's incorporation of earlier paragraphs does nothing to correct this deficiency: *nowhere* in the Complaint is there any non-conclusory factual allegation that identifies what "wrongful acts" Sierra Media knew of, or of how and/or in what ways Sierra Media "commanded, directed, advised [or] encouraged" Fluke in the commission of those acts or any tort.

The Complaint states that the "defendants" produced a video that created a false impression about plaintiff's cameras. The Complaint states further that plaintiff's cameras were

"manipulated" to break more easily. Complaint at ¶14. The Complaint wholly fails, however, to identify which acts were undertaken by which defendant, and which (if any) acts were committed jointly. The Complaint similarly fails to state what defendant Sierra Media knew about any of defendant Fluke's allegedly tortious actions. These failures doom plaintiff's aiding and abetting claim.

First, the Complaint fails to allege facts sufficient to identify (or sufficiently plead) any "tortious act" undertaken jointly by the defendants or pursuant to a common design between them. The Complaint thus fails to sufficiently plead a claim pursuant to Restatement §876(a).

Second, the Complaint fails to identify what (if any) of Fluke's acts Sierra Media knew constituted a breach a duty Fluke owed to FLIR. More to the point, the Complaint never once identifies a particular "wrongful act" undertaken by Fluke of which Sierra Media had knowledge. The Complaint thus fails to sufficiently plead a claim for aiding and abetting liability pursuant to Restatement §876(b).

Third, the Complaint fails to allege sufficient facts to the effect that Sierra Media gave "substantial assistance" to Fluke in accomplishing a tortious result, and that Sierra Media's own conduct, separately considered, constituted a breach of duty to plaintiff. Plaintiff has not sufficiently pleaded that either defendant has committed any independent tort against plaintiff. Moreover, plaintiff's Complaint fails to allege any specific facts that identify either: (1) what actions Sierra Media took that constituted "substantial assistance" to Fluke in committing a tortious act; or (2) what actions Sierra Media undertook that, separately considered, constitute a tort against plaintiff. Both of these points are required for a claim of aiding and abetting against defendant Sierra Media, and plaintiff's Complaint is bereft of sufficient factual allegations on these essential elements. Plaintiff's claim for aiding and abetting against Sierra Media must therefore be dismissed.

**H.  Counts Eight and Nine of the Complaint Are Prayers for Relief, Not Separate Causes of Action**

Counts Eight and Nine consist entirely of requests for specific relief corresponding to FLIR's Lanham Act claims (Counts One and Two), rather than separate causes of action. They should therefore be dismissed as independent causes of action. *See, e.g., Manown v. Cal-W. Reconveyance Corp.*, 09 CV 1101 JM (JMA), 2009 WL 2406335 (S.D. Cal. Aug. 4, 2009). ("Plaintiffs' eighth cause of action for injunctive relief is dismissed as it is not an independent cause of action.").

## CONCLUSION

For the foregoing reasons, defendant Sierra Media respectfully requests that the Court dismiss Counts One, Two, Three, Four, Five, Six, Eight and Nine in the Complaint.

DATED this 30th day of November, 2010.

Respectfully submitted,

s/ Benjamin N. Souede
BENJAMIN SOUEDE, OSB No. 081775
DAVID ANGELI, OSB No. 020244
(503) 954-2232
Attorneys for Defendant Sierra Media, Inc.