**BENJAMIN N. SOUEDE**, OSB No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR Systems, Inc., an Oregon corporation, | CASE NO. CV10-971 HU |
| Plaintiff, | **DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| v. | |
| Fluke Corporation and Sierra Media, Inc., | |
| Defendants. | |
| | **(ORAL ARGUMENT REQUESTED)** |

## I.    INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sierra Media, Inc. ("Sierra Media") respectfully moves to dismiss Counts Two, Three, Four and Five of the First Amended Complaint ("FAC") filed by Plaintiff FLIR Systems, Inc. ("FLIR") for failure to state any claims upon which relief may be granted.

PAGE 1 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
FIRST AMENDED COMPLAINT

FLIR has brought this action against Sierra Media and co-defendant Fluke Corporation ("Fluke") for injuries it claims it has sustained as a result of a video that defendants allegedly created and published. Plaintiff alleges that the video is false and misleading.

Plaintiff's FAC alleges claims based on the federal Lanham Act and several state law torts. Plaintiff's FAC also alleges that the defendants are jointly liable on theories of civil conspiracy and "aiding and assisting" liability.

Plaintiff's FAC addresses some – but not all – of the deficiencies present in Plaintiff's originally filed Complaint. The common law claims alleged in Counts Two, Three, Four and Five remain insufficient to state a claim on any of the FAC's alleged causes of action, and should therefore be dismissed.

## II. ARGUMENT

### A. Legal Standards and Authority

The United States Supreme Court has recently clarified the pleading standards a federal court complaint must meet in order to survive a Rule 12 motion to dismiss. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

The *Twombley* Court explicitly rejected the earlier "no set of facts" pleading standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957), under which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the

PAGE 2 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
              MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
              FIRST AMENDED COMPLAINT

possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombley*, 550 U.S. at 561. Under the pleading standard explicated by *Twombley* and *Iqbal*, a plaintiff's complaint can survive a Rule 12(b)(6) motion only if it contains "more than labels and conclusions." *Twombley*, 550 U.S. at 550. Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.*

### B. The FAC's Common Law Claims for Relief Fail to Sufficiently State Any Claim On Which Relief May Be Granted, and Should Be Dismissed

#### 1. Count Two Fails to State A Claim Against Sierra Media for "Trade Libel/Commercial Disparagement"

Count Two of the FAC purports to state a claim for "Trade Libel/Commercial Disparagement." It is indisputable that under Oregon law, a business entity may bring an action for defamation. *See United Medical Laboratories, Inc. v. Columbia Broadcasting System, Inc.,* 404 F2d 706 (9th Cir 1968) (applying Oregon law). However, like any other plaintiff, a business that brings an action for defamation must establish the elements of defamation: that the defendant made a false factual assertion that tends to subject the plaintiff to "hatred, contempt, or ridicule," or tends to "diminish the esteem, respect, goodwill, or confidence in which [the plaintiff] is held." *Reesman v. Highfill,* 965 P.2d 1030, 1034 (Or. 1998). Plaintiff's FAC fails to sufficiently allege facts to support the conclusion that defendant Sierra Media made any defamatory statements regarding FLIR.

#### 2. Count Two Fails to Allege Conduct By Sierra Media That Gives Rise to a Claim; Generic Allegations that "Defendants" Engaged In Tortious Conduct is Insufficient

The FAC is bereft of any allegation that identifies any <u>false statement</u> about FLIR and/or its cameras. Its claim for trade libel must therefore fail.

PAGE 3 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
            FIRST AMENDED COMPLAINT

Count Two of Plaintiff's FAC alleges that in the video that is at the heart of this dispute, "[d]efendants made false and disparaging representations about FLIR and FLIR's products. (FAC at ¶ 59). Count Two alleges further that "Defendants published, without privilege, false and deceptive statements and representations concerning Fluke and FLIR's products * * *" and that "Defendants published the Video" on various websites. (*Id.* at ¶ 60). Count Two continues on to allege that "Defendants made the false and deceptive statements and representations in the Video about FLIR and FLIR S products with the intent to mislead potential customers. * * *." (*Id.* at ¶ 64).

These vague and generic allegations are insufficient under the federal pleading standards. Astoundingly, the FAC does not back up these claims with even <u>one</u> allegation that describes a false statement attributable directly to Sierra Media regarding FLIR or its cameras.

Notably, the FAC (including Count Two) also does not contain a single allegation that identifies a statement made solely by Defendant Sierra Media; every allegation regarding a communication about FLIR or its cameras is styled as a "group pleading" that lumps the defendants together. For example, the allegation that "defendants made false and disparaging representations about FLIR and FLIR's products" (*Id.* at ¶ 59) does not allege what, if any, representations <u>Sierra Media</u> made. Count Two's incorporation (*Id.* at ¶48) of earlier factual accounts in the FAC does not cure this improper group pleading: while earlier paragraphs in the FAC do allege particular conduct by Sierra Media, nowhere in the FAC does plaintiff identify or attribute a single statement to or publication of the video by Sierra Media. For example, every time publication of the videos is alleged, the allegation is "grouped." (*See*, e.g., *id.* at ¶ 13 ("In the Video, Fluke and Sierra represent * * *."); *id.* at 16 ("[I]n approximately March 2010, Defendants published the Video."); *id.* at 18 ("Through their Video, Defendants intentionally create the false impression * * *.")).

PAGE 4 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
           MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
           FIRST AMENDED COMPLAINT

This is not a case in which the FAC uses the term "Defendants" because as shorthand for "Fluke and Sierra Media each individually committed such-and-such act." To the contrary, the use of group pleading is deliberately employed in the FAC to obscure allegations that plaintiff cannot allege directly against Sierra Media. Occasionally, there is a slip in this facade, as occurs on paragraph 39 of the FAC, which reads: "Second, in the Video, Fluke does not just disparage the FLIR Cameras but also falsely represents the ruggedness of the Fluke Camera * * * ."

Alleging "group conduct" by defendants is not sufficient to state a claim for relief against each (or any) individual defendant. *See, e.g., Anthony v. Harmon*, CIV 2:09-2272 WBSKJM, 2009 WL 4282027 (E.D. Cal. Nov. 25, 2009) ("A number of averments in plaintiffs' complaint certainly appear to have been made without *Iqbal* in mind. For example, plaintiffs' allegations repeatedly lump defendants together, referring to them as 'Advisors,' and do not plead facts that plausibly suggest that each defendant is liable for the claims in the Complaint."). *See also, e.g.*, *Bruggemann v. Amacore Group, Inc.*, 8:09-CV-2562-T-30MAM, 2010 WL 2696230 (M.D. Fla. July 6, 2010) ("Plaintiffs lump the Defendants together, without identifying who said what or any other particularity regarding the alleged misrepresentations. This is insufficient to state a claim under * * * *Iqbal*.").

In reality, plaintiff has not and cannot identify any statement made by Sierra Media, much less one that constituted trade libel or business disparagement. Lumping Sierra Media in with defendant Fluke and alleging, in essence, that statements were made by some combination of the two entities is insufficient to state "enough facts to state a claim to relief that is plausible on its face." *Twombley*, 550 U.S. at 570. Count Two. Count Two must therefore be dismissed.

PAGE 5 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

### 3. Count Three Fails to Allege the Essential Elements of a Claim for Civil Conspiracy Under Oregon Law

Count Three of the FAC purports to state a claim for intentional interference with prospective economic relations against both defendants. To state a claim under Oregon law, a plaintiff must sufficiently allege:

> (1) the existence of a professional or business relationship (which may include a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.

*See, e.g., Allen v. Hall,* 328 Or 276, 281, 974 P2d 199 (1999); *McGanty v. Staudenraus,* 321 Or 532, 535–536, 901 P2d 841 (1995).

The "intentional interference" prong requires that the defendant's interference "must be a knowing and not an inadvertent or incidental invasion of plaintiff's * * * interests." *Wampler v. Palmerton,* 250 Or 65, 73, 439 P2d 601 (1968). *See also Empire Fire & Marine Ins. v. Fremont Indemnity,* 90 Or App 56, 63, 750 P2d 1178 (1988) (noting that an "incidental interference . . . is not actionable"). A defendant that knows that interference is "substantially certain" to occur from its action may be held to have intentionally interfered. *See Aylett v. Universal Frozen Foods Co.,* 124 Or App 146, 152, 861 P3d 375 (1993) ("concerning the element of intentional interference, it is sufficient that there is proof that defendant knows that interference is substantially certain to occur from its action"). Of course, for a defendant's interference in a relationship to be "knowing," as defined under Oregon law, it is fundamentally required that the defendant actually <u>know</u> of the relationship.

Plaintiff's FAC fails to sufficiently allege that Sierra Media's claimed interference was "intentional" as defined by Oregon law. Count Three avers that "FLIR had prospective economic relationships with various potential customers, including a Fortune 100 company, a

PAGE 6 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

building inspection company, heating and air conditioning company, and others." (FAC at ¶ 74). Plaintiff's FAC does not allege that Sierra Media knew about <u>any</u> of these prospective economic relationships. That failure is fatal to FLIR's claim for intentional interference with prospective economic relations.

In short, even if all of the FAC's allegations against Sierra Media are taken as true, there is no allegation (and no collection of allegations that would support the conclusion) that Sierra Media knew that its alleged interference was "substantially certain" to interfere with FLIR's prospective economic advantage with the "Fortune 100 company," the "building inspection company," the "heating and air conditioning company," or any of the "others" to which the FAC vaguely refers. (FAC at ¶74). The FAC alleges that Sierra Media knowingly helped create a Video that created a "false impression" about FLIR and its cameras. This allegation may be sufficient to allege some other tort, but it is inadequate to state claim for "intentional interference" with prospective economic relationships.

    4. <u>Count Four Fails to Allege the Essential Elements of a Claim for Civil Conspiracy Under Oregon Law</u>

        a. Elements of Civil Conspiracy Under Oregon Law

Under Oregon law, a civil conspiracy is "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Yanney v. Koehler*, 935 P2d 1235, 1238 (Or. Ct. App. 1997) (quoting *Bonds v. Landers,* 566 P2d 513 (Or. 1977)). A claim for civil conspiracy does not allege "a separate tort or basis for recovery, but a theory of mutual agency under which a conspirator becomes jointly liable for the tortious conduct of his or her co-conspirators." *Osborne v. Fadden*, 201 P.3d 278, 282 (Or. Ct. App. 2009).

To establish a civil conspiracy, a party must plead and prove: "(1) Two or more persons * * *; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of

PAGE 7 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.* (internal quotations omitted).

Plaintiff's FAC fails to state a claim for civil conspiracy for three independently sufficient reasons: (1) as argued above, the FAC fails to allege sufficient facts to state a claim for either of the underlying torts referenced in Count Four; (2) the FAC fails to allege sufficient facts to support the conclusion that the defendants reached a "meeting of the minds on the object or course of action"; and (3) the FAC fails to allege sufficient facts to support the conclusion that the primary purpose of the alleged conspiracy was to harm the Plaintiff.

        b. Plaintiff's FAC Fails To Sufficiently Plead An Underlying Tort, and Therefore Cannot State a Claim for Civil Conspiracy

Because a claim for civil conspiracy "is not a separate tort or basis for recovery," an underlying tort must exist for a conspiracy to exist. Count Four alleges the existence of the underlying torts of trade libel/commercial disparagement, and intentional interference with prospective economic relations, which are alleged as Counts Two and Three in the FAC, respectively. Because, as argued above, Counts Two and Three do not state a sufficient claim, they cannot serve as the basis of Count Four's claim for civil conspiracy. Count Four must therefore also be dismissed.

        c. Plaintiff's FAC Fails to Allege Sufficient Facts to Support the Conclusion that Defendants Reached a "Meeting of the Minds"

The FAC's allegation regarding a meeting of the minds between the defendants starts promisingly: "Defendants * * * had a meeting of the minds whereby they decided to take steps to accomplish [the torts of trade libel/commercial disparagement and intentional interference with prospective economic relations]." FAC at ¶ 85. However, beyond this bare recitation of this essential legal element, the FAC fails to plead any sufficient facts regarding a "meeting of the minds." The FAC alleges that Sierra Media was paid by Fluke to help create and publish the

PAGE 8 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
               MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
               FIRST AMENDED COMPLAINT

Video, to edit the Video to make it misleading, and that Sierra Media "knowingly signed off" on a misleading methodology that omitted the actual results of the drop test. *Id.* Even when these allegations are taken as true, they are insufficient to adequately plead a "meeting of the minds."

Under Oregon law, that "meeting of the minds" must not be upon some general abstract plan, but for an unlawful purpose. To be held liable as a civil conspirator, then, Sierra Media, then, must have reached a meeting of the minds with Fluke not just to create and publish a video, even a misleading video, but to actually commit against FLIR the torts of trade libel/commercial disparagement and/or intentional interference with prospective economic relations. Beyond bare assertions that such a "meeting of the minds" occurred, FLIR alleges no facts that render it plausible that Sierra Media was more than a mere vendor hired to make a video at the direction of its customer (Fluke). Indeed, FLIR alleges that Sierra Media is "Fluke's long-time media and marketing company" and that "Fluke has become one of Sierra's largest customers." (FAC at ¶ 10. FLIR thus alleges that Sierra Media is in the business of preparing media and marketing materials for Fluke as part of its normal operations. There is no allegation that Sierra Media decided to act outside of its normal role as a vendor to Fluke in taking the actions alleged in the FAC, much less that Sierra Media intended to commit a tortious act against FLIR.

There is likewise no sufficient allegation that Sierra Media knew that a false Fluke marketing video might create a tort against FLIR. Put bluntly, even if all of the factual allegations against Sierra Media are true, then those facts would merely establish that Sierra Media – a "media and marketing company"– created a Video at the instruction of its customer. There are insufficient factual allegations that render it plausible that Sierra Media had a "meeting of the minds" with Fluke to do harm to FLIR.

FLIR leans far too hard on a single e-mail from Sierra Media's founder which refers to Sierra Media and Fluke employees as a "team." Sierra Media does not contest that Fluke employees worked with Sierra Media in creating the Video. Nor does it contest that Sierra

Media's founder referred to that collective of people as a "team." As argued above, what is important is not whether there was *any* meeting of the minds between Sierra Media and Fluke, but whether there was a meeting of the minds to commit one of the torts identified in Count Four. Again, the FAC's allegations on this specific point are insufficient.

If plaintiff's FAC were sufficient on this point, then any vendor who works with a customer on a product would be liable for civil conspiracy if the end product generated a tort. The law of civil conspiracy is not so broad – Sierra Media may be liable as a civil conspirator with Fluke only if Sierra Media intended and agreed with Fluke to generate a tort against FLIR. The FAC's allegations are insufficient to make such a scenario plausible, and Count Four must therefore be dismissed.

>
> d. Plaintiff's FAC Fails to Allege Sufficient Facts to Support the Conclusion that the Primary Purpose of the Alleged Conspiracy was to Cause Injury to Another

Under Oregon law, "the primary purpose of a civil conspiracy must be to cause injury to another." *Yanney*, 935 P.2d at 1239 (citing *Bonds,* 566 P.2d at 513). Indeed, it has long been the law in Oregon that "[s]o long as the object of the combination is [t]o further its own fair interest or advantage, and not the injury of another, its members are not liable for any injury which is merely incidental." *Bliss v. S. Pac. Co.*, 321 P.2d 324, 327 (Or. 1958) (quoting *Heitkemper v. Central Labor Council*, 192 P. 765, 772 (Or. 1920)).[1] The facts alleged by the FAC do not make it plausible that the primary purpose of the alleged conspiracy was to harm FLIR by visiting a tort upon it; to the contrary, the alleged facts make it plausible only that any agreement between Sierra Media and FLIR had the primary purpose of promoting sales of Fluke cameras.

---

[1] The *Bliss* opinion contains a typo in its quotation of *Heitkemper*, which reads nonsensically as "[s]o long as the object of the combination is no further its own fair interest * * *." *Bliss*, 321 P.2d at 327 (emphasis added). The actual quotation from *Heitkemper* reads properly "[s]o long as the object of the combination is to further its own fair interest or advantage." *Heitkemper v. Central Labor Council*, 192 P. at 772 (emphasis added).

PAGE 10 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

Plaintiff's FAC duly recites the required element regarding the intent of the alleged conspiracy verbatim. FAC at ¶ 87. However, this allegation is followed only by bare allegations that the defendants' primary purpose was to disparage FLIR cameras, falsely represent the "ruggedness and durability of the Fluke cameras, and to thereby convince customers to purchase Fluke cameras instead of FLIR cameras." Id.

Under *Twombley*, plaintiff's FAC must plead "enough facts" to state a theory of civil conspiracy that is "plausible on its face." *Twombley*, 550 U.S. at 570. Vitally, plaintiff's FAC does not plead sufficient facts that make it plausible on the FAC's face that defendants' primary purpose in allegedly engaging in wrongful conduct was to cause injury to FLIR. FLIR's own allegations in the FAC create only one plausible conclusion: that the alleged purpose of any alleged agreement between Sierra Media and Fluke was to create a video that would sell more Fluke cameras. Any alleged harm to FLIR was, at most, incidental.

The deficiency in plaintiff's FAC on this point is similar to that presented by the plaintiff in *Flint v. DJO, LLC*, CIV. 09-1393-AA, 2010 WL 1999302 (D. Or. May 17, 2010) (Aiken, C.J.). In that case, the plaintiff sued a medical device manufacturer for harm following the postoperative use of the defendant-manufacturer's pain pump device in plaintiff's shoulder joint. Plaintiff alleged that the defendant-distributor was jointly liable with the manufacturer under a theory of civil conspiracy. The complaint alleged that both the manufacturer and the distributor knew that the Food and Drug Administration had rescinded its approval for the use for which the defendants promoted the pumps. The complaint alleged further that the manufacturer and distributor "acted with a common goal of selling pain pumps to orthopedic surgeons ... and making a profit from those sales, despite the fact that promoting pain pumps for orthopedic use was contrary to federal law." Id.

The Court granted the distributor-defendant's motion to dismiss the complaint's claim for civil conspiracy. In her order, Chief Judge Aiken explained that "[n]otably, plaintiff does not

PAGE 11 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE
            FIRST AMENDED COMPLAINT

allege that the purpose of [the defendants'] agreement was to cause harm. Rather, plaintiff alleges that the purpose of the alleged conspiracy was to continue 'selling pain pumps' for intra-articular uses in order to make a 'profit.' While plaintiff's allegations might allege a conspiracy between [defendants] to violate FDA regulations, they do not allege a civil conspiracy that was intended to cause harm or injury to plaintiff or to others similarly situated." *Id.*

Chief Judge Aiken also found any amendment by the plaintiff would be futile, and explained further:

> [P]laintiff presents the factual basis for [the distributor's] alleged conspiracy with [the manufacturer]. Consistent with plaintiff's allegations in his Amended Complaint, these facts suggest that [the defendants] conspired to violate FDA regulations and to market and sell pain pumps for uses not approved by the FDA in order to gain profit, and in so conspiring, [the defendants] disregarded the risks to patients such as plaintiff. As explained above, even with all inferences construed in plaintiff's favor, these facts do not suggest or imply that [the defendants] entered into a conspiracy, the purpose of which was to cause harm to plaintiff or other patients similarly situated. Thus, plaintiff fails to allege a necessary element of civil conspiracy. *Id.*

The case at bar presents the same circumstance: plaintiff's FAC alleges that the ultimate goal of the defendants' alleged civil conspiracy was to create a false Video that made FLIR cameras appear inferior to Fluke cameras, and "on that basis convince customers to not purchase the FLIR Cameras and instead purchase Fluke cameras." (FAC at ¶ 87.). In other words, the FAC alleges that Fluke and Sierra Media conspired to increase Fluke's profits. Apparently aware that this is not sufficient, the FAC artfully continues that "[t]herefore, the purpose of the conspiracy was to injure FLIR and thereby unjustly enrich Fluke." *Id.* This is a useful bit of pleading, in that it uses the words necessary to state a claim, but the result is simply too absurd to be "plausible" under *Twombley* and *Iqbal*. It is plausible that Fluke and Sierra Media sought to improve Fluke's bottom line; it is implausible that these companies would have gone to the alleged trouble and expense with the "primary purpose" of harming FLIR (which itself would carry no commercial benefit.). Merely stating that the purpose was *also* "to injure FLIR" is an attempt to save a claim for which sufficient facts are no pleaded. Count Four should be

dismissed.

### 5. Count Five Fails to Allege the Essential Elements of a Claim for Aiding and Abetting (or "Aiding and Assisting") Liability Under Oregon Law

Count Five of the FAC alleges that Sierra Media aided and abetted Fluke's commission of the torts of trade libel/commercial disparagement (Count Two of the FAC) and intentional interference with prospective economic relations (Count Three of the FAC).

As with civil conspiracy, a claim for aiding and abetting liability does not state a separate theory of recovery. *Granewich v. Harding*, 985 P.2d 788, 792 (1999). Because (as argued above) FLIR has not stated a claim for either trade libel/commercial disparagement or intentional interference with prospective economic relations, Count Five's claim for aiding and abetting these torts must be dismissed. If the Court construes either Count Three or Count Four to sufficiently plead a tort under Oregon law, then Count Five must nonetheless be dismissed for a failure to allege sufficient facts to state a claim, for the reasons described below.

#### a. Elements of Aiding and Abetting Liability Under Oregon Law

Oregon law accords with Section 876 of the Restatement (Second) of Torts (1979), which sets out three ways by which parties acting in concert may be held accountable for each other's tortious conduct:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

PAGE 13 –   DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

The FAC attempts to allege a claim under Section 876(b). FAC at ¶¶91-93. However, the FAC fails to state sufficient facts to render it plausible that Sierra Media knew that Fluke's conduct constituted a breach of duty by Fluke to FLIR.

> b. The FAC Alleges That Sierra Media Committed Every Identified Tortious Act Against FLIR; the FAC Fails To Plead Any Allegations That Render It Plausible That Sierra Media Aided And Abetted Those Same Torts

The FAC fails to identify what (if any) of Fluke's acts Sierra Media knew constituted a breach of a duty Fluke owed to FLIR. This failure is primarily the result of the FAC's consistent allegations claiming that all the tortious conduct was committed by both defendants. As noted above, the FAC fastidiously and consistently (with exceptions at, for example, ¶¶ 39 and 41) alleges that the "Defendants" committed all of the acts alleged to comprise torts against FLIR. (*See, e.g.,* ¶¶ 13, 16, 17, 18, 20, 32, 35, 36, 37, 40, 42). FLIR's refusal to state which defendant committed which acts is fatal to its aiding and abetting claim against Sierra Media.

It is an uncontroversial proposition of law that Sierra Media cannot "aid and abet" or (in the words of the FAC) "aid and assist" itself. Indeed §876 is based on the premise of a party being liable for "harm resulting to a third person from the tortious conduct of *another*." Restatement (Second) of Torts § 876 (emphasis added). If the FAC's many and consistent allegations that Sierra Media was the (or "a") primary actor in creating the false Video – and thereby harmed FLIR directly – are taken to be true, then Sierra Media cannot also be secondarily liable for "aiding and abetting" these same torts (via the same conduct). The difficulty created by the FAC's insistence on attributing every significant bad act to both defendants comes to roost firmly on this issue. If all of the factual allegations in FAC are taken as true, then Sierra Media is primarily liable for every tort at issue in this case. Sierra Media cannot also be liable for "aiding and abetting" those exact same torts by its same conduct.

PAGE 14 –  DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, FOUR AND FIVE OF THE FIRST AMENDED COMPLAINT

A plaintiff may, in limited circumstances, plead contradictory sets of facts: a "pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Total Coverage, Inc. v. Cendant Settlement Services Group, Inc.*, 252 F. App'x. 123, 126 (9th Cir. 2007) (unpublished disposition) (quoting *American Intern. Adjustment Co. v. Galvin,* 86 F.3d 1455, 1461 (7th Cir.1996)).   But that is not the question here, because the FAC does not allege some alternative set of facts wherein Fluke is the primary tortfeasor and Sierra Media merely the aider and abettor.  To the contrary, the FAC is consistent in attributing (with one or two inconsequential exceptions noted above) *all* tortious acts to *both* defendants at all times.   FLIR must live with the consequences of those allegations, foremost of which is the fact that if the FAC's allegations are taken as true, it is not plausible that Sierra Media aided and abetted the commission of any torts.  Count Five should therefore be dismissed.

### III.   CONCLUSION

For the foregoing reasons, defendant Sierra Media respectfully requests that the Court dismiss Counts Two, Three, Four and Five in the FAC.

DATED this 27th day of January, 2011.

          Respectfully submitted,

          s/ Benjamin N. Souede
          BENJAMIN SOUEDE, OSB No. 081775
          DAVID ANGELI, OSB No. 020244
          (503) 954-2232
          Attorneys for Defendant Sierra Media, Inc.