**Devon Zastrow Newman,** OSB #014627
E-mail: dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon 97204
Telephone: (503) 796-2944
Facsimile: (503) 796-2900

-and-

**Michael J. Collins** (*Pro Hac Vice*)
E-mail: mjc@bickelbrewer.com
**C. Dunham Biles** (*Pro Hac Vice*)
E-mail: cdb@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

ATTORNEYS FOR PLAINTIFF FLIR SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation, | Case No. 3:10-CV-971-HU |
| Plaintiff, | |
| vs. | PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT FLUKE CORPORATION'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |
| SIERRA MEDIA, INC. and FLUKE CORPORATION, | |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

# TABLE OF CONTENTS

**Page**

I.   SUMMARY OF ARGUMENT ..........................................................................................1

II.  FACTUAL BACKGROUND .......................................................................................4

    A.  Unable To Compete With FLIR On The Basis Of Price, Quality, And Service, Fluke Resorted To Unlawful Means Of Competition And Enlisted Sierra To Help Create And Publish The False Video. ..............................................4

    B.  Defendants Edit The Video Of The Actual Test To Reinforce The Substantially False Representations. .....................................................................5

    C.  The Damage Done. ..............................................................................................6

III. APPLICABLE LEGAL STANDARD ...............................................................................7

IV.  ARGUMENT AND AUTHORITIES ..............................................................................8

    A.  The Motion Should Be Denied Because FLIR More Than Met The Pleading Standards For A Commercial Disparagement Claim Under Oregon Law. ...........................................................................................................8

        1.  FLIR has properly alleged that the Video includes false statements. ........11

        2.  FLIR is not required to plead special damages, but in any event, such damages have been properly alleged. ................................................14

    B.  The Motion Should Be Denied Because FLIR Properly Pled A Claim For Intentional Interference With Prospective Economic Relations Under Oregon Law. .......................................................................................................16

        1.  FLIR has properly alleged that Fluke's intentional interference disrupted prospective economic relationships. ...........................................17

        2.  FLIR more than adequately alleged that Fluke had sufficient knowledge of the numerous prospective economic relations with which it was interfering. ...................................................................................18

    C.  The Motion Should Be Denied Because FLIR Has More Than Adequately Pled A Claim For Civil Conspiracy Against Fluke. .............................................20

        1.  FLIR has properly pled an underlying tort. ...............................................21

        2.  FLIR has more than adequately alleged facts supporting the existence of a conspiratorial agreement aimed at injuring FLIR. ..............22

V.   CONCLUSION.........................................................................................................26

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT FLUKE CORPORATION'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

i

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aerosonic Corp. v. Trondyne Corp.*,
402 F.2d 223 (5th Cir. 1968) ................................................................9, 14

*al-Kidd v. Ashcroft*,
580 F.3d 949 (9th Cir. 2009) ......................................................................8

*Alan Neuman Prods. v. Albright*,
862 F.2d 1388 (9th Cir. 1989) ..................................................................20

*Allen v. Hall*,
974 P.2d 199 (Or. 1999) .....................................................................16, 18

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ...............................................................................8

*Auvil v. CBS 60 Minutes*,
67 F.3d 816 (9th Cir. 1995) ......................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................8

*Bonds v. Landers*,
566 P.2d 513 (Or. 1977) .....................................................................20, 25

*Bowman v. Tilton*,
No. 03cv2224-BTM, 2008 WL 170077 (S.D. Cal. Jan. 17, 2008) .........22

*Brown v. Gatti*,
99 P.3d 299 (Or. Ct. App. 2004).......................................................9, 11, 13

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002) .........................................................15, 16, 17

*Buller v. Pulitzer Pub. Co.*,
684 S.W.2d 473 (Mo. App. 1984) ...........................................................17

*Coare v. Arizona Repub.*,
972 F.2d 1511 (9th Cir. 1992) ..................................................................10

PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM

ii

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

*Dean v. DJO, LLC*,
No. 09-1193-AA, 2010 WL 1999295 (D. Or. May 17, 2010) ...............................24

*Defino v. Civic Center Corp.*,
718 S.W.2d 505 (Mo. App. 1986) ..........................................................17

*Dimidowich v. Bell & Howell*,
803 F.2d 1473 (9th Cir. 1986) ...........................................................22

*Ee v. Washington County*,
No. 07-1728-HA, 2010 WL 680924 (D. Or. Feb. 10, 2010) .................................22

*Farnsworth v. Hyde*,
512 P.2d 1003 (Or. 1973) ..................................................................9

*Fin. Programs, Inc. v. Falcon Fin. Servs., Inc.*,
371 F. Supp. 770 (D. Or. 1974) .........................................................9, 13

*Forum Publications, Inc. v. P.T. Publishers, Inc.*,
700 F. Supp. 236 (E.D. Pa. 1988) .........................................................15

*Garrido v. Beall Corp.*,
No. 10-845-AA, 2010 WL 5129699 (D. Or. Dec. 10, 2010) ...................................8

*Gillette Co. v. Wilkinson Sword, Inc.*,
795 F. Supp. 662 (S.D.N.Y. 1992) ........................................................26

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) ..............................................................7

*Graham v. Oregon State Penitentiary*,
733 P.2d 39 (Or. Ct. App. 1987) .........................................................22

*Hartzell v. US Bank NA*,
No. 10-6231-HD, 2010 WL 4641707 (D. Or. Nov. 5, 2010) ...................................7

*Hefferman v. Bass*,
467 F.3d 596 (7th Cir. 2006) .....................................................20, 21, 22

*Heitkemper v. Central Labor Council of Portland and Vicinity*,
192 P. 765 (Or. 1920) ....................................................................25

*Hickey v. Settlemier*,
841 P.2d 675 (Or. Ct. App. 1992) ....................................................10, 13

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

iii

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

*Hoskins v. Poelstra,*
    320 F.3d 761 (7th Cir. 2003) ........................................21

*In re Sunset Bay Associates*,
    944 F.2d 1503 (9th Cir. 1991) ........................................22

*In re Treon*,
    No. 07-31112-elp7, 2008 WL 65575 (Bankr. D. Or. Jan. 4, 2008) ........................16

*Ishikawa v. Delta Air Lines, Inc.*,
    149 F. Supp. 2d 1246 (D. Or. 2001) ........................................9

*Isuzu Motors Ltd. v. Consumers Union of United States*,
    12 F. Supp. 2d 1035 (C.D. Cal. 1998) ........................11, 14, 15, 16

*Janklow v. Newseek, Inc.,*
    788 F.2d 1300 (8th Cir. 1986) ........................................11

*Janklow v. Newsweek, Inc.*,
    759 F.2d 644 (8th Cir. 1985) ........................................11

*King v. Deutsche Bank AG*,
    No. CV 04-1029-HU, 2005 WL 611954 (D. Or. Mar. 8, 2005) ........................24

*Knapp v. McCoy*,
    548 F. Supp. 1115 (N.D. Ill. 1982) ........................................17

*L&D of Oregon, Inc. v. American States Ins. Co.*,
    14 P.3d 617 (Or. Ct. App. 2000) ........................................10

*LensCrafters, Inc. v. Vision World, Inc.*,
    943 F. Supp. 1481 (D. Minn. 1996) ........................15, 16

*Market Trading, Inc. v. AT & T Mobility, LLC*,
    388 Fed. Appx. 707 (9th Cir. 2010) ........................7, 8

*Marr v. Putnam*,
    246 P.2d 509 (Or. 1952) ........................................10

*Marr v. Putnam*,
    321 P.2d 1061 (Or. 1958) ........................................10

*McGanty v. Staudenraus*,
    901 P.2d 841 (Or. 1995) ........................................16

**PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

iv

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

*Memphis Publishing Co. v. Nichols,*
    569 S.W.2d 412 (Tenn. 1978) ..................................................................10

*Mendocino Environmental Center v. Mendocino County,*
    192 F.3d 1283 (9th Cir. 1999) .................................................................22

*Mohr v. Grant,*
    108 P.3d 768 (Wash. 2005) ................................................................10, 11

*Moss v. U.S. Secret Service,*
    572 F.3d 962 (9th Cir. 2009) .....................................................................8

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Starplex Corp.,*
    188 P.3d 332 (Or. Ct. App. 2008) ............................................................10

*Osborne v. Fadden,*
    201 P.3d 278 (Or. Ct. App. 2009) ...............................................3, 4, 5, 23

*Pandolfo v. Bank of Benson,*
    273 F. 48 (9th Cir. 1921) .........................................................................10

*Peck v. Coos Bay Times Pub. Co.,*
    259 P. 307 (Or. 1927) .............................................................................10

*Pond v. Gen. Elec. Co.,*
    256 F.2d 824 (9th Cir. 1958) ...................................................................11

*Pool v. Multnomah County,*
    No. CIV. 99-597-AS, 2000 WL 1364229 (D. Or. Sept. 6, 2000) ...........22

*Robinson v. HSBC Bank USA,*
    732 F. Supp. 2d 976 (N.D. Cal. 2010) .................................................9, 13

*Skoog v. Clackamas County,*
    No. 00-1733-MO, 2004 WL 102497 (D. Or. Jan. 12, 2004) ......9, 11, 13, 14

*Slade v. Gates,*
    No. 01-8244-RMT, 2002 WL 31357043 (C.D. Cal. Oct. 2, 2002) ..........22

*Soloflex, Inc. v. NordicTrack, Inc.,*
    No. 93-545-JE, 1994 WL 568401 (D. Or. Feb. 11, 1994) .......................9

*State v. Cornell,*
    842 P.2d 394 (Or. 1992) ..........................................................................22

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

v

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

*State v. Farber,*
   666 P.2d 821 (Or. 1983) ................................................................................24

*Stephenson v. Deutsche Bank AG,*
   282 F. Supp. 2d 1032 (D. Minn. 2003) .........................................................21

*Testing Systems, Inc. v. Magnaflux Corp.,*
   251 F. Supp. 286 (E.D. Pa. 1966) ...........................................................12, 15

*Toney v. WCCO Television, Midwest Cable and Satellite, Inc.,*
   85 F.3d 383 (8th Cir. 1996) .....................................................................10, 11

*U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia,*
   898 F.2d 914 (3rd Cir. 1990) ...........................................................................9

*U.S. v. Iriarte-Ortega,*
   113 F.3d 1022 (9th Cir. 1997) ......................................................................24

*Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp.,*
   891 P.2d 639 (Or. 1995) ...............................................................................16

*Webb v. County of Trinity,*
   No. CIV. S-10-0012, 2010 WL 4628097 (E.D. Cal. Nov. 4, 2010) ...............24

*Western Intern. Syndication Corp. v. Gulf Ins. Co.,*
   222 Fed. Appx. 589 (9th Cir. 2007) ..............................................................10

*Yanney v. Koehler,*
   935 P.2d 1235 (Or. Ct. App. 1997) ...............................................................24

OTHER AUTHORITIES

FED. R. CIV. P. 15 .................................................................................................20

Federal Rule of Civil Procedure 9(b) ...................................................20, 21, 22

Federal Rule of Civil Procedure 9(g) ............................................................14, 15

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:100 .............................8

RESTATEMENT (SECOND) OF TORTS § 563 cmt. c (2010) ..........................................10

RESTATEMENT (SECOND) OF TORTS § 568 cmt. d (2010) ............................................9

RESTATEMENT (SECOND) OF TORTS § 629 (1977) ....................................................13

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

vi

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

RESTATEMENT (SECOND) OF TORTS § 766 ........................................................................17

RESTATEMENT (SECOND) OF TORTS § 766B ....................................................................17

WILLIAM L. PROSSER AND W. PAGE KEETON, PROSSER AND KEETON ON THE LAW OF
    TORTS § 116 at 117 (Supp. 1988) ..........................................................................10

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

vii

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response in Opposition to Defendant Fluke Corporation's Amended Motion to Dismiss for Failure to State a Claim (the "Motion"), as follows:

# I.

## SUMMARY OF ARGUMENT

Unable to compete with FLIR effectively, Fluke Corporation ("Fluke") resorted to disparaging FLIR and its products by making false claims about the durability of FLIR's Cameras in a widely distributed advertising video (the "Video").[1] Now, Fluke turns a blind-eye to FLIR's detailed factual allegations and the applicable legal principles, and seeks to dismiss some, but not all, of FLIR's claims concerning the disparaging Video. In its Motion, Fluke ignores FLIR's well-pled allegations that: (1) the Video falsely represents that the FLIR Cameras broke upon initial impact;[2] (2) the Video falsely represents that the Fluke Camera did not break and remained functional;[3] (3) Sierra Media, Inc. ("Sierra") was not an independent party retained to conduct an impartial series of "tests" but instead is a long-time advertising agent for FLIR who not only produced the Video[4] but actively and knowingly participated in the creation of the false light in which it placed FLIR's cameras;[5] and (4) as a result of the Video, FLIR has lost at least one identified sale and is likely to lose other specifically identified sales.[6]

---

[1] *See* Plaintiff FLIR Systems, Inc.'s First Amended Complaint and Jury Demand (the "Complaint") (Dkt. No. 37).

[2] *See id.* ¶¶ 14, 19, 33-38, 60.

[3] *See id.* ¶¶ 14, 18-19, 39, 49, 60, 92.

[4] *See id.* ¶¶ 12, 19, 26-31, 49, 85-87, 91-93.

[5] *See id.* ¶¶ 13, 14, 20-24, 32-39, 85, 91-93.

[6] *See id.* ¶¶ 40-42.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Fluke asserts that FLIR's commercial disparagement claim should be dismissed because FLIR has not alleged that the Video makes a false statement and has not sufficiently pled special damages.  In addition, Fluke contends that FLIR's claim for intentional interference with prospective economic relations should be dismissed because there is no allegation that Fluke intentionally disrupted a prospective economic relationship between FLIR and a third-party. Finally, Fluke contends that FLIR's civil conspiracy claim should be dismissed because FLIR has not sufficiently pled an underlying tort, has not sufficiently alleged a "meeting of the minds" between Fluke and Sierra, and FLIR's allegations are not consistent with an agreement to harm FLIR.  The Motion should be denied because all of those arguments are without merit.

First, FLIR has properly pled a claim for commercial disparagement under Oregon law. The Complaint properly alleges that the Video itself constitutes a false statement and that it also contains false statements.  Specifically, FLIR pled that:  (1) the Video falsely represents that the FLIR Cameras broke on the first drop, the Fluke Camera did not break and remained functional, and that the "test" shown in the Video was conducted impartially by an independent third-party; and (2) it has suffered and is likely to suffer injury as a result of the false Video.  Further, even if FLIR was required to plead special damages, which it is not, it has properly pled them by alleging that it lost a particular sale because of the false statements.[7]  FLIR, therefore, has stated a claim for commercial disparagement.

Second, FLIR has stated a claim for intentional interference with prospective economic relations under Oregon law.  In particular, FLIR has alleged that:  (1) as a result of the false and disparaging Video it lost a sale, may lose at least two additional sales and that prospective customers have questioned the durability of its cameras; and (2) the Video was created,

---

[7]  *See id.* ¶ 60; *see also id.* ¶¶ 14, 19, 33-39, 40-42.

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 2**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

published, and shown to prospective FLIR customers by Fluke, including those at a tradeshow where FLIR was present, for the express purpose of interfering with those prospective commercial opportunities.[8]  Those allegations are more than sufficient to state a claim for intentional interference with prospective economic relations.

Third, FLIR has properly pled a claim for civil conspiracy under Oregon law.  FLIR pled that:  (1) Fluke committed the underlying torts of trade libel/commercial disparagement and intentional interference with prospective economic relations as well as violations of the Lanham Act; (2) Sierra was retained and paid by Fluke to assist in the design, creation, and publishing of the false Video;[9] (3) Fluke and Sierra acted as a "team" during the production of the Video;[10] (4) at Fluke's request Sierra edited the Video and statements regarding the methodology used to reinforce the Video's false statements despite its knowledge that those statements were false and disparaging;[11] and (5) Sierra approved the dissemination of the false and misleading statements, and a substantially edited methodology with full awareness of the falsity of the Video.[12]  Those allegations are more than sufficient to state a claim for conspiracy.[13]

---

[8] See id. ¶¶ 40-42, 77-78.

[9] See id. ¶¶ 10, 12-15, 22, 85.

[10] See id. ¶¶ 15, 26-31, 85.

[11] See id. ¶¶ 13-14, 23-24, 31-39, 85.

[12] See id. ¶¶ 13-15, 23-24, 85.

[13] See, e.g., Osborne v. Fadden, 201 P.3d 278, 283 (Or. Ct. App. 2009).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

# II.

## FACTUAL BACKGROUND

**A.**    **Unable To Compete With FLIR On The Basis Of Price, Quality, And Service, Fluke Resorted To Unlawful Means Of Competition And Enlisted Sierra To Help Create And Publish The False Video.**

FLIR is a global leader in manufacturing and marketing infrared cameras and thermal imaging equipment.[14] Unable to compete effectively with FLIR, Fluke enlisted its long-time media and marketing company, Sierra, to assist with the production and distribution of the intentionally false and misleading Video.[15] The Video includes a "test" which purports to compare the durability and reliability of one Fluke thermal imaging camera—the Fluke Ti32 (the "Fluke Camera")—to three of FLIR's thermal imaging cameras—FLIR I-7, FLIR I-60, and FLIR T-400 (the "FLIR Cameras")—by dropping them from a height of 2 meters onto a concrete floor.[16]

The Video includes two broad categories of materially false and misleading representations.[17] <u>First</u>, the "test" shown in the Video was not, as represented therein, either conducted independently or by an independent third-party.[18] <u>Second</u>, the Video falsely represents that, when the thermal imaging cameras were dropped onto a concrete floor, the FLIR Cameras broke apart and became inoperable upon initial impact, whereas the Fluke Camera remained intact and functional.[19] Specifically, the Video shows the FLIR Cameras being

---

[14] *See id.* ¶ 9.

[15] *See id.* ¶ 12.

[16] *See id.* ¶ 18.

[17] *See id.* ¶ 19.

[18] *See id.*

[19] *See id.* ¶¶ 19, 60.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

dropped once and exploding into pieces, but shows the Fluke Camera being dropped four times without breaking. The Video declares: "Fluke Ti32—17 drops and counting . . . The only rugged thermal imager. Why waste money on tools that break?"[20] In truth, however, the FLIR Cameras actually withstood multiple drops—*i.e.,* they did not break on the first drop as portrayed in the Video[21]—and the Fluke Camera did not survive every drop as represented in the Video.[22]

## B. Defendants Edit The Video Of The Actual Test To Reinforce The Substantially False Representations.

In order to reinforce their false representations, Defendants intentionally edited the Video to misrepresent the results of the test.[23] For example, at the direction of Fluke, Sierra revised the Video so as to conceal that what is seen—FLIR Cameras breaking in dramatic fashion the first time they are dropped—is not what actually happened.[24] In fact, earlier versions of the Video disclosed that the FLIR Cameras did not break on the first drop—however, Defendants deleted those from the Video.[25] Further, early versions of the Video prior to its "release" disclosed that the "Imagers were dropped repeatedly until significant exterior damage occurred." Importantly, that proviso was deleted by Defendants before the Video and its methodology were published.[26] In addition, at Fluke's request, Sierra signed off on a false and substantially edited "methodology" that was released to the public to allay concerns that the Video might not appear

---

[20] *See id.* ¶¶ 14, 18, 19, 39, 60; *see also* www.youtube.com/watch?v=bFFpWq9h5Ls.

[21] *See* Complaint ¶¶ 14, 19.

[22] *See id.* ¶¶ 14, 18, 19, 39.

[23] *See id.* ¶¶ 14, 20-25, 35-39.

[24] *See id.* ¶¶ 32-39.

[25] *See id.* ¶ 36.

[26] *See id.* ¶ 37 (emphasis added).

PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM

Page 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

to be legitimate.[27]  Moreover, although Sierra knew that the Fluke Camera sustained internal

damage, Sierra did not correct the Video and, instead continued to assist Fluke with creating,

editing, and publishing the Video with the false claims.[28]

After months of selective editing by Fluke and Sierra, in approximately March 2010,

Fluke and Sierra published the Video with its intentionally disparaging claims regarding the

FLIR Cameras.[29]  The Video aired on YouTube, Facebook, and Twitter, and was made available

to download and view on Fluke's website.[30]  In addition, Fluke used the Video at trade shows

attended by potential customers of both Fluke and FLIR to disparage FLIR and its cameras to

those potential purchasers.[31]

## C.    The Damage Done.

The allegations of the Complaint demonstrate that Defendants created and published the

deliberately false Video for the purpose of deceiving consumers of such products and causing

injury to FLIR.[32]  Indeed, although Fluke and Sierra knew that the representations made in the

Video are false, they:   (1) conceived the Video for the purpose of disparaging Fluke's

competitors' products; (2) made the edits designed to conceal the actual facts; (3) included the

methodology letter signed by Sierra, which falsely states that Sierra was an "independent third

party;" and (4) knowingly published the Video.[33]

---

[27] *See id.* ¶¶ 22-24.

[28] *See id.* ¶ 39.

[29] *See id.* ¶¶ 10, 16.

[30] *See id.*

[31] *See id.* ¶¶ 41-42, 52.

[32] *See id.* ¶ 40.

[33] *See id.* ¶¶ 13, 14, 39, 40.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Unfortunately for FLIR, the Video had its intended effect.[34] For example, an employee at a Fortune 100 company, who intended to purchase one of the FLIR Cameras, was overruled by his superior who, after watching the Video, stated that FLIR's Cameras are "way too sensitive if they get dropped," and thus purchased the Fluke Camera instead.[35] In addition, two other prospective customers have indicated that because of the false durability concerns depicted in Video they may purchase a Fluke camera rather than a FLIR camera.[36] Further, Fluke's use of the Video at a trade show prompted prospective FLIR customers to directly question the durability of the FLIR Cameras to FLIR representatives.[37] Accordingly, the false and misleading Video was intended to influence, has influenced, and is likely to influence FLIR customers and prospective FLIR customers.[38]

## III.

## APPLICABLE LEGAL STANDARD

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "disfavored and [are] rarely granted."[39] To survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," but instead, need only allege facts that, when assumed to be true, "raise a right to relief above the speculative level."[40] Moreover, the complaint must be construed

---

[34] *See id.* ¶ 40.

[35] *See id.*

[36] *See id.*

[37] *See id.* ¶¶ 41, 52.

[38] *See id.* ¶ 42.

[39] *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248-49 (9th Cir. 1997).

[40] *Hartzell v. US Bank NA*, No. 10-6231-HD, 2010 WL 4641707, at *1 (D. Or. Nov. 5, 2010); *see also Market Trading, Inc. v. AT & T Mobility, LLC*, 388 Fed. Appx. 707, 709 (9th Cir. 2010).

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 7**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

liberally and in favor of plaintiff, taking all well-pled allegations as true, and granting plaintiff all reasonable inferences in support of its claims.[41]  A plaintiff is required to plead only enough facts "to state a claim to relief that is plausible on its face"—*i.e.*, "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' of that claim."[42]  In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but only enough facts to raise a reasonable expectation that discovery will reveal supporting evidence.[43]

## IV.

## <u>ARGUMENT AND AUTHORITIES</u>

A.    **The Motion Should Be Denied Because FLIR More Than Met The Pleading Standards For A Commercial Disparagement Claim Under Oregon Law.**

To allege a commercial disparagement claim,[44] plaintiff must plead that defendant made an untrue or misleading statement which disparages the quality of plaintiff's product or

---

[41] *See Garrido v. Beall Corp.*, No. 10-845-AA, 2010 WL 5129699, at *1 (D. Or. Dec. 10, 2010); *Market Trading, Inc.*, 388 Fed. Appx. at 708-09.

[42] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

[43] *See Twombly*, 550 U.S. at 556 ("And, of course, a well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[44] "Injurious falsehood," "trade libel," "commercial disparagement," "business disparagement," and "product disparagement" are different names for the same cause of action. *See* MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:100.  Fluke's assertion that FLIR dropped count three (injurious falsehoods) and count four (business disparagement) is wrong because FLIR consolidated them into Count Two (commercial disparagement).  *See* Complaint ¶¶ 58-72.  In addition, Fluke's assertion that FLIR dropped its claims for injunctive relief and attorneys' fees and costs is wrong because those claims were incorporated into other causes of action.  *See generally id.* at p. 24; *id.* ¶¶ 56-57, 69, 71-72, 80-82.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

services.[45]  A commercial disparagement claim may be based on unfair competition or libel.[46]  A claim for commercial disparagement based on unfair competition may include false and misleading comparisons of competitors' products.[47]  Special damages are not required if the business disparagement claim is based on unfair competition.[48]

In the context of commercial disparagement, a statement[49] is false and disparaging if the reasonable or average reader would interpret the statement, taken in context, to imply a false assertion of fact that cast doubt upon quality of plaintiff's product.[50]  Defamation by implication

[45] *See Fin. Programs, Inc. v. Falcon Fin. Servs., Inc.*, 371 F. Supp. 770, 776 (D. Or. 1974) (applying Oregon law) (citing *Aerosonic Corp. v. Trondyne Corp.,* 402 F.2d 223, 231 (5th Cir. 1968)).

[46] *See Aerosonic Corp.,* 402 F.2d at 231.

[47] *See id.*

[48] *See id.*

[49] A "statement" may be in the form of words or other graphic or physical forms including images and videos.  *See Farnsworth v. Hyde*, 512 P.2d 1003, 1004 (Or. 1973) ("It has been held to be defamatory to publish humorous articles, verses, cartoons or caricatures making fun of the plaintiff."); *Soloflex, Inc. v. NordicTrack, Inc.*, No. 93-545-JE, 1994 WL 568401, at *4, 13 (D. Or. Feb. 11, 1994) (applying Oregon law) ("Plaintiff next alleges that defendant makes false visual and textual representations regarding the natural strength curve, and the resistance curves of NordicFlex and Soloflex in relation to the natural strength curve. . . . Because I have found that questions of fact exist as to whether defendant's advertising claims are false, summary judgment cannot be granted on plaintiff's trade libel claim."); RESTATEMENT (SECOND) OF TORTS § 568 cmt. d (2010) ("Defamatory pictures . . . are libels because the defamatory publication is embodied in physical form."); *id.* § 623A cmt. e.

[50] *See Skoog v. Clackamas County*, No. 00-1733-MO, 2004 WL 102497, at *27 (D. Or. Jan. 12, 2004), (applying Oregon law) *rev'd in part on other grounds*, 469 F.3d 1221 (9th Cir. 2006); *Ishikawa v. Delta Air Lines, Inc.*, 149 F. Supp. 2d 1246, 1254 (D. Or. 2001); *Brown v. Gatti*, 99 P.3d 299, 305 (Or. Ct. App. 2004), *rev'd in part on other grounds*, 145 P.3d 330 (Or. 2006); *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 985 (N.D. Cal. 2010); Restatement (Second) of Torts § 629 ("A statement is disparaging if it is understood to cast doubt upon the quality of another's land, chattels or intangible things, or upon the existence or extent of his property in them, and (a) the publisher intends the statement to cast the doubt, or (b) the recipient's understanding of it as casting the doubt was reasonable."); *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 924 (3rd Cir. 1990) ("A commercially disparaging statement-in contrast to a defamatory statement-is one 'which is intended by its

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

may include omissions that make the published statement untrue.[51]  In addition, although extrinsic evidence—referred to as "innuendo" in the context of defamation claims—may not be used to determine whether a statement is defamatory *per se*,[52] it may be used to prove that a statement that is neutral on its face and in context is nonetheless defamatory.[53]  Accordingly, dismissal "is improper if 'by reasonable implication a defamatory meaning may be found in the communication.'"[54]

---

publisher to be understood or which is reasonably understood to cast doubt upon the existence or extent of another's property in land, chattels or intangible things, or upon their quality, . . . if the matter is so understood by its recipient."); *Western Intern. Syndication Corp. v. Gulf Ins. Co.*, 222 Fed. Appx. 589, 592 (9th Cir. 2007).

[51] *See Hickey v. Settlemier*, 841 P.2d 675, 678 n.2 (Or. Ct. App. 1992), *rev'd in part on other grounds*, 864 P.2d 372 (Or. 1993); *see also Coare v. Arizona Repub.*, 972 F.2d 1511, 1523 (9th Cir. 1992); *Toney v. WCCO Television, Midwest Cable and Satellite, Inc.*, 85 F.3d 383, 387 (8th Cir. 1996); *Mohr v. Grant*, 108 P.3d 768, 776 (Wash. 2005); *Memphis Publishing Co. v. Nichols,* 569 S.W.2d 412, 419 (Tenn. 1978); WILLIAM L. PROSSER AND W. PAGE KEETON, PROSSER AND KEETON ON THE LAW OF TORTS § 116 at 117 (Supp. 1988).

[52] A defamation per se claim arises when the character of the published statement itself causes the plaintiff economic harm and, therefore, does not require the plaintiff to plead special damages.  *See L&D of Oregon, Inc. v. American States Ins. Co.,* 14 P.3d 617, 621 (Or. Ct. App. 2000); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Starplex Corp.,* 188 P.3d 332, 347 (Or. Ct. App. 2008).  A defamation per quod claim arises when the harm caused by published statement is not apparent from the statement itself and requires the plaintiff to show special damages.  *See L&D of Oregon,* 14 P.3d at 621, 623.

[53] *See, e.g., Marr v. Putnam*, 321 P.2d 1061, 1068 (Or. 1958); *Peck v. Coos Bay Times Pub. Co.*, 259 P. 307, 311 (Or. 1927); *Marr v. Putnam*, 246 P.2d 509, 519 (Or. 1952) ("Innuendo, however, may be 'properly used to point the meaning of the words alleged to have been spoken, in view of the occasion and circumstances, whether appearing in the words themselves, or extraneous prefatory matters alleged in the declaration.'"); *Pandolfo v. Bank of Benson,* 273 F. 48, 51 (9th Cir. 1921); *Toney,* 85 F.3d at 287; RESTATEMENT (SECOND) OF TORTS § 563 cmt. c (2010).

[54] *Isuzu Motors Ltd. v. Consumers Union of United States*, 12 F. Supp. 2d 1035, 1045-46 (C.D. Cal. 1998) (denying dismissal of defamation and business disparagement claims); *see also Reesman,* 965 P.2d at 1034-35; *Skoog*, 2004 WL 102497, at *27; *Brown*, 99 P.3d at 307.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

## 1. **FLIR has properly alleged that the Video includes false statements.**

Fluke contends that FLIR has failed to state a claim for commercial disparagement because it has not identified a false statement made in the Video about FLIR's Cameras. This argument is without merit for at least two reasons:[55] (1) it ignores FLIR's well-pled facts; and (2) is premised on a misunderstanding of the law.

First, FLIR has sufficiently alleged a false statement. Indeed, the Video itself is a false statement—the Video falsely asserts that an impartial test conducted by an independent third-party demonstrates that the FLIR Cameras are not sufficiently rugged and the Fluke Camera is. Moreover, the Video contains numerous other false statements that have harmed FLIR. Indeed, FLIR has specifically pled that: (1) the Video shows the FLIR Cameras being dropped once onto

---

[55] Fluke's reliance on *Auvil v. CBS 60 Minutes*, 67 F.3d 816 (9th Cir. 1995), *Pond v. Gen. Elec. Co.*, 256 F.2d 824 (9th Cir. 1958), and *Janklow v. Newsweek, Inc.*, 759 F.2d 644 (8th Cir. 1985), is misplaced for at least several reasons. First, the courts in those cases did not apply Oregon law. Second, in *Auvil* the court did not hold, as Fluke suggests, that an implied false statement of fact cannot support a commercial disparagement claim; it merely refused to consider, under Washington law, plaintiff's "attempt to derive a specific, implied message from the broadcast as a whole and to prove the falsity of that overall *message*." *Auvil*, 67 F.3d at 822; *see also Mohr v. Grant*, 108 P.3d 768, 776 (Wash. 2005) ("In a defamation by omission case, the plaintiff must show with respect to the element of falsity that the communication left a false impression that would be contradicted by the inclusion of omitted facts."). Third, *Pond* is inapposite because, applying California law, the court merely held that in connection with a libel per se claim, innuendo cannot be used to transform plainly non-defamatory words to libelous ones. *See Pond*, 256 F.2d at 827. FLIR is not attempting to use extrinsic evidence to transform the representations in the Video into defamatory ones—Fluke does not deny that the Video shows the FLIR Cameras being dropped only once and breaking in the context of a claim by Fluke that only its cameras passed the durability test! Fourth, *Janklow* is inapposite because: (1) the court did not hold, as Fluke suggests, that under South Dakota law an implied statement of fact cannot support a libel claim; (2) the facts asserted in the magazine article were true; (3) it concerned a public official; and (4) it concerned the distinction between facts and opinions. *See Janklow*, 759 F.2d at 647-48; *Toney*, 85 F.3d at 392-93; *Janklow v. Newseek, Inc.*, 788 F.2d 1300, 1305 (8th Cir. 1986). Indeed, the court recognized that "liability may be imposed in a libel case only for an assertion or implication of fact that is false and unprivileged." *Janklow*, 759 F.2d. at 648 (emphasis added).

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 11**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

a concrete floor and breaking dramatically; and (2) that representation is false because, in truth, the FLIR Cameras withstood multiple drops.[56]  In addition, the Complaint states:

> In the Video, Defendants published, without privilege, false and deceptive statements and representations concerning Fluke and FLIR's products, including the false representations that, when dropped from a height of 2 meters onto a concrete floor, the FLIR Cameras broke apart upon initial impact, whereas the Fluke Camera remained intact and operable after every drop.  These statements, representations, and depictions of FLIR's products in the Video are false and misleading.  The FLIR Cameras did not, as shown in the Video, break upon initial impact.  Indeed, in order to convey that false impression, Defendants intentionally made several substantial revisions to the Video and the methodology they chose to disclose.[57]

Moreover, FLIR has pled that the Video falsely represents that:  (1) the Fluke Camera remained intact and functional;[58] and (2) that the "test" shown in the Video was conducted independently by an independent third party.[59]  Those false assertions were included to convince customers to buy Fluke cameras rather than FLIR cameras[60] and in an effort to lend the appearance of impartiality to the false Video.[61]  FLIR, therefore, has pled that Defendants published false statements, which is not based on implication, innuendo, or omission.[62]  Accordingly, the Motion should be denied.

---

[56] *See* Complaint ¶¶ 14, 19, 33-39, 60.

[57] Complaint ¶ 60.

[58] *See* Complaint ¶¶ 19, 60.

[59] *See id.* ¶ 19.

[60] *See* Complaint ¶ 87.

[61] *See id.* ¶¶ 23-25; *Testing Systems, Inc. v. Magnaflux Corp.,* 251 F. Supp. 286, 289 (E.D. Pa. 1966).

[62] FLIR has pled that Defendants deleted:  (1) the results for each FLIR Camera from the Video; (2) the alleged results of the Test for each camera from the published methodology; and (3) the proviso that the "imagers were dropped repeatedly until significant exterior damage occurred" from the published methodology.  *See* Complaint ¶¶ 35-37.  Those deletions, which

**PLAINTIFF FLIR SYSTEMS, INC.'S**                                 **Page 12**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Second, even if the Video implies, rather than states, a false fact—namely, that the FLIR Cameras broke the first time they were dropped—FLIR has stated a claim for commercial disparagement because a statement that either declares or implies a false assertion of fact is actionable.[63] As set forth above, the Video directly makes false assertions of fact—indeed the Video as a whole is false. The false statements are further illuminated by the context in which they were made. For example, the Video: (1) shows the FLIR Cameras being dropped only once and breaking;[64] (2) does not show the actual results of the "test" for the FLIR Cameras—*i.e.,* that the FLIR Cameras survived multiple drops;[65] (3) shows the Fluke Camera being dropped four times apparently without breaking;[66] and (4) states the alleged results of the "test" in regard to the Fluke Camera as: "Fluke Ti32—17 drops and counting . . . The only rugged thermal

---

Fluke euphemistically characterizes as "omissions," demonstrate Defendants' intent to disparage FLIR and its products, knowledge of the falsity of the Video and intent to deceive, and malice. *See* Complaint ¶ 62; *id.* ¶ 64 ("Defendants made the false and deceptive statements and representations in the Video about FLIR and FLIR's products with the intent to mislead potential customers about FLIR's products and harm FLIR, as evidenced by Defendants' intentional omissions of the actual Test results from the Video and the subsequently disclosed methodology.") (emphasis added); *id.* ¶ 67.

[63] *See, e.g., Fin. Programs, Inc.,* 371 F. Supp. at 776 ("To support a claim of commercial disparagement, a plaintiff has the burden of establishing that the defendant has made untrue or misleading statements which disparage the quality of the plaintiff's product or services.") (emphasis added); *Hickey,* 841 P.2d at 678 n. 2; *Skoog,* 2004 WL 102497, at *27. FLIR, therefore, is required to plead only a statement that, considering the "nature and full content of the communication and to the knowledge and understanding of the audience to whom the publication was directed" is reasonably understood to cast doubt upon the quality of its cameras. *Robinson v. HSBC Bank USA,* 732 F. Supp. 2d 976, 985 (N.D. Cal. 2010); *see also* RESTATEMENT (SECOND) OF TORTS § 629 (1977); *id.* cmt. A; *Brown,* 99 P.3d at 305; *Skoog,* 2004 WL 102497, at *27.

[64] *See* Complaint ¶¶ 14, 18, 19, 33, 60.

[65] *See id.* ¶¶ 14, 35-36, 64, 85.

[66] *See id.* ¶¶ 18-19; www.youtube.com/watch?v=bFFp Wq9h5Ls.

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 13**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

imager.  Why waste money on tools that break?"[67]  An average viewer watching the Video would interpret the Video as implying, if not in fact explicitly representing, that the FLIR Cameras broke the first time they were dropped.[68]  This is literally false, as borne out by the very "testing" performed to create the Video.  Accordingly, the Motion should be denied because false statements are plainly alleged.

### 2.  FLIR is not required to plead special damages, but in any event, such damages have been properly alleged.

Fluke's assertion that FLIR's business disparagement claim should be dismissed for failure to allege special damages is wrong for two reasons.

First, because FLIR's claim is based in part upon allegations of unfair competition,[69] FLIR is not required to plead special damages in connection with those allegations.[70]  FLIR has pled that the false Video has caused it injury and is likely to continue to cause it injury.[71]  These allegations are more than sufficient to state a claim for damages based on unfair competition.

Second, FLIR has properly pled special damages.  The special damages pleading standard under Federal Rule of Civil Procedure 9(g) is satisfied by identifying either:  (1) "particular customers whose business has been lost or [(2)] facts showing an established business and the

---

[67] *See* Complaint ¶¶ 14, 39; www.youtube.com/watch?v=bFFpWq9h5Ls.

[68] *See, e.g., Skoog*, 2004 WL 102497, *27; *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1045 (C.D. Cal. 1998).

[69] *See* Complaint ¶¶ 12, 19, 35, 41, 49, 60, 64, 77, 87.

[70] *See Aerosonic Corp.*, 402 F.2d at 231 ("If the complaint of disparagement is based on unfair competition and not libel, no special damages need be alleged or proved if the plaintiff showed present or possible injury.").

[71] *See* Complaint ¶¶ 40-42.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

amount of sales before and after the disparaging publication, along with evidence of causation."[72]

FLIR chose the former. In particular, FLIR identified a particular sale that was lost as a result of

the Video.[73] In addition, notwithstanding those allegations, Fluke asserts that FLIR must allege

the scope of FLIR's business, the amount of sales for a substantial period preceding the

publication of the Video, and the amount of sales subsequent to publication. Such allegations,

however, are at most, necessary only when plaintiff desire[s] to predicate its right to recover

damages upon general loss of custom" because it is unable to identify a specific customer that

---

[72] *Browning v. Clinton*, 292 F.3d 235, 245 (D.C. Cir. 2002) (emphasis added); *see also Isuzu,* 12 F. Supp. 2d at 1047 ("In light of the apparent absence of guidance on the requirements of Rule 9(g) in our own circuit [the Ninth], the Court looks to the decisions of the Seventh, Eighth, and D.C. Circuits to determine the requirements of Rule 9(g)."); *Testing Sys., Inc. v. Magnaflux Corp.*, 251 F. Supp. 286, 291 (C.D. Pa. 1966); *LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1490 (D. Minn. 1996) ("If the plaintiff cannot show a loss of specific sales, it may still satisfy this burden by proving a general decline of business, provided that the decline can be shown to have resulted from the defendant's disparaging statements, and not because of other possible causes.'"); *Forum Publications, Inc. v. P.T. Publishers, Inc.*, 700 F. Supp. 236, 244 (E.D. Pa. 1988).

[73] *See* Complaint ¶ 40 ("[I]n August 2010, FLIR lost a sale to a Fortune 100 company as a direct result of the Video. Specifically, an employee at this Fortune 100 company was required by his superior to purchase the Fluke Camera rather than one of the FLIR Cameras because, after watching the Video, the employee's boss stated that FLIR's Cameras are 'way too sensitive if they get dropped.'"). FLIR alleged that additional damages are likely to be incurred, because FLIR may soon lose two other specific sales and because after viewing the Video, other potential customers questioned FLIR representatives about the ruggedness of its cameras. *See id.* ¶¶ 40-42.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

was lost.[74]  On the other hand, FLIR has alleged the loss of business from particular customers.[75]

FLIR, therefore, is not required to plead the additional information requested by Fluke.[76]

**B.      The Motion Should Be Denied Because FLIR Properly Pled A Claim For Intentional Interference With Prospective Economic Relations Under Oregon Law.**

To allege a claim for intentional interference with prospective economic relations under Oregon law, plaintiff must plead:  (1) the existence of a present or prospective business or professional relationship; (2) a third party's intentional interference with that relationship; (3) which is accomplished through improper means or for an improper purpose; (4) a causal relationship between the interference and the damage to the relationship, and (5) resulting damages.[77]  This tort applies to prospective economic relations and gains, whether or not an economic relationship previously existed.[78]  Further, defendant's actual knowledge of a

---

[74] *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998); *see also see also, e.g., Browning*, 292 F.3d at 245; *LensCrafters, Inc.*, 943 F. Supp. at 1490.

[75] *See* Complaint ¶¶ 40-42.

[76] Regardless, FLIR's commercial disparagement claim should not dismissed because in addition to damages, FLIR seeks injunctive relief and has pled its entitlement thereto.  *See* Complaint ¶¶ 69-72.

[77] *See McGanty v. Staudenraus,* 901 P.2d 841, 844 (Or. 1995).

[78] *See, e.g., Allen v. Hall*, 974 P.2d 199, 202 (Or. 1999) (extending the tort to apply to the non-economic activity of interference with a prospective inheritance:  "Although, heretofore, this court has applied that tort only to contractual and business relationships and prospects, we are persuaded that the tort also may, by a reasonable and principled extension, be made applicable to some *noncommercial* relationships and prospects, such as the one alleged by plaintiffs in the present case.") (emphasis added).  Fluke's reliance on *Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639 (Or. 1995) is misplaced because the court did not hold, as Fluke suggests, that defendant must interfere with a specific, existing, and ongoing relationship between plaintiff and a third-party.  The court merely stated that "a party must allege . . . the existence of a valid business relationship or expectancy."  *Id.* at 651 (emphasis added).  Fluke's reliance on *In re Treon*, No. 07-31112-elp7, 2008 WL 65575, at *4 (Bankr. D. Or. Jan. 4, 2008) is also misplaced because the court merely held that there was no valid business relationship where the third-party officially terminated its business relationship with the plaintiff before the defendant's alleged interference took place.

---

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

relationship is not required, but instead, as long as defendant knows that interference is likely to occur from his action and is a necessary consequence thereof, his interference is intentional.[79]

1. **FLIR has properly alleged that Fluke's intentional interference disrupted prospective economic relationships.**

Fluke's assertion that FLIR has not adequately pled a prospective economic relationship is wrong because FLIR has alleged that it had a reasonable expectancy of entering into a valid business relationship with various potential customers, potential relationships with which Fluke interfered.[80] Specifically, FLIR pled that: (1) "in August 2010, FLIR lost a sale to a Fortune 100 company as a direct result of the Video;" (2) "two other potential customers—a building inspection company and a heating and air conditioning company—have indicated that because of

---

[79] *See, e.g., Browning*, 292 F.3d at 242-43 (Plaintiff stated a claim where defendant—aware that plaintiff was attempting to publish her book—disparaged her book and threatened various publishers); *Buller v. Pulitzer Pub. Co.*, 684 S.W.2d 473, 480 (Mo. App. 1984) (Psychic stated a claim by alleging that: (1) a newspaper article disparaged her; (2) her business depended on referrals that were based on her reputation and good name; (3) she had an expectation of future business based on referrals; and (4) defendants were aware of the referral nature of her business.); *Defino v. Civic Center Corp.*, 718 S.W.2d 505, 511 (Mo. App. 1986) (Street vendors stated a claim for intentional interference with prospective economic relations because they alleged that: (1) they sold merchandise to the public in the area for a number of years; (2) defendants were aware of those business activities; and (3) defendants acted to stop plaintiffs' sales by wrongfully passing an ordinance to eliminate and ban all vendors from the area.); *Knapp v. McCoy*, 548 F. Supp. 1115, 1117 (N.D. Ill. 1982) (Knowledge of interference with both specific potential customers and an identifiable general class of potential customers—radio stations—is a common sense inference from allegation of "palming off".). In addition, the section of Restatement (Second) of Torts concerning interference with prospective contractual relations does not require knowledge of the prospective relationship. *See* Restatement (Second) of Torts §766B. *Compare* Restatement (Second) of Torts § 766—intentional interference with an existing contract—requiring that the actor have knowledge of the contract with which he is interfering) with Restatement (Second) of Torts § 766B—intentional interference with prospective contractual relations—not including the requirement that the actor have knowledge of the prospective relationship.

[80] *See* Complaint ¶¶ 40-42, 73-82.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

the Video they may purchase a Fluke Camera rather than a FLIR Camera;"[81] and (3) "at a trade show on October 6 and 7, 2010, Fluke displayed the Video, which then prompted potential FLIR customers to directly question the durability of FLIR's Cameras to FLIR representatives."[82] Accordingly, FLIR has properly alleged the existence of prospective economic relations.[83]

### 2. FLIR more than adequately alleged that Fluke had sufficient knowledge of the numerous prospective economic relations with which it was interfering.

Based on cases applying California, New York, and Kansas law, Fluke asserts that FLIR has not alleged that Fluke knew of the exact prospective economic relations with which it interfered and, therefore, FLIR's claim should be dismissed. That argument again fails as a matter of law for at least two reasons.

First, FLIR was not required to plead that Fluke knew of the exact relationships with which it interfered.[84] FLIR has alleged that: (1) Fluke and Sierra created and published the false Video because Fluke was unable to compete with FLIR using lawful means;[85] (2) the false Video was published for "the purpose of deceiving potential consumers of such products and causing injury to FLIR;"[86] (3) the false Video and its methodology were edited to ensure that FLIR's products were disparaged;[87] (4) Fluke showed the Video to potential FLIR customers;[88] and (5)

---

[81] *Id.* ¶ 40.

[82] *Id*. ¶ 41; *see also id.* ¶ 52.

[83] Fluke's reliance on cases applying California law that purport to require a pre-existing economic relationship from which the prospective economic relations arise is misplaced because Oregon does not have the same requirement. *See, e.g., Allen v. Hall,* 974 P.2d 199, 202 (Or. 1999) ("Although an expectancy of inheritance is, by definition, purely prospective, so are many of the commercial interests that have been associated with and are protected by the tort.").

[84] *See supra* n. 79.

[85] *See* Complaint at p. 1; *id.* ¶ 12.

[86] *Id.* ¶ 40; *see also id.* ¶¶ 42, 77.

[87] *See id.* ¶¶ 32-39.

PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM

Page 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

the Video, which is targeted at those about to purchase thermal imaging cameras, was widely distributed and published on YouTube, Facebook, Twitter, and Fluke's website.[89] As FLIR's competitor, Fluke knew that every potential customer for thermal imaging cameras is a prospective customer for FLIR. In fact, Fluke knew that the obvious and natural consequence of its actions would be to interfere with FLIR's prospective economic relations.[90] Through the false Video, Fluke intended to convince each and every potential purchaser of an infrared camera to buy a Fluke camera and not a FLIR camera.[91] These potential purchasers include visitors of trade shows at which Fluke presented the false Video.[92] Accordingly, FLIR has properly alleged the elements of its tortious interference claim.

Second, FLIR has alleged that Fluke knew of the specific prospective economic relationships with which it interfered. For example, FLIR pled: (1) a Fluke employee personally showed the Video to potential FLIR customers identified in the Complaint in order to persuade those customers to buy the Fluke Camera instead of a FLIR camera;[93] (2) Fluke and FLIR are competitors in a specialized market;[94] (3) "at a trade show on October 6 and 7, 2010, Fluke displayed the Video, which then prompted potential FLIR customers to directly question the durability of FLIR's Cameras to FLIR representatives,"[95] and (4) "those false representations

---

[88] *See id.* ¶¶ 40-41, 52.

[89] *See id.* ¶ 16-17.

[90] *See id.* ¶¶ 40, 50, 62, 64, 67, 70, 76-78, 87.

[91] *See id.*

[92] *See id.* ¶ 41-42, 52.

[93] *See id.* ¶ 40.

[94] *See id.* at p. 1; *id.* ¶¶ 9, 11.

[95] *Id.* ¶ 41. Certainly Fluke knew of the many potential economic relationships at the trade show since it attended the event to sell thermal imagers.

PLAINTIFF FLIR SYSTEMS, INC.'S
RESPONSE IN OPPOSITION TO DEFENDANT
FLUKE CORPORATION'S AMENDED MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM

Page 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

were intended, have, and are likely to deceive consumers of FLIR's products and to thereby influence their decision to buy FLIR products."[96]  Fluke, therefore, knew Fluke's prospective customers and directly targeted them with the false Video.  Accordingly, FLIR has sufficiently alleged a claim for intentional interference with prospective business relations.[97]

## C. The Motion Should Be Denied Because FLIR Has More Than Adequately Pled A Claim For Civil Conspiracy Against Fluke.

A civil conspiracy is "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means."[98]  To state a claim for civil conspiracy, plaintiff must plead:  (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.[99]  If the claim is based on alleged misrepresentations, then those misrepresentations must be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b).[100]  Rule 9(b), however, also provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be

---

[96] *Id.* ¶ 50; *see also id.* ¶¶ 70, 77, 87.

[97] In the end, Fluke's argument is merely that FLIR did not add to its Complaint the allegation that:  "Fluke knew of these prospective relationships."  Accordingly, if necessary, FLIR requests the Court grant it leave to supplement its claim for intentional interference with prospective economic relations, pursuant to FED. R. CIV. P. 15 (". . . The court should freely give leave when justice so requires.").

[98] *Bonds v. Landers*, 566 P.2d 513, 516 (Or. 1977).

[99] *See id.*

[100] *See* FED. R. CIV. P. 9(b); *Alan Neuman Prods. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1989); *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (regarding a claim for conspiracy to commit fraud, the court explained: "[Federal Rule of Civil Procedure] 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail.").

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

alleged generally."[101]   Accordingly, the "meeting of the minds" requirement for conspiracy may be alleged generally.[102]

### 1.     <u>FLIR has properly pled an underlying tort.</u>

Fluke's assertion that the conspiracy claim should be dismissed because FLIR has failed to sufficiently plead an underlying tort is wrong because, as demonstrated above, FLIR has sufficiently alleged claims for commercial disparagement and intentional interference with a prospective economic relationship.[103]   Accordingly, FLIR has sufficiently pled an underlying tort.

---

[101] FED. R. CIV. P. 9(b).

[102] *See In re NE 40 Partners, Ltd. v. NE 40 Partners, L.P.,* 411 B.R. 352, 366-67 (S.D. Tex. 2009) (holding that defendant's argument that the 'meeting of the minds' allegations did not satisfy Rule 9(b)'s pleading requirements was without merit because: (1) "Rule 9(b) creates a relaxed standard for pleading a party's mental state and the Plaintiff need only allege facts sufficient to support a reasonable inference that Vatistas harbored the requisite mental state for civil conspiracy"; and (2) plaintiff had specifically pled the alleged misrepresentations); *Hefferman*, 467 F.3d at 601, 602 ("The district court found that Hefferman sufficiently alleged that Bass aided St. Pierre and that St. Pierre committed a wrongful act, but that 'nothing in the allegations even suggests that Bass knew (as opposed to should have known) either that St. Pierre was engaged in a fraud or that Bass willingly joined in his scheme.'  That point, however, relates to Bass's 'knowledge' or 'condition of mind,' which as noted above Rule 9(b) permits to be alleged generally."); *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003) ("Rule 9(b) has a short list of matters (such as fraud) that must be pled with particularity; conspiracy is not among them."); *Stephenson v. Deutsche Bank AG,* 282 F. Supp. 2d 1032, 1070 (D. Minn. 2003) ("Second, moving Defendants argue that FBW and E*Trade have failed to plead the elements of conspiracy with adequate specificity.  As discussed above, however, the Court has already found that Plaintiffs have stated a claim for common law fraud.  Consequently, their conspiracy allegations need not be pled with particularity under Fed. R. Civ. P. 9(b).").

[103] *See supra* IV(A)–(B).  Moreover, neither Fluke nor Sierra has moved to dismiss the false advertising claim.

**PLAINTIFF FLIR SYSTEMS, INC.'S**        **Page 21**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

## 2. FLIR has more than adequately alleged facts supporting the existence of a conspiratorial agreement aimed at injuring FLIR.

### a. FLIR has more than adequately alleged a "meeting of the minds."

Fluke's assertion that FLIR was required to comply with the heightened pleading standards under Fed. R. Civ. P. 9(b) when alleging a "meeting of the minds" is without merit.[104] Moreover, and in any event, FLIR has adequately pled that Fluke and Sierra conspired to harm FLIR. Case law clearly establishes that a formal agreement is not required; instead a tacit understanding inferred from circumstantial evidence is sufficient.[105] In fact, an agreement may be inferred from, among other things, joint participation, the relationship between the conspirator, and activities of the conspirators.[106]

An agreement between Fluke and Sierra to disparage FLIR's Cameras can be readily inferred from the facts FLIR has pled, including that: (1) Sierra was retained and paid by Fluke

---

[104] *See, e.g., In re NE 40 Partners, Ltd,* 411 B.R. at 366-67; *Hefferman*, 467 F.3d at 601, 602.

[105] *See Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301-02 (9th Cir. 1999); *Ee v. Washington County*, No. 07-1728-HA, 2010 WL 680924, at *6 (D. Or. Feb. 10, 2010) ("A conspiracy may be inferred from conduct and need not be proved by evidence of an express agreement."); *In re Sunset Bay Associates*, 944 F.2d 1503, 1516-17 (9th Cir. 1991); *Slade v. Gates*, No. 01-8244-RMT, 2002 WL 31357043, at *2 (C.D. Cal. Oct. 2, 2002) ("Although a meeting is not specifically alleged by Plaintiff in the instant case, it is reasonable to infer that the police officers tacitly agreed to falsely arrest Plaintiff since all officers on the scene are alleged to have participated in the violation."); *State v. Cornell*, 842 P.2d 394, 397 (Or. 1992) ("Because there usually is no formal agreement to begin a conspiracy, the very existence of a conspiracy usually must be inferred from the facts surrounding the statements.").

[106] *See Graham v. Oregon State Penitentiary*, 733 P.2d 39, 40-41 (Or. Ct. App. 1987) ("The existence of an agreement essential to a conspiracy may be inferred from acts or conduct of alleged co-conspirators."); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1479 (9th Cir. 1986); *Pool v. Multnomah County*, No. CIV. 99-597-AS, 2000 WL 1364229, at *7 (D. Or. Sept. 6. 2000); *Bowman v. Tilton*, No. 03cv2224-BTM, 2008 WL 170077, at *14 (S.D. Cal. Jan. 17, 2008) (applying Oregon law).

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 22**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

to assist in the design, creation, and publishing of the false Video;[107] (2) Sierra has served as

Fluke's media and marketing company for fifteen years;[108] (3) Fluke and Sierra acted as a "team"

during the production of the Video;[109] (4) Sierra knew that the FLIR Cameras did not break apart

after the initial drop as represented in the Video, but still published the Video;[110] (5) Sierra knew

that the Fluke Camera did not survive every drop as represented in the Video, but still published

the Video;[111] (6) at Fluke's request, Sierra repeatedly edited the Video and methodology to

reinforce the Video's false statements despite Sierra's knowledge that those statements were

false and disparaging;[112] and (7) Sierra knowingly signed off on the false and substantially edited

methodology that was printed on Sierra's letterhead.[113]   Taken as a whole, those factual

allegations are more than sufficient to allege a "meeting of the minds" between Fluke and Sierra

to disparage FLIR's Cameras, the necessary consequence of which was injury to FLIR.[114]

---

[107] *See* Complaint ¶¶ 10, 85; *id.* at p. 1.

[108] *See id.* ¶ 10.

[109] *See id.* ¶ 15; *id.* ¶ 30 ("Sierra's lack of independence and the true nature of the relationship between Sierra and Fluke—partners—is further revealed in an e-mail from Cardenas to Fluke dated January 21, 2010, in which he states:  'Hey team!  Yesterday's shoot was a success in my eyes.  We were able to destroy the 4 competitors imagers.'").

[110] *See id.* ¶¶ 14, 19, 60, 61.

[111] *See id.* ¶¶ 14, 18, 19, 39, 60, 61.

[112] *See id.* ¶ 14 ("Moreover, Sierra knew that the 'results' of the Test shown in the Video are misleading. . . . Further, Sierra revised the Video and the methodology to remove the alleged results for the FLIR Cameras and so as not to divulge that what is seen in the Video—FLIR Cameras breaking in dramatic fashion the first time they are dropped—is not what happened."); *see id.* ¶ 31; *id.* ¶ 39 ("[I]n an e-mail dated January 21, 2010, a Fluke employee informed Sierra that the Fluke Camera sustained substantial internal damage:  'the parallax alignment between the visible and IR camera was completely hosed.'  Sierra, however, did not correct the Video and instead continued to aid and assist its partner."); *id.* ¶ 85, 91.

[113] *See id.* ¶¶ 15, 23-24, 85.

[114] *See, e.g., Osborne v. Fadden*, 201 P.3d 278, 283-84 (Or. Ct. App. 2009) (holding there is sufficient circumstantial evidence to prove an existence of a civil conspiracy between Gary

---

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 23**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Finally, Fluke asserts that FLIR has not stated a conspiracy claim because: (1) Fluke was merely furthering a legitimate business purpose—attaining a competitive advantage; and (2) if FLIR has stated a claim, then manufacturers and media companies may be liable for civil conspiracy any time they mention a competitor's product in an advertisement.[115]  Both assertions are without merit.

<u>First</u>, the argument that the conspiracy claim should be dismissed because Fluke's purpose was to sell more thermal imaging cameras ignores both the law and FLIR's allegations. A conspiracy to:  (1) accomplish an unlawful purpose; <u>or</u> (2) accomplish a purpose not itself

---

and Susan to harass the plaintiffs where:  (1) the e-mails and solicitations at issue contained information that Susan did not possess; (2) Dan knew the information; (3) Susan sent the e-mails and solicitations; and (4) the harassment increased as disputes arose between Gary and plaintiffs); *State v. Farber*, 666 P.2d 821, 825 n. 9 (Or. 1983) ("Indeed, the evidence to establish a conspiracy is generally circumstantial."); *Webb v. County of Trinity*, No. CIV. S-10-0012, 2010 WL 4628097, at *4-5  (E.D. Cal. Nov. 4, 2010); *U.S. v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997).

[115] Fluke's reliance on *Dean v. DJO, LLC*, No. 09-1193-AA, 2010 WL 1999295 (D. Or. May 17, 2010); *Yanney v. Koehler*, 935 P.2d 1235 (Or. Ct. App. 1997) and *King v. Deutsche Bank AG*, No. CV 04-1029-HU, 2005 WL 611954 (D. Or. Mar. 8, 2005) is misplaced.  <u>First</u>, *Dean* is inapposite because the plaintiff in *Dean* alleged only that defendants' intent was to continue selling pain pumps in violation of FDA regulations; not to harm to anyone including plaintiff.  *Dean*, 2010 WL 1999295, at *2 (D. Or. May 17, 2010).  In contrast, FLIR alleges that defendants intentionally created and published the false and disparaging Video in order to deceive FLIR's potential customers—*i.e.,* cause harm to FLIR.  Notably, Fluke did not limit its unlawful activities to overstating the durability of its cameras, but also intentionally chose to disparage FLIR's products.  *See, e.g.,* Complaint ¶ 85.  <u>Second</u>, *Yanney* is inapposite because the court held that by merely agreeing to defend a client against fraud claims an attorney does not thereby participate in the fraud.  *See Yanney*, 935 P.2d at 1239.  Here, FLIR alleges that Sierra actively and knowingly assisted and participated in the design, creation, and publishing of the false Video.  *See, e.g.,* Complaint ¶ 85.  <u>Third</u>, *King* is inapposite because FLIR, unlike the plaintiff in *King*, has identified Defendants' role and conduct in the conspiracy.  *See King*, 2005 WL 611954, at *36.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

unlawful by unlawful means, is actionable.[116] Fluke's assertion that it intended to profit from its

conspiracy—sell more cameras—therefore misses the mark because FLIR alleges that Fluke

used unlawful means. Indeed, FLIR specifically alleges that Fluke was not able to effectively

compete with FLIR on lawful bases (*e.g.*, price, quality, and service) and, therefore, resorted to

publishing the false Video that disparages FLIR's cameras.[117] In addition, FLIR has pled in

detail how the Video constitutes unlawful competition—namely false advertising under the

Lanham Act, commercial disparagement, and intentional interference with prospective economic

relations.[118] Accordingly, at best for Fluke, it conspired with Sierra to accomplish a lawful

purpose through unlawful means.

<u>Second</u>, Fluke's assertion that if FLIR has stated a claim, then manufacturers and media

companies may be liable for civil conspiracy any time they mention a competitor's product in an

advertisement, is wrong for at least two reasons: (1) FLIR has not sued Fluke just because the

Video mentions the FLIR Cameras, but because the Video disparages the FLIR Cameras by

falsely representing that they broke apart after the initial drop;[119] and (2) FLIR does not contend

---

[116] *See Bonds,* 566 P.2d at 516; *Heitkemper v. Central Labor Council of Portland and Vicinity*, 192 P. 765, 772-73 (Or. 1920) ("On the other hand, such combinations are actionable conspiracies, although the acts when done by an individual would not subject him to civil liability, when the acts are done with malice; that is, with the intention to injure another without just cause or excuse, or where the natural and necessary consequences of the act, although done to benefit the conspirators, is the prejudice of the public or the oppression of individuals. Intentionally to do that which is calculated, in the ordinary course of events, to damage another in his property or trade is, when done without just cause or excuse, what the law calls an actionable wrong.").

[117] *See* Complaint at p. 1, ¶ 12.

[118] *See generally* Complaint.

[119] *See id.* ¶¶ 19, 33, 37, 49, 60

**PLAINTIFF FLIR SYSTEMS, INC.'S**                   **Page 25**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

that Sierra is liable merely because the Video is false and it produced the Video,[120] but because

Sierra, knowing that the Video was false:  (a) actively participated in the design, creation, and

publishing of the false Video;[121] (b) acted as a "team" with Fluke during the production of the

Video;[122] (c) repeatedly, at Fluke's request, edited the Video and methodology to reinforce the

Video's false statements;[123] and (d) knowingly signed off on the false, misleading, and

substantially edited methodology.[124]  Accordingly, Fluke's alleged fear, is unfounded.

## V.

## CONCLUSION

For all the foregoing reasons, Fluke's Motion should be denied in its entirety.

---

[120] In addition, Sierra is liable under the Lanham Act.  *See, e.g.*, *Gillette Co. v. Wilkinson Sword, Inc.*, 795 F. Supp. 662, 664 (S.D.N.Y. 1992), *rev'd in part on other grounds*, No. 89 Civ. 3586 (KMW), 1992 WL 12000396 (S.D.N.Y. 1992).

[121] *See, e.g.,* Complaint ¶¶ 10, 12-15, 22, 85.

[122] *See, e.g., id.* ¶¶ 15, 26-31, 85.

[123] *See id.* ¶¶ 13-14, 23-24, 31-39, 85.

[124] *See id.* ¶¶ 13-15, 23-24, 85.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

SCHWABE, WILLIAMSON & WYATT, P.C.


By:  /s/ Devon Zastrow Newman
_____
Devon Zastrow Newman, OSB #014627
Telephone (503) 222-9981

BICKEL & BREWER
Michael J. Collins, *appearing Pro Hac Vice*
C. Dunham Biles, *appearing Pro Hac Vice*
Telephone (214) 653-4000
Attorneys for Plaintiff, FLIR Systems, Inc.

**PLAINTIFF FLIR SYSTEMS, INC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANT**
**FLUKE CORPORATION'S AMENDED MOTION TO**
**DISMISS FOR FAILURE TO STATE A CLAIM**

**Page 27**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900