**BENJAMIN N. SOUEDE**, OSB. No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., | CASE NO. CV10-971 HU |
| Plaintiff, | **DEFENDANT SIERRA MEDIA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| SIERRA MEDIA, INC. and FLUKE CORPORATION | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendant Sierra Media, Inc. ("Sierra"), through undersigned counsel, hereby answers the First Amended Complaint and Demand for Jury Trial ("FAC") filed by Plaintiff FLIR Systems, Inc. ("FLIR") on December 30, 2010.

## **ANSWER**

Sierra Media responds to FLIR's FAC as follows: Sierra Media denies each allegation in the FAC except as those expressly admitted below. Sierra Media also states that, to the extent

PAGE 1 -   DEFENDANT SIERRA MEDIA'S ANSWER TO PLAINTIFF'S FIRST
          AMENDED COMPLAINT

that allegations in the FAC refer generally to "defendants," Sierra Media answers the allegations as to itself only. To the extent that allegations in the FAC refer to any defendant other than Sierra Media, Sierra Media states that it lacks knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations. This Answer is based upon Sierra Media's investigation to date, and Sierra Media reserves the right to amend this Answer during the course of the litigation as new information is learned.

## PRELIMINARY STATEMENT

The Preliminary Statement to the FAC contains conclusions of law to which no response is required. To the extent a response, is required, Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Preliminary Statement to the FAC.

## PARTIES

1. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC, and therefore denies the allegations.

2. Sierra Media admits the allegations in paragraph 2 of the FAC.

3. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC, and therefore denies the allegations.

## JURISDICTION AND VENUE

4. Sierra Media admits that this Court has subject matter jurisdiction.

5. Sierra Media admits that it is a citizen of the State of Washington and that FLIR

purports to be a citizen of the State of Oregon. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Fluke Corporation's ("Fluke's") citizenship, and therefore denies the allegations. Sierra Media denies the remaining allegations in paragraph 5 of the FAC.

6. Sierra Media admits that this Court has personal jurisdiction. The remainder of paragraph 6 of the FAC contains characterizations of FLIR's claims and conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the remaining allegations contained in paragraph 7 of the FAC.

7. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the FAC, and therefore denies the allegations.

8. Sierra Media admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

9. Paragraph 9 of the FAC contains characterizations of FLIR's business to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 9 of the FAC.

10. Sierra Media admits that it has provided media and marketing services for Fluke Corporation. Sierra Media admits further that Fluke Corporation is one of its largest customers. Sierra Media denies the remainder of the allegations contained in paragraph 10 of the FAC.

11. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Fluke Corporation contained in paragraph 11 of the FAC, and therefore denies the allegations.

12. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of the FAC, and therefore denies the allegations. Sierra Media denies the remaining allegations in paragraph 12 of the FAC.

13. Sierra Media denies the allegations in paragraph 13 of the FAC.

14. Sierra Media admits that the first quoted phrase in paragraph 14 of the FAC appears in an email sent by a Fluke employee, and the second quoted phrase appears in a video containing footage from a drop test conducted by Sierra Media that included Fluke's Ti32 thermal imaging camera, FLIR's i7, i60, and T400 cameras, and a thermal imaging camera from another manufacturer ("the drop test video"). Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 14 of the FAC.

15. Sierra Media admits that the quoted phrases in paragraph 15 of the FAC appear in an email dated January 21, 2010. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 15 of the FAC.

16. Sierra Media admits that the drop test video was published in approximately March 2010, and that it appeared on YouTube, Facebook, Twitter, and the Fluke website. Sierra Media denies the remaining allegations in paragraph 16 of the FAC.

17. Sierra Media denies the allegations in paragraph 17 of the FAC.

18. Sierra Media admits that it conducted a two meter drop test of Fluke's Ti32 thermal imaging camera, FLIR's i7, i60 and T400 thermal imaging cameras, and a thermal

imaging camera from another manufacturer. Sierra Media denies the remaining allegations in paragraph 18 of the FAC.

19. Sierra Media denies the allegations in paragraph 19 of the FAC.

20. Sierra Media admits that the quoted phrase in paragraph 20 of the FAC appears on certain postings of the drop test video as a banner at the bottom of the screen. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 20 of the FAC.

21. Sierra Media denies the allegations in paragraph 21 of the FAC.

22. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the FAC and therefore denies the allegations.

23. Sierra Media admits that the quoted phrase in paragraph 23 of the FAC appears on the drop test methodology. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies remaining allegations in paragraph 23 of the FAC.

24. Sierra Media admits that a methodology was published in conjunction with the drop test video, printed on Sierra Media's letterhead, and signed by Sierra Media's founder. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Fluke in paragraph 24 of the FAC, and therefore denies the allegations. Sierra Media denies the remaining allegations in paragraph 24 of the FAC.

25. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the FAC, and therefore denies the allegations.

26. Sierra Media denies the allegations in paragraph 26 of the FAC.

27. Sierra Media denies the allegations in paragraph 27 of the FAC.

28. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the FAC, and therefore denies the allegations.

29. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the FAC, and therefore denies the allegations.

30. Sierra Media admits that the quoted phrase appears in an email sent by Dan Cardenas to Fluke employees on January 21, 2010. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 30 of the FAC.

31. Sierra Media admits that the drop test video underwent an editing process before publication. Sierra Media denies the remaining allegations in paragraph 31 of the FAC.

32. Sierra Media denies the allegations in paragraph 32 of the FAC.

33. Sierra Media denies the allegations in paragraph 33 of the FAC.

34. Sierra Media admits that the FLIR i7, i60 and T400 thermal imaging cameras used in the drop test were dropped more than once. Sierra Media denies the remaining allegations in paragraph 34 of the FAC.

35. Sierra Media admits that the quoted phrase in paragraph 35 of the FAC appears in a draft version of the drop test video. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 35 of the FAC.

36. Sierra Media admits that certain draft versions of the drop test methodology document included the numerical results of the drop test. Sierra Media denies the remaining allegations in paragraph 36 of the FAC.

37. Sierra Media admits that the quoted phrase in paragraph 37 of the FAC appears in a draft document. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations paragraph 37 of the FAC.

38. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the FAC, and therefore denies the allegations.

39. Sierra Media admits that the first quoted phrase in paragraph 39 of the FAC appears in the drop test video, and the second quoted phrase appears in an email sent by a Fluke employee. Sierra Media avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared. Sierra Media denies the remaining allegations in paragraph 39.

40. Sierra Media denies the allegations in paragraph 40 of the FAC.

41. Sierra Media denies the allegations in paragraph 41 of the FAC.

42. Sierra Media admits that the drop test video is available for viewing on the Fluke website and on YouTube. Sierra Media denies the remaining allegations in paragraph 42 of the FAC.

43. Sierra Media admits that it received questions from FLIR representatives regarding the drop test video. Sierra Media denies the remaining allegations in paragraph 43 of the FAC.

44. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the FAC, and therefore denies the allegations.

45. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the FAC, and therefore denies the allegations.

46. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the FAC, and therefore denies the allegations.

47. Sierra Media admits that FLIR seeks the relief described in paragraph 47 of the FAC. Sierra Media is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the FAC, and therefore denies the allegations.

## CAUSES OF ACTION

### Count One: False Advertising Under Lanham Act—15 U.S.C. § 1125(a)(1)(B)

48. Sierra Media restates its responses to paragraphs 1 through 47 above as if fully set forth herein.

49. Paragraph 49 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 49 of the FAC.

50. Paragraph 50 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 50 of the FAC.

51. Paragraph 51 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 51 of the FAC.

52. Paragraph 52 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 52 of the FAC.

53. Paragraph 53 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 53 of the FAC.

54. Sierra Media admits that FLIR seeks the relief described in paragraph 54 of the FAC, but denies that FLIR is entitled to the relief requested or any relief whatsoever. The remainder of paragraph 54 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the remaining allegations in paragraph 54 of the FAC.

55. Paragraph 55 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 55 of the FAC.

56. Sierra Media admits that FLIR seeks the relief described in paragraph 56 of the FAC, but denies that FLIR is entitled to the relief requested or any relief whatsoever. The remainder of paragraph 56 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the remaining allegations in paragraph 56 of the FAC.

57. Sierra Media admits that FLIR seeks the relief described in paragraph 57 of the FAC, but denies that FLIR is entitled to the relief requested or any relief whatsoever. The remainder of paragraph 57 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the remaining allegations in paragraph 57 of the FAC.

## Count Two: Trade Libel/Commercial Disparagement

58. Sierra Media restates its responses to paragraphs 1 through 57 above as if fully set forth herein.

59. Sierra Media denies the allegations in paragraph 59 of the FAC.

60. Paragraph 60 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 60 of the FAC.

61. Sierra Media denies the allegations in paragraph 61 of the FAC.

62. Paragraph 62 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 62 of the FAC.

63. Paragraph 63 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 63 of the FAC.

64. Paragraph 64 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 64 of the FAC.

65. Paragraph 65 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 65 of the FAC.

66. Paragraph 66 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 66 of the FAC.

67. Paragraph 67 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 67 of the FAC.

68. Paragraph 68 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 68 of the FAC.

69. Sierra Media admits that FLIR seeks the relief described in paragraph 69 of the FAC, but denies that FLIR is entitled to the relief requested or any relief whatsoever.

70. Paragraph 70 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 70 of the FAC.

71. Paragraph 71 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 71 of the FAC.

72. Sierra Media admits that FLIR seeks the relief described in paragraph 72 of the FAC, but denies that FLIR is entitled to the relief requested or any relief whatsoever. The remainder of paragraph 72 of the FAC contains conclusions of law to which no response is

required. To the extent a response is required, Sierra Media denies the remaining allegations in paragraph 72 of the FAC.

**Count Three: Intentional Interference with Prospective Economic Relations**

73. Sierra Media restates its responses to paragraphs 1 through 72 above as if fully set forth herein.

74. Paragraph 74 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 74 of the FAC.

75. Paragraph 75 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 75 of the FAC.

76. Paragraph 76 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 76 of the FAC.

77. Paragraph 77 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 77 of the FAC.

78. Paragraph 78 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 78 of the FAC.

79. Paragraph 79 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 79 of the FAC.

80. Paragraph 80 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media admits that FLIR seeks the relief described in paragraph 80 of the FAC, but denies that FLIR is entitled to the relief requested or any relief.

81. Paragraph 81 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 81 of the FAC.

82. Paragraph 82 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 82 of the FAC.

### Count Four: Civil Conspiracy

83. Sierra Media restates its responses to paragraphs 1 through 82 above as if fully set forth herein.

84. Paragraph 84 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 84 of the FAC.

85. Paragraph 85 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 85 of the FAC.

86. Paragraph 86 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 86 of the FAC.

87. Paragraph 87 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 87 of the FAC.

88. Paragraph 88 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 88 of the FAC.

### Count Five: Aiding and Assisting

89. Sierra Media restates its responses to paragraphs 1 through 88 above as if fully set forth herein.

90. Paragraph 90 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 90 of the FAC.

91. Paragraph 91 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 91 of the FAC.

92. Paragraph 92 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 92 of the FAC.

93. Paragraph 93 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 93 of the FAC.

94. Paragraph 94 of the FAC contains conclusions of law to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 94 of the FAC.

### Count Six: Declaratory Relief Concerning the Alleged Trademark

95. Sierra Media restates its responses to paragraphs 1 through 94 above as if fully set forth herein.

96. Paragraph 96 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 96 of the FAC insofar as Count Six pertains to Sierra Media.

97. Paragraph 97 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 97 of the FAC insofar as Count Six pertains to Sierra Media.

98. Paragraph 98 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 98 of the FAC insofar as Count Six pertains to Sierra Media.

99. Paragraph 99 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 99 of the FAC insofar as Count Six pertains to Sierra Media.

100. Paragraph 100 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 100 of the FAC insofar as Count Six pertains to Sierra Media.

101. Paragraph 101 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Sierra Media to which no response is required. To the extent a response is required, Sierra Media denies the allegations in paragraph 101 of the FAC insofar as Count Six pertains to Sierra Media.

## JURY DEMAND

Sierra Media admits that FLIR demands a jury trial on all claims and defenses. Sierra Media demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Sierra Media admits that FLIR seeks the relief requested in the "Prayer for Relief," but denies that FLIR is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the FAC and without admitting or acknowledging that Sierra Media bears any burden of proof as to any of them, Sierra Media asserts the following additional defenses. Sierra Media intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer to assert all such further defenses.

### First Affirmative Defense

The FAC fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

FLIR's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

### Third Affirmative Defense

FLIR's claims are barred, in whole or in part, by the competition privilege.

### Fourth Affirmative Defense

Sierra Media has not made any false, misleading, libelous or disparaging representations of fact regarding the source, nature, characteristics, or quality of FLIR's thermal imaging cameras.

### Fifth Affirmative Defense

FLIR's equitable claims are barred because FLIR has an adequate remedy at law.

### Sixth Affirmative Defense

FLIR's claims are barred, in whole or in part, by the equitable doctrines of justification and unclean hands.

### Seventh Affirmative Defense

FLIR's claims are barred, in whole or in part, because FLIR has suffered no compensable injury.

### Eighth Affirmative Defense

FLIR is not entitled to injunctive relief because it has not established irreparable harm.

### Ninth Affirmative Defense

FLIR is not entitled to an award of attorneys' fees in the absence of a statute or law authorizing such fees.

### Tenth Affirmative Defense

FLIR cannot recover damages from Sierra Media to the extent that the damages alleged by FLIR are speculative or uncertain.

### Eleventh Affirmative Defense

FLIR cannot recover damages from Sierra Media to the extent that FLIR failed to mitigate its alleged damages.

****

Sierra Media requests that all of FLIR's claims be dismissed with prejudice and that Sierra Media be awarded costs and attorneys' fees. Sierra Media reserves the right to supplement its Answer and defenses to include any affirmative or other defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer accordingly.

DATED this 27th day of May, 2011.

Respectfully submitted,

s/ Benjamin N. Souede
BENJAMIN SOUEDE, OSB No. 081775
DAVID ANGELI, OSB No. 020244
(503) 954-2232
Attorneys for Defendant Sierra Media, Inc.