**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

**Dane H. Butswinkas**, *pro hac vice*
dbutswinkas@wc.com
**Matthew V. Johnson**, *pro hac vice*
mjohnson@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone:  202.434.5000
Facsimile:  202.434.5409

Attorneys for Defendant Fluke Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation, | No. 3:10-cv-00971-HU |
| Plaintiff, | Defendant Fluke Corporation's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS |
| v. | |
| **SIERRA MEDIA, INC.,** a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

PAGE 1 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

Defendant Fluke Corporation ("Fluke"), through undersigned counsel, hereby answers the First Amended Complaint and Demand for Jury Trial ("FAC") filed by Plaintiff Flir Systems, Inc. ("Flir") on December 30, 2010.

## ANSWER

Fluke responds to Flir's FAC as follows: Fluke denies each allegation in the FAC except those expressly admitted below.  Fluke also states that, to the extent that allegations in the FAC refer generally to "defendants," Fluke answers the allegations as to itself only.  This Answer is based upon Fluke's investigation to date, and Fluke reserves the right to amend this Answer during the course of the litigation as new information is learned.

## PRELIMINARY STATEMENT

The Preliminary Statement to the FAC contains conclusions of law to which no response is required.  To the extent a response, is required, Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Preliminary Statement to the FAC.

## PARTIES

1.      Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC, and therefore denies the allegations.

2.      Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC, and therefore denies the allegations.

3.      Fluke admits the allegations in paragraph 3 of the FAC.

## JURISDICTION AND VENUE

4.      Fluke admits that this Court has subject matter jurisdiction.

5.      Fluke admits that it is a citizen of the State of Washington and that Flir purports to be a citizen of the State of Oregon.  Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sierra Media's citizenship, and therefore denies the allegations.  Fluke denies the remaining allegations in paragraph 5 of the FAC.

PAGE 2 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                  COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

6.      Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the FAC, and therefore denies the allegations.

7.      Fluke admits that this Court has personal jurisdiction over defendant Fluke.  The remainder of paragraph 7 of the FAC contains characterizations of Flir's claims and conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the remaining allegations contained in paragraph 7 of the FAC.

8.      Fluke admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

9.      Paragraph 9 of the FAC contains characterizations of Flir's business to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 9 of the FAC.

10.      Fluke admits that it has retained Sierra Media on occasion in connection with marketing projects.  Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sierra Media's customer bases contained in paragraph 10 of the FAC, and therefore denies the allegations.  Fluke denies the remaining allegations contained in paragraph 10 of the FAC.

11.      Fluke admits that it is a wholly-owned subsidiary of Danaher Corporation, that Fluke manufactures, distributes, and services electronic test tools and software, including thermal imaging cameras, and that Fluke and Flir are competitors in certain segments of the thermal imaging camera market.  Flir denies the remaining allegations in paragraph 11 of the FAC.

12.      Fluke denies the allegations in paragraph 12 of the FAC.

13.      Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sierra Media or its founder, Dan Cardenas, contained in paragraph 13 of the FAC, and therefore denies the allegations.  Fluke denies the remaining allegations in paragraph 13 of the FAC.

PAGE 3 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

14.     Fluke admits that the first quoted phrase in paragraph 14 of the FAC appears in an email sent by a Fluke employee, and the second quoted phrase appears in a video containing footage from a drop test conducted by Sierra Media that included Fluke's Ti32 thermal imaging camera, Flir's i7, i60, and T400 cameras, and a thermal imaging camera from another manufacturer ("the drop test video").  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 14 of the FAC.

15.     Fluke admits that the quoted phrases in paragraph 15 of the FAC appear in an email dated January 21, 2010.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 15 of the FAC.

16.     Fluke admits that it published the drop test video in approximately March 2010, and that the drop test video and/or a link to the video appeared on YouTube, Facebook, Twitter, and the Fluke website.  Fluke denies the remaining allegations in paragraph 16 of the FAC.

17.     Fluke denies the allegations in paragraph 17 of the FAC.

18.     Fluke admits that Sierra Media conducted a two meter drop test of Fluke's Ti32 thermal imaging camera, Flir's i7, i60 and T400 thermal imaging cameras, and a thermal imaging camera from another manufacturer.  Fluke denies the remaining allegations in paragraph 18 of the FAC.

19.     Fluke denies the allegations in paragraph 19 of the FAC.

20.     Fluke admits that the quoted phrase in paragraph 20 of the FAC appears on certain postings of the drop test video as a banner at the bottom of the screen.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 20 of the FAC.

21.     Fluke denies the allegations in paragraph 21 of the FAC.

PAGE 4 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

22.     Fluke admits that the quoted phrase in paragraph 22 of the FAC appears in an email.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 22 of the FAC.

23.     Fluke admits that the quoted phrase in paragraph 23 of the FAC appears on the drop test methodology.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 23 of the FAC.

24.     Fluke admits that a methodology was published in conjunction with the drop test video, printed on Sierra Media's letterhead, and signed by Sierra Media's founder.  Fluke denies the remaining allegations in paragraph 24 of the FAC.

25.     Fluke admits that the quoted phrase in paragraph 25 of the FAC appears in an email dated September 24, 2009.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 25 of the FAC.

26.     Fluke denies the allegations in paragraph 26 of the FAC.

27.     Fluke denies the allegations in paragraph 27 of the FAC.

28.     Fluke admits that the first quoted phrase in paragraph 28 of the FAC appears in an email sent by a Fluke employee.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 28 of the FAC.

29.     Fluke denies the allegations in paragraph 29 of the FAC.

30.     Fluke admits that the quoted phrase in paragraph 30 of the FAC appears in an email dated January 21, 2010.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 30 of the FAC.

PAGE 5 -   ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
           COUNTERCLAIMS

31.     Fluke admits that the drop test video underwent an editing process before publication.  Fluke denies the remaining allegations in paragraph 31 of the FAC.

32.     Fluke denies the allegations in paragraph 32 of the FAC.

33.     Fluke denies the allegations in paragraph 33 of the FAC.

34.     Fluke admits that the Flir i7, i60 and T400 thermal imaging cameras used in the drop test were dropped more than once.  Fluke denies the remaining allegations in paragraph 34 of the FAC.

35.     Fluke admits that the quoted phrase in paragraph 35 of the FAC appears in a draft version of the drop test video.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 35 of the FAC.

36.     Fluke denies the allegations in paragraph 36 of the FAC.

37.     Fluke admits that the quoted phrase in paragraph 37 of the FAC appears in a draft document.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 37 of the FAC.

38.     Fluke denies the allegations in paragraph 38.

39.     Fluke admits that the first quoted phrase in paragraph 39 of the FAC appears in the drop test video, and the second quoted phrase appears in an email sent by a Fluke employee dated January 21, 2010.  Fluke avers that the FAC has set forth the quoted language in isolation and out of the context in which it originally appeared.  Fluke denies the remaining allegations in paragraph 39 of the FAC.

40.     Fluke denies the allegations in paragraph 40 of the FAC.

41.     Fluke denies the allegations in paragraph 41 of the FAC.

42.     Fluke admits that the drop test video is available for viewing on the Fluke website and YouTube.  Fluke denies the remaining allegations in paragraph 42 of the FAC.

PAGE 6 -     ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

43.     Fluke is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding contacts with Sierra Media contained in paragraph 43 of the FAC, and therefore denies the allegations.  Fluke denies the remaining allegations in paragraph 43 of the FAC.

44.     Fluke admits that it owns a trademark for IR FUSION, that the trademark is listed under Federal Registration No. 3,442,328, and that Fluke has demanded that Flir cease use of its trademark.  Fluke denies the remaining allegations in paragraph 44 of the FAC.

45.     Fluke denies the allegations in paragraph 45 of the FAC.

46.     Fluke denies the allegations in paragraph 46 of the FAC.

47.     Fluke admits that Flir seeks the relief described in paragraph 47 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  Fluke denies the remaining allegations in paragraph 47 of the FAC.

## CAUSES OF ACTION

### COUNT ONE [False Advertising Under Lanham Act—15 U.S.C. § 1125(a)(1)(B)]

48.     Fluke restates and incorporates its responses to paragraphs 1 through 47 above as if fully set forth herein.

49.     Paragraph 49 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 49 of the FAC.

50.     Paragraph 50 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 50 of the FAC.

51.     Paragraph 51 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 51 of the FAC.

PAGE 7 -   ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                  COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

52.    Paragraph 52 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 52 of the FAC.

53.    Paragraph 53 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 53 of the FAC.

54.    Flir admits that Flir seeks the relief described in paragraph 54 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  Paragraph 54 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 54 of the FAC.

55.    Paragraph 55 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 55 of the FAC.

56.    Flir admits that Flir seeks the relief described in paragraph 56 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  Paragraph 56 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 56 of the FAC.

57.    Flir admits that Flir seeks the relief described in paragraph 57 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  Paragraph 57 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 57 of the FAC.

## **COUNT TWO [Trade Libel/Commercial Disparagement]**

58.    Fluke restates and incorporates its responses to paragraphs 1 through 57 above as if fully set forth herein.

59.    Fluke denies the allegations in paragraph 59 of the FAC.

PAGE 8 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

60.     Paragraph 60 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 60 of the FAC.

61.     Fluke admits the drop test video was posted on its website and that the drop test video and/or a link to the video was posted on YouTube, Facebook, and Twitter.

62.     Paragraph 62 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 62 of the FAC.

63.     Paragraph 63 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 63 of the FAC.

64.     Paragraph 64 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 64 of the FAC.

65.     Paragraph 65 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 66 of the FAC.

67.     Paragraph 67 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 67 of the FAC.

68.     Paragraph 68 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 68 of the FAC.

PAGE 9 -    ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

69.     Fluke admits that Flir seeks the relief described in paragraph 69 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  To the extent a further response is required, Fluke denies the allegations in paragraph 69 of the FAC.

70.     Paragraph 70 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 70 of the FAC.

71.     Paragraph 71 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 71 of the FAC.

72.     Fluke admits that Flir seeks the relief described in paragraph 72 of the FAC, but denies that Flir is entitled to the relief requested or any relief whatsoever.  Paragraph 72 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 72 of the FAC.

**COUNT THREE [Intentional Interference with Prospective Economic Relations]**

73.     Fluke restates and incorporates its responses to paragraphs 1 through 72 above as if fully set forth herein.

74.     Paragraph 74 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 74 of the FAC.

75.     Paragraph 75 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 75 of the FAC.

76.     Paragraph 76 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 76 of the FAC.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

77.     Paragraph 77 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 77 of the FAC.

78.     Paragraph 78 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 78 of the FAC.

79.     Paragraph 79 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 79 of the FAC.

80.     Paragraph 80 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 80 of the FAC.

81.     Paragraph 81 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 81 of the FAC.

82.     Paragraph 82 of the FAC contains allegations that pertain to a cause of action that has been dismissed by the Court and to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 82 of the FAC.

## COUNT FOUR [Civil Conspiracy]

83.     Fluke restates and incorporates its responses to paragraphs 1 through 82 above as if fully set forth herein.

84.     Paragraph 84 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 84 of the FAC.

PAGE 11 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

85.     Paragraph 85 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 85 of the FAC.

86.     Paragraph 86 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 86 of the FAC.

87.     Paragraph 87 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 87 of the FAC.

88.     Paragraph 88 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 88 of the FAC.

### COUNT FIVE [Aiding and Assisting]

89.     Fluke restates and incorporates its responses to paragraphs 1 through 88 above as if fully set forth herein.

90.     Paragraph 90 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Fluke to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 90 of the FAC insofar as Count Five pertains to Fluke.

91.     Paragraph 91 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Fluke to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 91 of the FAC insofar as Count Five pertains to Fluke.

92.     Paragraph 92 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Fluke to which no response is required.  To the extent a

PAGE 12 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

response is required, Fluke denies the allegations in paragraph 92 of the FAC insofar as Count Five pertains to Fluke.

93.    Paragraph 93 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Fluke to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 93 of the FAC insofar as Count Five pertains to Fluke.

94.    Paragraph 94 of the FAC contains allegations pertaining to a cause of action alleged against a defendant other than Fluke to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 94 of the FAC insofar as Count Five pertains to Fluke.

### COUNT SIX [Declaratory Relief Concerning the Alleged Trademark]

95.    Fluke restates and incorporates its responses to paragraphs 1 through 94 above as if fully set forth herein.

96.    Paragraph 96 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 96 of the FAC.

97.    Paragraph 97 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 97 of the FAC.

98.    Paragraph 98 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 98 of the FAC.

99.    Paragraph 99 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 99 of the FAC.

PAGE 13 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

100.   Paragraph 100 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 100 of the FAC.

101.   Paragraph 101 of the FAC contains conclusions of law to which no response is required.  To the extent a response is required, Fluke denies the allegations in paragraph 101 of the FAC.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the FAC, except as expressly set forth above, and without admitting or acknowledging that Fluke bears any burden of proof as to any of them, Fluke asserts the following additional defenses.  Fluke intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer to assert all such further defenses.

### First Affirmative Defense

The FAC fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

Flir's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

### Third Affirmative Defense

Flir's claims are barred, in whole or in part, by the competition privilege.

### Fourth Affirmative Defense

Flir's claims are barred, in whole or in part, because Fluke has not made any false, misleading, libelous or disparaging representations of fact regarding the source, nature, characteristics, or quality of Flir's thermal imaging cameras.

### Fifth Affirmative Defense

Flir's claims are barred, in whole or in part, because any statements made by Fluke were truthful and accurate and were not misleading or deceptive or likely to mislead or deceive, and

PAGE 14 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
         COUNTERCLAIMS

could not have been reasonably understood in a manner that was misleading or deceptive or likely to mislead or deceive.

### Sixth Affirmative Defense

Flir's claims are barred, in whole or in part, because Fluke had no intention or knowledge, nor any reasonable grounds to know, than any of its statements were false or misleading.

### Seventh Affirmative Defense

Flir claims are barred, in whole or in part, because the consuming public did not rely on the statements and/or omissions of which Flir now complains.

### Eighth Affirmative Defense

Flir's claims are barred, in whole or in part, by the fact that the alleged statements were such that no reasonable person could have relied on or misunderstood Fluke's statements as claims of fact.

### Ninth Affirmative Defense

Flir's claims are barred, in whole or in part, because the alleged statements and/or omissions were not material.

### Tenth Affirmative Defense

To the extent Flir suffered injury or damage, which Fluke denies, such injury or damage was not proximately caused by any conduct or inaction of Fluke, or was not foreseeable, or both.

### Eleventh Affirmative Defense

Flir's equitable claims are barred because Flir has an adequate remedy at law.

### Twelfth Affirmative Defense

Flir's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Thirteenth Affirmative Defense

Flir's claims are barred, in whole or in part, because Flir has suffered no compensable injury.

PAGE 15 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                  COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

### Fourteenth Affirmative Defense

Flir is not entitled to injunctive relief because it has not established irreparable harm.

### Fifteenth Affirmative Defense

Flir is not entitled to an award of attorneys' fees in the absence of a statute or law authorizing such fees.

### Sixteenth Affirmative Defense

Flir cannot recover damages from Fluke to the extent that the damages alleged by Flir are speculative or uncertain.

### Seventeenth Affirmative Defense

Flir cannot recover damages from Fluke to the extent that Flir failed to mitigate its alleged damages.

### Eighteenth Affirmative Defense

Flir is liable to Fluke in amounts in excess of those Flir claims herein.  Fluke is entitled to set off and/or recoup its damages against the damages, if any, that Flir may be awarded under the FAC.

### Nineteenth Affirmative Defense

Flir's claims are barred, in whole or in part, because Fluke's IR FUSION trademark registration is valid, subsisting, and incontestable.

****

Fluke requests that all of Flir's claims be dismissed with prejudice and that Fluke be awarded costs and attorneys' fees.  Fluke reserves the right to supplement its Answer and defenses to include any affirmative or other defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer accordingly.

PAGE 16 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## COUNTERCLAIMS

Defendant Fluke Corporation ("Fluke") asserts the following counterclaims ("Counterclaims") as Counterclaim Plaintiff against Plaintiff Flir Systems, Inc. ("Flir") as Counterclaim Defendant.  Fluke alleges as follows:

## INTRODUCTION

1.      Flir and Fluke compete in the thermal imaging camera market.  Flir is the market share leader, while Fluke is Flir's principal competitor.  Desperate to maintain its market share position vis-à-vis Fluke, Flir has routinely infringed on Fluke's IR FUSION trademark and engaged in false and misleading advertising.  These counterclaims arise from the continued infringement on Fluke's IR FUSION trademark and other misrepresentations in Flir's marketing materials.

2.      Fluke developed its patented IR FUSION technology and filed its trademark application in 2005, which was registered by the United States Patent and Trademark Office in 2008 (U.S. Reg. No. 3,443,328).  The IR FUSION mark—which Fluke has used extensively in its marketing—differentiates Fluke's thermal imaging cameras from those of its competitors.  Flir has nonetheless repeatedly violated Fluke's trademark rights by using the IR FUSION mark in advertising and even claiming in some materials that Flir invented IR FUSION.  Flir has and continues to falsely and deliberately misrepresent that its thermal imaging cameras have IR FUSION capabilities when they do not.

3.      Flir's false and misleading advertising is not limited to IR FUSION.  Flir has routinely and deliberately misrepresented the capabilities of its own thermal imaging cameras in its marketing materials, going so far as to cut-and-paste images from high resolution thermal imaging cameras onto pictures of its low and mid-range cameras.  Flir has also made and continues to make false and misleading statements in its marketing materials regarding the capabilities and quality of Fluke's thermal imaging cameras, stating, among other things, that

PAGE 17 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
               COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Fluke cameras "cannot measure," that its focus features result in "blurry images," and that its technology will result in measurements that are "wrong."

4.     Flir's actions violate federal and Oregon law.  Flir has misled customers, injured Fluke by adversely impacting Fluke's sales, and damaged Fluke's goodwill.  By this action, Fluke seeks to enjoin Flir from continuing its wrongful conduct, restrain Flir from further violation of Fluke's trademark rights, and recover damages for Flir's intentionally misleading actions.

**PARTIES**

5.     Flir is an Oregon corporation with a principal place of business in Wilsonville, Oregon.  Flir manufactures, markets and sells thermal imaging cameras.  Flir may be served by and through its attorney of record, Devon Zastrow Newman, Schwabe, Williamson & Wyatt, P.C., 1211 SW 5th Avenue, Suite 1900, Portland, Oregon 97204.

6.     Fluke is a Washington corporation with a principal place of business in Everett, Washington.  Fluke manufactures, markets and sells, inter alia, thermal imaging cameras.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331 and 1338 because the claims arise under federal law.

8.     This Court also has subject matter jurisdiction over the Counterclaims under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     This Court further has subject matter jurisdiction over the Counterclaims under 28 U.S.C. § 1367 because this Court has original jurisdiction over Flir's claims and the Counterclaims are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     By initiating suit in this Court, Flir has consented to personal jurisdiction.

PAGE 18 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                   COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

11.    Venue is proper pursuant to 28 U.S.C. § 1391 because Flir is subject to personal jurisdiction in the State of Oregon and would be subject to personal jurisdiction in this district if this district were a state, and because a substantial part of the events or omissions giving rise to the Counterclaims occurred in this Court and in this district.

## GENERAL ALLEGATIONS

### Background

12.    Infrared thermography is the science of using electrical optical devices to detect and measure radiation and correlating it to surface temperature.  These electrical optical devices, called thermal imaging cameras, allow the non-contact detection and measurement of infrared energy or temperature, which radiates from all objects, hot or cold.  Thermal imaging cameras use a detector to measure infrared energy.  The measurements are then converted into a thermal image by assigning colors to correspond to certain temperatures.

13.    Early thermal imagers were primarily developed for military applications.  In the 1960s, use of thermal imaging expanded into nonmilitary applications.  While thermal imaging technology continued to advance during subsequent decades, the past decade has seen further advances and a substantial reduction in cost such that thermal imaging cameras are used today by a host of maintenance professionals, facility managers and electrical contractors to inspect, troubleshoot and maintain electrical, mechanical and process equipment.  Use of thermal imaging cameras allows for the detection of potential problems and failures in such equipment.

14.    Thermal imaging equipment is sold to a market of sophisticated customers, many of whom receive specialized training and qualify for one of three levels of certification.  The thermal imaging market is largely comprised of individuals who are familiar with the market participants, products, and marketing materials associated with those products.

15.    Fluke and Flir both manufacture, market and sell thermal imaging cameras.  Flir is the market share leader in the thermal imaging camera industry.  Although there are a number

PAGE 19 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
              COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

of thermal imaging camera manufacturers, Fluke and Flir are each other's principal competition in most segments of the thermal imaging camera market.

**Fluke's IR FUSION Technology and Trademark**

16.     Fluke's thermal imaging cameras capture both an infrared and a visible image.  IR FUSION refers to a revolutionary patented technology pioneered by Fluke that automatically combines visible and infrared images.  While certain thermal imaging cameras manufactured by other companies, including Flir, have the capability to take both an infrared and visible image and combine the images in a picture-in-picture format, only Fluke's IR FUSION technology enables fused pixel-for-pixel alignment of infrared and visible images with physical parallax correction at any distance.

17.     Fluke's IR FUSION substantially increases the level of accuracy in many thermal imaging projects.  The application provides five different modes—alpha blend, full infrared, full visible, visible alarm and picture-in-picture—and is fully supported in both the imager and included in the SmartView software that accompanies Fluke's thermal imaging cameras.

18.     Fluke owns United States Trademark Registration No. 3,443,328, registered on June 3, 2008 and updated on July 29, 2008, for use in connection with "computer hardware and software used to run infrared imaging cameras for use in industrial, scientific applications, predictive and preventative maintenance and building science" (the "IR FUSION Registration"). A true and correct copy of the IR FUSION Registration is attached as Exhibit 1.

19.     Fluke's trademark rights date back to at least as early as May 12, 2005, the filing date of its trademark application.  Fluke has used its IR FUSION mark since at least as early as October 2005 and the mark is currently in use.

20.     The IR FUSION Registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the IR FUSION mark, of the registration of said mark, of Fluke's ownership of said mark, and of Fluke's exclusive right to use the mark in commerce.

PAGE 20 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

21.     Fluke has invested substantially in the marketing of its IR FUSION mark and technology.  The IR FUSION mark is used in Fluke's marketing and selling of thermal imaging cameras throughout the United States and internationally.  Due to this use, the consuming public has come to expect that thermal imaging cameras marketed under the IR FUSION mark are associated with Fluke.

22.     As a result of Fluke's continuous and exclusive use of the IR FUSION mark since at least October 2005, and the commercial success of the thermal imaging cameras marketed and sold in conjunction with the IR FUSION mark, Fluke has developed significant brand recognition and goodwill in the IR FUSION mark.  The IR FUSION mark is closely associated with Fluke and is a very valuable asset of the company.

### Flir Violates Fluke's Trademark and Falsely Represents that its Cameras are Equipped with IR FUSION

23.     Flir's thermal imaging cameras are not equipped with IR FUSION.  Despite Fluke's ownership and use of the IR FUSION mark, Flir nonetheless has repeatedly used Fluke's mark to misleadingly state that its thermal imaging cameras have IR FUSION technology and capabilities.  Additionally, materials utilized by Flir's distributors in their marketing—which, upon information and belief, is based on specifications provided by Flir—also falsely state that Flir cameras have IR FUSION.

24.     Flir has also used multiple other terms that are confusingly similar to IR FUSION, such as "FUSION," "FLIR FUSION," "FLIR'S FUSION," FLIR'S FUSION TECHNOLOGY," "FUSION TECHNOLOGY BY FLIR," "FLIR'S THERMAL FUSION" and "FUSION BY FLIR."

25.     By virtue of Fluke's use of its IR FUSION mark, Flir had constructive notice of Fluke's IR FUSION mark at least as early as October 2005.

26.     On April 15, 2008, Fluke contacted Flir after learning that the latter had used the term IR FUSION in a way likely to cause confusion as to the source of the product, and thus to

PAGE 21 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

harm Fluke.  After alerting Flir to its infringing use, Flir promised to stop using the IR FUSION mark, and it did so, but only for a time.

27.     By virtue of such correspondence, Flir had actual notice of Fluke's use of the IR FUSION mark and the filing of Fluke's IR FUSION trademark application at least as early as April 15, 2008.

28.     Despite Flir's agreement to cease infringing on Fluke's federally-registered trademark, Flir continued to infringe.  On August 5, 2010, in response to this continued infringement, Fluke alerted Flir to its continued infringement and requested that Flir cease and desist.

29.     In spite of these warnings, Flir continues to use these terms, misrepresenting the capabilities of its thermal imaging cameras and infringing on Fluke's federally-registered trademark.[1]

30.     Flir was familiar with Fluke's IR FUSION mark when Flir began using the term in its marketing, sales, promotion and internet-based materials.  Flir was further aware that its use of IR FUSION and confusingly similar phrases in its sales, advertising and marketing would likely cause confusion among customers, given that Flir sells thermal imaging cameras that are similar to, and compete with, thermal imaging cameras sold by Fluke, and the parties' goods are sold through overlapping channels of trade and, in many cases, though common distributors.

31.     Flir's use of the IR FUSION mark was intentional and undertaken with knowledge that it would mislead and deceive purchasers and prospective purchasers of thermal imaging cameras into mistakenly believing that Flir cameras are equipped with Fluke's IR FUSION technology, and/or that Flir's cameras are authorized by, manufactured by, or in some manner associated with Fluke, which they are not.

---

[1] *See, e.g.*, Exs. 2 through 14.

PAGE 22 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                 COUNTERCLAIMS

32.     Due to Flir's position as the market share leader, Flir's use of the IR FUSION mark is likely to overwhelm the goodwill and brand association that Fluke has built up in the IR FUSION mark, and will likely lead consumers to assume incorrectly that the IR FUSION offered by Fluke is equivalent to the IR FUSION technology falsely claimed by Flir, that IR FUSION originated with Flir, or that IR FUSION is otherwise affiliated with Flir.   The likelihood of confusion, mistake and deception engendered by Flir's misappropriation of Fluke's IR FUSION mark is causing irreparable harm to the goodwill and brand association symbolized by the IR FUSION mark and the reputation for quality that it embodies.

33.     Flir's misrepresentations with respect to IR FUSION are not limited to its use of the mark alone.  In addition to including the false statement that its thermal imaging cameras are equipped with IR FUSION, Flir's marketing materials refer to its "exclusive IR Fusion capability."  Flir even goes so far as to say that it "created" and "invented" IR FUSION.[2]

34.     Flir states that its cameras are equipped with IR FUSION when they are not, that IR FUSION is a technology exclusive to Flir when it is actually a technology exclusive to Fluke, and that IR FUSION was invented by Flir when it is actually patented and trademarked by Fluke. Accordingly, Flir's statements regarding IR FUSION are false and misleading.

**Flir's Repeatedly Misrepresents the Image Display Capabilities of its Cameras**

35.     Flir's misrepresentations with respect to the capabilities of its thermal imaging cameras go beyond its statements regarding IR FUSION.  Flir has also repeatedly displayed false and misleading pictures of its thermal imaging cameras in its marketing materials and in those of its distributors.  Specifically, Flir superimposes the infrared screen image from more expensive thermal imaging cameras on its comparatively less expensive cameras.  The cut-and-pasted images are of a higher resolution and contain greater detail than the infrared screen images that the advertised cameras are actually capable of capturing.

---

[2] *See, e.g.*, Exs. 15 through 23.

PAGE 23 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                  COUNTERCLAIMS

36.     Flir has engaged in this false and misleading practice in marketing materials for at least thirteen of its thermal imaging cameras: the i3, i5, i7, T300, T400, T425, T620, E30, E40, E50, E60, Extech i5, and Extech IRC 30.[3]  On information and belief, Flir has engaged in this same misleading practice in marketing materials for other models in its thermal imaging camera line as well.

37.     This false advertising practice misleads unsuspecting customers into believing that a relatively inexpensive Flir thermal imaging camera is capable of capturing and displaying thermal images of a quality that is only available on far more expensive cameras.  It also misleads customers to incorrectly conclude that the quality of thermal images captured by Flir's low and mid-range cameras is equivalent or superior to the image quality available in Fluke's cameras.

### Flir Makes False and Misleading Statements About Fluke's Cameras

38.     Flir's misrepresentations are not limited to its own thermal imaging cameras.  In a customer-directed presentation entitled "Why Flir for Architectural Testing," Flir states that the file format for images captured with the Fluke Ti32 camera is "proprietary" and that the Fluke Ti32 camera does not have an insulations alarm.  Both statements are false.  Fluke's thermal imaging cameras also capture images in a non-proprietary bitmap format and have an insulations alarm.  Furthermore, in a series of images taken in a dimly-lit room, Flir asserts that a dark thermal image (contrasted with a bright thermal image captured with the Flir b60 camera) was captured by a Fluke thermal imaging camera when it was not.[4]

39.     In another consumer-directed presentation entitled "T-Series Line Up, Comparison to the Fluke Ti32," Flir states that the Ti32 camera's manual focus "will result in blurry images."  This statement is false and misleading, since clear images are routinely captured with Fluke's manual focus.  Furthermore, on a slide entitled "Flir Has a Lamp, Fluke Does

---

[3] *See, e.g.*, Exs. 24 through 36.
[4] *See* Ex. 37.

PAGE 24 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
          COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Not!," Flir states that "without a lamp the Fusion feature is rendered useless in poorly lit areas!" Flir then asserts through the use of side-by-side images that a Flir camera captured bright thermal images while a Fluke camera captured dark images. But the assertion is false—the dark images portrayed in the presentation are in a square format that could not have been taken by a Fluke thermal imaging camera, which captures images in a landscape format. Finally, Flir states in a slide entitled "Flir Has Radiometric JPEG, Fluke Does Not!," that "Fluke's software has to be installed on each computer to view the images." Flir also makes the same statement in an advertisement for its i-series thermal imaging cameras. These statements are false and misleading because images are captured on Fluke's thermal imaging cameras in a bitmap standard format that does not require the installation of Fluke's software on each computer in order to view the images.[5]

40.    Flir has also used false and misleading marketing materials at trade shows. In one such instance, Flir sales representatives affixed yellow banana cartoons on actual yellow bananas (clearly referring to Fluke's distinctive yellow trade dress) that include a badge across the body of the cartoon stating "Drop Proof" and a dialogue bubble stating "I cannot measure, but you can drop me." This tasteless marketing piece's assertion that Fluke thermal imaging cameras cannot measure is false and misleading, since Fluke's thermal imaging cameras can indeed measure.[6]

41.    Finally, although all thermal imaging cameras have temperature accuracy variations, Flir's advertisement entitled "12 Things to Know Before Buying an Infrared Camera" falsely claims that unless a thermal imaging camera offers a temperature accuracy specification that is consistent with those of Flir's cameras, "[y]our images and temperature measurements will be wrong."[7]

---

[5] *See* Exs. 38 through 40.
[6] *See* Ex. 41.
[7] *See* Ex. 42.

PAGE 25 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
            COUNTERCLAIMS

42.     These false statements in Flir's marketing materials are intended to mislead customers into believing that Fluke thermal imaging cameras are not capable of capturing clear, accurate and useful thermal images.

**Flir's False and Misleading Statements are Damaging to Fluke**

43.     Flir's false statements that its cameras are equipped with IR FUSION functionality, its use of advertising that superimposes images taken with much higher resolution cameras onto photographs of its low and mid-range cameras, and its false and misleading statements about the quality and capabilities of Fluke's thermal imaging cameras have deceived customers and potential customers in the thermal imaging market, causing substantial injury to Fluke.

44.     Flir's false and misleading advertising caused a decline in Fluke's overall thermal imaging camera market share of approximately four percent.  Furthermore, the false statements have caused a substantial decline in the sales of the Fluke thermal imaging cameras that compete most directly with Flir's i-series cameras.  As a result of Flir's false and misleading advertising, sales of the Fluke Ti10 thermal imaging camera have declined at least $1.5 million, and sales of the Fluke Ti25 camera have declined by at least $24 million.  Furthermore, Fluke has undertaken, and will continue to undertake, marketing and advertising efforts in response to Flir's false and misleading advertising—particularly with respect to Flir's wrongful conduct regarding Fluke's IR FUSION mark.

45.     Fluke is likely to suffer, has suffered, and continues to suffer irreparable harm due to Flir's wrongful conduct.  The false and misleading marketing materials remain available for viewing on the internet and for use by Flir's sales force and distributors.  These materials were intended to influence, have influenced, and are likely to continue influencing potential Fluke customers by falsely and misleadingly bolstering the quality, reliability and capabilities of Flir's thermal imaging cameras, while diminishing the quality, reliability and capabilities of Fluke's thermal imaging products.

PAGE 26 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

## FIRST COUNTERCLAIM [Federal Trademark Infringement 15 U.S.C. § 1114]

46.     Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 45.

47.     Fluke alleges federal trademark infringement under Section 21(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     IR FUSION is a valid, protectable trademark.

49.     Fluke is the owner of the United States Trademark Registration (U.S. Reg. No. 3,443,328) for the mark IR FUSION, which issued on June 3, 2008 in the Principal Register of the United States Patent and Trademark Office.

50.     Flir infringed and misappropriated Fluke's registered IR FUSION trademark in commerce without permission. Flir's infringing uses of Fluke's registered mark are likely to and/or have caused actual confusion with consumers as to the source of the goods and affiliation. Flir's infringing use diminishes the value of Fluke's IR FUSION mark, goodwill and business reputation. The nature and extent of misappropriation of Fluke's IR FUSION mark by Flir is significant and willful.

51.     Flir used Fluke's IR FUSION mark and the terms "FUSION," "FLIR FUSION," "FLIR'S FUSION," FLIR'S FUSION TECHNOLOGY," "FUSION TECHNOLOGY BY FLIR," "FLIR'S THERMAL FUSION" and "FUSION BY FLIR," marks similar to IR FUSION, without the consent of Fluke in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

52.     Flir's actions are likely to lead the public to conclude, incorrectly, that IR FUSION offered by Fluke is equivalent to the IR FUSION technology falsely claimed by Flir, that IR FUSION originated with Flir, that IR FUSION is affiliated with Flir, and/or that Flir's thermal imaging cameras originate with, or are authorized by, the same party as Fluke's goods, which will damage both Fluke and the public.

PAGE 27 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                 COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

53.    Flir's unauthorized use of the IR FUSION mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake or deception.

54.    As a direct and proximate result of Flir's trademark infringement, Fluke has suffered and will continue to suffer loss of income, profits and goodwill, and Flir has and will continue to acquire income, profits and goodwill.

55.    Flir's acts of infringement will cause further irreparable injury to Fluke if Flir is not restrained by this Court from further violation of Fluke's rights.  Fluke is entitled to recover Flir's profits, actual damages, enhanced profits and damages, including trebling, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### SECOND COUNTERCLAIM [Common Law Trademark Infringement]

56.    Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 55.

57.    Fluke alleges trademark infringement in violation of Oregon common law.

58.    IR FUSION is a valid, protectable trademark.

59.    Fluke is the owner of the common law trademark IR FUSION since as early as June 3, 2008.

60.    Flir infringed and misappropriated Fluke's IR FUSION mark without permission.  Flir's infringement is likely to and has caused confusion by the public and diminishes the value of Fluke's mark, goodwill and business reputation.

61.    Flir used Fluke's IR FUSION mark and the terms "FUSION," "FLIR FUSION," "FLIR'S FUSION," FLIR'S FUSION TECHNOLOGY," "FUSION TECHNOLOGY BY FLIR," "FLIR'S THERMAL FUSION" and "FUSION BY FLIR," marks similar to IR FUSION, without the consent of Fluke in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

PAGE 28 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

62.     Flir's actions are likely to lead the public to conclude, incorrectly, that the IR FUSION offered by Fluke is equivalent to the IR FUSION technology falsely claimed by Flir, that IR FUSION originated with Flir, that IR FUSION is affiliated with Flir, and/or that Flir's thermal imaging cameras originate with, or are authorized by, the same party as Fluke's goods, which will damage both Fluke and the public.

63.     Flir's unauthorized use of the IR FUSION mark in interstate commerce as described above constitutes trademark infringement under Oregon common law and is likely to cause consumer confusion, mistake or deception.

64.     Flir acted with full knowledge of Fluke's use of, and statutory and common law rights to, the IR FUSION mark, and without regard to the likelihood of confusion created by Flir's activities.

65.     Fluke is informed and believes, and on that basis alleges, that Flir willfully and maliciously infringed in commerce Fluke's IR FUSION mark; that by its aforesaid conduct Flir willfully, maliciously and in bad faith is attempting to deceive the marketplace to the substantial detriment of Fluke's business, reputation and good will.

66.     As a direct and proximate result of Flir's trademark infringement, Fluke has suffered and will continue to suffer loss of income, profits and goodwill, and Flir has and will continue to acquire income, profits and goodwill.

67.     Flir's acts of infringement will cause further irreparable injury to Fluke if Flir is not restrained by this Court from further violation of Fluke's rights.   Accordingly, Fluke demands an amount of money damages to compensate Fluke for the harm caused, including but not limited to Flir's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs and interest.

### **THIRD COUNTERCLAIM [Declaration of Federal Trademark Infringement]**

68.     Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 67.

PAGE 29 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                    COUNTERCLAIMS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

69.   This counterclaim arises under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Lanham Act, 15 U.S.C. § 1114(1).

70.   A present actual controversy exists between Fluke and Flir as to whether Flir's commercial use in connection with its thermal imaging cameras of marks similar to Fluke's federally registered IR FUSION mark infringes on Fluke's IR FUSION mark.

71.   Fluke seeks, and is entitled to, a declaration that Flir's commercial use in connection with its thermal imaging cameras of Flir's federally registered IR FUSION mark, and similar marks, infringes on Fluke's IR FUSION mark in violation of 15 U.S.C. § 1114(1).

**FOURTH COUNTERCLAIM [Declaration of Common Law Trademark Infringement]**

72.   Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 71.

73.   This cause of action arises under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Oregon common law.

74.   A present actual controversy exists between Fluke and Flir as to whether Flir's commercial use in connection with its thermal imaging cameras of marks similar to Fluke's IR FUSION mark constitutes common law trademark infringement in violation of Fluke's rights in the IR FUSION mark.

75.   Fluke seeks, and is entitled to, a declaration that Flir's commercial use in connection with its thermal imaging cameras of marks similar to Flir's IR FUSION mark constitutes common law trademark infringement in violation of Fluke's rights in the IR FUSION mark.

**FIFTH COUNTERCLAIM [Unfair Competition under the Lanham Act]**

76.   Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 75.

77.   Fluke's IR FUSION mark has become uniquely associated with Fluke and is distinctive in the thermal imaging camera marketplace.

PAGE 30 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                   COUNTERCLAIMS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

78.     Flir marketed and markets in the same marketplace and geographic business area thermal imaging cameras using IR FUSION and the confusingly similar terms "FUSION," "FLIR FUSION," "FLIR'S FUSION," FLIR'S FUSION TECHNOLOGY," "FUSION TECHNOLOGY BY FLIR," "FLIR'S THERMAL FUSION" and "FUSION BY FLIR," in such a way as to be confusingly similar, and to look like, Fluke's mark and by that marketing falsely advertised and advertises and falsely represented and represents Fluke's thermal imaging cameras in a manner that implies that Fluke's IR FUSION is the same as or is affiliated with Flir, and/or Fluke's thermal imaging cameras are those of Flir, and Flir causes, has caused, and is likely to continue to cause confusion, mistake and deception as to the affiliation, attribution, connection or association of Fluke's IR FUSION mark and/or Fluke's thermal imaging cameras with Flir.

79.     Flir has made false representations, false descriptions and false designations of its thermal imaging cameras in violation of 15 U.S.C. § 1125(a)(1)(A).  Flir's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to Fluke's goodwill and reputation, for with Fluke has no adequate remedy at law.

80.     Flir's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Fluke's IR FUSION mark to the great and irreparable injury of Fluke.

81.     Flir's conduct has caused, and is likely to continue causing, substantial injury to the public and to Fluke.  Fluke is entitled to injunctive relief and to recover Flir's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

### SIXTH COUNTERCLAIM [False Advertising under the Lanham Act]

82.     Fluke hereby realleges, as if fully set forth herein, the allegations in paragraphs 1 through 81.

PAGE 31 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                   COUNTERCLAIMS

83.     In its marketing materials and advertisements, Flir has made false representations, false descriptions, and false designations in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B), including false statements regarding the capabilities and attributes of its own thermal imaging cameras, as well as the capabilities and attributes of Fluke's thermal imaging cameras.

84.     The false representations, false descriptions and false designations made by Flir are material because the statements have, and are likely to, influence consumer purchasing decisions.

85.     On information and belief, Flir's actions were intentional, willful and malicious.

86.     As a direct and proximate result of Flir's false advertising, Fluke has suffered injury and will continue to suffer loss of income, profits and goodwill, and Flir has and will continue to acquire income, profits and goodwill.

87.     Flir's conduct has caused, and is likely to continue causing, substantial injury to the public and to Fluke.  Fluke is entitled to injunctive relief and to recover Flir's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## **PRAYER FOR RELIEF**

WHEREFORE Fluke requests that the Court enter judgment against Flir, and award Fluke the following relief:

1.     Permanent injunctive relief;

3.     Actual, compensatory, and consequential damages;

4.     Disgorgement of Flir's profits in accordance with 15 U.S.C. § 1117;

5.     A judgment declaring that the IR FUSION mark is valid;

6.     A judgment declaring that Flir has infringed on the IR FUSION mark in violation of 15 U.S.C. § 1114(1);

PAGE 32 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
                   COUNTERCLAIMS

7.    A judgment declaring that Flir has infringed on the IR FUSION mark in violation of Oregon common law;

8.    Reasonable attorneys' fees and costs in this action; and

9.    Such other relief and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Fluke respectfully demands a trial by jury on all claims and issues so triable.

DATED:  May 27, 2011

LANE POWELL PC


By____/s/ Parna A. Mehrbani_____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone:  503.778.2100


WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas, pro hac vice
Matthew V. Johnson, pro hac vice


Attorneys for Defendant Fluke Corporation

PAGE 33 -  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND
          COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200