**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Dane H. Butswinkas** (*appearing pro hac vice*)
dbutswinkas@wc.com
**Matthew V. Johnson** (*appearing pro hac vice*)
mjohnson@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: 202.434.5000
Facsimile: 202.434.5029

Attorneys for Defendant Fluke Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>**SIERRA MEDIA, INC.**, a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation,<br><br>                    Defendants. | No. 3:10-cv-00971-HU<br><br>Defendant/Counterclaim Plaintiff Fluke Corporation's<br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE |

PAGE 1 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO
           DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

## I. INTRODUCTION & BACKGROUND

Fluke Corporation's ("Fluke") thermal imaging cameras have long been distinguished in the marketplace by their ruggedness. To demonstrate this hallmark attribute, Fluke posted an online promotional video in March 2010 that shows, in a collage format, the results of a test it commissioned in which five thermal imaging cameras manufactured by Fluke and two other companies were dropped from a height of two meters to a concrete floor below. A methodology document linked to the video explains that the drop test was performed and filmed by Defendant Sierra Media, and that each thermal imaging camera was dropped multiple times on the same day at the same location.

Flir Systems, Inc. ("Flir") responded to the poor performance of its thermal imaging cameras in the drop test by filing this lawsuit five months later. (Doc. No. 1). Since then, Flir has revised the theory of its case several times. As a result, this is Fluke's third motion to dismiss. Fluke filed its first motion on November 30, 2010 (doc. nos. 22, 23); Flir did not file an opposition. Instead, Flir filed a First Amended Complaint ("FAC") on December 30, 2010. (Doc. No. 37). Fluke filed its second motion on January 27, 2011 (doc. nos. 38, 39), which the Court granted in part on May 10, 2011 (doc. no. 67).[1] Fluke answered the FAC on May 27, 2011, also asserting counterclaims for trademark infringement and declaration of trademark infringement under federal law and Oregon common law, and for false advertising and unfair competition under federal law. (Doc. No. 70). Flir answered Fluke's counterclaims on July 5, 2011. (Doc. No. 75). Three days later, Flir filed its Second Amended Complaint ("SAC"). (Doc. No. 76).

The SAC is procedurally improper and should be dismissed in its entirety. Disregarding this Court's May 17, 2011 Order (doc. no. 68) and the Federal Rules of Civil Procedure, Flir

---

[1] The Court dismissed Flir's Intentional Interference with Prospective Economic Relations claim. Since filing the SAC, counsel for Flir has represented to counsel for Fluke that although the SAC includes the dismissed Intentional Interference claim (Count Four), Flir does not intend to pursue the claim in light of the Court's May 10, 2011 Order.

PAGE 2 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

filed the SAC without obtaining the opposing parties' consent or seeking leave of court. The SAC adds scant new factual allegations, but asserts a new claim for Unfair Competition under Oregon Common Law (Count Two), a claim styled "Agency" (Count Seven), and a demand for punitive damages. In the alternative to dismissing the SAC, Flir's new causes of action should be dismissed on the merits for failure to state a claim. First, Flir's Unfair Competition claim fails because Flir did not allege (a) misappropriation of intellectual property or misuse of a business or product name, or (b) resulting customer confusion. Second, Flir's claim for "Agency" should be dismissed because it is not a stand-alone cause of action, but rather a derivative theory that transfers liability from an agent to a principal. Finally, Flir's demand for punitive damages should be stricken, as it contravenes the Oregon Constitution's prohibition of punitive damage awards in actions based on speech.

## II. LEGAL STANDARD

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A claim must "provide the grounds of [the] entitle[ment] to relief" and "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (second alteration in original, citation and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949, and, in deciding whether a plaintiff has adequately stated a claim, the court must draw upon both "its judicial experience and common sense." *Id.* at 1950. "'While legal conclusions can provide the

PAGE 3 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

framework of a complaint, they must be supported by factual allegations.'" *Barinaga v. JP Morgan Chase & Co.*, 749 F. Supp. 2d 1164, 1172 (D. Or. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). The court need not accept as true any legal conclusions set forth in a pleading. *Id.* Indeed, when "considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint." *Fisher v. Bank of Am. Home Loans*, No. 10-3079-PA, 2010 WL 4296609, at *1 (D. Or. Oct. 21, 2010) (citing *Iqbal*, 129 S. Ct. at 1949).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Granting a motion to strike is within the broad discretion of the court. *Arch Chemicals, Inc. v. Radiator Specialty Co.*, No. 07-1339-HU, 2010 WL 5137656, at *1 (D. Or. Dec. 10, 2010).

## III. ARGUMENT

**A.     Flir's Second Amended Complaint Is Procedurally Improper.**

Following the hearing on defendants' motions to dismiss Flir's FAC, the parties agreed that some adjustment to the scheduling order was appropriate. With the consent of all parties, Defendant Sierra Media filed an Unopposed Motion to Reset Deadline to File a Motion or Stipulation or Declaration from Opposing Counsel, to Amend a Pleading or Add a Party on March 31, 2011. (Doc. Nos. 59, 60). This Court granted the motion on April 4, 2011 (doc. no. 61), and later extended the relevant deadline from April 1, 2011 to July 8, 2011 (doc. no. 68) ("Order"). The unopposed motion requested that "the Court set the deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim, to thirty (30) days after the Court files its order on the Motions to Dismiss" (doc. no. 59), and this Court ordered unequivocally in its Order that "[t]he deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim is July 8, 2011." (Doc. No. 68) (emphasis added).

PAGE 4 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO
            DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Thus, in unambiguous terms, the Court extended the deadline by which a party must *move to amend* to add a party or claim. Flir, however, did not move to amend to add Count Two (Unfair Competition), Count Seven (Agency) or its demand for punitive damages—much less do so by the Court's July 8, 2011 deadline. Moreover, Flir never met and conferred with Defendants regarding these amendments.[2] The Court's Order did not give the parties carte blanche to add claims or otherwise amend their pleadings without the opposing party's written consent or the Court's leave, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Yet, despite the plain language of the unopposed motion (doc. nos. 59, 60) and the Court's subsequent Order (doc. no. 68), Flir nonetheless filed the SAC on July 8, 2011—the deadline for the filing of a motion to amend to add a party or claim.

Accordingly, the Court should dismiss the SAC in its entirety as untimely and procedurally deficient insofar as it contravenes the plain language of the Court's Order and the requirements of Federal Rule of Civil Procedure 15(a)(2).

**B.  In the Alternative, Counts Two and Seven Should Be Dismissed for Failure To State Claims under Federal Rule of Civil Procedure 12(b)(6).**

The SAC should be dismissed in its entirety for the reasons stated above. In the alternative, the new claims alleged in the SAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. First, the SAC fails to properly allege a cause of action for common law unfair competition. Second, the

---

[2] On June 30, 2011, at Flir's request, a teleconference was held in which counsel for Flir inquired whether the parties would agree to jointly seek an extension of the Court's July 8, 2011 deadline. When asked whether Flir intended to amend the FAC, and, if so, how, counsel replied that Flir wanted another two to four weeks to "think about" doing so. Counsel for both defendants stated that they were not adverse to a reasonable extension to put pen to paper regarding a specific new claim or claims, but that they would not agree to seek extension giving Flir additional time for a deadline that had been pending for three months solely to give Flir more time to further ponder whether to file yet another amended complaint. Without any further discussion, Flir simply filed the SAC a little over one week later.

PAGE 5 -  FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

SAC's claim of "Agency" is not a stand-alone cause of action, but instead a derivative theory of liability.

### 1. Flir Has Failed To Properly Allege a Claim for Unfair Competition Under Oregon Law (Count Two).

Claims for unfair competition under Oregon common law are "limited to misappropriation of . . . intellectual property, such as [a] trade name or trade dress." *Volt Servs. Grp. v. Adecco Emp't. Servs., Inc.*, 178 Or. App. 121, 35 P.3d 329, 338 (Or. App. 2001). Furthermore, a proper claim for common law unfair competition must plausibly allege that the unlawful conduct caused a likelihood of confusion as to the identities of the plaintiff and defendants. *Wedgwood Homes, Inc. v. Lund*, 294 Or. 493, 659 P.2d 377, 378 (Or. 1983) (en banc) ("Plaintiff has failed to show a likelihood of consumer confusion of the identities of plaintiff and defendant. Its cause of action for unfair competition therefore fails." (footnote omitted)); *Volt Servs. Grp.*, 35 P.3d at 338 (a claim for unfair competition "requires a showing of a likelihood of consumer confusion." (citing *Wedgwood Homes*, 659 P.2d at 378)).

The Oregon Supreme Court described the historical basis for common law unfair competition claims, the particular circumstances under which Oregon courts consider such claims, and the confusion requirement, as follows:

> This court has traditionally applied the common law principles of unfair competition in litigation between businesses concerning the *use of corporate or assumed business names*. The justifications for court intervention in unfair competition cases are protection of an established business from unfair diversion of trade and protection of the user's interest in the *uniqueness of his name*. In unfair competition suits, the issue is one of injury to private rights, i.e. whether a prior user of a business name will likely be injured as a result of *public confusion engendered by another's use of an identical or similar name*.

*Photo & Sound Co. v. Corvallis*, 291 Or. 105, 628 P.2d 733, 737 (Or. 1981) (emphasis added) (footnotes omitted). This court has similarly stated that "[t]he test of unfair competition is whether it is probable that an ordinary buyer in the ordinary course of business will be deceived into believing that the product of one party is actually that of another." *Dial Temp. Help Serv.,*

PAGE 6 -  FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*Inc. v. Shrock*, 946 F. Supp. 847, 857 (D. Or. 1996) (citing *Columbia Eng'g Works v. Mallory*, 75 Or. 542, 147 P. 542, 544 (Or. 1915)). *See also Barman v. Union Oil Co.*, No. CIV. 97-563-AS, 2000 WL 1335055, at *5 (D. Or. Sept. 8, 2000), *aff'd in part, rev'd in part,* 50 F. App'x 824 (9th Cir. 2002); *Allegro Corp. v. Only New Age Music, Inc.*, No. Civ. 01-790-HU, 2003 WL 23571745, at *14 (D. Or. Jan. 23, 2003).

Flir's Unfair Competition claim is flawed in at least two ways. First, the conduct alleged solely concerns the drop test video, rather than any misappropriation of intellectual property or misuse of corporate business names. Second, it does not allege any public or customer confusion regarding the products or identities of Fluke and Flir as a result of such misappropriation or misuse. And while "[u]nder Oregon law, the test of unfair competition is essentially the same as under the Lanham Act," the state law/federal law correlation is not perfectly symmetrical—i.e. it is limited to factual circumstances (typically trademark cases) where the determinative factor is "whether it is probable that an ordinary buyer in the ordinary course of business would be deceived into believing that the product of one party is actually that of another." *Allegro Corp.*, 2001 WL 23571745, at *14 (citing *Dial Temp. Help*, 946 F. Supp. at 857). Count Two of the SAC does not allege consumer confusion generally, much less confusion regarding sponsorship or origin. Nor do the facts describing the drop test video in the SAC reasonably permit such an allegation. Because the SAC does not include the requisite allegations to sustain a cause of action for unfair competition under Oregon common law, the claim must fail.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count Two of the SAC should be dismissed for failure to state a claim upon which relief can be granted.

2.  **"Agency" Is Not a Viable Cause of Action Under Oregon Law (Count Seven).**

The SAC also includes a newly-minted claim entitled "Agency." Count Seven alleges that "an agency relationship existed between Fluke, as principal, and Sierra, as agent, with respect to the Video and the Test" and that "Fluke had the right to, and did, control Sierra's performance with respect to the Video and the Test." SAC ¶¶ 107-08. Fluke is not aware of any

PAGE 7 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Oregon cases that recognize Agency as a stand-alone cause of action. Instead, agency (or vicarious liability) is a derivative theory of liability.

> "Vicarious liability" is not a stand-alone cause of action. It is a derivative method of assigning liability to a party. *See Black's Law Dictionary* 934 (8th Ed. 2004) (vicarious liability is liability "that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties").

*Bond v. Rexel, Inc.*, No. 5:09-CV-122, 2011 WL 1578502, at *9 (W.D.N.C. Apr. 26, 2011). Other courts agree. *See Mitchell v. Cnty. of Nassau*, No. CV 05-4957 (WDW), -- F. Supp. 2d --, 2011 WL 1113767, at *17 n.9 (E.D.N.Y. Mar. 24, 2011) ("[V]icarious liability is not an independent cause of action, under either federal or state law. It is merely a doctrine that enables, in certain circumstances, a defendant who played no part in the occurrence causing the plaintiff's injury to be held legally responsible for the plaintiff's injury caused by the tort of another person." (alterations and internal quotations omitted)); *Harvey v. City of Fresno*, No. 1:08-CV-01399-OWW-DLB, 2010 WL 892114, at *14 (E.D. Cal. Mar. 9, 2010) (dismissing vicarious liability claim); *Ntsebeza v. Daimler AG (In re S. African Apartheid Litig.)*, 617 F. Supp. 2d 228, 301 (S.D.N.Y. 2009) ("[V]icarious liability is not a cause of action; it is a principle for the distribution of civil liability for an independent tort."); *Hayes v. Chartered Health Plan*, 360 F. Supp. 2d 84, 89 (D.D.C. 2004) (dismissing vicarious liability and apparent or ostensible agency claim); *Proctor & Gamble Co. v. Amway Corp.*, 80 F. Supp. 2d 639, 682 (S.D. Tex. 1999) (dismissing vicarious liability claim), *aff'd in part, rev'd in part*, 242 F.3d 539 (5th Cir. 2001); *Lawhon v. Kinney Shoe Corp.*, No. 97-1463-CIV-T-17E, 1998 WL 182421, at *3 (M.D. Fla. Mar. 27, 1998) (dismissing agency claim), *aff'd in part, rev'd in part*, 170 F.3d 188 (11th Cir. 1999) (unpublished table decision).

The absence of legal authority in Oregon recognizing agency as a stand-alone cause of action, and the affirmative statements of other courts that agency is merely a derivative theory of

PAGE 8 -   FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

liability, are fatal to Flir's claim. Accordingly, the court should dismiss Count Seven of the SAC for failure to state a claim upon which relief can be granted.

C.  **Flir's Punitive Damages Demand Should Be Stricken.**

Finally, Flir's newly-added demand for punitive damages is contrary to Oregon law and should be stricken. Specifically, Article I, Section 8 of the Oregon Constitution prohibits the recovery of punitive damages in actions based on speech. *Nordictrack, Inc. v. Wilson*, No. 93-1620-JE, 1994 WL 421501, at *3 (D. Or. May 9, 1994) (citing *Wheeler v. Green*, 286 Or. 99, 593 P.2d 777, 789 (Or. 1979)). On this well-settled principle, Fluke and Flir agree. *See* Flir's Answer to Def. Fluke Corp.'s Countercls. (Doc. No. 75) (asserting Article I, Section 8 as an affirmative defense to Fluke's request for punitive damages in Count Two of its Counterclaims). Tellingly, while Flir claimed punitive damages in its original Complaint, it withdrew this demand from the FAC, after Fluke raised Article I, Section 8 in its first motion to dismiss, nine months ago.

Where a defendant's liability is based upon the "'abuse' of speech and expression," the Oregon Constitution limits a defendant's responsibility to "civil liability for compensation only." *Ault v. Hustler Magazine, Inc.*, No. 86-381-FR, 1986 WL 20896, at *9 (D. Or. Oct. 20, 1986) (internal quotations omitted). The reason is that "the threat of large damage recoveries can easily inhibit the exercise of freedom of constitutionally protected expression, as well as its abuse." *Wheeler*, 593 P.2d at 789. Accordingly, in Oregon, punitive damages are unavailable in actions ranging from defamation to intentional infliction of emotional distress. *See id.* (holding that punitive damages are prohibited in defamation actions); *Hall v. May Dep't Stores Co.*, 292 Or. 131, 637 P.2d 126, 136 (Or. 1981) (holding that Article I, Section 8 bars punitive damages based on a claim of intentional infliction of emotional distress accomplished through speech), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841 (Or. 1995).

While the FAC did not request punitive damages, Flir has again added such a demand to its Unfair Competition (Count Two), Civil Conspiracy (Count Five), and Agency (Count Six)

PAGE 9 - FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

claims in the SAC.[3] *See* SAC ¶¶ 62, 98, 110, and "Prayer for Relief," ¶ 2.[4] As alleged by Flir, the basis for Fluke's liability with respect to all of these causes of action is the publication of the drop test video—a clear-cut form of constitutionally protected speech. This form of expression falls squarely into the category of speech protected by the Oregon Constitution. As a matter of law, therefore, Flir's demand for punitive damages should be stricken from the SAC.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Flir's Second Amended Complaint in its entirety for failure to seek leave of court to add claims or otherwise amend prior to the Court's July 8, 2011 deadline. Alternatively, the Court should dismiss Counts Two and Seven of the Second Amended Complaint for failure to state claims upon which relief can be granted, and strike Flir's demand for punitive damages.

DATED: August 8, 2011

LANE POWELL PC

By /s/
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100

WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (*appearing pro hac vice*)
Matthew V. Johnson (*appearing pro hac vice*)

Attorneys for Defendant Fluke Corporation

---

[3] For the reasons stated above, independent of the unavailability of punitive damages, Flir's claims for Unfair Competition and Agency should be dismissed for failure to state a claim.

[4] Flir also added a request for punitive damages to its Aiding and Assisting claim (Count Six). *See* SAC ¶ 105. Count Six appears to be alleged against Defendant Sierra Media only. Accordingly, Fluke does not specifically move to strike the request separately from that claim. However, to the extent the claim is not directed solely at Sierra Media, the Court should strike Flir's request for punitive damages contained therein as well.

PAGE 10 - FLUKE CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200