**BENJAMIN N. SOUEDE**, OSB No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:  (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR Systems, Inc., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>Fluke Corporation and Sierra Media, Inc.,<br><br>Defendants. | CASE NO. CV10-971-HU<br><br>**DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES**<br><br>**(ORAL ARGUMENT REQUESTED)** |

## I.    INTRODUCTION

Defendant Sierra Media, Inc. ("Sierra Media") moves pursuant to Federal Rule of Civil

Procedure 12(b) to dismiss Plaintiff FLIR Systems, Inc.'s ("FLIR's") Second Amended

PAGE 1 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
            MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE
            ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE
            REQUESTS FOR PUNITIVE DAMAGES

Complaint ("SAC") in its entirety.  FLIR filed the SAC without leave of court or a stipulation

from Defendants agreeing to the amendment of the First Amended Complaint to add additional

claims.  This filing was in violation of both Federal Rule of Civil Procedure 15 and of the

Court's May 17, 2011 Order.  The SAC should therefore be dismissed in its entirety.

In the alternative, Sierra Media moves pursuant to Federal Rule of Civil Procedure

12(b)(6) to dismiss Counts Two and Seven of the SAC for failure to state a claim on which relief

may be granted.[1]  Pursuant to Federal Rule of Civil Procedure 12(f), Sierra Media moves

additionally in the alternative to strike the SAC's repeated requests for punitive damages,

because such damages would violate Article I, Section 8 of the Oregon Constitution.

## II.    ARGUMENT

### A.    Legal Standards and Authority

The United States Supreme Court has recently clarified the pleading standards a federal

court complaint must meet in order to survive a Rule 12 motion to dismiss.  A plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S. 544, 570 (2007).   The plausibility standard requires "more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949

(2009).  When "a complaint pleads facts that are merely consistent with a defendant's liability, it

---

[1] The Court's May 10, 2011 Order granted Defendants' motions to dismiss the First Amended Complaint's Count Three, which purported to state a claim for Intentional Interference with Prospective Economic Relations.   The SAC includes that dismissed Count, now labeled as Count Four.   Counsel for FLIR has informed counsel for Sierra Media that the inclusion of this claim for relief in the SAC is purely for preservation purposes, and that FLIR does not intend to prosecute such a claim.

PAGE 2 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE
             ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE
             REQUESTS FOR PUNITIVE DAMAGES

stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

The *Twombley* Court explicitly rejected the earlier "no set of facts" pleading standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957), under which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombley*, 550 U.S. at 561.  Under the pleading standard explicated by *Twombley* and *Iqbal*, a plaintiff's complaint can survive a Rule 12(b)(6) motion only if it contains "more than labels and conclusions." *Twombley*, 550 U.S. at 550.  Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.*

Federal Rule of Civil Procedure 12(f) provides a federal district court with broad discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *Arch Chemicals, Inc. v. Radiator Specialty Co.*, No. 07-1339-HU, 2010 WL 5137656, at *1 (D. Or. Dec. 10, 2010).

> ### B. The SAC Was Not Filed Pursuant To Leave From the Court, Or Pursuant To A Stipulation By Defendants, And Should Be Dismissed In Its Entirety

Federal Rule of Civil Procedure 15(a)(1) grants a party the right to amend a pleading once as a matter of course (pursuant to several conditions).  Any subsequent amendments may be made "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

PAGE 3 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

FLIR filed its original complaint in this action on August 17, 2010.  It filed its First Amended Complaint on December 30, 2010.   Pursuant to Rule 15, no subsequent amendments of FLIR's complaint were permitted without either consent of the court or with Defendants' consent.

Moreover, the Court's May 17, 2011 Order in this matter stated clearly: "The deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim is July 8, 2011."   FLIR did not file any motion seeking to amend a pleading to add a claim by (or after) the July 8, 2011, deadline.  Nor did FLIR file (or seek from Defendants) a stipulation consenting to the amending of a pleading to add a claim.

Rather than follow the dictates of Rule 15 or the Court's May 17, 2011 Order, FLIR simply filed the SAC, which added two new claims for relief: (1) a claim for "unfair competition" and a claim for "agency."[2]  Because FLIR's second amendment of its complaint was not authorized by the Federal Rules of Civil Procedure or the Court's Order, the SAC should be dismissed in its entirety.

### C.    Count Two Fails To State A Claim Against Sierra Media For "Unfair Competition"

Count Two of the SAC purports to state a claim for "unfair competition" against Sierra Media.  A claim for unfair competition under Oregon law is "limited to misappropriation of a competitor's intellectual property, such as trade name or trade dress."  *Volt Servs. Group, Div. of Volt Management Corp. v. Adecco Employment Servs., Inc.,* 178 Or. App. 121, 135, 35 P.3d 329,

---

[2] The SAC also included an amendment to FLIR's "Aiding and Assisting" claim (now Count Six) to include an allegation that Sierra Media aided and assisted Fluke in the commission of the tort of unfair competition.

PAGE 4 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

338 (2001).  Vitally, a claim for unfair competition "requires a showing of a likelihood of consumer confusion."  *Id.  See also*, *Wedgewood Homes, Inc. v. Lund*, 294 Or. 493, 495, 659 P.2d 377, 378 (Or. 1983).

"Customer confusion" in the unfair competition context refers to confusion over the source of the product – that is, confusion over which competitor's product is being purchased. *See Dial Temporary Help Serv., Inc. v. Shrock,* 946 F. Supp. 847, 857 (D. Or. 1996) (citing *Columbia Eng'g Works v. Mallory,* 75 Or. 542, 547, 147 P. 542, 547 (1915)) ("The test of unfair competition is whether it is probable that an ordinary buyer in the ordinary course of business will be deceived into believing that the product of one party is actually that of another.").  *See also Allegro Corp. v. Only New Age Music, Inc.,* No. Civ. 01-790-HU, 2002 WL 32806161, at * 13 (D. Or. Oct. 4, 2002) (Report and Recommendation of Hubel, M.J.), *adopted by Allegro*, 2003 WL 23571745, at *14 (D. Or. Jan. 23, 2003) ("Under Oregon law, the test of unfair competition is essentially the same as under the Lanham Act: whether it is probable that an ordinary buyer in the ordinary course of business *would be deceived into believing that the product of one party is actually that of another*." (citation omitted) (emphasis added)).

Count Two fails entirely to allege the required element of likelihood of customer confusion, and should be dismissed.  *See Wedgwood Homes, Inc.,* 294 Or. at 495, 659 P.2d at 378 ("Plaintiff has failed to show a likelihood of consumer confusion of the identities of plaintiff and defendant.  Its cause of action for unfair competition therefore fails.")  *See also Volt Servs. Group,* 178 Or. App. at 135, 35 P.3d at 33 ("Plaintiff did not allege a likelihood of consumer

PAGE 5 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE
             ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE
             REQUESTS FOR PUNITIVE DAMAGES

confusion, nor did it offer such evidence. The trial court did not err in granting summary judgment to defendant on plaintiff's unfair competition claim." (citation omitted)).

Count Two's (and the SAC's) only claim that remotely approaches "customer confusion" is the allegation that the relevant Test Video's allegedly false "representations concerning the durability of FLIR's and Fluke's cameras" would lead consumers to question "the durability of FLIR's cameras after watching the Video." (SAC at ¶ 59). This is not an allegation of "customer confusion" as is required for a claim of unfair competition. As quoted above, "[t]he test of unfair competition is whether it is probable that an ordinary buyer in the ordinary course of business *will be deceived into believing that the product of one party is actually that of another.*" *Dial*, 946 F. Supp. at 847 (emphasis added).[3] An allegation that a customer might form a mistaken opinion about a FLIR camera is insufficient under the test for customer confusion.

Moreover, FLIR *could not* have alleged a "likelihood of customer confusion" against Sierra Media. As alleged by the SAC, Sierra Media is a "media and marketing company." (SAC at ¶ 8). Sierra Media is not alleged to (and in fact does not) manufacturer or distribute "thermal imagers." Quite simply, Sierra Media and Flir are not competitors and the SAC contains no allegation (and could not contain any good faith allegation) that Sierra Media "competes" with FLIR in any way. "Competition" is a logically required prerequisite to "unfair competition" and

---

[3] *See also, e.g., Columbia Eng'g Works*, 75 Or. at 544 ("Rival manufacturers may lawfully compete for the patronage of the public in the quality and price of their goods, for the beauty and tastefulness of their inclosing packages, in the extent of their advertising, and in the employment of agents, but *they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals.*") (citation omitted) (emphasis added).

PAGE 6 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

it is wholly absent as between FLIR and Sierra Media.   Put even more simply: there is no Sierra Media "product" that a customer could confuse with any FLIR product.

Count Two fails to allege a likelihood that consumers will purchase Sierra Media (or, for that matter, Fluke) products under the mistaken impression that the products are manufactured by FLIR.  Count Two therefore fails to state a claim for unfair competition under Oregon law, and should be dismissed.

### D.    Count Seven Purports to State A Claim Against Sierra Media for "Agency"; There Is No Such Cause of Action Available Under Oregon Law

Count Seven of the SAC purports to state a claim for "agency."   There is, however, no such cause of action recognized by Oregon law.  Rather, agency is a theory of vicarious liability by which liability established under a recognized cause of action may be "assigned" to a party. *See, e.g., Vaughn v. First Transit, Inc.*, 346 Or. 128, 137, 206 P.3d 181, 187 (2009) ("Understanding agency law in the context of vicarious liability requires an understanding of two types of agents * * *."); *Viado v. Domino's Pizza, LLC*, 230 Or. App. 531, 533, 217 P.3d 199, 201 (Or. Ct. App. 2009) *rev den*, 347 Or. 608, 226 P.3d 43 (2010) ("The first question, for purposes of vicarious liability, is whether the relationship in question is one of "agency.").

Courts that have addressed the question directly have agreed that a "vicarious liability" claim of agency is not an independent cause of action. *See, e.g., Crawford v. Signet Bank*, 179 F.3d  926, 929 (D.C. Cir. 1999) ("Vicarious liability is not an independent cause of action, but rather is a legal concept used to transfer liability from an agent to a principal at trial.") (quotation and citation omitted); *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App. 2004) ("Agency, vicarious liability and res ipsa loquitur are not, in and of themselves, independent causes of

PAGE 7 –    DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

action."). Oregon courts have agreed explicitly with this universal view with respect to claims for conspiracy. *See Estate of Sworden ex rel. Sworden v. Reynolds Metals Co*., No. CV-04-1048-HU, 2005 WL 1389073, at *17 n. 1 (D. Or. June 8, 2005).

Because agency is not a cause of action under Oregon law, Count Seven's claim for relief under a theory of agency must be dismissed.

### E.    The SAC's Requests for Punitive Damages Should Be Stricken; Such Damages Would Violate the Oregon Constitution

The SAC requests punitive damages on Count Two (Unfair Competition), Count Five (Civil Conspiracy) and Count Seven (Agency).   All of the SAC's claims for relief in this case are based on the alleged speech of Fluke and/or Sierra Media.  Article I, Section 8 of the Oregon Constitution prohibits the recovery of punitive damages in actions based on speech.[4]  *See, e.g.*, *Nordictrack, Inc. v. Wilson*, No. 93-1620-JE, 1994 WL 421501, at *3 (D. Or. May 9, 1994) (citing *Wheeler v. Green*, 593 P.2d 777, 789 (Or. 1979)).   The SAC's requests for punitive damages should therefore be stricken.

---

[4] Article I, Section 8 reads, in its entirety: "Section 8. Freedom of speech and press. No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

PAGE 8 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

### III.    CONCLUSION

For the foregoing reasons, Defendant Sierra Media respectfully requests that the Court dismiss the Second Amended Complaint in its entirety.  In the alternative, Defendant Sierra Media respectfully requests that the Court dismiss Count Two and Count Seven of the Second Amended Complaint.

DATED this 8th day of August, 2011.

Respectfully submitted,

s/ Benjamin N. Souede
BENJAMIN SOUEDE, OSB No. 081775
DAVID ANGELI, OSB No. 020244
(503) 954-2232
Attorneys for Defendant Sierra Media, Inc.

PAGE 9 –     DEFENDANT SIERRA MEDIA, INC.'S MEMORANDUM IN SUPPORT OF
             MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE
             ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE
             REQUESTS FOR PUNITIVE DAMAGES