**Devon Zastrow Newman,** OSB #014627
E-mail:  dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon  97204
Telephone:  (503) 796-2944
Facsimile:  (503) 796-2900

-and-

**William A. Brewer III,** *pro hac vice pending*
Email:  wab@bickelbrewer.com
**Michael J. Collins,** *appearing pro hac vice*
E-mail:  mjc@bickelbrewer.com
**C. Dunham Biles,** *appearing pro hac vice*
E-mail:  cdb@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201-4612
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

ATTORNEYS FOR PLAINTIFF FLIR SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation,<br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>**SIERRA MEDIA, INC.** and **FLUKE CORPORATION,**<br>　　　　　Defendants. | Case No. 3:10-CV-971-HU<br><br>PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

**PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

# TABLE OF CONTENTS

Page No.

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  RELEVANT PROCEDURAL BACKGROUND ......................................................2

III. SUMMARY OF ARGUMENT ..................................................................................4

IV.  ARGUMENT AND AUTHORITIES ........................................................................4

    A.   Relevant Legal Standard ................................................................................4

    B.   The Court Should Grant Leave For FLIR To File Its Second Amended Complaint.........................................................................................................6

        1.   FLIR timely submitted its Second Amended Complaint. ...........................6

        2.   Fluke and Sierra would not be prejudiced by the Court granting FLIR leave to amend. ...................................................................................7

        3.   FLIR's Second Amended Complaint is not futile under Oregon law. ........9

V. REQUEST FOR RELIEF ..............................................................................................9

Page i- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff FLIR Systems, Inc. ("FLIR") files its Memorandum of Law in Support of Its *Nunc Pro Tunc* Motion for Leave to File Second Amended Complaint, as follows:

## I.

## PRELIMINARY STATEMENT

On July 8, 2011, FLIR submitted its Second Amended Complaint, in which it added: (i) an unfair competition claim based on false advertising under Oregon common law that mirrors FLIR's pending Lanham Act false advertising claim – which neither Sierra Media, Inc. ("Sierra") nor Fluke Corporation ("Fluke") has moved to dismiss – because that claim provides the additional remedy of punitive damages; (ii) an agency claim in the alternative to its pending civil conspiracy and aiding and assisting claims, because Sierra asserted in connection with its motion to dismiss FLIR's First Amended Complaint that it could not be held liable for civil conspiracy as its actions were undertaken pursuant to its purported agency relationship with Fluke; and (iii) a request for the additional remedy of punitive damages to the extent that Sierra's and Fluke's conduct is based on their improper commercial practices, not their speech.

Fluke and Sierra have moved to dismiss the Second Amended Complaint because FLIR failed to obtain leave of Court or Defendants' written consent to amend, and because FLIR's new claims are purportedly not cognizable under Oregon law. FLIR acknowledges that it did not seek leave of Court or Defendants' written consent to amend, because it concluded that the Court's Scheduling Order permitted amendment as a matter of right by July 8, 2011. Moreover, precedent from the United States Court of Appeals for the Ninth Circuit provides that FLIR's timely-submitted Second Amended Complaint should be construed as a motion for leave to amend. In any event, FLIR now files this *nunc pro tunc* motion for leave to amend because the

Page 1- PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

interests of justice dictate that FLIR should be permitted to file its Second Amended Complaint. Specifically, Fluke and Sierra cannot show any prejudice because FLIR submitted and served the Second Amended Complaint before the deadline to amend pleadings and add new claims or parties, the amended complaint merely adds additional theories of recovery based on essentially the same facts set forth in FLIR's First Amended Complaint, the fact discovery deadline is not until October 14, 2011, trial is not until August 6, 2012, and the amended complaint is not futile for the reasons set forth in FLIR's Response to Defendants' Motion to Dismiss and/or Strike Second Amended Complaint.[1] Accordingly, FLIR respectfully requests that the Court grant FLIR's *nunc pro tunc* motion for leave to file its Second Amended Complaint.

## II.

## RELEVANT PROCEDURAL BACKGROUND

On December 30, 2010, FLIR filed its First Amended Complaint, asserting six causes of action against Fluke and/or Sierra: (i) false advertising under the Lanham Act; (ii) trade libel/commercial disparagement; (iii) intentional interference with prospective economic relations; (iv) civil conspiracy; (v) aiding and assisting; and (vi) declaratory relief regarding Fluke's alleged trademark.[2] Fluke and/or Sierra moved to dismiss for failure to state a claim only FLIR's state law claims – *i.e.*, FLIR's causes of action for trade libel/commercial disparagement, intentional interference with prospective economic relations, civil conspiracy, and aiding and assisting.[3] In its reply brief, Sierra argued that it could not be held liable on

---

[1] The response is contemporaneously filed herewith and incorporated herein by reference.

[2] *See* Doc. #37.

[3] *See* Doc. ##38-41.

Page 2- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

FLIR's civil conspiracy claim because FLIR "allege[s] very clearly the existence of a principal-agent relationship between Fluke and Sierra Media."[4]

Subsequently, the Court struck the original deadline of April 1, 2011, for the parties to add claims or parties because the hearing on Fluke's and Sierra's motions to dismiss was continued to April 25, 2011.[5] On May 10, 2011, the Court granted Fluke's and Sierra's motions to dismiss FLIR's intentional interference claim, but denied their motions to dismiss with respect to FLIR's other state law claims.[6] On May 17, 2011, pursuant to the stipulation of the parties, the Court entered a new Scheduling Order, which provided that "the deadline for the filing of a motion, or of a stipulation or declaration of opposing counsel, to amend a pleading or add a party or claim is July 8, 2011."[7] On June 30, 2011, the parties conferred about a brief extension of the deadline to add a party or claim; Defendants stated that they "were not adverse to a reasonable extension" of the Court's deadline of July 8, 2011, to allow FLIR "to put pen to paper regarding a specific new claim or claims."[8]

On July 8, 2011, FLIR submitted and served its Second Amended Complaint and Jury Demand, adding: (i) an unfair competition claim under Oregon common law based on FLIR's pending false advertising allegations; (ii) an agency cause of action, which was pleaded in the alternative to FLIR's civil conspiracy and aiding and abetting claims; and (iii) the remedy of punitive damages for FLIR's unfair competition, civil conspiracy, aiding and assisting, and

---

[4] See Doc. #55 at 4-5.

[5] See Doc. #61.

[6] See Doc. #67.

[7] See Doc. #68.

[8] See Doc. #81 at 5 n.2.


Page 3- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

agency claims.[9] FLIR filed its Second Amended Complaint without first obtaining leave of Court or the written consent of Fluke or Sierra to amend, because FLIR concluded that amendment was as a matter of right when the deadline to amend was reset after the Court's motions to dismiss order was entered. On August 8, 2011, Fluke and Sierra moved to dismiss FLIR's Second Amended Complaint because FLIR lacked leave from the Court or the written consent of Fluke and Sierra to file that amended pleading and, in the alternative, because FLIR's unfair competition and agency claims, as well as the additional remedy of punitive damages, are purportedly not cognizable under Oregon law.[10]

## III.

## SUMMARY OF ARGUMENT

The Court should grant FLIR leave to file its Second Amended Complaint because the amended pleading is neither prejudicial to Defendants nor futile.

## IV.

## ARGUMENT AND AUTHORITIES

### A. Relevant Legal Standard

Rule 15(a)(2) allows a party to amend its pleading with the Court's leave or the opposing party's written consent.[11] "The court should freely give leave when justice so requires,"[12] and may grant leave even when a party files an amended complaint without first filing a motion for

---

[9] *See* Doc. #76.

[10] *See* Doc. ##80-83.

[11] *See* FED. R. CIV. P. 15(a)(2).

[12] *See id.*

Page 4- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

leave.[13] The policy favoring amendment is to be applied with "extreme liberality," as a "presumption in favor of granting leave to amend" exists.[14]

Leave to amend should be denied only when the party seeking to amend the complaint has repeatedly failed to cure deficiencies by previously allowed amendments, or when the amendment is futile, prejudicial, in bad faith, done with a dilatory motive, or the cause of undue delay.[15] Prejudice is the most important consideration, but a strong showing of any of the other considerations may be sufficient to justify the denial of leave to amend.[16] The non-moving party must demonstrate prejudice – *e.g.*, that discovery will have to be reopened.[17] An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[18]

---

[13] *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Therefore, it is of no consequence that Cook did not file a formal motion, accompanied by a proposed amendment, requesting leave to amend.") (internal citations omitted).

[14] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049, 1051 (9th Cir. 2003).

[15] *See Glacier Optical, Inc. v. Optique Du Monde, Ltd.*, Civ. No. 91-985-FR, 1992 WL 176149, at *1 (D. Or. July 10, 1992).

[16] *See Eminence Capital, LLC*, 316 F.3d at 1052; *Wieder v. U.S. Bank, Nat'l Ass'n (Or.)*, No. CV 04-959-BR, 2005 WL 645230, at *3 (D. Or. Mar. 18, 2005) (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

[17] *See Wieder*, 2005 WL 645230, at *3 ("The party who opposes amendment bears the burden to show prejudice.") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *Howard v. Klika*, No. Civ. 03-792-AA, 2004 WL 2966911, at *1 (D. Or. Dec. 15, 2004) (noting that an amended complaint is generally not permitted after discovery closes and summary judgment motions have been filed) (collecting cases).

[18] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Wieder*, 2005 WL 645230, at *3 ("A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed

Page 5- PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

**B.	The Court Should Grant Leave For FLIR To File Its Second Amended Complaint.**

Although they do not discuss the standard for determining whether leave to amend under Rule 15(a)(2) is proper, Fluke's and Sierra's motions to dismiss are based on two contentions: (i) FLIR was required, but failed, to comply with the requirements of Rule 15; and (ii) in the alternative, FLIR's Second Amended Complaint is futile.[19]

**1.	FLIR timely submitted its Second Amended Complaint.**

As stated above, FLIR timely submitted its Second Amended Complaint, but did not file a motion seeking leave to amend.[20] FLIR's filing was timely under the Court's Scheduling Order, and Defendants received it prior to the expiration of that deadline.[21] Moreover, Defendants were on notice in advance of that deadline that FLIR intended to add new claims, because FLIR conferred with Defendants regarding a brief extension of that deadline (which ultimately was not sought).[22]

Further, neither Fluke nor Sierra argue that leave to amend should be denied because FLIR has repeatedly failed to cure deficiencies by previously allowed amendments, or because the amendment is in bad faith, done with a dilatory motive, or the cause of undue delay.[23] FLIR has complied with all other deadlines set by the Court.

---

amended complaint would be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

[19] *See* Doc. ##80-83.

[20] *See* Doc. #68.

[21] *See* Doc. #76.

[22] *See* Doc. #81 at 5 n.2.

[23] *See id.*

Page 6-	PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

## 2. Fluke and Sierra would not be prejudiced by the Court granting FLIR leave to amend.

In arguing that FLIR failed to comply with Rule 15(a)(2), Fluke and Sierra do not argue that they are prejudiced by that failure.[24] That is because Defendants cannot show any prejudice resulting from FLIR's timely submission of the Second Amended Complaint on July 8, 2011.

In the Ninth Circuit, the filing of an amended complaint without first obtaining leave to amend should nevertheless be construed as a motion for leave to amend.[25] In addition, Rule 15(a)(2) requires that leave be freely given to further the interests of justice,[26] which means that claims should be adjudicated on their merits rather than on procedural deficiencies.[27]

Here, FLIR timely submitted its Second Amended Complaint in accordance with the deadline for filing amended pleadings and adding claims or parties.[28] Defendants were also on notice in advance of that deadline that FLIR was considering adding new claims.[29]

Further, FLIR's new claims are based on essentially the same set of facts set forth in FLIR's First Amended Complaint and, therefore, do not create a need for additional discovery. Nevertheless, to the extent that Defendants desire to take additional discovery, fact discovery

---

[24] *See id.*

[25] *See Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 247.

[26] *See* FED. R. CIV. P. 15(a)(2); *see also Eminence Capital, LLC*, 316 F.3d at 1051.

[27] *See Franco v. Sitel Corp.*, No. Civ.03-1688-JE, 2004 WL 2075025, at *1 (D. Or. Sept. 15, 2004) ("'[L]eave to amend, though within the discretion of the trial court, should be guided by the underlying purpose of Rule 15(a) of the Federal Rules of Civil Procedure, which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'") (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001)).

[28] *See* Doc. ## 68, 76.

[29] *See* Doc. #81 at 5 n.2.

Page 7- PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

does not close until October 14, 2011, the summary judgment motion deadline is not until February 3, 2012, and trial is not until August 6, 2012.[30]

Specifically, FLIR's new common law unfair competition claim mirrors its false advertising claim under the Lanham Act, which Fluke and Sierra have not moved to dismiss.[31] In addition, the agency claim responds to Sierra's prior assertion in its reply brief in connection with its motion to dismiss FLIR's First Amended Complaint (which was made subsequent to the filing of FLIR's First Amended Complaint) that it cannot be held liable for civil conspiracy because FLIR's allegations demonstrate that its actions were undertaken as Fluke's agent.[32] Moreover, punitive damages are an additional available remedy for Defendants' improper commercial practices under Oregon law.[33] In other words, FLIR would have been entitled to leave to amend if it had been sought because FLIR's Second Amended Complaint adds only additional theories of recovery based on existing allegations and Defendants have not suffered any unfair prejudice.[34] Thus, the Court should grant FLIR leave to amend.

---

[30] *See* Doc. #68; *Howard*, 2004 WL 2966911, at *1.

[31] *See* Doc. #76, ¶¶ 47-66; Doc. #81 at 6-7; Doc. #82 at 4-7.

[32] *See* Doc. #55 at 4-5.

[33] *See* FLIR's Response to Defendants' Motion to Dismiss and/or Strike Second Amended Complaint, filed contemporaneously herewith.

[34] *See Everhart v. Waffle House, Inc.,* No. 7:10-cv-01424-JMC, 2011 WL 1674630, *1-2 (D. S.C. May 3, 2011) ("[I]f Everhart had requested the court's leave to amend her complaint in a timely manner, the court would have granted the request because the premises liability cause of action is based on the same set of facts alleged in the original complaint. . . . . [T]he record does not indicate that . . . Waffle House would be prejudiced by the untimely filing or by the substance of the Amended Complaint.") (recognizing that a prejudicial amendment is one that raises a new legal theory that is offered shortly before or during trial, whereas a non-prejudicial amendment is one that merely adds an additional theory of recovery to the facts already plead); *Hicks v. Resolution Trust Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991) ("Counts I and III are based on the same set of facts which the court [previously] granted plaintiff leave to file.

Page 8- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

### 3. FLIR's Second Amended Complaint is not futile under Oregon law.

For the reasons set forth in FLIR's Response to Defendants' Motion to Dismiss and/or Strike Second Amended Complaint, which is contemporaneously filed herewith and incorporated herein by reference, FLIR's Second Amended Complaint is not futile. Accordingly, the Court should grant FLIR leave to amend.

## V.

## REQUEST FOR RELIEF

For all the foregoing reasons, FLIR respectfully requests that the Court grant this *nunc pro tunc* motion for leave to file its Second Amended Complaint, and award it such other and

---

Plaintiff has not alleged any new facts; he has merely alleged additional theories of liability based on the same set of facts. The court determines that the claims set forth in Counts I and III do not unfairly surprise or prejudice the defendants."); *Am. Universal Ins. Co. v. Pugh (In re Pugh)*, 72 B.R. 174, 179 (D. Or. 1986) ("Defendants have demonstrated that had they sought leave of court to file their amended answer, permission would have been granted. To ignore the amended answer now would be in derogation of the liberal amendment policies embodied in Fed. R. Civ. P. 15(a)."); *Straub v. Desa Indus., Inc*. 88 F.R.D. 6, 8-9 (M.D. Pa. 1980) ("[S]ome courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities.") (citing 6 Wright & Miller, *Federal Practice & Procedure* § 1484, at 241); *see also Sapiro v. Encompass*, 221 F.R.D. 513, 517 (N.D. Cal. 2004) (finding no prejudice where the allegations of the first amended complaint were largely identical to those in the original complaint).

Page 9- **PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

further relief to which it is entitled.

DATED this 1st day of September, 2011.

          SCHWABE, WILLIAMSON & WYATT, P.C.

          By: s/ Devon Zastrow Newman
               Devon Zastrow Newman, OSB #014627
               Telephone 503.222.9981

          BICKEL & BREWER
               William A. Brewer III, *pro hac vice pending*
               Michael J. Collins, *appearing pro hac vice*
               C. Dunham Biles, *appearing pro hac vice*
               Telephone 214.653.4000

          Attorneys for Plaintiff FLIR Systems, Inc.

Page 10- PLAINTIFF FLIR SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

5249510.7
2069-08