**Devon Zastrow Newman,** OSB #014627
E-mail: dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon 97204
Telephone: (503) 796-2944
Facsimile: (503) 796-2900

-and-

**William A. Brewer III,** *pro hac vice pending*
Email: wab@bickelbrewer.com
**Michael J. Collins,** *appearing pro hac vice*
E-mail: mjc@bickelbrewer.com
**C. Dunham Biles,** *appearing pro hac vice*
E-mail: cdb@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

ATTORNEYS FOR PLAINTIFF FLIR SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation, | Case No. 3:10-CV-971-HU |
| Plaintiff, | PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT |
| v. | |
| **SIERRA MEDIA, INC.** and **FLUKE CORPORATION,** | |
| Defendants. | |

---

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

# TABLE OF CONTENTS

Page No.

I.      PRELIMINARY STATEMENT ...................................................................1

II.     FLIR'S RELEVANT FACTUAL ALLEGATIONS ..........................................2

III.    RELEVANT PROCEDURAL BACKGROUND ...............................................4

IV.     SUMMARY OF ARGUMENT ....................................................................7

V.      ARGUMENT AND AUTHORITIES...............................................................7

        A.      Relevant Legal Standards ...........................................................7

                1.      Rule 12(b)(6) motions to dismiss....................................7

                2.      Rule 12(f) motions to strike .........................................8

        B.      The Second Amended Complaint Should Not Be Dismissed For FLIR's
                Failure To First Obtain Leave To Amend............................................9

        C.      FLIR Has Stated A Claim For Unfair Competition Based On False
                Advertising Under Oregon Common Law...........................................11

        D.      FLIR Has Stated A Claim For Agency Liability Under Oregon Common
                Law.        ...............................................................................14

        E.      FLIR Is Entitled To Pursue The Recovery Of Punitive Damages Based On
                Defendants' Improper Commercial Practices.....................................15

VI. REQUEST FOR RELIEF ..........................................................................18

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO
DEFENDANTS' MOTIONS TO DISMISS AND/OR
STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to Defendant/Counterclaim Plaintiff Fluke Corporation's ("Fluke") Motion to Dismiss for Failure to State a Claim and Motion to Strike, and Defendant Sierra Media, Inc.'s ("Sierra") Motion To Dismiss the Second Amended Complaint And In the Alternative To Dismiss Counts Two And Seven, And To Strike Requests For Punitive Damages (together, the "Motions"),[1] as follows:

## I.

## PRELIMINARY STATEMENT

Defendants assert that FLIR's Second Amended Complaint should be dismissed or stricken because FLIR failed to first obtain leave to amend prior to filing its amended complaint, and because FLIR's new claims for common law unfair competition based on false advertising and agency liability and request for punitive damages are not cognizable under Oregon law. Defendants' contentions are without merit.

FLIR timely submitted its Second Amended Complaint in accordance with the deadline to file amended pleadings and to add new parties or claims, but did not file a motion for leave to amend. Contemporaneously with this response, FLIR is filing its *nunc pro tunc* motion for leave to file its Second Amended Complaint. Based on established precedent, FLIR should be granted leave to amend because Fluke and Sierra cannot show that they would be prejudiced by FLIR's Second Amended Complaint being decided on the merits. Indeed, Defendants had notice FLIR might amend its claims and received a copy of FLIR's Second Amended Complaint before the applicable deadline, the amended complaint does not set forth any new material facts, the fact discovery deadline is not until October 14, 2011, and trial is not until August 6, 2012.

---

[1] Because the Motions raise essentially the same issues, FLIR is filing this combined response to both Motions.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Moreover, Defendants misconstrue Oregon law, under which FLIR's new claims for common law unfair competition based on false advertising and agency liability, as well as FLIR's request for punitive damages, are cognizable. Specifically, Oregon law recognizes the existence of a common law unfair competition claim based on false advertising, which mirrors a claim for false advertising under the Lanham Act.[2] Thus, Defendants are wrong in asserting that FLIR cannot state a claim for unfair competition under Oregon common law.

Similarly, Oregon law recognizes that a principal and an agent are to be held jointly and severally liable for tortious actions undertaken pursuant to an agency relationship. Thus, Defendants erroneously contend that FLIR cannot state an agency claim under Oregon law – especially given Sierra's assertion (after FLIR filed its First Amended Complaint) that Sierra cannot be held liable as a civil conspirator because FLIR's allegations demonstrate that Sierra was Fluke's agent.

Finally, Oregon law permits the recovery of punitive damages for improper commercial practices, even if that misconduct is related to speech. Accordingly, FLIR respectfully requests that the Court deny the Motions.

## II.

## FLIR'S RELEVANT FACTUAL ALLEGATIONS

FLIR and Fluke are competitors in the manufacture and sale of thermal imaging cameras.[3] Unable to compete effectively with FLIR on the basis of price, quality, and service, Fluke decided that it would mislead potential customers into purchasing its cameras on the basis

---

[2] Notably, Defendants do not move to dismiss FLIR's claim for false advertising under the Lanham Act.

[3] *See* Plaintiff FLIR Systems, Inc.'s Second Amended Complaint and Jury Demand ("Complaint"), filed July 8, 2011 [Doc. #76], ¶ 9.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

of a false claim of superior durability.[4]  Specifically, with Sierra's assistance, Fluke contrived a commercial advertising campaign that falsely purports to "compare" the durability and reliability of FLIR's and Fluke's thermal imaging cameras by dropping them from a height of 2 meters onto a concrete floor (the "Test"), and producing and distributing a video on the internet and at trade shows which purports to accurately depict the results of that Test (the "Video").[5]  The Test, as depicted in the Video, purports to show that FLIR's cameras break apart upon initial impact, whereas Fluke's camera remains intact and operable after being dropped.[6]

Contrary to the Video's false message, FLIR's cameras did not break upon initial impact but withstood multiple drops, and Fluke's camera did not remain intact and operable.[7]  To convey their false message, Defendants revised the Video to remove the actual results of the Test; in reality, FLIR's T400 and i60 cameras were dropped 12 times, FLIR's i7 camera was dropped 11 times, and Testo's 880 camera was dropped 3 times.[8]  Further, although Fluke's camera was dropped 17 times, it did not remain intact and operable.[9]  Indeed, the methodology that was produced and published in conjunction with the Video was revised prior to its publication to delete those actual results of the Test.[10]  Similarly, the methodology was revised

---

[4] *See id.*, ¶ 10.

[5] *See id.*, ¶¶ 10-11, 16-17, 40-41.

[6] *See id.*, ¶ 11.

[7] *See id.*, ¶¶ 32-33.

[8] *See id.*, ¶¶ 34, 38.

[9] *See id.*

[10] *See id.*, ¶ 35.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

prior to its release to delete the proviso, "Imagers were dropped repeatedly <u>until significant exterior damage occurred</u>."[11]

Moreover, the methodology falsely represents that the Test was independently designed, filmed, and conducted by Sierra, when Fluke, in fact, controlled the design of the Test, participated in the editing of the Video, and created and revised the methodology for the Test (even though the methodology is printed on Sierra's letterhead).[12] Thus, the methodology falsely states that Sierra was an "independent, third party."[13]

Finally, as a result of Defendants' false advertising and improper commercial practices, FLIR has lost sales and goodwill.[14] Indeed, the Court previously concluded that FLIR's allegations are sufficient to constitute "affirmative false statements," for which FLIR has properly alleged damages.[15]

## III.

## RELEVANT PROCEDURAL BACKGROUND

On December 30, 2010, FLIR filed its First Amended Complaint, asserting six causes of action against Fluke and/or Sierra: (i) false advertising under the Lanham Act; (ii) trade libel/commercial disparagement; (iii) intentional interference with prospective economic

---

[11] *See id.*, ¶ 36 (emphasis added).

[12] *See id.*, ¶¶ 12-13, 20-30.

[13] *See id.*

[14] *See id.*, ¶¶ 39, 41, 51, 53-54, 62, 64-65.

[15] *See* Opinion and Order, filed May 10, 2011 [Doc. #67], at 9-10 ("Construed liberally, the language of FLIR's complaint alleges affirmative false statements made by the video and the methodology document, not just omissions. . . . Addressing its damages, FLIR alleged that it lost a sale to a Fortune 100 company.").

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

relations; (iv) civil conspiracy; (v) aiding and assisting; and (vi) declaratory relief regarding Fluke's alleged trademark.[16] Fluke and/or Sierra moved to dismiss for failure to state a claim only FLIR's state law claims – *i.e.*, FLIR's causes of action for trade libel/commercial disparagement, intentional interference with prospective economic relations, civil conspiracy, and aiding and assisting.[17] In its reply brief, Sierra argued that it could not be held liable on FLIR's civil conspiracy claim because FLIR "allege[s] very clearly the existence of a principal-agent relationship between Fluke and Sierra Media."[18]

Subsequently, the Court struck the original deadline of April 1, 2011, for the parties to add claims or parties because the hearing on Fluke's and Sierra's motions to dismiss was continued to April 25, 2011.[19] On May 10, 2011, the Court granted Fluke's and Sierra's motions to dismiss with respect to FLIR's intentional interference claim, but denied their motions to dismiss with respect to FLIR's other state law claims (*i.e.*, FLIR's causes of action for trade libel/commercial disparagement, intentional interference with prospective economic relations, civil conspiracy, and aiding and assisting).[20] On May 17, 2011, the Court entered a new Scheduling Order, which provided that "the deadline for the filing of a motion, or of a stipulation or declaration of opposing counsel, to amend a pleading or add a party or claim is July 8, 2011."[21] On June 30, 2011, the parties conferred about the deadline to add parties or claims;

---

[16] *See* Doc. #37.

[17] *See* Doc. ##38-41.

[18] *See* Doc. #55 at 4-5.

[19] *See* Doc. #61.

[20] *See* Doc. #67.

[21] *See* Doc. #68.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Defendants stated that they "were not adverse to a reasonable extension" of the Court's deadline of July 8, 2011, to allow FLIR "to put pen to paper regarding a specific new claim or claims."[22]

On July 8, 2011, FLIR submitted and served its Second Amended Complaint and Jury Demand, adding:  (i) an unfair competition claim under Oregon common law based on FLIR's pending false advertising allegations; (ii) an agency cause of action, which was pleaded in the alternative to FLIR's civil conspiracy and aiding and abetting claims; and (iii) the remedy of punitive damages for FLIR's unfair competition, civil conspiracy, aiding and assisting, and agency claims.[23]  FLIR submitted its Second Amended Complaint without first obtaining leave of Court or the written consent of Fluke or Sierra to amend because FLIR assumed – perhaps incorrectly – that amendment was as a matter of right when the deadline to amend was reset after the Court's motion to dismiss order was entered, as reflected in the Court's revised Scheduling Order.

On August 8, 2011, Fluke and Sierra moved to dismiss FLIR's Second Amended Complaint because FLIR lacked leave from the Court or the written consent of Fluke and Sierra to file that amended pleading and, in the alternative, because FLIR's unfair competition and agency claims, as well as the additional remedy of punitive damages, are purportedly not cognizable under Oregon law.[24]

---

[22] *See* Doc. #81 at 5 n.2.

[23] *See* Doc. #76.

[24] *See* Doc. ##80-83.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

# IV.

## SUMMARY OF ARGUMENT

The Motions should be denied because: (i) FLIR timely submitted and served its Second Amended Complaint, Defendants have not suffered any prejudice, and FLIR has contemporaneously filed its motion for leave to amend; (ii) Oregon recognizes a common law unfair competition claim based on false advertising, which does not require allegations of public confusion as a result of the misappropriation or misuse of a business or product name; (iii) Oregon law recognizes that a principal and an agent are jointly and severally liable for tortious conduct undertaken pursuant to an agency relationship; and (iv) Oregon law permits the recovery of punitive damages based on improper commercial practices, even if that misconduct is related to speech.

# V.

## ARGUMENT AND AUTHORITIES

### A.   Relevant Legal Standards

#### 1.   Rule 12(b)(6) motions to dismiss

To survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," but instead need only allege facts that, when assumed to be true, "raise a right to relief above the speculative level."[25]  Moreover, the complaint must be construed liberally and in favor of plaintiff, taking all well-plead allegations as true, and granting plaintiff all reasonable

---

[25] *See Hartzell v. US Bank NA*, No. 10-6231-HD, 2010 WL 4641707, at *1 (D. Or. Nov. 5, 2010); *see also Market Trading, Inc. v. AT & T Mobility, LLC*, 388 Fed. Appx. 707, 709 (9th Cir. 2010).

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981 Fax 503.796.2900

inferences in support of its claims.[26]  A plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face"[27] – *i.e.*, "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of that claim.[28]  In order for a claim to be plausible at the pleading stage, the complaint need only contain enough facts to raise a reasonable expectation that discovery will reveal supporting evidence.[29]

### 2.    Rule 12(f) motions to strike

Federal Rule of Civil Procedure 12(f) "'does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.'"[30]  Rather, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[31]  "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'"[32]

---

[26] *See Garrido v. Beall Corp.*, No. 10-845-AA, 2010 WL 5129699, at *1 (D. Or. Dec. 10, 2010); *Market Trading, Inc.*, 388 Fed. Appx. at 708-09.

[27] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[28] *See id.* at 556.

[29] *See id.* ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'") (citation omitted); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[30] *See Arch Chem. v. Radiator Specialty Co.*, No. 07-1339-HU, 2010 WL 5137656, at *2 (D. Or. Dec. 10, 2010) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-76 (9th Cir. 2010)).

[31] *See id.* at *1; *see also* FED. R. CIV. P. 12(f).

[32] *See Arch Chem.*, 2010 WL 5137656, at *1 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 127 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

**B.** **The Second Amended Complaint Should Not Be Dismissed For FLIR's Failure To First Obtain Leave To Amend.**

Defendants contend that the Second Amended Complaint should be dismissed because FLIR failed to first obtain leave to amend prior to filing its amended pleading. Defendants, however, do not argue that they have been prejudiced.[33] Indeed, Defendants cannot show any prejudice resulting from FLIR's timely submission of the Second Amended Complaint on July 8, 2011, because Defendants received a copy of the Second Amended Complaint before the amendment deadline, the Second Amended Complaint presents no new material facts, the two claims that have been added are similar to claims for relief already asserted, the fact discovery deadline is not until October 14, 2011, and trial is not until August 6, 2012.[34]

Contemporaneous with this response, FLIR is submitting its motion for leave. As demonstrated in that motion and supporting memorandum of law, FLIR timely submitted its Second Amended Complaint in good faith.[35] Notably, FLIR has complied with all the Court's other deadlines.[36]

Federal Rule of Civil Procedure 15(a)(2) requires that leave be freely granted to further the interests of justice, unless the opposing party will suffer undue prejudice or the amendment is futile, among other considerations.[37] Rule 15(a) presumes that leave to amend should be granted

---

[33] *See* Motions [Doc. #81 at 4-5, Doc. #82 at 3-4].

[34] *See* Doc. #68.

[35] *See* Memorandum of Law in Support of Its *Nunc Pro Tunc* Motion for Leave to File Second Amended Complaint.

[36] *Id.*

[37] *See* FED. R. CIV. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049, 1052 (9th Cir. 2003) (stating that the policy favoring amendment is to be applied with "extreme liberality").

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

so that claims are adjudicated on their merits rather than on procedural deficiencies.[38] Indeed, in the Ninth Circuit, the filing of an amended complaint without first obtaining leave to amend should nevertheless be construed as a motion for leave to amend.[39]

Here, FLIR timely submitted and served its Second Amended Complaint.[40] Fact discovery does not close until October 14, 2011, and the summary judgment motion deadline is not until February 3, 2012.[41] Further, because FLIR's Second Amended Complaint is based on essentially the same facts that are set forth in FLIR's First Amended Complaint, FLIR would have been entitled to leave to amend if it had been sought because FLIR's Second Amended Complaint adds only additional theories of recovery.[42]

---

[38] *See Eminence Capital, LLC*, 316 F.3d at 1049, 1052 (stating that, absent prejudice or a strong showing of another consideration against amendment, a "presumption in favor of granting leave to amend" exists); *Franco v. Sitel Corp.*, No. Civ.03-1688-JE, 2004 WL 2075025, at *1 (D. Or. Sept. 15, 2004) ("'[L]eave to amend, though within the discretion of the trial court, should be guided by the underlying purpose of Rule 15(a) of the Federal Rules of Civil Procedure, which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'") (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001)).

[39] *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Therefore, it is of no consequence that Cook did not file a formal motion, accompanied by a proposed amendment, requesting leave to amend.") (internal citations omitted).

[40] *See* Doc. ##68, 76.

[41] *See* Doc. #68; *Howard v. Klika*, No. Civ. 03-792-AA, 2004 WL 2966911, at *1 (D. Or. Dec. 15, 2004) (noting that an amended complaint is generally not permitted after discovery closes and summary judgment motions have been filed) (collecting cases).

[42] *See Everhart v. Waffle House, Inc.*, No. 7:10-cv-01424-JMC, 2011 WL 1674630, *1-2 (D. S.C. May 3, 2011) (recognizing that a prejudicial amendment is one that raises a new legal theory that is offered shortly before or during trial, whereas a non-prejudicial amendment is one that merely adds an additional theory of recovery to the facts already pleaded); *Hicks v. Resolution Trust Corp.*, 767 F. Supp. 167, 170 (N.D. Ill. 1991); *Am. Universal Ins. Co. v. Pugh (In re Pugh)*, 72 B.R. 174, 179 (D. Or. 1986); *Straub v. Desa Indus., Inc.* 88 F.R.D. 6, 8-9 (M.D.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Moreover, as discussed *infra*, FLIR's Second Amended Complaint is not futile.[43] Thus, the Court should grant FLIR leave to amend.[44]

## C. FLIR Has Stated A Claim For Unfair Competition Based On False Advertising Under Oregon Common Law.

Defendants contend that FLIR cannot state a claim for unfair competition under Oregon common law because it has not alleged the purportedly required elements of: (i) a misappropriation of intellectual property or misuse of corporate business names; and (ii) a likelihood of consumer confusion regarding the parties.[45] Defendants base their contention on Oregon decisions that did <u>not</u> involve a claim for false advertising.[46]

---

Pa. 1980) ("[S]ome courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities.") (citing 6 Wright & Miller, Federal Practice & Procedure § 1484, at 241).

[43] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that an amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."); *Wieder v. U.S. Bank, Nat'l Ass'n (Or.)*, No. CV 04-959-BR, 2005 WL 645230, at *3 (D. Or. Mar. 18, 2005) ("A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

[44] *See also* FLIR's Memorandum of Law in Support of its Nunc Pro Tunc Motion for Leave to File Second Amended Complaint, which is contemporaneously filed herewith and incorporated herein by reference.

[45] *See* Motions [Doc. #81 at 6-7, Doc. #82 at 4-7].

[46] *See id.* (citing *Volt Servs. Group Div. of Volt Mgmt. Corp. v. Adecco Employment Servs., Inc.*, 35 P.3d 329, 338 (Or. 2001) (case did not involve an unfair competition claim based on false advertising); *Wedgewood Homes, Inc. v. Lund*, 659 P.2d 377, 378 (Or. 1983) (same); *Dial Temporary Help Serv., Inc. v. Shrock*, 946 F. Supp. 847 (D. Or. 1996) (same); *Columbia Eng'g Works v. Mallory*, 147 P. 542, 547 (1915) (same); *Allegro Corp. v. Only New Age Music, Inc.*, No. Civ. 01-790-HU, 2002 WL 32806161, at *13 (D. Or. Oct. 4, 2002) (Report and

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Defendants ignore that several Oregon federal district court decisions have recognized that an unfair competition claim based on false advertising exists under Oregon common law, and that the elements of such a claim are identical to those for a false advertising claim under the Lanham Act.[47] The elements of a false advertising claim under the Lanham Act – and, therefore, also pursuant to a common law unfair competition claim based on false advertising – are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

Recommendation of Hubel, M.J.), *adopted by Allegro,* 2003 WL 23571745, at *14 (D. Or. Jan. 23, 2003) (same); *Barman v. Union Oil Co.*, No. CIV. 97-563-AS, 2000 WL 1335055, at *5 (D. Or. Sept. 8, 2000), *aff'd in part, rev'd in part,* 50 Fed. Appx. 824 (9th Cir. 2002) (same)).

[47] *See Healthport Corp. v. Tanita Corp. of Am.*, 563 F. Supp. 2d 1169, 1183 (D. Or. 2008) ("[I]n light of Tanita's indication that its common law unfair competition claim will rise and fall with its Lanham Act [false advertising] claim, this ruling on the parties' cross-motions for summary judgment resolves all the claims in this case."); *CollegeNET, Inc. v. XAP Corp.,* 442 F. Supp. 2d 1070, 1074 (D. Or. 2006) ("Oregon courts follow federal law when deciding common law, unfair competition claims. Accordingly, the Court's analysis of Plaintiff's Lanham Act claim is determinative as to Plaintiff's common law, unfair competition claim.") (internal citations omitted); *CollegeNET, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *1 (D. Or. 2004) (Hubel, M.J.) ("While plaintiff brings both a federal Lanham Act claim and a common law unfair competition claim, they are based on the same facts [of false advertising]. The parties appear to agree, at least for the purposes of this motion, that plaintiff's common law claim arises under Oregon law. The parties also appear to agree that Oregon common law unfair competition claims follow Lanham Act case law and thus, the common law claim survives or dies with the Lanham Act claim. Accordingly, I do not separately address the common law unfair competition claim.") (internal citations omitted); *CollegeNET, Inc. v. Embark.Com, Inc.*, 230 F. Supp. 2d 1167, 1177 (D. Or. 2001) ("In order to state a claim under the Lanham Act, the plaintiff must allege that the defendant made a false statement of fact in a commercial advertisement about its own or another's product. A statement that is mere 'puffery' is not actionable under the Lanham Act. Because Oregon courts follow Lanham Act case law, similar statements also cannot form the basis of an Oregon common law unfair competition claim.") (internal citations omitted); *see also Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1372-73 (Fed. Cir. 1994) ("The common law concept of 'unfair competition' has not been confined to any rigid definition and encompasses a variety of types of commercial or business conduct considered 'contrary to good conscience,' including acts of trademark and trade dress infringement, false advertising, dilution, and trade secret theft.").

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.[48]

Thus, because FLIR's unfair competition claim under Oregon common law is based on Defendants' false advertising, FLIR does not need to allege or prove either a misappropriation of intellectual property or misuse of corporate business names, or a likelihood of consumer confusion regarding the parties, as Defendants erroneously assert.[49]

FLIR has properly stated a claim for unfair competition under Oregon common law based on Defendants' false advertising. Specifically, FLIR has alleged each of the required elements of a false advertising claim:

- because the Video and the accompanying methodology convey that when dropped from a height of 2 meters onto a concrete floor, FLIR's thermal imaging cameras broke apart upon initial impact, whereas Fluke's camera remained intact and operable, and that the Test was conducted and performed by an "independent, third party," Defendants made false statements of fact in a commercial advertisement about its own or another's product;[50]

---

[48] *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

[49] *See* Motions [Doc. #81 at 6-7, Doc. #82 at 4-7].

[50] *See* Complaint, ¶¶ 10-13, 16-17, 20-30, 32-36, 38, 40-41.

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

- those false statements of fact are deceptive and material, have influenced potential customers' purchasing decisions, and were made in interstate commerce;[51] and

- FLIR has suffered damages and a loss of goodwill as a result of Defendants' false advertising.[52]

Those allegations are more than sufficient to state a claim for relief.

Notably, Defendants do not contend in the Motions that FLIR has not stated a claim for false advertising under the Lanham Act.[53] Accordingly, the Court should deny the Motions with respect to FLIR's common law unfair competition claim based on false advertising.

**D.    FLIR Has Stated A Claim For Agency Liability Under Oregon Common Law.**

Defendants contend that Oregon does not recognize an independent cause of action for agency liability,[54] but cite no authority for that proposition.[55] Instead, Defendants cite decisions from only other jurisdictions for the general proposition that claims for vicarious liability do not constitute independent causes of action.[56]

In contrast to other jurisdictions, Oregon recognizes an independent cause of action for agency liability, for which the principal and the agent are jointly and severally liable for any

---

[51] *See id.*, ¶¶ 10-11, 16-17, 40-41.

[52] *See id.*, ¶¶ 39, 41, 51, 53-54, 62, 64-65.

[53] *See* Motions [Doc. #81 at 6-7, Doc. #82 at 4-7].

[54] *See id.* [Doc. #81 at 7-9, Doc. #82 at 7-8].

[55] *See id.*

[56] *See id.*

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

tortious conduct undertaken pursuant to that agency relationship.[57] Moreover, FLIR has asserted

its claim for agency liability only in the alternative to its claims for civil conspiracy and aiding

and assisting,[58] and only because Sierra previously argued that it could not be held liable as a

civil conspirator because FLIR's allegations purportedly demonstrate that Sierra was merely

acting as Fluke's agent in connection with the Test and the Video.[59] Accordingly, the Court

should deny the Motions as to FLIR's agency claim.

## E.      FLIR Is Entitled To Pursue The Recovery Of Punitive Damages Based On Defendants' Improper Commercial Practices.

Defendants contend that FLIR's request for punitive damages in connection with its

unfair competition, civil conspiracy, aiding and assisting, and agency claims should be stricken

because the Oregon Constitution precludes the recovery of such damages where, as is

---

[57] *See Badger v. Paulson Inv. Co., Inc.*, 779 P.2d 1046, 1051 (Or. Ct. App. 1989) ("The liability of principal and agent for the conduct of the agent is both joint and several. Damages awarded against each must be the same, except for punitive damages. Paulson's and Lambo's liability for Lambo's acts as Paulson's agent is joint and several, and damages assessed against them should be the same. Therefore, the verdict here is insufficient, because it awards damages against Lambo and Paulson in different amounts.") (internal citations omitted); *Prauss v. Adamski*, 244 P.2d 598, 602-603 (Or. 1952) (Under Oregon law, "a principal may be held liable for damages caused a third person by tortious acts committed by his agent while acting within the scope of his authority."); *Mitchell v. Ausplund*, 47 P.2d 256, 259 (Or. 1935) ("Where a principal is liable for the tortious negligence of his agent, the latter is both jointly and severally liable with him.").

[58] *See* Complaint, ¶¶ 107-109.

[59] *See* Doc. #55 at 4-5 (arguing that FLIR's civil conspiracy claim should be dismissed as to Sierra because FLIR "allege[s] very clearly the existence of a principal-agent relationship between Fluke and Sierra Media.").

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

purportedly the case here, liability is based on speech.[60] Defendants' contention is without merit regardless of whether the Motions are based on Rule 12(f) or Rule 12(b)(6).

If the Motions are based on Rule 12(f), they are improper because: (i) FLIR's request for punitive damages does not constitute either "an insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f);[61] and (ii) Rule 12(f) "'does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.'"[62]

If the Motions are based on Rule 12(b)(6), the Motions should be denied because the Oregon Constitution does not bar FLIR's recovery of punitive damages based on Defendants' improper commercial practices. Although the Oregon Constitution has been judicially interpreted to bar punitive damages when liability is based solely on speech – which is the reason why FLIR does not seek punitive damages in connection with its trade libel/commercial disparagement claim – Oregon law does recognize that FLIR may recover punitive damages as a result of Defendants' improper commercial practices committed in connection with their speech because "the common law tort of unfair competition allows recovery for improper commercial practices whether or not connected to speech."[63] Indeed, FLIR's claims for unfair competition,

---

[60] *See* Motions [Doc. #81 at 9-10, Doc. #82 at 8]. FLIR does not seek the recovery of punitive damages in connection with its trade libel/commercial disparagement claim. *See* Complaint, ¶¶ 67-81.

[61] *See* FED. R. CIV. P. 12(f); *Arch Chem.*, 2010 WL 5137656, at *2.

[62] *See Arch Chem.*, 2010 WL 5137656, at *2 (quoting *Whittlestone, Inc.*, 618 F.3d at 974-75).

[63] *See CollegeNET, Inc.*, 230 F. Supp. 2d at 1176 ("CollegeNET's allegations do involve defendants' speech, such as 'false or misleading representations of fact,' 'disparagement,' and 'false and misleading information.' However, the claims seek to impose liability not solely for the false content or nature of the speech, as in a claim for defamation, but for the larger course of

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

civil conspiracy, aiding and assisting, and agency are based on Defendants' improper commercial practices in addition to their speech – *i.e.*, their joint intentional efforts to falsely convey the results of the Test through the creation, selective editing, and publication of the Video, as well as its accompanying methodology.[64]   Moreover, Defendants do <u>not</u> contend that Oregon law bars the recovery of punitive damages pursuant to claims for unfair competition, civil conspiracy, aiding and assisting, and agency if speech is not implicated.[65]   Accordingly, the Motions should be denied with respect to FLIR's request for punitive damages.[66]

---

an improper commercial practice that encompasses the allegedly false or misleading speech. CollegeNET alleges that Embark is liable because it used false statements to unfairly compete. Therefore, the 'gravamen' of such a claim is conduct, not speech. . . . [T]he Oregon Constitution does not bar punitive damages for unfair competition which is predicated on improper commercial practices, not on speech itself.") (internal citations omitted); *see also Hinds v. Paul's Auto Werkstatt, Inc.*, 810 P.2d 874, 876 (Or. Ct. App. 1991) ("[P]unitive damages are unavailable in a case in which the tortious conduct is the communication activity itself.  It has no application to this case, in which the misconduct is an improper commercial practice."); *Smallwood v. Fisk*, 934 P.2d 557, 561 (Or. Ct. App. 1997) ("[A]llowing liability for punitive damages for fraud does amount to punishing the offender for the content of his or her speech, but the constitutional guarantees of free expression were never intended to extend protection to that type of expression.  Accordingly, we hold that it was not error for the trial court to have allowed the jury to award plaintiff punitive damages on his claim for common-law fraud.").  Defendants, however, may request a limiting jury instruction at trial.  *See CollegeNet, Inc.*, 230 F. Supp. 2d at 1176 ("[T]he Oregon Supreme Court has developed a 'decisional template' for 'examining the issue of whether punitive damages may be awarded for certain tortious conduct that implicates speech.'  If a tort permits liability for speech-caused harm, then a defendant is entitled to a jury instruction limiting the tortious predicate for punitive damages to conduct not protected by the free speech provision of the Oregon Constitution.  If a tort permits liability for harm not caused by speech, but the defendant contends that the Oregon Constitution prohibits an award of punitive damages for the particular conduct involved, then a defendant likewise may request a limiting instruction.") (internal citations omitted).

[64] *See* Complaint, ¶¶ 67-81, 92-110.

[65] *See* Motions [Doc. #81 at 9-10, Doc. #82 at 8].

[66] *See CollegeNet, Inc.*, 230 F. Supp. 2d at 1176 ("Because the common law tort of unfair competition allows recovery for improper commercial practices whether or not connected to speech, Embark certainly would be eligible for a limiting instruction . . . . However, Embark's motion to strike the punitive damages claim should be denied.").

**PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981 Fax 503.796.2900

# VI.

## REQUEST FOR RELIEF

For all the foregoing reasons, FLIR respectfully requests that the Court deny the Motions,

and award FLIR such other and further relief to which it is entitled.

DATED this 1st day of September, 2011.

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    s/ Devon Zastrow Newman
         Devon Zastrow Newman, OSB #014627
         Telephone 503.222.9981

BICKEL & BREWER
         William A. Brewer III, *pro hac vice pending*
         Michael J. Collins, *appearing pro hac vice*
         C. Dunham Biles, *appearing pro hac vice*
         Telephone 214.653.4000

         Attorneys for Plaintiff FLIR Systems, Inc.

Page - 18 **PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

5250283.9
2069-08