**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Dane H. Butswinkas** (*appearing pro hac vice*)
dbutswinkas@wc.com
**Matthew V. Johnson** (*appearing pro hac vice*)
mjohnson@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5409

Attorneys for Defendant/Counterclaim Plaintiff Fluke Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>**SIERRA MEDIA, INC.**, a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation,<br><br>        Defendants. | No. 3:10-cv-00971-HU<br><br>Defendant/Counterclaim Plaintiff Fluke Corporation's<br>REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE |

PAGE 1 - FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

# I. INTRODUCTION

In its Response to Defendants' Motions to Dismiss and/or Strike the Second Amended Complaint ("Response") (Doc. No. 90), Plaintiff FLIR Systems, Inc. ("FLIR") concedes that its Second Amended Complaint ("SAC") is procedurally improper, even though the added claims are not based on any new facts and could have been asserted months before the Court's deadline. FLIR also fails to cite any Oregon state authority in support of the two claims added to the SAC. Nor does FLIR dispute that Counts Two, Five, and Seven are based on protected speech, although FLIR attempts to draw a nonsensical distinction between the creation of that speech and the speech itself in order to add punitive damages as a remedy for its alleged loss of two customers. At this late date, more than a year after the initiation of the lawsuit, the Court should not reward FLIR for its lack of diligence. But even if the SAC is not dismissed on procedural grounds, Counts Two and Seven, as well as FLIR's demand for punitive damages, are contrary to Oregon law and should be dismissed for failure to state claims upon which relief may be granted.

# II. ARGUMENT

### A. The Second Amended Complaint Is Procedurally Improper.

Concurrent with its Response, FLIR filed a *Nunc Pro Tunc* Motion for Leave to File a Second Amended Complaint (Doc. No. 88). Fluke Corporation ("Fluke") will not repeat here the arguments made in response to FLIR's belated motion,[1] other than to point out that FLIR concedes (1) that it failed to comply with the Court's deadline to file a motion to amend a pleading to add a party or claim, and (2) that the SAC "presents no new material facts" and "the two claims that have been added are similar to claims for relief already asserted" (Doc. No. 90 at 9). Those concessions demonstrate undue delay and a lack of diligence that are not commensurate with the "good cause" required under Federal Rule of Civil Procedure 16 to

---

[1] *See* Fluke's Response to FLIR's *Nunc Pro Tunc* Motion for Leave to File a Second Amended Complaint, which is being filed concurrently herewith.

PAGE 2 - FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

retroactively amend the Court's July 8, 2011 deadline. Accordingly, the Court should dismiss the SAC as untimely and procedurally deficient.

### B. FLIR Does Not Adequately Plead a Claim for Unfair Competition Under Oregon Common Law (Count Two).

FLIR's argument in support of its claim for unfair competition is based on a single assertion: that unfair competition under Oregon common law and false advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) are one in the same. That is not so. And FLIR's Response proves it in four different ways.

#### 1. FLIR Has Not Identified any Authority from Oregon State Courts in Support of Its Claim.

Fluke discussed several decisions from Oregon state appellate courts in its Memorandum in Support of its Motion to Dismiss (Doc. No. 81 at 6). Each case is consistent in describing the scope of unfair competition under Oregon common law. *See Volt Servs. Grp. v. Adecco Emp't. Servs., Inc.*, 178 Or. App. 121, 135, 35 P.3d 329, 338 (2001); *Wedgwood Homes, Inc. v. Lund*, 294 Or. 493, 495, 659 P.2d 377, 378 (1983) (en banc); *Photo & Sound Co. v. Corvallis*, 291 Or. 105, 112, 628 P.2d 733, 737 (1981). FLIR does not address these cases in its Response other than to say they "did not involve a claim for false advertising" (Doc. No. 90 at 11). That is precisely the point. Fluke is not aware of any Oregon state court cases considering common law unfair competition claims that do not involve (a) a misappropriation of intellectual property or misuse of a business or product name and (b) resulting customer confusion. FLIR cites no cases supporting its apparent construct of Oregon law.

#### 2. The Ninth Circuit Decision Cited by FLIR (*Southland Sod Farms*) Supports Fluke's Motion.

FLIR cites *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997), for the elements of a false advertising claim under the Lanham Act (Doc. No. 90 at 12). FLIR also implies that those are the same elements required to state a claim for unfair competition

PAGE 3 - FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

under the common law. *Id.* But the Ninth Circuit said exactly the opposite in dismissing the unfair competition claim in that very case.

> The common law tort of unfair competition is generally thought to be *synonymous with the act of 'passing off' one's goods as those of another* . . . [,or] act analogous to 'passing off,' such as the sale of *confusingly similar products*, by which a person exploits a competitor's reputation in the market . . . Because Plaintiffs' allegations do not amount to 'passing off' or its equivalent, Defendants are correct that Plaintiffs' claim for unfair competition was properly dismissed.

*Southland Sod Farms*, 108 F.3d at 1147 (emphases added). While the common law unfair competition claim in *Southland Sod Farms* was considered under California law, the court's statements are consistent with those made in the Oregon cases referenced above. *Southland* is not only inapposite, but actually supports dismissal of Count Two.

### 3. FLIR's Argument Is Contrary to Clear Statements by Oregon State Appellate Courts.

While both parties cite several cases from this Court in support of their respective arguments (Doc. No. 81 at 6-7; Doc. No. 90 at 12), Fluke did so where the cases recited Oregon law as set forth in Oregon state appellate court decisions. By contrast, FLIR appears to cite exclusively to federal cases which repeat a single sentence in *CollegeNET, Inc. v. Embark.com, Inc.*, 230 F. Supp. 2d 1167 (D. Or. 2001).[2] In considering a motion to strike four "puffery allegations," that court's discussion of the common law unfair competition claim was limited to the following:

> Because Oregon courts follow Lanham Act case law, similar statements also cannot form the basis of an Oregon common law unfair competition claim. *Classic Instruments, Inc. v. VDO-Argo Instruments*, 73 Or. App. 732, 745, 700 P.2d 677, 689, *rev denied* 300 Or. 111, 707 P.2d 583 (1985).

---

[2] FLIR also cites dicta from an inapplicable patent infringement case in the Federal Circuit that did not include any Oregon common law claims and solely evaluated whether the Delaware trial court had subject matter jurisdiction. *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.2d 1368, 1370 (Fed. Cir. 1994).

PAGE 4 -   FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
            FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

*Id.* at 1177.

This statement is true insofar as it equates the Oregon common law of unfair competition with federal Lanham Act trademark and false designation claims. The same is not true, however, with respect to false advertising claims under the Lanham Act. As the Oregon Court of Appeals stated shortly after *Embark.com*, unfair competition claims under Oregon common law "are limited to misappropriation of . . . intellectual property, such as trade name or trade dress, and [ ] require[] a showing of a likelihood of confusion." *Volt Servs. Grp.*, 35 P.3d at 338 (citing *Wedgewood Homes*, 659 P.2d at 378). *See also Corvallis*, 628 P.2d at 737 ("In unfair competition suits, the issue is one of injury to private rights, i.e. whether a prior user of a business name will likely be injured as a result of public confusion engendered by another's use of an identical or similar name.").

Consistent with the holding in *Volt Services Group* is *Classic Instruments, Inc. v. VDO-Argo Instruments*, the very Oregon Court of Appeals case cited in *Embark.com*. 73 Or. App. 732, 745, 700 P.2d 677, 689, *rev denied* 300 Or. 111, 707 P.2d 583 (1985). The claims asserted in *Classic Instruments* were trademark infringement, interference with business relationship, and breaches of contract and fiduciary relationship. 700 P.2d at 682-83. *Classic Instruments* was not, however, a false advertising case. The section of *Classic Instruments* cited by *Embark.com* merely discussed plaintiff's "passing off" claim under Oregon law as part of its analysis of federal and state trademark causes of action. *See id.* at 744-45 ("Passing off is a form of unfair competition, McCarthy, *Trademarks, supra* § 25:1 D., that has been held to be in violation of section 43(a) of the Lanham Act."). *Classic Instruments* is also consistent with this Court's discussion of the extent to which Oregon common law unfair competition and the Lanham Act overlap. *See Allegro Corp. v. Only New Age Music, Inc.*, No. Civ. 01-790-HU, 2003 WL 23571745, at *1 (D. Or. Jan. 23, 2003) ("Under Oregon law, the test of unfair competition is essentially the same as under the Lanham Act: whether it is probable that an ordinary buyer in the ordinary course of business would be deceived into believing that the product of one party is

PAGE 5 -  FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

actually that of another.") (citing *Dial Temp. Help Serv., Inc. v. Shrock*, 946 F. Supp. 847, 857 (D. Or. 1996)).[3]

Cases that analyze unfair competition under Oregon common law reveal that such claims are not coextensive with Lanham Act false advertising claims. Thus, FLIR's argument to the contrary must fail.

### 4. FLIR's Previous Withdrawal of Its Federal Unfair Competition Claim Contradicts Its Current Argument.

Previous actions taken by FLIR in this case are also telling. To wit, in its Original Complaint, FLIR included a claim entitled "Unfair Competition Under The Lanham Act – 15 U.S.C. § 1125(a)(1)(A)" (Doc. No. 1 at 9). Fluke explained in its first motion to dismiss that FLIR failed to allege (1) a misappropriation or false designation of origin, and (2) resulting customer confusion, both of which are required in order to state a claim under 15 U.S.C. § 1125(a)(1)(A) (Doc. No. 23 at 10). Instead of opposing Fluke's motion, FLIR filed its First Amended Complaint (Doc. No. 37), which did not include the federal unfair competition claim (leaving false advertising under 15 U.S.C. § 1125(a)(1)(B) as its only federal law cause of action). Thus, faced with the reality that it could not allege the necessary elements of federal unfair competition, FLIR withdrew the cause of action. As discussed above, although those same elements are required to allege an unfair competition claim under Oregon common law, FLIR has not included any such allegations in the SAC (and could not reasonably do so).

---

[3] FLIR cites three additional federal district court opinions from two cases in support of its argument. These opinions did not analyze the elements of unfair competition under Oregon common law, since the parties to those cases were in agreement that it was not necessary to do so to adjudicate their particular claims. *See CollegeNET, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *1 (D. Or. Oct. 12, 2004); *CollegeNET, Inc. v. XAP Corp.*, 442 F. Supp. 2d 1070, 1074 (D. Or. 2006); *Healthport Corp. v. Tanita Corp. of Am.*, 563 F. Supp. 2d 1169, 1183 (D. Or. 2008).

C.  **FLIR Fails to Cite Any Authority that Oregon Recognizes "Agency" as a Stand-Alone Cause of Action (Count Seven).**

It is FLIR's burden to establish that Oregon recognizes "Agency" as a stand-alone cause of action. FLIR cites no such authority. Instead, FLIR responds by (1) attempting to shift that burden to Fluke, and (2) citing three cases that merely explain the nature of agency as a derivative theory of liability. Neither argument provides any reasonable basis for the so-called claim to stand.

Fluke is not aware of any instance where "Agency" has been recognized as a stand-alone cause of action under Oregon law. Indeed, the vast majority of courts in other jurisdictions have granted motions to dismiss this "claim," because agency is a derivative theory of liability, not a stand-alone cause of action (*see* Doc. No. 81 at 8). FLIR does not attempt to distinguish those cases, other than to say Oregon is different. But if that is indeed the case, FLIR must reference authority establishing that Oregon in fact recognizes "Agency" as a stand-alone cause of action. FLIR has not done so.

FLIR cites three cases in its Response. The first, *Badger v. Paulson Investment Co., Inc.*, 98 Or. App. 200, 779 P.2d 1046 (1989), included the following claims: sale of unregistered securities, ORS 59.115(1)(a); securities fraud, ORS 59.115(1)(b); and common law fraud. *Id.* at 1048. The second, *Prauss v. Adamski*, 195 Or. 1, 244 P.2d 598 (1952), was "an action to recover damages for death . . . resulting from the alleged negligent operation of a motor vehicle." *Id.* at 600. The third, *Mitchell v. Ausplund*, 150 Or. 572, 47 P.2d 256 (1935), was a personal injury negligence action to recover damages for injuries sustained in falling on a metal sidewalk door. *Id.* at 257. Agency was not alleged as a stand-alone cause of action in any of these cases. Instead, each court discussed agency as a derivative theory of liability in relation to the alleged claims. As none of the authorities cited by FLIR support its assertion that "Oregon recognizes an independent cause of action for agency liability" (Doc. No. 90 at 14 & n.57), the Court should dismiss Count Seven.

**D. Oregon Law Does Not Permit FLIR's Request for Punitive Damages.**

Whether evaluated under Federal Rule of Civil Procedure 12(b)(6) or Rule 12(f), FLIR's demand for punitive damages fails as a matter of law and should be dismissed.

FLIR does not dispute that punitive damages are unavailable in actions based on speech, and FLIR concedes this is the reason it did not seek punitive damages in connection with its Trade Libel/Commercial Disparagement claim. *Id.* at 16. Curiously, however, in the next breath, FLIR contends it nevertheless is entitled to punitive damages with regard to its Unfair Competition (Count Two), Civil Conspiracy (Count Five) and Agency (Count Seven) claims, each of which is based entirely on the *same* alleged conduct as FLIR's Trade Libel/Commercial Disparagement claim: the publication of the drop test video.[4] Not only is FLIR's inconsistent position untenable, but it would eviscerate Oregon's clear bar on punitive damages in cases involving speech.

In fact, FLIR does not deny that Counts Two, Five, and Seven are based on speech, but rather argues they are also "based on Defendants' improper commercial practices in addition to their speech." *Id.* at 17. The additional so-called improper commercial practices FLIR describes in its Response, however, are part and parcel of the drop test video's publication, and are totally dissimilar from the conduct at issue in the cases FLIR cites. Specifically, FLIR contends Fluke engaged in improper commercial practices, separate from its publication of the drop test video, when it took "efforts to falsely convey the results of the Test" by (1) creating, (2) editing, and (3) publishing the Video and the accompanying methodology. *Id.* But FLIR has not drawn any convincing distinction between the drop test video itself, which FLIR concedes is an act of speech, and the video's creation, editing and publication. No doubt this is because there is none. *See Ault v. Hustler Magazine, Inc.*, No. 86-381, 1986 WL 20896 at *9 (D. Or. Oct. 20, 1986)

---

[4] While the FAC did not include a demand for punitive damages, FLIR added that remedy in the SAC to previously-asserted civil conspiracy allegations even though the SAC "presents no new material facts." *Id.* at 9.

PAGE 8 -   FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
           FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

(holding that punitive damages were unavailable for defamation claim and intentional infliction of emotional distress claim because all of defendant's actions were based on the same "expression or communication").

Moreover, the improper commercial practices at issue in the cases cited by FLIR are of a different kind altogether. In *Smallwood v. Fisk*, 146 Or. App. 695, 934 P.2d 557 (1997), for instance, defendants fraudulently induced plaintiff to invest in natural gas fields, and, after the jury found for plaintiff on the common-law and securities fraud claims, the court held punitive damages were permitted for false representations made to investors. *Id.* at 561. Similarly, *Hinds v. Paul's Auto Werkstatt, Inc.*, 107 Or. App. 63, 810 P.2d 874 (1991), involved allegations that defendant violated the Oregon Unlawful Trade Practices Act, which expressly permits punitive damages, by concealing a material defect in the used car he sold plaintiff. *Id.* at 876. Finally, in *Embark.com*, the court held punitive damages were not barred where defendant allegedly had an improper commercial practice of lying to customers by telling them a third-party study portraying plaintiff in a positive light was false. 230 F. Supp. 2d at 1175-76. None of these cases, by contrast, involved exclusively the creation, editing and publication of an expressive video promoting a manufacturer's product.

The parties agree that the drop test video is a protected form of speech as it pertains to FLIR's Trade Libel/Commercial Disparagement claim. FLIR asks the Court, however, to find that it is not speech for purposes of Counts Two, Five and Seven. FLIR's contention is unsupported by logic and the law, and such a holding would be in direct contravention of the protections afforded to speech in the Oregon Constitution, as recognized by Oregon courts.

### III. CONCLUSION

For the foregoing reasons, as well as those stated in Fluke's Memorandum in Support of its Motion to Dismiss (Doc. No. 81), the Court should dismiss FLIR's Second Amended

PAGE 9 - FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Complaint in its entirety. Alternatively, the Court should dismiss Counts Two and Seven of the Second Amended Complaint, as well as FLIR's demand for punitive damages.

DATED: September 19, 2011

LANE POWELL PC

By_____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100

WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (*appearing pro hac vice*)
Matthew V. Johnson (*appearing pro hac vice*)

Attorneys for Defendant/Counterclaim Plaintiff
Fluke Corporation

PAGE 10 - FLUKE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200