Kenneth R. Davis II, OSB No. 971132
davisk@lanepowell.com
Parna A. Mehrbani, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Dane H. Butswinkas** (*appearing pro hac vice*)
dbutswinkas@wc.com
**Matthew V. Johnson** (*appearing pro hac vice*)
mjohnson@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202.434.5000
Facsimile: 202.434.5409

Attorneys for Defendant/Counterclaim Plaintiff Fluke Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>                                  Plaintiff,<br><br>v.<br><br>**SIERRA MEDIA, INC.**, a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation,<br><br>                                Defendants. | No. 3:10-cv-00971-HU<br><br>Defendant/Counterclaim Plaintiff Fluke Corporation's<br>RESPONSE IN OPPOSITION TO FLIR SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

PAGE 1 - FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# I. INTRODUCTION

In its Memorandum of Law in Support of its *Nunc Pro Tunc* Motion for Leave to File its Second Amended Complaint ("Motion") (Doc. No. 89), FLIR concedes (1) that it failed to comply with the Court's deadline to file a motion to amend a pleading to add a party or claim, and (2) that the Second Amended Complaint ("SAC") is based on the same facts and legal theories set forth in FLIR's First Amended Complaint ("FAC"). (Doc. No. 89 at 1, 7-8.) Those concessions demonstrate undue delay and a lack of diligence that are not commensurate with the "good cause" required under Federal Rule of Civil Procedure 16 to retroactively amend the Court's July 8, 2011 deadline. Even if the Court finds that good cause to amend the deadline exists, FLIR's undue delay, the prejudice to Fluke, the fact that FLIR previously has amended its complaint, and the futility of the proposed amendment all weigh in favor of denying FLIR's belated motion.

# II. BACKGROUND

FLIR filed its Original Complaint on August 17, 2010 and its FAC on December 30, 2010. (Doc. Nos. 1, 37.) Following the hearing on defendants' motions to dismiss the FAC, the parties agreed that some adjustment to the scheduling order was appropriate. With the consent of all parties, Defendant Sierra Media filed an Unopposed Motion to Reset Deadline to File a Motion or Stipulation or Declaration from Opposing Counsel, to Amend a Pleading or Add a Party on March 31, 2011. (Doc. Nos. 59, 60.) This Court granted the motion on April 4, 2011 (Doc. No. 61), and later extended the relevant deadline from April 1, 2011 to July 8, 2011 (Doc. No. 68) ("Order"). The unopposed motion requested that "the Court set the deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim, to thirty (30) days after the Court files its order on the Motions to Dismiss" (Doc. No. 59), and this Court stated in its Order that "[t]he deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim is July 8, 2011." (Doc. No. 68, emphasis added.)

PAGE 2 - FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

On June 30, 2011, at FLIR's request, the parties held a teleconference during which counsel for FLIR inquired whether the parties would agree to jointly seek an extension of the Court's July 8, 2011 deadline. When asked whether FLIR intended to amend the FAC, and, if so, how, counsel replied that FLIR wanted another two to four weeks to "think about" doing so. Counsel for both Defendants stated that they were not adverse to a reasonable extension to put pen to paper regarding a specific new claim or claims, but that they would not agree to seek extension of a deadline that had been pending for three months solely to give FLIR more time to ponder whether to file yet another amended complaint. Then, without meeting and conferring regarding the new claims it intended to assert, FLIR simply filed the SAC a little over one week later.

FLIR never sought leave to amend, as required under the Court's Order, before filing the SAC on July 8, 2011. Accordingly, when Fluke filed its Motion to Dismiss for Failure to State a Claim and Motion to Strike, and Memorandum in Support, on August 8, 2011 (Doc. Nos. 80, 81), it argued that the SAC was procedurally improper and should be dismissed in its entirety. FLIR then waited until September 1, 2011—nearly two months after the Court's deadline—to address the issue. However, instead of filing a motion seeking a retroactive extension of the deadline to amend pleadings under Federal Rule of Civil Procedure 16, FLIR instead filed the present Motion under Rule 15.

### III. ARGUMENT

A. **FLIR Has Not Demonstrated "Good Cause" to Modify the Court's Deadline to Amend a Pleading to Add a Party or Claim.**

FLIR does not dispute that it failed to comply with the Court's July 8, 2011 deadline for filing a motion to amend a pleading to add a party or claim. The Court's Order "control[s] the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). While FLIR discusses the liberal amendment policy of Federal Rule of Civil Procedure 15(a), that Rule does not govern FLIR's belatedly-filed Motion. "Once the district court had filed a

PAGE 3 -   FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammouth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). If the court "considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). FLIR's Motion merely seeks leave to file the SAC, not to retroactively modify the July 8, 2011 deadline for the filing of a motion to amend a pleading to add a party or claim. That alone is sufficient to deny FLIR's Motion.

Even if FLIR's Motion is treated as a *de facto* motion to retroactively amend the pleading deadline in the Court's Order, it is FLIR's burden to show "good cause" for such an amendment. *Id.* at 608 (citing Fed. R. Civ. P. 16(b)). The good cause standard under Rule 16 is "more stringent" than the amendment procedures under Rule 15. *Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Only after good cause for the amendment is shown does Rule 15 become relevant in determining whether the amendment was proper. *Id.* See also *Nguyen v. Saxon Mortgage Servs., Inc.*, No. CV-10-353-HZ, 2011 WL 2600998, at *1 (D. Or. June 30, 2011) ("[a] party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show 'good cause' for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a).").

FLIR has not shown good cause. "Rule 16's 'good cause' standard focuses on the diligence of the party seeking amendment." *Jackson v. Laureate*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Johnson*, 975 F.2d at 609)). The SAC's claim for Unfair Competition Under Oregon Common Law (Count Two) clearly could have been asserted as early as August 17, 2010—the date of FLIR's Original Complaint—or at least by December 30, 2010—the date of the FAC—since FLIR concedes that the SAC "presents no new material facts," that the claim is

PAGE 4 - FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

"similar to claims for relief already asserted," and that (mistakenly) the "claim mirrors its false advertising claim under the Lanham Act." (Doc. No. 90 at 9; Doc. No. 89 at 8.) Similarly, FLIR states that its "agency claim responds to Sierra's prior assertion in its reply brief in connection with its motion to dismiss" the FAC. (Doc. No. 89 at 8.) That brief was filed on March 14, 2011 (Doc. No. 55)—nearly four months prior to the July 8, 2011 deadline. And finally, FLIR's demand for punitive damages could undoubtedly have been asserted long ago, since it actually was included in the Original Complaint, subsequently withdrawn from the FAC, and then added again to the SAC, despite that "no new material facts" emerged.[1]

FLIR simply was not diligent. "If [a party] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. And while "the court may modify the schedule on a showing of good cause if it cannot be reasonably met despite the diligence of the party seeking the extension . . . carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. Indeed, the lack of diligence continues, as evidenced by FLIR's decision to wait until September 1, 2011—nearly two months after the deadline and almost a month after Fluke's motion—to seek leave of court. FLIR's failure to demonstrate "good cause" should be dispositive, and the Court should deny FLIR's Motion.

B.  **The Motion Should Be Denied Even if Good Cause Exists to Modify the Court's Order.**

Even if the Court finds good cause to retroactively modify the deadline for the filing of a motion to amend a pleading, FLIR's Motion nonetheless should be denied. "Although leave to amend shall be freely given when justice so requires, it 'is not to be granted automatically.'" *Nguyen*, 2011 WL 2600998, at *1 (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation omitted)). Here, FLIR's undue delay, the prejudice to Fluke, the fact

---

[1] FLIR knew by June 30, 2011 that Defendants would not agree to jointly seek an extension of the deadline to amend pleadings solely so that FLIR could "think about" whether it wanted to do so. FLIR thus had eight days after learning of Defendants' opposition to move the Court for an extension or to file a motion for leave to amend.

PAGE 5 -  FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

that FLIR has previously amended its complaint, and the futility of the proposed amendment all weigh against granting leave to file the SAC.

FLIR engaged in undue delay in filing its Motion, as evidenced by its concession that the SAC does not allege any new facts. Even if FLIR's motion had been filed by the July 8, 2011 deadline—which it was not[2]—"in assessing timeliness, [courts] do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. *Amerisourcebergen Corp.*, 465 F.3d at 953. Instead, courts look at "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleadings'" when evaluating undue delay. *Nguyen*, 2011 WL 2600998, at *2 (quoting *Jackson*, 902 F.2d at 1388). The claims FLIR seeks to add all could have been alleged many months ago. Furthermore, whether the plaintiff has previously amended its complaint is also relevant to the Rule 15(a)(2) inquiry. *See Milt's Flying Service, Inc. v. AV Finance, Inc.*, No. CV 01-180-BR, 2002 WL 31975066, at *5 (D. Or. Dec. 2, 2002). The SAC is FLIR's third complaint in this action.

FLIR's contention that Fluke "cannot show any prejudice" is incorrect. Fluke has been prejudiced by the considerable time and expense of preparing pleadings in support of its Motion to Dismiss the SAC and in responding to the present Motion. The weight of this prejudice is greater here because, as discussed above, all of FLIR's proposed amendments could have been

---

[2] FLIR's argument that the Court should construe the filing of the SAC as a motion for leave to amend (Mem. at 7) is essentially a plea that the Court should let slide that: (1) FLIR did not file a motion for leave; (2) FLIR did not meet and confer with Defendants regarding its proposed amendments in the SAC, in contravention of the Local Rules of the District of Oregon; and (3) FLIR waited until the last possible moment before filing the SAC when it could have done so months earlier. Moreover, the single case cited by FLIR presents a completely different factual circumstance and merely stands for the unremarkable proposition that courts generally grant leave to amend after dismissing a complaint unless no amendment can cure the defect. *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). The proposed amendments to the SAC do not address any pleading deficiencies in the FAC.

PAGE 6 - FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

asserted many months before the deadline, if not in FLIR's Original Complaint or its FAC. Fluke should not be made to pay for FLIR's lack of diligence.

Finally, and in any event, the proposed amendments to the SAC are futile. Where the proposed amendment is futile or subject to dismissal, denial of leave to amend is appropriate. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). As more fully explained in Fluke's Memorandum in Support of its Motion to Dismiss the SAC and its Reply brief, FLIR's proposed causes of action for unfair competition and "agency" are not viable under Oregon law, and its demand for punitive damages is barred by the Oregon Constitution.

### III. CONCLUSION

For the foregoing reasons, Fluke respectfully requests that the Court deny FLIR's *Nunc Pro Tunc* Motion for Leave to File a Second Amended Complaint.

DATED: September 19, 2011

LANE POWELL PC

By _____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100

WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (*appearing pro hac vice*)
Matthew V. Johnson (*appearing pro hac vice*)

Attorneys for Defendant/Counterclaim Plaintiff
Fluke Corporation

PAGE 7 - FLUKE CORPORATION'S RESPONSE IN OPPOSITION TO *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200