**BENJAMIN N. SOUEDE**, OSB. No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:   (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR Systems, Inc., an Oregon corporation, | CASE NO. CV10-971-HU |
| Plaintiff, | **DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES** |
| v. | |
| Fluke Corporation and Sierra Media, Inc., | |
| Defendants. | |

PAGE 1 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO
            DISMISS THE SECOND AMENDED COMPLAINT AND IN THE
            ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE
            REQUESTS FOR PUNITIVE DAMAGES

## I. INTRODUCTION

In its Response to Defendant Sierra Media, Inc.'s (Sierra Media's) motion to dismiss the Second Amended Complaint (SAC), plaintiff FLIR Systems, Inc. (FLIR) variously: (1) fails to dispute that the SAC was improperly filed without leave and in violation of this court's order; (2) fails to cite any Oregon case that supports its theory of the elements of the Oregon tort of unfair competition (Count Two); and (3) fails to cite any case that supports its view that "agency" is an independent tort under Oregon law (Count Seven). FLIR also fails to provide any persuasive argument that its claims do not arise out of the defendants' alleged speech, which renders punitive damages unavailable under the Oregon Constitution. In short, FLIR has provided no credible response to any of the bases of Sierra Media's Motion to dismiss the SAC, and in the alternative to dismiss Counts Two and Seven and the Strike Requests for Punitive Damages. Sierra Media's Motion should be granted.

## II. ARGUMENT

### A. It Is Undisputed That the SAC Was Improperly Filed

FLIR does not dispute what is obvious: it improperly filed the SAC without leave to so do. (Response at 9-10). FLIR argues that Sierra Media's motion to dismiss the SAC as improperly filed should nonetheless be dismissed under Federal Rule of Civil Procedure 15, because Sierra Media cannot demonstrate prejudice from the improper filing.

Rather than deluge the court with repetitious argument, Sierra Media incorporates its argument on this point contained in its contemporaneously filed Response to FLIR's *Nunc Pro*

PAGE 2 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

*Tunc* Motion for Leave to File Second Amended Complaint. In summary: FLIR has not made the requisite showing of "good cause" under Federal Rule of Civil Procedure 16 (which is the proper Rule to be considered on this motion), and FLIR has conceded that the SAC contains no "new material facts." (Response at 9). The SAC, then, is a procedurally improper attempt to bring new claims after the Court dismissed one of FLIR's claims for relief from the First Amended Complaint. Sierra Media's motion to dismiss the SAC on the grounds that it was not filed in keeping with the Court's scheduling order should be granted.

**B.      Count Two of the SAC Fails To State A Claim For Unfair Competition Under Oregon Law**

FLIR argues in its Response that Count Two of the SAC sufficiently states a claim for unfair competition under Oregon law. FLIR does not argue that the Oregon cases cited by Defendants that establish that "likelihood of customer confusion" is a required element of an unfair competition claim have been abrogated or reversed. Instead, FLIR cites to several United States District Court decisions in support of its view that "likelihood of customer confusion" is not an element of an unfair competition claim under Oregon law for those unfair competition cases alleged under a theory of false advertising. (Response at 11-12).

FLIR is of course aware that when this court considers a claim under Oregon law, it must apply Oregon law as the Oregon Supreme Court would apply it. *See S .D. Myers, Inc. v. City and County of San Francisco,* 253 F.3d 461, 473 (9th Cir.2001). Here, the Oregon Supreme Court has spoken directly to the elements of an unfair competition claim under Oregon law, and

PAGE 3 –    DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

has explained that likelihood of consumer confusion is a required element of an unfair competition claim. *See, e.g.*, *Wedgewood Homes, Inc. v. Lund*, 294 Or. 493, 495, 659 P.2d 377, 378 (Or. 1983) ("Plaintiff has failed to show a likelihood of consumer confusion of the identities of plaintiff and defendant. Its cause of action for unfair competition therefore fails.") (footnote omitted); *see also Volt Services Group, Div. of Volt Mgmt. Corp. v. Adecco Employment Services, Inc.*, 178 Or. App. 121, 135, 35 P.3d 329, 338 (Or. Ct. App. 2001) ("[T]he Oregon Supreme Court held in *Wedgwood Homes v. Lund* \* \* \* that unfair competition is limited to misappropriation of a competitor's intellectual property, such as trade name or trade dress, and it requires a showing of a likelihood of consumer confusion. *Id.* at 495, 659 P.2d 377.").

Stuck with this clear statement by the Oregon Supreme Court on the elements of an Oregon unfair competition claim, FLIR attempts to draw a distinction between the Oregon state law cases that explicitly hold that "likelihood of customer confusion" is a required element for an unfair competition claim and the case at bar. FLIR's argument is that the Oregon state law cases cited by Defendants are not cases grounded in a claim for "false advertising," and that Oregon common law actually applies a different rule for unfair competition cases that are brought subject to a "false advertising" theory. FLIR cites <u>not a single Oregon case</u> in support of its theory that there are different sets of elements for "unfair competition" claims.

Instead, FLIR cites a number of Oregon federal district court cases that state in passing that the Oregon common law tort of "unfair competition" is equivalent to a claim for false

PAGE 4 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

advertising under the Lanham Act. (Response at 11-12).[1] These federal cases do not suggest that there are different "unfair competition" tests under Oregon law that are applied variously depending on the theory of unfair competition alleged. Indeed, they do not suggest at all that there are two different tests for the same tort, which is unsurprising. Instead, these cases state and/or repeat that "[b]ecause Oregon courts follow Lanham Act case law, similar statements also cannot form the basis of an Oregon common law unfair competition claim" *CollegeNET, Inc. v. Embark.com, Inc.*, 230 F. Supp 2d 167 (D. Or. 2001). Rather than duplicate the analysis here, Sierra Media herein adopts and incorporates its co-defendant Fluke's explanation in its Reply In Support of Motion to Dismiss For Failure to State a Claim and Motion to Strike as to why the *Embark.com* statement is not a complete or a completely correct declaration of the Oregon law of unfair competition.

---

[1] Amazingly, FLIR also cites to *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) as support for the elements of a false advertising claim under the Lanham Act, and for the inference that these are the same elements required for an Oregon unfair competition claim. (Response at 12). The *Southland Sod Farms* court, however, explicitly rejected what FLIR suggests it inferred:

> The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another ... [, or] acts analogous to 'passing off,' such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market." * * * Because Plaintiffs' allegations do not amount to "passing off" or its equivalent, Defendants are correct that Plaintiffs' claim for unfair competition was properly dismissed.

*Id.* at 1147 (citation omitted).

PAGE 5 –    DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

In addition to having no basis in law, FLIR's argument that there are "two tests" for unfair competition under Oregon law, and that a different test from the usual is applied for a claim brought pursuant to a "false advertising" theory, is logically unsound. First, it would be the novel tort that carried with it multiple tests that were applied or ignored depending on the plaintiff's theory. FLIR does not cite any example of such a tort existing, anywhere. Second, it suggests that Oregon has distinguished between "false advertising" unfair competition cases and "other" unfair competition cases. FLIR cites no Oregon court or statute for this proposition, and indeed such a distinction makes little sense in the context of unfair competition, whose gravamen is "whether it is probable that an ordinary buyer in the ordinary course of business *would be deceived into believing that the product of one party is actually that of another*." *Allegro Corp. v. Only New Age Music, Inc.,* No. Civ. 01-790-HU, 2002 WL 32806161, at * 13 (D. Or. Oct. 4, 2002) (Report and Recommendation of Hubel, M.J.), *adopted by Allegro*, 2003 WL 23571745, at *14 (D. Or. Jan. 23, 2003) (emphasis added). Why the Oregon courts would decide to treat unfair competition differently in the context of advertising rather than (for example) in the context of a company adopting a confusingly similar trade name to another company (as in *Wedgewood Homes, Inc. v. Lund*, 294 Or. 493, 495, 659 P.2d 377, 378 (Or. 1983), is unclear, and FLIR provides neither support nor explanation for what would appear to be a curious and arbitrary distinction.

PAGE 6 –    DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

Third, FLIR's theory ignores the fact that other torts are available to remedy "false advertising" that does not lead to customer confusion.  For example, FLIR need look no farther than the trade libel claim it has asserted in this very action.

Fourth, FLIR's argument proves too much, as its purported statement of an unfair competition claim against Sierra Media demonstrates.  Sierra Media is not alleged to (and does not) produce, manufacture, distribute or sell thermal imagers.  Indeed, Sierra Media is not alleged to (and does not) "compete" with FLIR in any way.  Yet under FLIR's strained theory, Sierra Media – who is not in competition with FLIR – can be held liable for engaging in "unfair" competition with FLIR.  Such an absurd result is not consistent with Oregon's tort of unfair competition, and demonstrates why "customer confusion" is an integral part of the tort – it ensures that to be liable for "unfair competition," the defendant must actually be "in competition" with the plaintiff.

Count Two of the SAC fails to allege (and cannot allege) that there was a "likelihood of customer confusion" between  Sierra Media's products and FLIR's products, as is required for the Oregon tort of unfair competition.  *See, e.g., Volt Servs. Group, Div. of Volt Management Corp. v. Adecco Employment Servs., Inc.,* 178 Or. App. 121, 135, 35 P.3d 329, 338 (2001).  Count Two must therefore be dismissed as against Sierra Media.

PAGE 7 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

C.   **Count Seven of the SAC Fails To State A Claim For Agency, Because No Such Tort Is Recognized Under Oregon Law**

In arguing that "agency" is an independent cause of action under Oregon law, FLIR fails to cite a single case that states or suggests that this is so.  Instead, FLIR cites three cases that confirm that "agency" is precisely what Sierra Media argued it was in Sierra Media's Memorandum in Support of its Motion to Dismiss: a theory of vicarious liability by which liability established under a recognized cause of action against one party may be "assigned" to another party.

Astonishingly, FLIR criticizes Sierra Media for failing to cite in its Motion any case that holds that Oregon does not recognize "agency" as an independent cause of action (thereby purporting to require Sierra Media to "prove a negative").  However, it is <u>FLIR</u> that must establish that its alleged causes of actions are cognizable under Oregon law.  Compounding things, FLIR argues that "[i]n contrast to other jurisdictions, Oregon recognizes an independent cause of action for agency liability," but fails to cite <u>any</u> case that actually holds that Oregon departs from the rule of "other jurisdictions."  Instead, as noted above, FLIR cites to three cases in which a theory of "agency" was alleged to shift liability for <u>independently actionable acts</u> from one defendant to another.  *See Badger v. Laulson Investment Co., Inc.*, 98 or. App. 200, 779 P.2d 1046 (Or. Ct. App. 1989) (involving claims for the sale of unregistered securities, securities fraud, and common law fraud); *Prauss v. Adamski*, 195 Or. 1, 244 P.2d 598 (Or. 1952) (involving an "action to recover damages for death * * * resulting from the alleged negligent

PAGE 8 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

operation of a motor vehicle"); *Mitchell v. Ausplund*, 150 Or. 572, 47 P.2d 256 (Or. 1935) (involving a negligence action).

FLIR's argument that it "asserted its claim for agency liability only in the alternative to its claims for civil conspiracy and aiding and assisting" (Response at 15) is of no legal moment. Even an "alternative claim" must state a cognizable claim for relief.

The cases cited by FLIR demonstrate that the law of agency in Oregon is what it is elsewhere: merely a mechanism by which one party can be held liable for the independently actionable acts of another. Agency is <u>not</u> an independently cognizable cause of action under Oregon law. Count Seven should therefore be dismissed.

### D. The SAC's Requests for Punitive Damages Should Be Stricken; Such Damages Would Violate the Oregon Constitution

After acknowledging that the Oregon Constitution bars the recovery of punitive damages for acts of speech, FLIR argues that its claims of unfair competition, civil conspiracy, aiding and assisting, and agency are "based on Defendants' improper commercial practices in addition to their speech." (Response at 16-17). This argument is without merit: <u>all</u> of FLIR's claims are related to the publication of the Drop Test Video; <u>all</u> of FLIR's claimed harm is alleged to flow from the publication of the alleged falsehoods in the Video. Therefore, <u>all</u> of FLIR's claims for relief flow from the Defendants' alleged speech, and punitive damages are not recoverable for such claims. The SAC's request for punitive damages should be stricken or dismissed.

PAGE 9 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES

### III.     CONCLUSION

FLIR has not made any requisite showing that excuses its improper filing of the SAC. FLIR has also failed to establish that the elements of unfair competition are other than what the Oregon Supreme Court has said they are, and has failed to cite to any case that suggests that agency is an independent cause of action under Oregon law.  Finally, FLIR has failed to rebut what is clear from the body of its complaint: all of its claims against the Defendants arise out of the Defendants' alleged speech, and the Oregon Constitution therefore renders punitive damages unavailable on those claims.  Sierra Media's Motion should therefore be granted in its entirety.

DATED this 19th day of September, 2011.

Respectfully submitted,

s/ Benjamin N. Souede
BENJAMIN SOUEDE, OSB No. 081775
DAVID ANGELI, OSB No. 020244
(503) 954-2232
Attorneys for Defendant Sierra Media, Inc.

PAGE 10 –   DEFENDANT SIERRA MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND IN THE ALTERNATIVE TO DISMISS COUNTS TWO AND SEVEN, AND TO STRIKE REQUESTS FOR PUNITIVE DAMAGES