**BENJAMIN N. SOUEDE**, OSB. No. 081775
benjamin@angelilaw.com
**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR  97204
Telephone:  (503) 954-2232
Facsimile:   (503) 227-0880

Attorneys for Defendant Sierra Media, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR Systems, Inc., an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Fluke Corporation and Sierra Media, Inc.,<br><br>　　　　　Defendants. | CASE NO. CV10-971-HU<br><br>**DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR SYSTEMS, INC.'S** *NUNC PRO TUNC* **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

PAGE 1 –　　DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR
　　　　　　　SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE
　　　　　　　SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff FLIR Systems, Inc.'s (FLIR's) *Nunc Pro Tunc* Motion for Leave to File Second Amended Complaint is an attempt by FLIR to remedy its undisputed failure to abide by the Court's in-place scheduling order when it filed its Second Amended Complaint (SAC) without leave to so do. Defendant Sierra Media, Inc. ("Sierra Media") has moved separately to dismiss the SAC, and here opposes FLIR's Motion. FLIR has cited the wrong rule in arguing that its Motion should be granted, and because it has not and cannot demonstrate "good cause" to amend the Court's scheduling order under the correct rule (Federal Rule of Civil Procedure 16), its Motion must be denied. In the alternative, even if good cause to amend the Court's scheduling order exists, FLIR's undue delay, the prejudice to Sierra Media and the futility of the proposed amendment require that the Motion be denied.

## II. ARGUMENT

### A. FLIR Has Failed To Demonstrate "Good Cause" To Modify The Court's July 8, 2011 Deadline

Federal Rule of Civil Procedure 15(a)(1) grants a party the right to amend a pleading once as a matter of course. Any subsequent amendments may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

FLIR filed its original Complaint in this action on August 17, 2010. It filed its First Amended Complaint on December 30, 2010. Pursuant to Rule 15, no subsequent amendments of FLIR's complaint were permitted without either consent of the court or Defendants' consent.

The Court's May 17, 2011 Order in this matter stated clearly: "The deadline for the filing of a motion, or the filing of a stipulation or declaration from opposing counsel, to amend a pleading to add a party or claim is July 8, 2011."  FLIR did not file any motion seeking to amend a pleading to add a claim by the July 8, 2011, deadline.  Nor did FLIR file (or seek from Defendants) a stipulation consenting to the amending of a pleading to add a claim.  Rather than follow the dictates of Rule 15 or the Court's May 17, 2011 Order, FLIR simply filed the SAC on July 8, 2011 [Docket Entry # 76].

FLIR's citation to Federal Rule of Civil Procedure 15's "liberal" rule permitting repleading is not relevant to this action; the Ninth Circuit has directly and explicitly held that it is Federal Rule of Civil Procedure <u>16</u> that applies when a party seeks to amend a pleading <u>after</u> the court's deadline for doing so has passed: "Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) ("In *Johnson* * * * we held that Rule 15(a) did not apply * * * because the party in *Johnson* had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order.  Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to satisfy the *more stringent* "good cause" showing required under Rule 16." (citation omitted) (emphasis in

PAGE 3 –    DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR
            SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE
            SECOND AMENDED COMPLAINT

original).[1]  Only after a movant establishes "good cause" under Rule 16 does a court in these circumstances engage in a Rule 15(a)(2) analysis.[2]  *E.g., Ashby v. Farmers Ins. Co. of Oregon*, 01-CV-1446-BR, 2007 WL 5479070 (D. Or. Sept. 26, 2007) (Brown, J.) ("A party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) *must first show "good cause"* for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a).") (emphasis added).

A party seeking to after-the-fact amend a scheduling order must thus demonstrate "good cause" for such an amendment.  This standard has been held to be "more stringent" than the showing required to be granted leave under Rule 15.  *E.g., AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d at 952; *Synopsys, Inc. v. Magma Design Automation, Inc.*, C-04-3923 MMC, 2007 WL 420181 (N.D. Cal. Feb. 6, 2007) ("Where, however, the Court has issued a scheduling order establishing a deadline for amendments to the pleadings, and a party seeks leave to file an amended pleading after such deadline has passed, the "more stringent" standards of Rule 16(b), not those of Rule 15(a), apply.").

---

[1] This court has frequently applied the *Johnson* rule, and maintained that Rule 16 "trumps" Rule 15 when the motion to amend the scheduling order comes after the deadline set forth in that order.  *See, e.g., Chao v. Westside Drywall, Inc*., 709 F. Supp. 2d 1037, 1071-72 (D. Or. 2010), as amended (May 13, 2010) (citing *Johnson* and citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535-36 (5th Cir. 2003) as "agreeing with the First, Second, Eighth, Ninth, and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order.

[2] Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

PAGE 4 –     DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR
             SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE
             SECOND AMENDED COMPLAINT

Importantly, the Ninth Circuit has made clear that the Rule 16 "good cause" analysis focuses on the "diligence" of the party seeking the amendment, not on the moving party's good faith or the prejudice to any nonmoving parties. Unlike an analysis under Rule 15(a), which focuses on the good or bad faith of the party seeking an amendment and the prejudice to any nonmoving parties, the "good cause" standard set forth in Rule 16 primarily focuses upon the "diligence" of the party requesting the amendment. As the *Johnson* court explained:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). Moreover, *carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief*. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, *the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end*.

*Johnson*, 975 F.2d at 609 (citations and internal quotations omitted) (emphases added). *See also Peterson v. Acumed, LLC*, CV-10-586-HU, 2010 WL 5158542 (D. Or. Dec. 14, 2010) (Hubel, M.J.) (same).

Under the Ninth Circuit's rule, then, FLIR's carelessness in failing to secure leave before filing the SAC is "not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. FLIR has made <u>no</u> showing of diligence, and it cannot be said that the Court's July 8, 2011 deadline could not "reasonably [have been] met despite the diligence" of FLIR. FLIR

PAGE 5 –   DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

was obviously able to file the SAC *itself* by that deadline; surely it could have brought a motion for leave to amend by that date.

FLIR's lack of diligence is compounded by its delay in filing the present Motion. FLIR knew by June 30, 2011, when it conferred with counsel for the Defendants, that the Defendants would not agree to an extension of the July 8, 2011 deadline. Not only did FLIR not file a motion for leave to amend in the eight days between the conferral and the deadline, for some reason, FLIR chose to wait until September 1, 2011 to file its Motion for Leave.

The Court should deny FLIR's Motion pursuant to Federal Rule of Civil Procedure 16.

**B.     If The Court Finds That Good Cause Exists to Modify the Court's May 17, 2011 Order, FLIR's Motion Should Nonetheless Be Denied**

Even if the Court finds that good cause exists to amend the scheduling order pursuant to Rule 16, it should deny FLIR's *Nunc Pro Tunc* Motion for Leave to File Second Amended Complaint pursuant to Rule 15(a). FLIR's undue delay, the fact that it has previously amended its complaint, the prejudice to Sierra Media, and the futility of any proposed amendment militate in favor of denying FLIR leave.

First, FLIR clearly engaged in undue delay in filing its Motion, especially in view of the fact that the SAC's new claims are avowedly "based on essentially the same set of facts set forth in FLIR's First Amended Complaint." (Plaintiff's Memorandum of Law in Support of its *Nunc Pro Tunc* Motion for Leave to File Second Amended Complaint at 7). There was no basis, then, for FLIR to not include the SAC's "new claims" as part of an earlier pleading. All that has changed is that the Court has dismissed the First Amended Complaint's claim for Intentional

Interference with Prospective Economic Relations; FLIR now seeks to substitute new state law claims in its place. There is no reason FLIR could not have brought the SAC's "new" claims earlier.

Second, the prejudice to Sierra Media is marked. This is now the <u>third time</u> FLIR has obliged Sierra Media to bring a Motion to Dismiss claims for which they have not stated a claim (Notably, FLIR waited to amend its Complaint the first time until after the Defendants had moved to dismiss several of the claims stated in that complaint; FLIR's First Amended Complaint withdrew some of those claims). FLIR's decision to cook up new claims every time Defendants move against an extant complaint has a "throw it against the wall and see what sticks" feel that has required Sierra Media to bring successive dispositive motions.

Finally, the requested amendment by FLIR would be futile. For the reasons explained in Sierra Media's Motion To Dismiss and Reply in support of same, FLIR's purported claims for unfair competition and agency are not cognizable under Oregon law, and its added demand for punitive damages is foreclosed by the Oregon Constitution. The sought-for amendment is therefore futile, and leave to amend should be denied. *Saul v. United States*, 928 F.2d 829, 943 (9th Cir. 1991).

PAGE 7 –   DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### III.    CONCLUSION

FLIR has not (and cannot) demonstrate "good cause" pursuant to Federal Rule of Civil Procedure 16 to amend the Court's July 8, 2011 deadline; its Motion should be denied. Even if the Court finds that good cause exists, FLIR's undue delay, the prejudice to Sierra Media, and the futility of FLIR's proposed amendment require that FLIR's motion for leave be denied pursuant to Federal Rule of Civil Procedure 15(a)(2).

DATED this 19th day of September, 2011.

Respectfully submitted,

s/ Benjamin N. Souede
BENJAMIN SOUEDE, OSB No. 081775
DAVID ANGELI, OSB No. 020244
(503) 954-2232
Attorneys for Defendant Sierra Media, Inc.

PAGE 8 –    DEFENDANT SIERRA MEDIA, INC.'S RESPONSE TO PLAINTIFF FLIR SYSTEMS, INC.'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT