**Devon Zastrow Newman,** OSB #014627
E-mail:  dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon  97204
Telephone:  (503) 796-2944
Facsimile:  (503) 796-2900

-and-

**William A. Brewer III,** *appearing pro hac vice*
Email:  wab@bickelbrewer.com
**Michael J. Collins,** *appearing pro hac vice*
E-mail:  mjc@bickelbrewer.com
**C. Dunham Biles,** *appearing pro hac vice*
E-mail:  cdb@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201-4612
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

ATTORNEYS FOR PLAINTIFF FLIR SYSTEMS, INC.

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>           Plaintiff,<br><br>v.<br><br>SIERRA MEDIA, INC. and FLUKE CORPORATION,<br><br>           Defendants. | Case No. 3:10-CV-971-HU<br><br>PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES |

Page 1-  PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files its Response to Defendant Fluke Corporation's Motion to Compel Responses to Requests for Production and Interrogatories (the "Motion"), as follows:

## I.

## PRELIMINARY STATEMENT

FLIR commenced this action after Fluke Corporation ("Fluke"), which was unable to compete effectively against FLIR on the basis of price, quality, and service, resorted to disparaging FLIR to potential customers in an intentionally misleading video that was disseminated to the public, beginning in March 2010 (the "Video"). Specifically, the Video falsely depicts the results of a purported drop test, that was purportedly designed and conducted by independent third-party defendant Sierra Media, Inc. ("Sierra"), in which the Fluke Ti32, the FLIR i7, i60, and T400, and the Testo 880 thermal imaging cameras were dropped from a height of two meters onto a concrete floor (the "Test"). Sierra is not an independent third-party and did not independently design and conduct the Test. The Video also misrepresents the actual results of the Test.

The Test does not concern FLIR's new E-series thermal imaging cameras, which were not shown in the Video. FLIR, therefore, is not seeking any damages in this action in connection with its E-series thermal imaging cameras. Nonetheless, Fluke seeks to compel FLIR to produce information regarding the ability of FLIR's E-series thermal imaging cameras to survive a two-meter drop test. The Motion should be denied because whether FLIR's E-series thermal imaging cameras can survive a two-meter drop test is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In particular, the E-series thermal imaging cameras have no bearing on: (i) whether the Video falsely represents Fluke's and Sierra's relationship and the

Page 2- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

actual results of the Test; or (ii) the ability of FLIR's i7, i60, and T400 thermal imaging cameras to survive a two-meter drop test. Accordingly, the Motion should be denied.

## II.

## RELEVANT BACKGROUND

### A. FLIR's Allegations In The First Amended Complaint

On December 30, 2010, FLIR filed its First Amended Complaint.[1] FLIR alleges that the Video is materially false and misleading because it falsely represents that: (i) the Test was conducted by Sierra, a purportedly independent third-party; and (ii) the results of the Test were that the FLIR i7, i60, and T400 thermal imaging cameras shown in the Video purportedly broke apart and became inoperable upon initial impact, whereas the Fluke thermal imaging camera shown in the Video purportedly remained intact and operable after seventeen drops.[2]

#### 1. Sierra is not an independent third-party, and did not independently conduct the Test.

Sierra is Fluke's long-time media and marketing company, with a relationship spanning over fifteen years.[3] Thus, Sierra not only allowed Fluke to control the design of the Test and participate in the editing of the Video,[4] but on the day that Sierra filmed the Test, a Fluke employee was present and directed Sierra on how to drop and operate the cameras.[5] In fact, the Video was completed and published in approximately March 2010, after months of extensive

---

[1] *See* First Amended Complaint (Dkt. No. 37).

[2] *See id.* ¶¶ 12-38.

[3] *See id.* ¶ 10.

[4] *See id.* ¶ 13.

[5] *See id.* ¶ 26.

Page 3- **PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

editing by Fluke.[6]  Specifically, seven different versions of the Video were created by Sierra and sent to Fluke for review and substantive comments, and then edited by Sierra always in compliance with Fluke's comments.[7]  Nevertheless, the methodology that accompanied the Video was signed by Sierra's founder and states that Sierra is an "independent, third party."[8]

### 2. The Video is false and misleading.

The Video purportedly depicts FLIR's i7, i60, and T400 thermal imaging cameras breaking apart upon initial impact, whereas Fluke's Ti32 thermal imaging camera remained intact and operable after seventeen drops.[9]  The Video is, therefore, false because it does not divulge that FLIR's i7, i60, and T400 thermal imaging cameras did not break on the first drop, but actually withstood multiple drops.[10]  The Video is also false because it proclaims that Fluke's camera survived "17 drops and counting," when, in fact, the camera sustained substantial internal damage before the seventeenth drop.[11]

Indeed, early versions of the Video included the alleged results of the Test – "FLIR T400 12 drops, FLIR i60 12 drops, FLIR i7 11 drops, Testo 880 3 drops" – which were subsequently deleted from the final version of the Video.[12]  In addition, early versions of the methodology accompanying the Video disclosed those alleged results of the Test, but that information was

---

[6] *See id.* ¶¶ 16, 30.

[7] *See id.*

[8] *See id.* ¶ 13.

[9] *See id.* ¶ 18.

[10] *See id.* ¶ 14.

[11] *See id.* ¶ 38.

[12] *See id.* ¶ 34.

Page 4- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

subsequently deleted from the final version of the methodology.[13] Further, certain early versions of the methodology stated that the "Imagers were dropped repeatedly <u>until significant exterior damage occurred</u>," but that proviso was also subsequently deleted from the final version of the methodology.[14]

**B.    Relevant Procedural History**

On February 4, 2011, Fluke served its First Request for Production of Documents on FLIR.[15]  Those document requests included the three requests (Request Nos. 25-27) at issue in the Motion.[16]  On March 14, 2011, FLIR served its objections and answers to those document requests, agreeing to produce numerous categories of documents pertaining to the "ruggedness" of its i-series and T-series thermal imaging cameras.[17]  In response to Request Nos. 25-27 concerning its E-series thermal imaging cameras, however, FLIR responded that:

> FLIR objects to this Request because it is overbroad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in that FLIR's E-series cameras were not featured in the drop test video.[18]

On July 8, 2011, Fluke served its First Set of Interrogatories to FLIR.[19]  On August 24, 2011, FLIR served its objections and answers to those interrogatories.[20]  FLIR objected to

---

[13] *See id.* ¶ 35.

[14] *See id.* ¶ 36 (emphasis added).

[15] *See* Declaration of Devon Zastrow Newman ("Newman Declaration"), Ex. 1.

[16] *See* Declaration of Kenneth R. Davis II in Support of Defendant/Counterclaim Plaintiff Fluke Corporation's Motion to Compel Responses to Requests for Production and Interrogatories (Dkt. No. 117) ("Davis Declaration"), Ex. 1.

[17] *See id.*

[18] *See id.*

[19] *See* Newman Declaration, Ex. 2.

Page 5- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Interrogatory No. 3 because any drop test information related to its E-series thermal imaging cameras and other cameras not shown in the Video is not relevant given that those cameras are not at issue in this action.[21]

FLIR has made extensive efforts to comply with its discovery obligations in this case. As of November 2, 2011 (which was two days prior to the filing of the Motion), FLIR had already produced a total of 241,671 pages of information in response to Defendants' document requests.[22] FLIR objects to producing the additional information sought by the Motion because: (i) information regarding FLIR's E-series thermal imaging cameras is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that those cameras were not shown in the Video and have nothing to do with either Defendants' misrepresentation of the actual results of the Test in the Video or whether those cameras shown in the Video can survive a two-meter drop test; and (ii) FLIR produced certain documents relating to cameras not shown in the Video because they were otherwise responsive to Defendants' document requests, not because they were relevant to FLIR's claims based on the Video.[23]

---

[20] *See* Davis Declaration, Ex. 2.

[21] *See id.*

[22] *See* Motion; Defendant/Counterclaim Plaintiff Fluke Corporation's Memorandum in Support of Motion to Compel Responses to Requests for Production and Interrogatories (the "Memorandum") (Dkt. No. 116); Davis Declaration; Newman Declaration, Ex. 3. In contrast, to date Fluke has produced a total of 14,479 pages of documents, over 10,000 of which were produced on November 9, 2011. *See* Newman Declaration, Ex. 4.

[23] *See* Newman Declaration, Ex. 5.

Page 6- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

### III.

### SUMMARY OF ARGUMENT

Even though FLIR's E-series thermal imaging cameras are not shown in the Video and FLIR is not seeking any damages in connection with its E-series thermal imaging cameras, Fluke seeks to compel FLIR to undertake the burden and expense of searching for and producing documents regarding those cameras. The Motion should be denied because: (i) FLIR's E-series thermal imaging cameras are not at issue in this action; and (ii) it is based on the erroneous premise that FLIR alleges that the Video falsely depicts whether FLIR's or Fluke's thermal imaging cameras are, in fact, more "rugged." Rather, FLIR alleges that the Video is misleading because it falsely represents that the Test was independently designed and conducted by an independent third-party and because it misrepresents the actual results of the Test.[24]

### IV.

### ARGUMENT AND AUTHORITIES

#### A.   Relevant Legal Standard

Federal Rule of Civil Procedure 26 entitles a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[25] Although relevant information need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."[26] Rule 26(b)(2)(C) provides that:

---

[24] *See* First Amended Complaint (Dkt. No. 37), ¶¶ 12-38.

[25] *See* FED. R. CIV. P. 26(b)(1).

[26] *See id.*

Page 7- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[27]

Fluke has the burden to demonstrate why the information it seeks is relevant and why FLIR's objections are not justified.[28]

**B.     Information Regarding FLIR's E-series Thermal Imaging Cameras Is Irrelevant.**

    **1.     FLIR's E-series thermal imaging cameras are not at issue in this action.**

FLIR makes no allegations in its First Amended Complaint regarding its E-series thermal imaging cameras,[29] and Fluke's Motion points to no such allegations made by FLIR. That is because FLIR's new E-series thermal imaging cameras were not shown in the Video – those cameras were not sold until April 2011. Further, FLIR is not seeking any damages in this action in connection with its E-series thermal imaging cameras. Information and documents concerning FLIR's E-series thermal imaging cameras are, therefore, not relevant to FLIR's allegations concerning the Video.

---

[27] *See* FED. R. CIV. P. 26(b)(2)(C).

[28] *See Weaving v. City of Hillsboro*, No. CV–10–1432–HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011).

[29] *See* First Amended Complaint (Dkt. No. 37).

Page 8- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

**2.    A comparison of the "ruggedness" of FLIR's E-series, i7, i60, and T400 thermal imaging cameras is irrelevant.**

Request No. 25 seeks "[a]ll documents that support or relate to the statement 'Flir's [sic] E-series of thermal imagers are extremely . . . rugged. Drop proof to 6-ft (2 m) and are designed to meet IP dust/splash proof standards.'"[30]  Fluke asserts that this Request seeks documents "discussing design changes and new features in the E-series," which are purportedly relevant to show that the FLIR thermal imaging cameras shown in the Video lacked those new features and that FLIR "found it necessary to redesign its cameras" before it marketed their ability to survive a two-meter drop.[31]  In essence, Fluke contends that "[t]he issue of ruggedness, particularly as it relates to drop testing, is at the heart of FLIR's claims in this action."[32]

Fluke is wrong – FLIR's allegations are not based on whether FLIR's or Fluke's thermal imaging cameras are more "rugged."[33]  Instead, FLIR alleges that the Video is misleading because it falsely represents that the Test was independently designed and conducted by an independent third-party and misrepresents the actual results of the Test.[34]  Specifically, FLIR alleges that: (i) Sierra is not an independent third-party as the methodology represents; (ii) Sierra did not independently conduct the Test or edit the Video and methodology as the Video and methodology represent; (iii) FLIR's i7, i60, and T400 thermal imaging cameras did not break apart upon initial impact as the Video depicts; and (iv) Fluke's thermal imaging camera did not

---

[30] See Davis Declaration, Ex. 1, Request No. 25.

[31] See Memorandum at 4.

[32] See id. at 6.

[33] See supra section II(A).

[34] See id.

Page 9- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

remain intact and operable after seventeen drops as represented in the Video.[35] In other words, FLIR's claims are based on Fluke's specific representations in the Video and the accompanying methodology, not the comparative "ruggedness" of FLIR's and Fluke's thermal imaging cameras in general. Moreover, the design changes and new features in FLIR's E-series thermal imaging cameras do not have any bearing on whether Defendants made false and misleading representations about their relationship and the actual results of the Test in the Video and the accompanying methodology. Thus, the Court should deny the Motion as to Request No. 25 because the comparative "ruggedness" of FLIR's E-series, i7, i60, and T400 thermal imaging cameras is irrelevant.

### 3. The results of any internal FLIR drop tests of its E-series thermal imaging cameras are irrelevant.

Request No. 26 requests "[a]ll documents that refer or relate to any drop testing of Flir's [sic] E-series thermal imaging cameras . . . from a height of 6-feet (2 meters) . . . ."[36] Similarly, Interrogatory No. 3 asks FLIR to identify and describe, "[f]or the time period of September 1, 2005, . . . all drop tests Flir [sic] has conducted or commissioned on thermal imaging cameras, including but not limited to thermal imaging cameras manufactured by Flir [sic] and Fluke. . . ."[37] Fluke contends that the results of any such drop tests are relevant because they either: (i) "stand in juxtaposition to the results of FLIR's 2009 drop tests involving the ixx series," if they show that the E-series are able to survive a two-meter drop; or (ii) "indicate that even after

---

[35] See id.

[36] See Davis Declaration, Ex. 1, Request No. 26.

[37] See id., Ex. 2, Interrogatory No. 3.

Page 10- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

the remodeling of the ixx series, Flir's [sic] cameras still [are] not . . . as rugged as Fluke's cameras."[38] That contention is without merit.

FLIR's claims are <u>not</u> based on the allegation that FLIR's thermal imaging cameras are more "rugged" than Fluke's thermal imaging cameras. Instead, FLIR alleges that Fluke made specific misrepresentations concerning the Test, which did not concern FLIR's E-series thermal imaging cameras. The results of any FLIR internal drop tests of its E-series thermal imaging cameras, therefore, are immaterial to whether Defendants falsely represented the nature of their relationship in the Video and accompanying methodology, or misrepresented the actual results of the Test in the Video. The ability of FLIR's E-series thermal imaging cameras to survive a two-meter drop (then or now) is irrelevant to the purported comparison of the "ruggedness" of Fluke's Ti32 thermal imaging camera and FLIR's i7, i60, and T400 thermal imaging cameras in the Video. Accordingly, the Motion should be denied as to Request No. 26 and Interrogatory No. 3 because the results of any internal FLIR drop tests of its E-series thermal imaging cameras are irrelevant.

    4.    **<u>FLIR's marketing materials in connection with its E-series thermal imaging cameras are irrelevant.</u>**

Request No. 27 seeks "[a]ll documents that refer or relate to Flir's [sic] inclusion of statements about ruggedness and being drop proof to 6 feet (2 meters) in its marketing materials for E-series thermal imaging cameras . . . ."[39] Fluke asserts that the Request seeks relevant information because such documents may: (i) "acknowledge Fluke's two-meter drop test specification and discuss FLIR's efforts to match it;" (ii) reflect FLIR's and the marketplace's

---

[38] *See* Memorandum at 4.

[39] *See* Davis Declaration, Ex. 1, Request No. 27.

Page 11- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

awareness that "Fluke's thermal imaging cameras are rugged and designed to withstand a two-meter drop test, while the FLIR cameras depicted in the drop test video are not;" and (iii) "shed light on" why FLIR marketed its E-series thermal imaging cameras as capable of surviving a two-meter drop after the Video was published.[40]  Those contentions are without merit.

As set forth above, FLIR's claims are not based on the allegation that FLIR's thermal imaging cameras are more "rugged" than Fluke's thermal imaging cameras.[41]  Indeed, FLIR's marketing materials in connection with its E-series thermal imaging cameras are immaterial to whether Defendants falsely stated the nature of their relationship in the Video and accompanying methodology, or misrepresented the actual results of the Test in the Video.  Therefore, the ability of those cameras to survive a two-meter drop (then or now) is irrelevant to the purported comparison of the "ruggedness" of Fluke's Ti32 thermal imaging camera and FLIR's i7, i60, and T400 thermal imaging cameras in the Video.  Finally, because Fluke does not assert any claims based on FLIR's marketing of its E-series thermal imaging cameras as being able to survive a two-meter drop,[42] such marketing materials are irrelevant to any claim asserted in this action. Accordingly, the Motion should be denied as to Request No. 27 because FLIR's marketing materials in connection with its E-series thermal imaging cameras are irrelevant.

---

[40] *See* Memorandum at 4-5.

[41] *See supra* Section IV(B)(2).

[42] *See* Defendant Fluke Corporation's Answer to Plaintiff's First Amended Complaint and Counterclaims (Dkt. No. 70), ¶¶ 23-42.

Page 12- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

5.  **FLIR's production of documents regarding other thermal imaging cameras, including the E-series, does not demonstrate that the Motion seeks to compel the production of relevant information.**

Fluke contends that FLIR should be compelled to answer Request Nos. 25-27 and Interrogatory No. 3 because FLIR has produced documents pertaining to the E-series which "tout the cameras' ruggedness and the two-meter drop test," as well as documents concerning other thermal imaging cameras that were not included in the Video, and its refusal to answer Request Nos. 25-27 and Interrogatory No. 3 is, therefore, "arbitrary and inconsistent."[43] Fluke is wrong. As FLIR has previously informed Defendants, to the extent that FLIR has produced documents pertaining to its E-series and other thermal imaging cameras not shown in the Video, it has done so because those documents are responsive to Fluke's document requests regarding FLIR's use of the term "fusion" in connection with <u>any</u> of its thermal imaging cameras, <u>not</u> because they are responsive to Request Nos. 25-27.[44]

Accordingly, the Motion should be denied because Fluke cannot show that the requested discovery seeks the production of information that is relevant or reasonably calculated to lead to the discovery of admissible evidence.

C.  **Even Assuming *Arguendo* That Information Concerning FLIR's E-series Thermal Imaging Cameras Is Relevant, The Motion Should Still Be Denied Based On The Considerations Set Forth In Rule 26(b)(2)(C).**

FLIR's compliance with discovery in this case has been extensive, to its great expense. As of November 2, 2011 (which was two days prior to the filing of the Motion), FLIR had already produced a total of 241,671 pages of information in response to Defendants' document

---

[43] *See* Memorandum at 5.

[44] *See* Newman Declaration, Ex. 5; Davis Declaration, Ex. 1, Request Nos. 41-48.

Page 13- PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

requests, collected from document custodians worldwide.[45] In fact, Fluke has admitted that FLIR's document production includes documents regarding the "ruggedness" of FLIR's E-series thermal imaging cameras.[46]

Thus, even assuming *arguendo* that Fluke seeks to compel the production of relevant information (which it does not), the Motion should nevertheless be denied pursuant to Rule 26(b)(2)(C) because: (i) FLIR has already produced documents regarding the "ruggedness" of its E-series thermal imaging cameras; (ii) Fluke did not file the Motion until more than seven months after FLIR refused to answer Request Nos. 25-27, by which time FLIR had already produced a total of 241,671 pages of information; and (iii) the burden and expense of having to search for information responsive to Request Nos. 25-27 outweighs Fluke's purported need for the information sought by the Motion, for the reasons previously discussed. In other words, FLIR should not have to bear the additional document production burden and expense that would result from the Motion, in light of: (i) the cumulative or duplicative information sought by the Motion; (ii) Fluke's failure to timely raise the issues set forth in the Motion; and (iii) the, at best, limited need for such information. Accordingly, FLIR should not be required to undertake the additional document production burden and expense sought to be imposed by Fluke pursuant to the Motion.

---

[45] *See* Newman Declaration, Ex. 3.

[46] *See* Memorandum at 5.

Page 14- **PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

## V.

## CONCLUSION

For all the foregoing reasons, FLIR respectfully requests that the Court deny the Motion, and award it such other and further relief to which it is entitled.

DATED this 22nd day of November, 2011.

        SCHWABE, WILLIAMSON & WYATT, P.C.

        By: s/ Devon Zastrow Newman
           Devon Zastrow Newman, OSB #014627
           Telephone 503.222.9981

           BICKEL & BREWER
           William A. Brewer III, *appearing pro hac vice*
           Michael J. Collins, *appearing pro hac vice*
           C. Dunham Biles, *appearing pro hac vice*
           Telephone 214.653.4000

           Attorneys for Plaintiff FLIR Systems, Inc.

Page 15- **PLAINTIFF FLIR SYSTEMS, INC.'S RESPONSE TO DEFENDANT FLUKE CORPORATION'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

5255877.12
2069-08