UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation, | ) ) ) |
| Plaintiff, | ) 3:10-cv-00971-HU ) ) |
| vs. | ) **OPINION AND** ) **ORDER** |
| **SIERRA MEDIA, INC.**, a Washington corporation, and **FLUKE CORPORATION**, a Washington corporation, | ) ) ) ) |
| Defendants. | ) |

Devon Zastrow Newman
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, Oregon 97204

Williams A. Brewer III
Michael J. Collins
C. Dunham Biles
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612

    Attorneys for Plaintiff

Kenneth R. Davis II
Parna A. Mehrbarni
LANE POWELL, P.C.
601 SW Second Avenue, Suit 2100
Portland, Oregon 97204-3158

OPINION AND ORDER                 1

Dane H. Butswinkas
Matthew V. Johnson
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

    Attorneys for Defendant Fluke Corporation

Benjamin N. Souede
David H. Angeli
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204

    Attorneys for Defendant Sierra Media, Inc.

HUBEL, Magistrate Judge:

## Opinion and Order

Pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(f), defendants Sierra Media, Inc. ("Sierra") and Fluke Corporation ("Fluke") (collectively, "Defendants") move to dismiss plaintiff FLIR Systems, Inc.'s ("FLIR") Second Amended Complaint ("SAC") in its entirety or, in the alternative, to dismiss Counts Two and Seven and to strike FLIR's demand for punitive damages. Also before the court is FLIR's *nunc pro tunc motion* for leave to file its SAC. The parties have consented to proceed before a U.S. Magistrate pursuant to 28 U.S.C. § 636(c). Based on the reasons set forth below, FLIR's *nunc pro tunc* motion [88] for leave is DENIED, and Defendants' motions [80] [82] are DENIED as moot.

## Factual Background[1]

This action arises between competitors in the manufacture and sale of thermal imaging cameras. FLIR deals in infrared cameras, thermography, and thermal imaging equipment. FLIR's products are

---

[1] Unless otherwise indicated, the following facts are taken from FLIR's First Amended Complaint ("FAC").

OPINION AND ORDER                      2

sold in a wide range of industrial, commercial, and government markets around the world. FLIR has supplied thermography and night vision equipment to scientific laboratories, industrial buyers, law enforcement organizations, and the military for over thirty years. Fluke is a wholly-owned subsidiary of Danaher Corporation, a publicly traded company, and is in the business of manufacturing, distributing, and servicing electronic test tools and software. Fluke also manufactures and distributes thermal imaging cameras that compete with FLIR's products in interstate commerce. Sierra, on the other hand, is Fluke's long-time media and marketing company. Sierra and Fluke's relationship spans over fifteen years, during which period Fluke has become one of Sierra's largest customers.

    According to FLIR, Fluke is unable to compete effectively against them on the basis of price, quality, and service. It is therefore alleged that Fluke has resorted to disparaging FLIR to potential customers by making false claims regarding the durability of FLIR's cameras. It is alleged Fluke, with the assistance of Sierra, produced and distributed an intentionally misleading video (the "Video") that includes a test, which purports to compare the durability and reliability of one Fluke thermal imaging camera-- the Fluke Ti32 (the "Fluke Camera")-- to three of FLIR's thermal imaging camera -- FLIR I-7, FLIR I-60, and FLIR T-400 (the "FLIR Cameras"). Defendants claimed to have tested the durability, quality, and reliability of the thermal imaging cameras by dropping them from a height of two meters onto a concrete floor (the "Test"). FLIR claims that the Test shown in the Video was arranged by Defendants to create the false impression that an independent

test was run by Sierra to determine which of the thermal imaging cameras manufactured by FLIR, Fluke, and another manufacturer were the most durable, but the Test was neither independently run, nor fairly represented in the Video.

## Procedural Background

This court held a Rule 16 conference in this matter on November 30, 2010. In the resulting scheduling order, the court set April 1, 2011, as the deadline for the filing of a motion, opposed or stipulated, to amend a pleading to add a party or claim.

FLIR filed its FAC against Defendants on December 30, 2010, setting forth the following causes of action: (1) false advertising under the Lanham Act; (2) trade libel/commercial disparagement; (3) intentional interference with prospective economic relations; (4) civil conspiracy; (5) aiding and assisting; and (6) declaratory relief regarding Fluke's alleged trademark. Soon thereafter, Fluke and/or Sierra moved to dismiss FLIR's state law claims under Rule 12(b)(6), *e.g.*, FLIR's causes of action for trade libel/commercial disparagement, intentional interference with prospective economic relations, civil conspiracy, and aiding and assisting.

On May 10, 2011, the court granted Defendants' motion to dismiss with respect to FLIR's intentional interference with prospective economic relations claim. On May 17, 2011, pursuant to the stipulation of the parties, the court entered a new Scheduling Order, which provided that the deadline to file a stipulated or opposed motion to add a party, claim, or defense is July 8, 2011. (Doc. #68.)

At FLIR's request, on June 30, 2011, "a telephone conference was held in which counsel for F[LIR] inquired whether the parties

OPINION AND ORDER                 4

would agree to jointly seek an extension of the Court's July 8, 2011 deadline." (Fluke Corp.'s Mem. Supp. Mot. Dismiss ("Fluke's Mem.") at 5 n.2.) Defendants asked "whether F[LIR] intended to amend the FAC, and, if so, how, counsel replied that F[LIR] wanted another two to four weeks to 'think about' doing so." *Id.*

> Counsel for both defendants stated that they were not adverse to a reasonable extension to put pen to paper regarding a specific new claim or claims, but that they would not agree to seek extension giving F[LIR] additional time for a deadline that had been pending for three months solely to give F[LIR] more time to further ponder whether to file yet another amended complaint. Without any further discussion, F[LIR] simply filed the SAC a little over one week later.

*Id.*

On July 8, 2011, the day of the Scheduling Order deadline, FLIR filed its SAC, which added: (1) an unfair competition claim under Oregon common law; (2) an agency cause of action; and (3) the remedy fo punitive damages for FLIR's unfair competition, civil conspiracy, aiding and assisting, and agency claims. FLIR concedes the fact that they filed its SAC without first obtaining leave of court or Defendants' written consent to amend. Defendants's Rule 12(b)(6) and 12(f) motions, which are currently before the court, were filed on August 8, 2011. FLIR's *nunc pro tunc* motion for leave to file its SAC was filed on September 1, 2011.

**Legal Standard**

I.  **Rule 15**

"Rule 15 governs amendments to pleadings, and states, in relevant part, that where a party has already been served with a responsive pleading, 'a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.'" *Lyon v. Chase*

OPINION AND ORDER                5

*Bank USA, N.A.*, Civ. No. 07-1779-AC, 2009 WL 3047240, at *1 (D. Or. Sept. 22, 2009) (quoting Fed. R. Civ. P. 15(a)(1)-(2) (2007)).

"Whether to grant or deny a motion to amend pleadings is a matter within the court's discretion." *Nguyen v. Saxon Mortg. Servs., Inc.*, No. CV-10-353-HZ, 2011 WL 2600998, at *5 (D. Or. June 30, 2011) (citing *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996)). Although a liberal standard is applied to motions for leave to amend, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Co. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Futility of an amendment alone can justify the denial of a motion for leave to amend. *Nguyen*, 2011 WL 2600998, at *1.

**II.  Rule 16**

"Where the court has issued a pretrial scheduling order establishing a timetable for amending the pleadings, the pretrial order controls the subsequent course of the action and may be modified only upon a showing of good cause." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d. 1037, 1071-72 (D. Or. 2010). "Under Rule 16(b), a party must show good cause for not having amended its complaint before the time specified in the scheduling order expired." *Id.* at 1072.

"A party seeking to amend a pleading after a scheduling order has been entered . . . must first show 'good cause' for amending the scheduling order before the court considers whether the amendment satisfied the requirements of Rule 15(a)." *Ashby v. Farms Ins. Co.*, No. 01-CV-1446-BR, 2007 WL 5479070, at *2 (D. Or.

OPINION AND ORDER                6

Sept. 26, 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . The focus is upon the moving party's reasons for seeking modification." *Id.* at *2.

**III. Motion to Dismiss**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009). The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein is generally applicable to cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*,---U.S.---, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was guided by two specific principles. First, although the court must

OPINION AND ORDER               7

accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id*. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id*. The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (*citing Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The *Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (*quoting Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

**IV.   Motion to Strike**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent or scandalous matter" on their own initiative or pursuant to a party's motion. FED. R. CIV. P. 12(f). Granting a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and should not be granted unless it "can be shown that no evidence in support of the allegation would be admissible." *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990) (internal quotation marks omitted), *abrogated on other grounds by Stanton Rd. Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

## Discussion[2]

### I.   FLIR's *Nunc Pro Tunc* Motion for Leave to File its SAC

FLIR claims that it erroneously "concluded that amendment was a matter of right when the deadline to amend was reset after the Court's motions to dismiss order was entered" on May 10, 2011. (Pl.'s Mem. Supp. *Nunc Pro Tunc* Mot. ("Pl.'s Mem.") at 4.) While I take FLIR's argument into consideration, I also note that in filing their SAC, FLIR did not exclude its intentional interference with prospective economic relations claim which I previously dismissed. Indeed, FLIR was not at risk of having its case dismissed entirely.

FLIR cites *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir, 1990), for the proposition that, "Ninth Circuit precedent provides that FLIR's timely-submitted Second Amended Complaint should be construed as a motion

---

[2] Because Defendants' motions/responses raise essentially the same issues, the court need not separately address the arguments raised therein.

OPINION AND ORDER                9

for leave to amend." (Pl.'s Reply Br. Supp. *Nunc Pro Tunc* Mot. ("Pl.'s Reply") at 3 n.2). Fluke argues that *Cook*, which is "the single case cited by FLIR, presents a completely different factual circumstance and merely stands for the unremarkable proposition that courts generally grant to leave to amend after dismissing a complaint unless no amendment can cure the defect. . . . The proposed amendments to the SAC do not address any pleading deficiencies in the FAC." (Fluke's Resp. Opp'n *Nunc Pro Tunc* Mot. ("Fluke's Resp.") at 6. n.2). I agree with Fluke.

In *Cook*, the plaintiff had filed a complaint on April 29, 1988, and an amended complaint on May 16, 1988. *Id.* at 243. On August 2, 1988, the district court granted, without leave to amend, the defendant's motion to dismiss for failure to state a claim under the Lanham Act. *Id.* The district judge declined to exercise jurisdiction over the pendent state claims in the absence of a cognizable claim under the Lanham Act. *Id.* On appeal, the plaintiff argued that the dismissal was an abuse of discretion because "it could have added other federal claims which would have saved the pendent claims from dismissal[.]" *Id.* at 244. In addressing the denial of leave to amend, the Ninth Circuit stated that:

> We have held that in dismissal for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Therefore, it is of no consequence that [the appellant] did not file a formal motion, accompanied by a proposed amendment, requesting leave to amend.

*Id.* at 247 (internal citations omitted). Nevertheless, *Cook* upheld the district court's decision to grant the motion without leave to

OPINION AND ORDER 10

amend since "the federal causes of action that [the appellant] lists in its reply brief that it contends could have been added to save the pleading are either incomprehensible or futile." *Id.*

I find FLIR's reliance on *Cook* misplaced because *Cook*, and the cases that came before it, focus on the liberality with which a court should grant leave to amend after dismissing a complaint despite the absence of a formal request, in order to avoid the pitfall of dismissing with prejudice a pleading which could be cured. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) (recognizing that if a complaint was dismissed for failure to state a claim on which relief could be granted, leave to amend should be granted "unless the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency [and] . . . [i]t is of no consequence that no request to amend the pleading was made in the district court."); *see also Sidebotham v. Robison*, 216 F.2d 816, 826 (9th Cir 1955) (noting that the original action was dismissed in its entirety without leave to amend, *id.* at 823, and that it was "error to dismiss a complaint with prejudice if it appears that any relief could be granted on the facts stated. . . . [T]his course should be followed although no request to amend the pleading [is] made to the district court.") FLIR is not seeking to cure the deficiencies that led to the dismissal of its interference with prospective economic advantage claim.

Although FLIR relied solely on *Cook*, there is admittedly some support for its position that the filing of an amended complaint may be construed as a motion for leave to amend. *See Franco v. Sitel Corp.*, No. Civ. 03-1688-JE, 2004 WL 2075025, at *1 (D. Or.

OPINION AND ORDER 11

Sept. 15, 2004) (recognizing that the *pro se* plaintiff failed to comply with Rule 15(a), but nevertheless treating her filing of an amended complaint as a request for leave to amend); *see also Dauven v. George Fox Univ.*, No. 09-CV-305-PK, 2011 WL 901026, *1 (D. Or. Mar. 15, 2011) (affirming the decision to construe a *pro se* plaintiff's amended complaint, "which was filed without leave of Court, as an informal motion seeking leave to amend the Complaint and a proposed amended complaint[.]") These cases are not helpful to FLIR's situation. They do not involve the failure to file an opposed motion to amend by a represented corporate party prior to a court imposed deadline to do so. Instead they involve leniency in interpreting the actions of an unrepresented party.[3]

As the cases below demonstrate, experienced practitioners are not always afforded such leniency. In *Saunders v. Dist. of Columbia*, 711 F. Supp. 2d 42 (D.D.C. 2010), a Rule 12(b)(6) motion was before the court, *id.* at 44-45, and the plaintiff had filed a SAC without obtaining leave or the opposing party's written consent. *Id.* at 51. The plaintiff had already amended her complaint, thereby requiring her "to move for leave of the Court or obtain the opposing party's written consent before additional amendments could be made. This she ha[d] not done. Accordingly, Plaintiff's Second Amended Complaint [was] [] STRICKEN from the record." *Id.* The operative complaint thus remained Plaintiff's Amended Complaint. *Id.* at 49.

---

[3] *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (noting that *pro se* litigants should be treated with great leniency when evaluating their technical compliance with the Federal Rules of Civil Procedure).

OPINION AND ORDER    12

Similarly, in *Cummings v. Adidas USA*, No. 08 Civ. 9860(SAS), 2009 WL 3270888 (S.D. N.Y. Oct. 5, 2009),the plaintiffs filed a SAC without seeking leave or the defendants' written consent. *Id.* at *1. *Cummings* determined that the plaintiffs had failed to comply with Rule 15(a)(2) and paragraph III(B) of the court's Individual Rules and Procedures. *Id.* Thus, plaintiff's SAC was stricken from the record and their later request to amend was denied. *Id.*

Moreover, in *Cooper v. City of Starke, Fla.*, No. 3:10-cv-28-J-34MCR, 2011 WL 2531192 (M.D. Fla. June 24, 2011), the court noted that plaintiffs' SAC had been stricken by the court because plaintiffs "neither obtained leave of court by motion or consent of the parties." *Id.* at *1; *see also Allia v. Target Corp.*, 2008 WL 1732964, at *9 (D. N.J. Apr. 10, 2008) (finding a SAC improperly filed and determining that it would not be considered because the plaintiff failed to obtain leave or the opposing party's consent, as required by Rule 15(a)(2)).

Finally, in *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280 (N.D. Ga. 2009), the plaintiffs had not sought leave of the court before filing their SAC. *Id.* at 1293. Plaintiffs argued, as here, that they interpreted a previous court order as allowing them leave to file a SAC. *Id.* at 1292. *Anderson* concluded that plaintiffs failed to comply with Rule 15 and they had previously amended their complaint as a matter of right. *Id.* at 1293. "Having done so, [p]laintiffs [were] not entitled to further amend their pleadings as a matter of right." *Id.* Thus, plaintiffs' SAC was determined to have "been filed in violation of the Federal Rules of Civil Procedure" and was stricken from the record. *Id.* at 1294.

OPINION AND ORDER                13

FLIR's counsel is no stranger to federal motion practice and is familiar with this court's local rules. After Fluke filed a 12(b)(6) motion on November 30, 2010, FLIR had until December 21, 2010, to file an amended complaint "as a matter of course" pursuant to Rule 15(a)(1).[4] FLIR needed additional time to file its amended complaint, however. Citing to Local Rule 16-3, FLIR filed an unopposed motion to extend the deadline for filing its amended complaint to December 30, 2010.[5] FLIR's counsel knew enough to confer about an extension to the deadline for filing a motion to amend and did so. However, either unable or unwilling to discuss the proposed amendment's details with Fluke, a stipulation to an extension was not forthcoming. Despite this familiarity with the rules and the court imposed deadline, the filing of FLIR's SAC failed to comply with the rules. Also ignored in the process was Local Rule 15-1(c)'s requirement that, "any party moving for leave to amend a pleading must, in the mandatory legal memorandum supporting the motion, describe with particularity all of the proposed changes to the party's pleading." *Wright v. Am.'s Bulletin Newspaper Corp.*, No CV 10-6118-PK, 2011 WL 2213722, at *10 (D. Or. May 5, 2011) (citing L.R. 15-1(c)). Additionally, Fluke points out FLIR did not meet and confer with Defendants regarding

---

[4] Rule 15 provides, in pertinent part, as follows: "(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P 15(a)(1).

[5] (Doc. #30.)

OPINION AND ORDER                14

its proposed amendments in the SAC, in contravention of the Local Rules. (Fluke's Resp. at 6 n.2).

For the reasons given in these cases, and the facts of this case, I decline to interpret FLIR's filing of the SAC as a motion for leave to file it.

With this in mind, I must decide whether to grant FLIR's Motion to Amend nunc pro tunc filed nearly two months after the deadline to do so. The first issue here is the dispute whether Rule 16's good cause standard or Rule 15's liberal standard is applicable in deciding this motion. That issue was addressed and decided in *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000). The Ninth Circuit found Rule 16's good cause standard appropriate because the district court "had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [the plaintiffs] moved to amend." *Id.* at 1294.[6] As in *Coleman*, the deadline for adding a party or claim set by this court had expired before FLIR moved to amend.

Having determined that Rule 16(b)'s good cause standard is applicable, I turn to FLIR's reasons for failing to comply with the Scheduling Order. In its reply brief, FLIR claims that good cause exists because:

> (i) FLIR was diligent with filing both its second amended complaint by the amendment deadline, and its *nunc pro tunc* motion for leave to amend in accordance with the

---

[6] *See also S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535-36 & n.1 (5th Cir. 2003) (agreeing with the First, Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order)

OPINION AND ORDER         15

1  deadline to respond to Defendants' motion to dismiss FLIR's Second Amended Complaint pursuant to Rule 15(a)(2); (ii) Defendants do not dispute that the amended complaint merely includes additional theories of recovery based on essentially the same facts set forth in FLIR's First Amended Complaint; and (iii) ample time exists to complete discovery.

(Pl.'s Reply Br. at 5-6.)

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. v. Unified Sch. Dist.*, — F.3d —, 2011 WL 3634159, at *7 (9th Cir. Aug. 19, 2011) (internal quotation marks and citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seek amendment." *Johnson*, 975 F.2d at 609. Or, perhaps more simply put, "the focus of the inquiry is upon the party's reasons for seeking modification." *Id.* However, once a party fails to show diligence, "the inquiry should end[,]" *Coleman*, 232 F.3d at 1294, because "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

I find FLIR has failed to show diligence. To demonstrate diligence the movant may be required to show "that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipate at the time of the Rule 16 scheduling conference" and "that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Chao*, 709 F. Supp. 2d. at 1072-73 (quoting

OPINION AND ORDER             16

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). FLIR has failed in both regards. FLIR was clearly aware of the impeding deadline to add claims and/or parties to this case. They spoke with Defendants on July 30, 2011, to discuss a joint extension of the deadline. Yet, despite not obtaining Defendants consent to extend the deadline, much less consent to filing the SAC, FLIR failed to file a proper motion for an extension within the next eight days. FLIR does not claim that notwithstanding their diligent efforts matters developed which could not have been foreseen, thereby preventing their compliance the July 8 deadline. FLIR claims it erroneously concluded that amendment was a matter of right after the court's previous motion to dismiss was entered on May 10, 2011. I do not accept this explanation given the SAC that was eventually filed. Nor can I find good cause when so many rules that are so clear with respect to conferral about motions, and disclosure of the proposed changes of an amended pleading were completely ignored. Good cause to excuse the late filing of the motion to amend is not present and I deny the motion to amend *nunc pro tunc*.

**Conclusion**

For the reasons stated above, FLIR's *nunc pro tunc* motion [88] for leave to amend is DENIED, and Defendants' motions [80] [82] are DENIED as moot.

IT IS SO ORDERED.

Dated this 25th day of January, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

OPINION AND ORDER                 17