UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**FLIR SYSTEMS, INC.**, an Oregon corporation,

    Plaintiff,

v.

**FLUKE CORPORATION**, a Washington corporation,

    Defendants.

No. 3:10-cv-00971-HU

**OPINION AND ORDER ON TRIAL MOTIONS IN LIMINE**

Devon Zastrow Newman, Schwabe, Williamson & Wyatt, P.C., Portland, Oregon, for plaintiff FLIR Systems, Inc.

William A. Brewer III, Michael J. Collins, C. Dunham Biles, and Robert M. Millimet, Bickel & Brewer, Dallas, Texas, for plaintiff FLIR Systems, Inc.

Kenneth R. Davis II and Parna A. Mehrbani, Lane Powell P.C., Portland, Oregon, for defendant Fluke Corporation.

Caroline M. McKay, Dane H. Butswinkas, and Matthew V. Johnson, Williams & Connolly LLP, Washington, District of Columbia, for defendant Fluke Corporation.

Page 1 - OPINION AND ORDER

**HUBEL, J.,**

Before the court are Plaintiff FLIR Systems, Inc.'s ("FLIR") and Defendant Fluke Corporation's ("Fluke") motions *in limine*.

### I.  MOTIONS IN LIMINE

### A.  Fluke's Motions in Limine [#305]

Fluke moves the court *in limine* for an order prohibiting and precluding FLIR, its counsel, and its witnesses, both expert and lay, from mentioning, referring to, attempting to introduce into evidence, or in any way exposing the jury to any information concerning any of the following subjects at any time, including during *voir dire*, opening statements, and evidentiary phases of the trial, or closing arguments:

(1) Evidence or argument concerning untimely and speculative damages allegations (Motion in Limine No. 1);

(2) Evidence or argument concerning uses of IR Fusion and other terms and phrases containing the word Fusion outside the commercial handheld thermal imaging camera industry (Motion in Limine No. 2);

(3) Evidence or argument concerning uses of IR Fusion and other terms and phrases including the word Fusion after FLIR began using such terms and, thereby, infringing on Fluke's IR Fusion trademark (Motion in Limine No. 3);

(4) Evidence or argument asserting that the term fusion was associated in any way with Agema's (FLIR's predecessor) "SuperViewer" product (Motion in Limine No. 4);

(5) Evidence or argument that Fluke unreasonably delayed in filing its infringement counterclaims after sending a cease and desist letter on August 5, 2010 (Motion in Limine No. 5);

Page 2 - OPINION AND ORDER

1  (6)  Evidence or argument that Fluke committed fraud on the Patent
2       and Trademark Office by stating in its trademark application
3       that it coined the term IR Fusion (Motion in Limine No. 6);
4       and
5  (7)  Evidence or argument that Fluke has unclean hands based on its
6       use of thermal images in its advertising (Motion in Limine No
7       7).

***1.   Motion in Limine No. 1***

FLIR is attempting to prove injury and damage through specific lost sales, rather than a general decline in its business. FLIR purports to prove its alleged lost sales through the testimony of several employees (Jalaal Abu Hassan, Derrick Jones, David Doerhoff) and a FLIR distributor (Bret Monroe). According to Fluke, however, the testimony submitted by these individuals came more than four months after the end of fact discovery and "are completely speculative, lack specific details, fail to identify any customers, are based on hearsay, and include irrelevant information." (Fluke's Mot. in Limine at 3.)

The testimony of Derrick Jones and David Doerhoff will be excluded because the allegations submitted by these individuals are based on hearsay. Mr. Jones and Mr. Doerhoff are merely attempting to repeat the out of court statements of FLIR's potential customers regarding their decision not to purchase a FLIR camera based on the drop video. In addition, the proffered testimony lacks any meaningful specificity, such as the name of the potential customer, the number of units at issue, what type of cameras were involved, and the price or FLIR's profit per unit allegedly lost. This makes the testimony speculative.

Page 3 - OPINION AND ORDER

Mr. Monroe's testimony is marginally different. While he can say he lost some sales apparently from his personal knowledge, repeating the reason for the loss of sales learned from out of court statements of unnamed customers, for unknown numbers of cameras, at unknown profit loss for FLIR, if any, will not be allowed.

With respect to Mr. Hassan, he may be able to testify regarding (1) his personal, first-hand knowledge of sales to a Middle East customer that went to Fluke on which FLIR was not invited to submit a proposal; (2) proposals made to customers that were also interested in Fluke's cameras; or (3) the success, or lack thereof, of those proposals to the extent his knowledge of (1)-(3) is not based on out of court statements of third parties. However, Mr. Hassan will not be able to testify as to why any sale was lost because such testimony would be hearsay based on the record before the court.

While FLIR argues it is somehow the personal business knowledge of the witness who wants to repeat the out of court statements, the exception for a witness's state of mind is not so broad as to admit anything that is said to him or her. The fact that a statement is made to them and becomes something they "knew" and acted upon must be relevant to make the hearsay statement admissible. When it is the fact a statement was made to the witness that is relevant, the truth of the out of court statement is no longer the reason it is offered. Whether it is true or not, the statement having been made is relevant to explain the knowledge base of the repeating witness in deciding his/her course of action. There is no such situation for any of the FLIR witnesses proposed

to repeat these out of court statements of unnamed declarants, made at unidentified times, about unidentified sales, that were lost for unexplained profit loss to FLIR.

I also note that no testimony has been designated by FLIR for Hassan, Doerhoff or Monroe on its witness charts setting forth its case in chief that were provided to the court. (#337.)  To the extent FLIR excluded their testimony from the chart based on the court's anticipated rulings on Fluke's motions *in limine*, the court recognizes FLIR's attempt to preserve the issues for appeal.  To the extent FLIR is withdrawing their testimony based on a strategic decision regarding how it intends on presenting its case at trial, it may be abandoning the issues for appeal.  FLIR needs to make that clear on the record at the pretrial conference on November 30, 2012.

***2.    Motion in Limine No. 2***

Fluke seeks to exclude any reference to the use of the terms IR Fusion or fusion outside the commercial handheld thermal imaging industry.

I am denying this motion for reasons stated on the record during November 9 hearing.

***3.    Motion in Limine No. 3***

Motion in Limine No. 3 concerns FLIR reference to uses of the terms IR Fusion and fusion by companies other than FLIR after FLIR began allegedly infringing on Fluke's mark.

Motion in Limine No. 3 is denied.  Whether FLIR will, or will not, be allowed to benefit from an argument that its use of the mark renders it generic will be handled by way of jury instructions.

Page 5 - OPINION AND ORDER

**4.    *Motion in Limine No. 4***

Motion in Limine No. 4 concerns Fluke's expectation that FLIR may attempt to argue that it introduced "Fusion" or "fusion" to the marketplace through the "SuperViewer" product, which was marketed for a short time in the 1970s by Agema, a Swedish company that FLIR later acquired. According to Fluke, however, this argument would be prejudicial because "the only document concerning the SuperViewer product that was produced by FLIR does not include the term 'fusion,'" and no FLIR witness claims personal knowledge of any use by A[gema] of the term 'fusion' in association with that product." (Fluke's Mot. in Limine at 11.)

I am denying this motion for the reasons, and subject to the limitations, stated on the record during the November 9 hearing. FLIR may briefly, but carefully go into the development of fusion functionality. This testimony will be heard outside the presence of the jury initially to determine if it will be admitted.

**5.    *Motion in Limine No. 5***

Motion in Limine No. 5 concerns evidence or argument that Fluke unreasonably delayed in filing its infringement counterclaims after August 5, 2010 (the 2-year anniversary of Fluke's original cease-and-desist letter).

Motion in Limine No. 5 is granted. Issues concerning the motion practice in this court after the case was filed on August 17, 2010, and the timing of the actual answer asserting the counterclaims is not time that the jury will be allowed to consider on the issue of FLIR's laches defense. Time before August 17, 2010 can be argued toward the laches defense, but it is complicated by the initial cease-and-desist letter Fluke sent to FLIR, and FLIR's

Page 6 - OPINION AND ORDER

response to it.  Thus, the motion is granted as to any evidence of events after August 17, 2010, and any argument about such time with respect to the laches defense to Fluke's claims.

### 6. *Motion in Limine No. 6*

Motion in Limine No. 6 concerns statements or implications that Fluke committed fraud on the Patent and Trademark Office ("PTO") by stating in its trademark application that it coined the term IR Fusion.  In its response, FLIR represents that to the court that it does not intend to argue that Fluke committed fraud on the PTO.  What exactly is does intend to offer or argue is unclear.

Motion in Limine No. 6 is granted, at this time.  If FLIR provides the court with its best case on the issue, the court is willing to consider revisiting this issue before trial.

### 7. *Motion in Limine No. 7*

Fluke seeks an order *in limine*, barring evidence or argument that Fluke has unclean hands based on its use of thermal images in its advertisements.

Motion in Limine No. 7 is denied. Although Fluke's allegedly false advertising is argued to be limited to one brochure, the record does not indicate how many of these brochures were distributed and/ or reached consumers via trade shows or otherwise. Without this information I am unable to evaluate the egregiousness of the conduct that is the subject of FLIR's unclean hands defense.

In addition, although Dr. Madding's testimony regarding *additional* Fluke advertisements that contained high resolution images superimposed on the LCD screens of lower resolution cameras has been excluded, such advertisements may be used on cross-examination of witnesses or perhaps in other ways to establish the

Page 7 - OPINION AND ORDER

alleged inaccuracy of Fluke's claim that it inadvertently used this practice in only one brochure.

Finally, as I noted during the November 9 hearing, however, FLIR's unclean hands defense is limited to superimposed images. I do not consider the use of stand alone images not superimposed on the view finder incapable of an image of that resolution sufficiently similar to be considered on an unclean hands defense.

### B.  *FLIR'S Motions in Limine [#308]*

FLIR moves the court for an order granting the following motions *in limine* in order to ensure a fair trial for FLIR in this case:

(1) Fluke should not be permitted to introduce evidence of FLIR's participation in a confidential Fluke webinar because such testimony is irrelevant, confidential, and likely to unfairly prejudice the jury (Motion in Limine No. 1);

(2) Fluke should not be permitted to introduce evidence of unrelated litigation involving FLIR because such evidence is irrelevant to the conduct alleged in this case and likely to unduly prejudice the jury (Motion in Limine No. 2);

(3) Due to Fluke's spoilation of the Fluke Ti32 thermal imager displayed in the video, Fluke should be precluded from introducing any evidence concerning the condition of the cameras displayed in the video (Motion in Limine No. 3);

(4) Fluke should be precluded from introducing any evidence generated by FLIR's testifying expert witnesses in their capacity as a consulting expert witness (Motion in Limine No. 4);

(5) Fluke should be precluded from referring to the video as the "drop video" (Motion in Limine No. 5);

(6) Fluke should be precluded from asserting an unclean hands defense in response to FLIR's false advertising claim based on the video (Motion in Limine No. 6);

(7) Fluke should be precluded from seeking lost profits at trial because Fluke's expert testimony is speculative and Fluke cannot prove FLIR caused any damage to Fluke (Motion in Limine No. 7);

(8) Fluke should be precluded from contradicting its judicial admission regarding the sophistication of thermal imaging customers (Motion in Limine No. 8);

(9) Fluke should be precluded from introducing evidence of its newly issued trademark into the case (Motion in Limine No. 9); and

(10) Fluke should be precluded from referencing FLIR's development of its new E-series cameras to meet a 2-meter drop standard because it is irrelevant to any claim in this action.

**1.   *Motion in Limine No. 1***

Motion in Limine No. 1 concerns any evidence referencing FLIR's participation in a confidential Fluke webinar because such testimony is irrelevant, confidential, and likely to unfairly prejudice the jury.

Motion in Limine No. 1 is granted, insofar as the parties have agreed to (1) redact any reference to the webinar that is the subject of this motion from their exhibits; and (2) not offer any testimony regarding the webinar.

///

Page 9 - OPINION AND ORDER

### 2. *Motion in Limine No. 2*

Motion in Limine No. 2 concerns evidence of unrelated litigation involving FLIR. According to FLIR, Fluke has designated as trial exhibits two decisions from a former FLIR legal matter in which FLIR sued a former employee for trade secret misappropriation. Fluke argues that part of FLIR's business strategy "involves using litigation as a competitive tool to reinforce its position in the marketplace." (Fluke's Resp. at 3.)

Motion in Limine No. 2 is granted. The prior decisions involving FLIR are not relevant to this litigation and would be unfairly prejudicial to FLIR. FRE 403. The case does not need to be expanded into issues outside those directly raised by the claims in this case.

### 3. *Motion in Limine No. 3*

Fluke no longer has the Fluke Ti32 that it contends survived the drop test. FLIR asserts that there has been spoliation and Fluke should be precluded from introducing evidence concerning the condition of the cameras depicted in the video.

Motion in Limine No. 3 is denied. A party "engage[s] in spoliation of [evidence] as a matter of law only if they had some notice that the [evidence was] potentially relevant to litigation before [it was] destroyed." *United States. v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002) (internal quotation marks omitted). The duty to preserve evidence only arises pre-litigation when litigation was "reasonably foreseeable," not where it was "merely possible." *United States ex rel. Berglund v. Boeing Co.,* 835 F. Supp. 2d 1020, 1051 (D. Or. 2011). Here, there simply is nothing in the record indicating that litigation was "reasonably

Page 10 - OPINION AND ORDER

foreseeable" or that Fluke was on notice that it needed to preserve the Fluke Ti32 that was the subject of the drop test video.

FLIR has not developed a record sufficient to support a spoliation finding. FLIR is free to argue what it wants the jury the conclude from the unavailability of the FLIR Ti32 used in the drop video short of a spoliation instruction.

### *4.  Motion in Limine No. 4*

Fluke should be precluded from introducing any evidence generated by FLIR's testifying expert witnesses (i.e., Dr. Isaacson, Dr. Madding, and James Seffrin) in their capacity as a consulting expert witness.[1]

Motion in Limine No. 4 is granted as to Dr. Isaacson's survey on the secondary meaning of IR Fusion as it is not remotely related to his survey on the drop test video. However, Fluke will be allowed generic cross-examination on his survey methodology without reference to the subject matter of the consulting work survey.

Motion in Limine No. 4 is granted with respect to Dr. Jacoby as his testimony was excluded in ruling on the *Daubert* motions.

As to Dr. Madding, Motion in Limine No. 4 is granted, but Dr. Madding can be cross-examined about his knowledge regarding the use of imagery in FLIR's ads from his work as their employee or consultant in the past since it relates to the subject of his expert testimony regarding Fluke's use of superimposed images in its ads in the sense that his views regarding the practice done by FLIR can be compared to his view on how it is done by Fluke.

---

[1] Motion in Limine No. 4 also concerned Dr. Jacoby. Because the court excluded Dr. Jacoby's testimony under *Daubert*, it will not be addressed in this Opinion and Order.

Page 11 - OPINION AND ORDER

With respect to Seffrin, Motion in Limine No. 4 is granted. He has been previously precluded from criticizing Morones for making assumptions in her work, but he is allowed to testify about his experience as a consumer or user of thermal imaging cameras and the relative attractiveness, if any, of the fusion capability.  He is also allowed to discuss the distinctiveness and strength of the fusion mark based on his experience in the industry.  I have yet to see how that testimony will suggest his consulting work for FLIR is relevant for cross-examination.

### 5. *Motion in Limine No. 5*

FLIR wants Fluke to be precluded from referring to the video as the drop video.  Instead, FLIR prefers that Fluke only refer to the video as the "drop *test* video."

Motion in Limine No. 5 is denied.  It would be highly impractical to enforce this motion at trial.  Absent a legitimate basis to preclude the use of a particular term to describe the video, it is for counsel to choose the words they prefer to describe it.

### 6. *Motion in Limine No. 6*

FLIR wants Fluke to be precluded from asserting an unclean hands defense in response to FLIR's false advertising claim based on the drop video.  In its trial memorandum, Fluke asserted that FLIR has falsely advertised the drop test capabilities of its own cameras, and engaged in literally false advertising comparing its thermal imaging cameras to Fluke's cameras.

Motion in Limine No. 6 is denied.  "The equitable defense of unclean hands bars relief where the plaintiff has engaged in unfair or inequitable conduct, and such conduct is *related to the subject*

Page 12 - OPINION AND ORDER

*matter* of the plaintiffs' claims in the case." *Hana Fin., Inc. v. Hanna Bank*, No. 07-1534, 2011 WL 2581458, at *5 (C.D. Cal. June 29, 2011) (emphasis added). The subject matter at issue in this case is FLIR's and Fluke's cameras ability to withstand a 2-meter drop. I cannot say that FLIR's conduct is not related to the subject matter of its false advertising claim. Moreover, FLIR's claim for damages based on the drop video includes time when FLIR is alleged to have been falsely advertising its own camera's ability to withstand a drop test. It is not as if the conduct alleged happened at a time different from that for which FLIR seeks damages here.

### 7.  *Motion in Limine No. 7*

FLIR asserts that Fluke should be precluded from introducing any evidence of alleged lost profits because (1) Fluke's damage expert, Serena Morones, admitted at her deposition that she has no particular lost profits figures to present to the jury in connection with Fluke's false advertising and trademark infringement claims; and (2) Morones has failed to establish causation.

Motion in Limine No. 7 is denied. As I informed the parties at the November 9 hearing, however, this matter may need to be revisited at trial in the form of a motion testing the ability of Fluke's evidence to support a damage award when it is all before the court.

### 8.  *Motion in Limine No. 8*

FLIR wants Fluke to be precluded from contradicting its "judicial admission" regarding the sophistication of thermal imaging customers.

Page 13 - OPINION AND ORDER

Motion in Limine No. 8 is denied. The Local Rules for the District of Oregon acknowledge that parties routinely amend their claims in the pretrial order, and such amendments are routinely permitted.

### 9.    *Motion in Limine No. 9*

FLIR argues that Fluke should be precluded from introducing evidence of its newly issued trademark (e.g., IR-Fusion logo with a hyphen in it) into the case.

Motion in Limine No. 9 is granted. Fluke contends that several actions taken before, and by, the PTO with respect to its newly issued mark are relevant to this proceeding. I disagree. Fluke will be entitled to a presumption that its IR Fusion mark (not its newly issued mark) is not generic because it is federally-registered, *see Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,* 419 F.3d 925, 927 (9th Cir. 2005), and it will be up to the jury to decide which category Fluke's mark fits within. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010).

The PTO "did not have before it the great mass of evidence which the parties have . . . presented to . . . this court in support of their claims," *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970), and I do not want to confuse the jury or lead them to believe that the PTO's action regarding Fluke's newly issued mark is somehow conclusive with respect to which category Fluke IR Fusion mark fits within.

*///*
*///*
*///*

Page 14 - OPINION AND ORDER

### 10. *Motion in Limine No. 10*

FLIR wants Fluke to be precluded from referencing FLIR's development of its new E-series cameras to meet a 2-meter drop standard "because it is irrelevant to any claim in this action."

Motion in Limine No. 10 is denied. This evidence is relevant to Fluke's unclean hands defense, and it may develop that it has some relevance to issues regarding FLIR's product testimony depending how FLIR describes that claim in its presentation of the evidence to the jury.

## II. CONCLUSION

Consistent with the discussion above, Fluke's motions (Docket No. 305) *in limine* are GRANTED in part and DENIED in part; and FLIR's motions (Docket No. 308) *in limine* are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 29th day of November, 2012.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge